# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| I**N RE**: | ) | |
| | ) | |
| F**RED** D**ALE** V**AN** W**INKLE**, | ) | Case No. 13-11743-t7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| B**RIAN** V**AN** W**INKLE**, not in his personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, and T**AMMY** S**PRAGUE**, not in her personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, | ) | Adv. No. 20-01022 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| B**ELLEVIEW** V**ALLEY** L**AND** C**O.**, a New Mexico corporation, J**OHN** H. W**ILLIAMS**, and E**LLEN** B. W**ILLIAMS**, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT FOR SANCTIONS FOR VIOLATION OF COURT ORDER

**COME NOW Belleview Valley Land Co.,** a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams**, and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their *Answer to Complaint for Sanctions for Violation of Court Order & Counterclaim* state:

## ANSWER TO JURISDICTION & VENUE

1. The allegations of ¶1 are admitted.

2. The allegations of ¶2 are denied.

3. The allegations of ¶3 are denied.

4. The allegations of ¶4 are denied.

5. The allegations of ¶5 are denied.

6. The allegations of ¶6 do not require an admission or denial. <u>Belleview and Williams do not give consent to have the claims determined by this Court that cannot be finally determined by this Court</u>.

## ANSWER TO PARTIES

7. The allegations of ¶7 are admitted.

8. The allegations of ¶8 are admitted.

9. The allegations of ¶9 are admitted.

10. The allegations of ¶10 are admitted.

11. The allegations of ¶11 are admitted.

12. The allegations of ¶12 are admitted.

13. The allegations of ¶13 are admitted.

14. The allegations of ¶14 are admitted.

15. The allegations of ¶15 are admitted.

## ANSWER TO THE BANKRUPTCY CASE

16. The allegations of ¶16 are admitted.

17. The allegations of ¶17 are admitted.

18. The allegations of ¶18 are admitted only as to the real property in Lincoln County, New Mexico, and a foreclosure action pending in Lincoln County, New Mexico. The Order is limited to the real property in Lincoln County, New Mexico that is the subject of the pending foreclosure action and does not pertain to any other real property.

19. The allegations of ¶19 recite portions of the Order. The Order speaks for itself as to its content. The Order only pertains to real property in Lincoln County, New Mexico, that is the subject of a pending foreclosure action. The Order is limited to the real property in Lincoln County, New Mexico that is the subject of the pending foreclosure action and does not pertain to any other real property.

20. The allegations of ¶20 recite portions of the Order. The Order speaks for itself as to its content. The Order only pertains to real property in Lincoln County, New Mexico, that is the subject of a pending foreclosure action. The Order is limited to the real property in Lincoln County, New Mexico that is the subject of the pending foreclosure action and does not pertain to any other real property.

## ANSWER TO THE FORECLOSURE ACTION

21. The allegations of Paragraph 21 are incomplete and misleading. The allegations in Paragraph 21 fail to disclose that the Complaint to foreclose the Lincoln County property

amended for the second time and the Second Amended Complaint was filed on June 7, 2019. The Second Amended Complaint expressly states the intent to comply with the Order. The filing of the Second Amended Complaint was consented to by counsel for the Fred Dale Van Winkle Estate and the consent is reflected in the Order entered by the Court authorizing the filing of the Second Amended Complaint. The Second Amended Complaint expressly states in this Paragraph that the Order is recognized and any allegation in the Second Amended Complaint is controlled and limited by bankruptcy court order. The Second Amended Complaint expressly states compliance with the Order. There is no violation of the Order. As previously stated, the Fred Dale Van Winkle Estate consented to the Order authorizing the filing of the Second Amended Complaint. Insofar as the allegations of Paragraph 21 attempt to claim Defendants are in violation of the Order, the allegations are denied.

22. The allegations of Paragraph 22 are incomplete and fail to recite the complete history of the adversary, including the Decision of the Bankruptcy Appellate Panel (*hereinafter referred to as the "BAP"*) reversing in part the original Final Judgment of the Bankruptcy Court. The Final Judgment that is addressed in Paragraph 22 is the Final Judgment following the reversal by the BAP. The allegations of Paragraph 22 are denied insofar as they are incomplete and fail to recite the complete history of the adversary. Defendants to admit there is a "money judgment" of $39,241.46 that the Bankruptcy Court entered. Defendants deny that it is a "Sanctions Judgment."

23. The allegations of Paragraph 23 are denied as to their being a "Sanctions Judgment." The judgment is a "money judgement," which as a matter of law is enforceable under New

Mexico Law and controlled by New Mexico law. Defendants state that the judgment is a money judgment which is enforceable under New Mexico law. The Plaintiffs have initiated enforcement under New Mexico law by filing of Transcripts of Judgment.

24. The allegations of Paragraph 24 are denied. The allegations misstate and mischaracterize the foreclosure and redemption proceedings in Otero County, New Mexico. As further set forth in Affirmative Defenses, **In re Van Winkle, 583 B.R. 759 (B.A.P. 10th Cir. 2018)** is the Law of the Case, imposes *res judicata* and estoppel, all of which, as a matter of law, further deny the allegation the proceeding is anything other than an *in rem* proceedings under New Mexico foreclosure and redemption law.

25. As stated, the allegations of Paragraph 25 are denied. The allegations misstate and mischaracterize the foreclosure and redemption proceedings in Otero County, New Mexico. **In re Van Winkle, 583 B.R. 759 (B.A.P. 10th Cir. 2018)** and New Mexico's foreclosure and redemption law control.

### ANSWER TO FIRST CLAIM FOR RELIEF – ALTER EGO

26. Defendants adopt their answers to Paragraphs 1 through 25 and incorporate them herein as if fully set forth.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied. Plaintiffs have no factual basis for the allegation and no first-hand knowledge to support the allegation.

29. The allegations of Paragraph 29 are admitted.

30. The allegations of Paragraph 30 are denied. Plaintiffs have no factual basis for the allegation and no first-hand knowledge to support the allegation.

4

31. The allegations of Paragraph 31 are denied. Plaintiffs have no factual basis for the allegation and no first-hand knowledge to support the allegation.

32. The allegations of Paragraph 32 are denied.

**WHEREFORE**, Defendants pray that the relief prayed for in the Plaintiffs' First Claim be denied and dismissed with prejudice.

### ANSWER TO SECOND CLAIM FOR RELIEF – CONTEMPT OF DISCHARGE ORDER

33. Defendants adopt their answers to Paragraphs 1 through 32 and incorporate them herein as if fully set forth.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are denied.

**WHEREFORE**, Defendants pray that the relief prayed for in the Plaintiffs' Second Claim be denied and dismissed with prejudice.

### ANSWER TO THIRD CLAIM FOR RELIEF – WILLFUL REFUSAL TO SATISFY JUDGMENT

37. Defendants adopt their answers to Paragraphs 1 through 36 and incorporate them herein as if fully set forth.

38. As stated, the allegations of Paragraph 38 are denied.

39. As stated, the allegations of Paragraph 39 are denied. Defendants affirmatively state that this allegation is an attempt to improperly inject settlement negotiations into this adversary when settlement negotiations are inadmissible.

40. The allegations of Paragraph 40 are admitted as to the judgment being a final judgment. The allegations are denied as to the Paragraph's characterization of the judgment. The judgment is a money judgment that is enforceable as any other money judgment under New Mexico law.

41. As stated, the allegations of Paragraph 41 are denied. The judgment is a money judgment that is enforceable as any other money judgment under New Mexico law. Defendants are entitled to the protection of the New Mexico Constitution, **N.M. Const. Art. 2§21.** Defendants affirmatively state that this allegation is an attempt to improperly inject settlement negotiations into this adversary when settlement negotiations are inadmissible.

42. The allegations of Paragraph 42 are denied.

**WHEREFORE**, Defendants pray that the relief prayed for in the Plaintiffs' Third Claim be denied and dismissed with prejudice.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's, as Co–Personal Representatives of the Fred Dale Van Winkle Estate, fail to state a claim upon which relief may be granted. (*The Estate and it Co-Personal Representatives will hereinafter be referred to as "Plaintiffs"*)

## SECOND AFFIRMATIVE DEFENSE

Defendants' actions in state court in Otero County, New Mexico involve a foreclosure and redemption action, all of which is a part of a foreclosure action in New Mexico The action is an *in rem* proceeding that is not a violation of the discharge injunction. Plaintiffs' claim of violation of the discharge injunction in relation to the foreclosure and redemption proceeding in the state court in Otero County, New Mexico, has been decided by the BAP's Decision in **In re Van Winkle, 583**

6

B.R. 759 (B.A.P. 10th Cir. 2018). Plaintiffs' claim for violation of the discharge injunction is barred by **In re Van Winkle**, which is controlling.

### THIRD AFFIRMATIVE DEFENSE

**In re Van Winkle**, 583 B.R. 759 (B.A.P. 10th Cir. 2018) is the "Law/Rule of the Case" and is controlling in this adversary.

### FOURTH AFFIRMATIVE DEFENSE

**In re Van Winkle**, 583 B.R. 759 (B.A.P. 10th Cir. 2018) is *res judicata* controlling in this adversary and bars this action as to allegations of violating the discharge injunction in relation to the foreclosure and redemption proceeding in the state court in Otero County, New Mexico.

### FIFTH AFFIRMATIVE DEFENSE

**In re Van Winkle**, 583 B.R. 759 (B.A.P. 10th Cir. 2018) collaterally estops the Plaintiffs in this adversary from proceeding on a claim of Defendants violating the discharge injunction in relation to the foreclosure and redemption proceeding in the state court in Otero County, New Mexico.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not use Estate funds in the Otero County foreclosure and redemption matter.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs took action to have the right of redemption abandoned by the Trustee to the Plaintiffs. Once the right of redemption was abandoned to the Plaintiffs, the Plaintiffs voluntarily filed their Petition to redeem the property and deposit the redemption funds with the state court in Otero County. Plaintiffs' actions in choosing to redeem the foreclosed Otero County property and deposing redemption funds with the Otero County District Court were voluntary. A debtor

may voluntarily repay any debt. [**11 U.S.C. §524(f)**] Acceptance of a voluntary payment is not a violation of the discharge injunction.

## EIGHTH AFFIRMATIVE DEFENSE

In this case, the Plaintiffs took action post-petition and post discharge. The Fred Dale Van Winkle Estate initiated the action to have the Trustee abandon the right of redemption that the Trustee owned. The abandonment of the right of redemption by the Trustee back to the Plaintiffs was post-petition and post discharge. With the abandonment, the redemption right was not an Estate asset. The Plaintiffs' actions in filing the Petition to redeem the property and deposit the redemption funds with the state court in Otero County were voluntary and were post-petition and post discharge. A discharge injunction does not preclude collection for a debtor's post-petition use of the property. The discharge does not act as an injunction against a plaintiff asserting a claim for a debt incurred after the date of the discharge.

## NINTH AFFIRMATIVE DEFENSE

With the redemption funds being deposited by the Plaintiffs with the Otero County District Court and the redemption funds being accepted by that Court then, as a matter of law, title to the redemption funds vested in the Otero County District Court. Plaintiffs no longer had title to the redemption funds. Plaintiffs had no claim to the redemption funds nor any right of restitution. With Plaintiffs' petitioning the Otero County District Court for redemption and depositing the redemption funds into the court, the redemption was accomplished. **NMSA §39-5-18**. [**National Mortgage LLC v. Chenoweth, 2018 WL 2213641 (N.M. App. April 1, 2018)(unpublished opinion)**] As the redemptioner, Plaintiffs cannot condition the redemption by imposing conditions upon the tender of the money pursuant to the redemption statute. [**Brown v. Trujillo, 2004-**

8

NMCA-040, 135 N.M. 365.; <u>Union Esperanza Mining Co. v. Shandon Mining Co., 18 N.M. 153 135 P. 78 (NM 1913)</u>] Plaintiffs made a voluntary payment and have no right of restitution. [<u>Cheesecake Factory, Inc. v. Baines</u>, 1998-NMCA-120, ¶6, 125 N.M. 622] The Otero County District Court had complete authority to dispose or disburse the funds as a part of the foreclosure proceeding in state court.

## TENTH AFFIRMATIVE DEFENSE

The redemption process involving real property, including disposition of court held redemption funds, is controlled.

## ELEVENTH AFFIRMATIVE DEFENSE

The foreclosure and redemption proceeding in the Otero County District Court constitute an *in rem* proceeding that does not violate the discharge injunction. The redemption funds and their distribution are an integral part of New Mexico's foreclosure and redemption law and process.

## TWELFTH AFFIRMATIVE DEFENSE

The *Rooker-Feldman* Doctrine is applicable barring this adversary to the Otero County District Court proceedings. The **In re Van Winkle** Decision by the BAP finalized the prior state court proceedings in relation to the foreclosure and redemption process being able to proceed without being in violation of the discharge injunction. At that point, there was, in effect, a final decision on the subject matter of whether proceeding to enforce a deficiency judgment lien violated the discharge injunction. **In re Van Winkle** held it did not. The fact Plaintiffs have appealed the final judgment disbursing the redemption funds to the New Mexico Court of Appeals does not alter or change the **In re Van Winkle** Decision regarding there being no violation of the discharge

injunction. The end result is a final judgment on the issue making the *Rooker-Feldman* Doctrine applicable.

### THIRTEENTH AFFIRMATIVE DEFENSE

This matter in state court is foreclosure and redemption of real property under New Mexico law. The Bankruptcy Court has no subject matter jurisdiction in a foreclosure action or matters relating to the redemption of the real property. That exclusive jurisdiction lies with the state court, in this instance the Otero County District Court. The foreclosure and redemption proceedings have gone to final judgment. The final judgment has been appealed to the New Mexico Court of Appeals. The New Mexico courts, which have jurisdiction over the foreclosure and redemption proceedings, should be allowed to proceed without interference from the Bankruptcy Court. The Bankruptcy Court is subject to the mandatory abstention doctrine that requires it to abstain from interfering with the state court proceeding. In the alternative, this court should exercise "permissive abstention.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs voluntarily invoked the state court jurisdiction when they chose to file the Petition for Redemption and deposited redemption funds with the Otero County District Court. Further, by their actions of first pursuing remedy in state court, which went to a final judgment in state court, the Plaintiffs waived the right to bring this action in Bankruptcy Court. Besides the state court having exclusive jurisdiction over the foreclosure and redemption proceeding, it also had jurisdiction to address the issue of whether the discharge injunction was being violated. With the Plaintiffs' choice of forum, it was their obligation to raise the issue in that court if they thought it relevant. Rather, the Plaintiffs have engaged in forum shopping because they did not like the final

10

Case 20-01022-t    Doc 4    Filed 04/23/20    Entered 04/23/20 14:10:00 Page 11 of 14

judgment of the state court. Along with the Thirteenth Affirmative Defense being applicable, this Court, as a matter of *comity* to the state court, should abstain from interfering with or taking action in a case that has gone to final judgment in state court and is on appeal to the New Mexico Court of Appeals.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the Order reopening the closed bankruptcy case, the Court reappointed Clarke Coll as the Chapter 7 Trustee. He has reported to the Court there are no assets in the Estate. He did not find the redemption funds to be an Estate asset. Coll's determination is controlling as to the redemption funds not being an Estate asset.

### SIXTEENTH AFFIRMATIVE DEFENSE

The current amended Foreclosure Complaint in the Lincoln County District Court specifically states that there will be compliance with the Bankruptcy Court Order regarding avoidance of lien. That language was agreed upon with Plaintiffs' counsel at the time the Lincoln County District Court allowed the amendment. There has been no further action taken in the Lincoln County foreclosure matter other than the filing of the Amended Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the Defendants violated the discharge injunction, which they expressly deny, they had an objectively reasonable basis for concluding that the creditor's conduct was lawful under the discharge order. Under such circumstances, pursuant to **Taggert v. Lorenzen, 139 S. Ct. 1795, 1801 (2019)**, sanctions are not appropriate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Imposing sanctions for Defendants alleged nonpayment of a money judgment is improper.

The judgment against the Defendants is a money judgment. A money judgment can only be collected by law and means available for the collection of money judgments. Enforcement of a federal judgment must comply with the substantive and procedural safeguards found in state law where the federal court is located. [See: **FRCP 60(a)** which requires that "the procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Under New Mexico law, a district court cannot use its civil contempt power to enforce a civil money judgment. **Papatheofanis v. Allen, 2009-NMCA-084, ¶ 13, 146 N.M. 840, 215 P.3d 778**. Because holding a party in contempt carries with it a threat of incarceration, holding a party in contempt for a failure to satisfy a money judgment violates New Mexico′s Constitution providing that that provides "[n]o person shall be imprisoned for debt in any civil action." **N.M. Const. Art. 2§21;** *Also see*: **Abbasid, Inc. v. First Nat′l Bank of Santa Fe, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at \*3 (D.N.M. Sept. 9, 2010)**; **Amron Int′l Diving Supply, Inc. v. Hydrolinx Diving Commc′n, Inc., No. 5:12-CV-1189-DAE, 2014 WL 1652600, at \*4 (W.D. Tex. Apr. 24, 2014)**; **Lewis v. United Joint Venture, 691 F.3d 835, 839–40 (6th Cir.2012)**]

Further, if sanctions were even allowable, which they are not, Defendants had an objectively reasonable basis for concluding that the judgment was a money judgment and enforceable under New Mexico law and under such circumstances, pursuant to **Taggert v. Lorenzen, 139 S. Ct. 1795, 1801 (2019)**, sanctions are not appropriate.

## NINETEENTH AFFIRMATIVE DEFENSE

If not otherwise set forth above, the doctrines of waiver and/or estoppel bar the Plaintiffs are applicable to Plaintiffs and their claims in this adversary.

## TWENTYETH AFFIRMATIVE DEFENSE

All other affirmative defenses, not otherwise set forth above, that are or may become applicable in this matter are pled herein.

**WHEREFORE**, as to all of Plaintiffs' Claims, Defendants pray they each be dismissed with prejudice.

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, W. T. Martin, Jr., certify that on April 23, 2020, I served copies of the foregoing *Answer* on the following counsel of record and the Chapter 7 Trustee by way of CM/ECF and e-mail:

Joel Alan Gaffney, 6565 Americas Pkwy, Suite 200, Albuquerque, NM 87110 – Phone: (505) 563-5508; e-mail is: joel@gaffneylaw.com

Clarke C. Coll, 408 West College Blvd., Roswell, NM 88202; Phone is: (575) 623-2288; e-mail is: clarkecoll@gmail.com

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.