Sprague v Williams, et al.
Adv No. 15-010471

Tammy Sprague
April 10, 2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:

FRED DALE VAN WINKLE,



Debtor,   No. 13-1174 t7

TAMMY SPRAGUE, PERSONAL REPRESENTATIVE
OF THE ESTATE OF FRED DALE VAN WINKLE,

Plaintiff,

-vs-                              Adv. No. 15-010471

JOHN WILLIAMS AND ELLEN B.
WILLIAMS, husband and wife,
and BELLEVIEW VALLEY LAND CO., INC.,

Defendants.

DEPOSITION OF TAMMY SPRAGUE

April 10, 2017
9:05 a.m. to 11:24 a.m.
443 Mechem Drive
Ruidoso, New Mexico

PURSUANT TO THE BANKRUPTCY RULES OF CIVIL

PROCEDURE, this deposition was:

TAKEN BY:   W.T. MARTIN, JR., ESQ.
            ATTORNEY FOR DEFENDANTS

REPORTED BY:   JAN WIMBERLY, CCR No. 13
               Dama's Reporting Service
               P.O. Box 2022
               Alamogordo, New Mexico  88311-2022

Page 1 (Pages 1-4)

Sprague v Williams, et al.
Adv No. 15-010471

Tammy Sprague
April 10, 2017

Page 1

```
 1        IN THE UNITED STATES BANKRUPTCY COURT
 2            FOR THE DISTRICT OF NEW MEXICO
 3  In Re:
 4  FRED DALE VAN WINKLE,
 5                    Debtor.   No. 13-1174 t7
 6
 7  TAMMY SPRAGUE, PERSONAL REPRESENTATIVE
    OF THE ESTATE OF FRED DALE VAN WINKLE,
 8
 9                    Plaintiff,
10  -vs-                Adv. No. 15-010471
11  JOHN WILLIAMS AND ELLEN B.
    WILLIAMS, husband and wife
12  and BELLEVIEW VALLEY LAND CO., INC.,
13                    Defendants.
14
15            DEPOSITION OF TAMMY SPRAGUE
16
                    April 10, 2017
17             9:05 a.m. to 11:34 a.m.
                  441 Machem Drive
18              Ruidoso, New Mexico
19
       PURSUANT TO THE BANKRUPTCY RULES OF CIVIL
20
    PROCEDURE, this deposition was:
21
22  TAKEN BY: W.T. MARTIN, JR. ESQ.
              ATTORNEY FOR DEFENDANTS
23
24  REPORTED BY: JAN WIMBERLY, CCR No. 13
                 Dunn's Reporting Service
                 P.O. Box 2021
25               Alamogordo, New Mexico 88311-2022
```

Page 2

```
 1              APPEARANCES
 2  For the Plaintiff:
 3     ARVIZU LAW OFFICE
       P.O. Box 1479
 4     Las Cruces, NM 88004-1479
       575-527-8600
 5     BY: R. TREY ARVIZU III, ESQ.
 6  For the Defendants:
 7     MARTIN, DUGAN & MARTIN
       P.O. Box 2168
 8     Carlsbad, NM 88221-2168
       505-887-3528
 9     BY: W.T. MARTIN, JR., ESQ.
10
11  ALSO PRESENT: John Williams
12
13  TRANSCRIPTION NOTE:
14
    Ellipses points (...) at the end of a sentence
15  denote an incomplete thought or sentence.
16  A dash (--) indicates an interruption of speaker or
    a change of thought.
17
    "[sic]" means "thus" or "so." If the attorney or
18  deponent misuses or mispronounces a word, "[sic]" is
    used to show it is not the reporter's error.
19
20
21
22
23
24
25
```

Page 3

```
 1                    INDEX
 2                              PAGE
 3  TAMMY SPRAGUE
 4  Examination by Mr. Martin          4
 5  Reporter's Certificate            79
 6  Signature/Correction Page         81
 7
 8              EXHIBITS
 9  EXHIBIT      DESCRIPTION       PAGE
10  Exhibit No. 1  Check No. 10005, $147,000   31
11  Exhibit No. 2  Wells Fargo statement, August  32
       2014
12
    Exhibit No. 3  Court Order          39
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1              TAMMY SPRAGUE,
 2  having been first duly sworn, testified as follows:
 3              EXAMINATION
 4  BY MR. MARTIN:
 5     Q.  Would you state your full name, please.
 6     A.  Tammy Laree Sprague -- Van Winkle-Sprague.
 7  Van Winkle is my maiden name.
 8     Q.  Have you ever given a deposition before?
 9     A.  I have not.
10     Q.  Okay. Well, I'm not one of these to go
11  and spend 30 minutes on how it works or ground
12  rules, but let me go through a couple of things. If
13  you do not understand the question I've asked,
14  please tell me. And can we have an agreement that
15  if you don't -- if you don't understand a question,
16  you're going to tell me; otherwise, if you don't, we
17  can -- it's understood that you do understand the
18  question and are able to answer it to the best of
19  your knowledge and ability?
20     A.  Yes.
21     Q.  Okay. You had said a moment ago that you
22  didn't feel very good today. Is there any reason
23  why your health condition would stop you from giving
24  this deposition today?
25     A.  Probably just irritability more than
```

Page 9 (Pages 33-36)

Sprague v Williams, et al.
Adv No. 15-010471

Tammy Sprague
April 10, 2017

Page 33

1 Representative.
2     Q.  Now, does that particular document contain
3 information that you deposited this $147,000 check
4 into that account?
5     A.  Yes, it does.
6     Q.  In your answers to the interrogatories in
7 relation to this $147,000, you indicated that this
8 was a loan to you; is that correct?
9     A.  Correct.
10    Q.  Who loaned you the money?
11          MR. ARVIZU: Objection. I'm going to
12 instruct my client not to answer the question.
13          MR. MARTIN: What is your reason?
14          MR. ARVIZU: This is under review by
15 Judge Thuma, there's a motion to compel that's been
16 filed and he has not ruled on the motion to compel.
17          MR. MARTIN: So you are refusing to answer
18 that --
19          MR. ARVIZU: Yes.
20          MR. MARTIN: -- today.
21          MR. ARVIZU: Yes.
22          MR. MARTIN: On the basis that Judge Thuma
23 has not ruled on the motion to compel?
24          MR. ARVIZU: Correct.
25          MR. MARTIN: Let me ask you this, so we

Page 35

1     Q.  Is this more than one person?
2     A.  I don't know.
3     Q.  You don't know?
4     A.  I don't know. It was a single person that
5 gave me the loan.
6     Q.  And you have signed a promissory note?
7     A.  I have signed a personal agreement in the
8 form of informal promissory note.
9     Q.  So it's not a promissory note, it's just
10 some document that is an informal agreement?
11    A.  It has not been filed anywhere that I'm
12 aware of.
13    Q.  What are your terms of repayment?
14    A.  Upon the settlement of the redemption and
15 the sale of the property.
16    Q.  So as I understand your answer, your terms
17 of repayment are dependent upon what happens with
18 the redemption?
19    A.  Correct.
20    Q.  What is your obligation to repay, if you
21 are not successful in the redemption?
22    A.  Then my brother, my sister and I will
23 divide the debt in three ways and make personal
24 payments.
25    Q.  Are you making any payments on this debt

Page 34

1 can get it on the record --
2          MR. ARVIZU: Okay.
3          MR. MARTIN: -- Trey. What is -- other
4 than the fact that it is the subject of a motion to
5 compel, what is your basis for objecting to the
6 disclosure of who loaned the money?
7          MR. ARVIZU: Client's request.
8          MR. MARTIN: Let me put on the record that
9 that is not a valid reason for refusal to answer the
10 question or respond. The question directly relates
11 to issues in this case and if it doesn't directly
12 relate to this issues in this case, it certainly
13 leads to evidence that is relevant.
14    Q.  (By Mr. Martin) Let me ask you this: You
15 have direct -- you have said you do not want to have
16 the name of the person that loaned you this money to
17 be disclosed --
18    A.  Correct.
19    Q.  -- is that correct?
20    A.  Correct.
21    Q.  Why do you not want to disclose who loaned
22 you the money?
23    A.  They asked not to be disclosed.
24    Q.  Have you signed a promissory note to them?
25    A.  Yes, I have.

Page 36

1 now?
2     A.  Not at this time.
3     Q.  Is the lender a person or is it some kind
4 of entity of some nature?
5     A.  I would assume that it came from a holding
6 company.
7     Q.  You would assume that it came from a
8 holding company?
9     A.  It came from a holding company.
10    Q.  What type of holding company?
11    A.  A personal holding company.
12    Q.  What kind of business is this holding
13 company in?
14    A.  I would assume that they are going to be
15 holding profits that they made from personal
16 business.
17    Q.  To your knowledge, what type of business
18 does this holding company conduct or engage in at
19 the present time?
20    A.  I don't know.
21    Q.  Do you have an ownership interest in this
22 holding company?
23    A.  No, I do not.
24    Q.  Does your husband have an ownership
25 interest in this holding company?

Page 10 (Pages 37-40)

Sprague v Williams, et al.
Adv No. 15-010471

Tammy Sprague
April 10, 2017

Page 37

1   A. No, we do not.
2   Q. Do any of your other family members have
3 an ownership interest in this holding company?
4   A. No.
5   Q. How did you find this holding company?
6   A. I didn't find a holding company.
7   Q. How did you become aware of this holding
8 company?
9   A. I borrowed money from the individual that
10 owns the holding company.
11   Q. How did you become aware of the
12 individual?
13       MR. ARVIZU: Hey, Tom.
14       MR. MARTIN: Yes.
15       MR. ARVIZU: Let's stop this right now.
16 Let's not go down this road, let's just hold off on
17 this until Judge Thuma takes the motion to compel --
18       MR. MARTIN: I haven't asked for the
19 identity.
20       MR. ARVIZU: I understand, but you're
21 playing 20 questions here.
22       MR. MARTIN: Well, I have every right to.
23       MR. ARVIZU: Well, I'm just saying let's
24 hold off on this line of questioning.
25       MR. MARTIN: I'm not going to stop.

Page 38

1       MR. ARVIZU: Well, I'm going to instruct
2 you not to answer any further questions on this.
3       MR. MARTIN: And I'm going to enter an
4 objection to the instruction to stop responding to
5 perfectly legitimate discovery questions. Give me
6 just a moment, please.
7   Q. (By Mr. Martin) You deposited the $147,000
8 into the estate account to make it an asset of the
9 estate, correct?
10   A. I deposited it into there to disburse it
11 out of there.
12   Q. For?
13   A. For business.
14   Q. Of the estate?
15   A. For business of the estate, correct.
16   Q. What did you pledge to secure this debt?
17   A. Nothing. My name.
18   Q. In 2015, you -- and when I say "you," I'm
19 talking in terms of the estate or you as personal
20 representative -- you started the process of
21 attempting to redeem the property in Otero County?
22   A. Correct.
23   Q. And did you deposit an amount in the court
24 registry which was $73,200.94?
25   A. I believe that's the right amount.

Page 39

1   Q. Again, this is public record, but let me
2 mark that as Exhibit 3. This is a conformed copy of
3 a -- or filed-stamped copy of an order. Do you
4 recognize that document?
5       (Exhibit No. 3 marked.)
6   A. Yes, I do.
7   Q. Okay. And does that document reflect the
8 amount that was deposited into the court registry?
9   A. I believe it does.
10   Q. Where did the $73,200.94 come from?
11   A. Out of that $147,000.
12   Q. Did you write the check?
13   A. Yes, I did.
14   Q. And did you write the check on or about
15 April 20, 2015?
16   A. This is dated April 21st, and so I'm
17 assuming that I wrote it that day.
18   Q. Okay. And do you have the canceled check?
19   A. It would be a matter of bank record, yes.
20   Q. Do you have the bank statement for April
21 of 2015 on the estate?
22   A. Yes.
23   Q. And would you have a copy of the canceled
24 check?
25   A. It would be an electronic copy.

Page 40

1   Q. Understood. But do you have a copy of
2 that?
3   A. There should be a copy with the bank
4 statement, I can't verify that.
5   Q. I would ask your attorney to have you
6 provide us with a copy of that particular bank
7 statement, please.
8   A. The entire statement?
9   Q. Yes, ma'am.
10   A. Okay.
11   Q. How long do you think it would take you to
12 be able to find that copy and, through your
13 attorney, provide us with that?
14   A. A week, four days, five days.
15   Q. Fairly quickly then?
16   A. Yes.
17   Q. Okay. Can we agree on trying to get it
18 done within five days?
19   A. Yes.
20   Q. Now, out of this $147,000 that was loaned
21 and it became an estate asset, did you use the
22 remainder of the money for estate purposes?
23   A. I used 12,500 to purchase my grandmother's
24 farm back from the bankruptcy trustee.
25   Q. Do you still -- does the estate still have

Sprague v Williams, et al.
Adv No. 15-010471

Page 41

1 that property in Roosevelt County?
2    A.   It was deeded over to me and my brother
3 and my sister. We were able -- we obtained it
4 through the bankruptcy trustee.
5    Q.   So title to that undivided one-half
6 interest is in the three children?
7    A.   Correct.
8    Q.   And that's where the title is as of today;
9 is that correct?
10    A.   Yes, that's correct.
11    Q.   Do you have it under contract for sale or
12 anything, or are you just --
13    A.   No, I do not.
14    Q.   -- are you all just holding it right now?
15    A.   It's family property on my mother's side,
16 no intent to sell.
17    Q.   Okay.
18          MR. MARTIN: Give me just a moment,
19 please.
20    Q.   (By Mr. Martin) You obtained the $147,000
21 check on approximately August 22nd, 2014, that's the
22 date of the check?
23    A.   Correct.
24    Q.   And you did not attempt to exercise the
25 redemption until April of 2015. What was your

Page 42

1 reason for waiting so long to attempt to exercise
2 the redemption?
3    A.   It just took me that long to get
4 everything in order and to hire appropriate counsel.
5    Q.   Now, when you say to "get everything in
6 order," explain that, please. What do you mean "get
7 everything in order"?
8    A.   It just took me that long to take action,
9 that's all I can say.
10    Q.   Why didn't you attempt to start the
11 redemption shortly after you obtained the $147,000?
12    A.   Because I wasn't clear on what the ruling
13 was on the position, I just needed legal counsel.
14    Q.   I'm not asking what counsel said, so
15 please understand that. At that time, you had
16 Mr. Arvizu, who had been representing your dad --
17    A.   Correct.
18    Q.   -- and now you, correct, as far as the --
19    A.   Correct.
20    Q.   I'm not asking what he's told you, so
21 again understand that, but did you attempt to obtain
22 advice from him about the redemption?
23    A.   Yes.
24    Q.   Did you seek a second opinion on the
25 redemption?

Page 43

1    A.   Yes.
2    Q.   Was it this Mr. --
3    A.   Moberly.
4    Q.   Is that how you pronounce it, Moberly?
5    A.   Correct, um-hmm.
6    Q.   I'm not asking, again, what either one
7 said, okay?
8    A.   Um-hmm.
9    Q.   Please understand that. Was there a
10 difference of opinion between Mr. Arvizu and
11 Mr. Moberly about the redemption and the exercising
12 of the redemption?
13    A.   None that I'm aware of.
14    Q.   Okay. Let me jump, if I may, to another
15 topic. There was some discussion prior to the start
16 of this deposition about the issue of damages based
17 upon the partial summary judgment entered by the
18 bankruptcy court. Can you tell me what damages you
19 are claiming at this point?
20    A.   I would be claiming my attorneys' fees,
21 both Mr. Moberly and Mr. Arvizu.
22    Q.   Do you know what those amounts are?
23    A.   Mr. Arvizu is 16,000 plus.
24    Q.   In relation to the -- is that the entire
25 charge for his representation in the bankruptcy?

Page 44

1    A.   That is his representation from the time
2 that we began the redemption.
3    Q.   And what are Mr. Moberly's charges?
4    A.   I can get you the exact amount.
5    Q.   Okay.
6    A.   $9,167.20.
7    Q.   And what documents are you looking at?
8    A.   Just my own personal notes.
9    Q.   And again, on Mr. Moberly, are you
10 claiming that that is in relation to the redemption?
11    A.   Yes, sir.
12    Q.   Okay. And not his entire representation
13 of you?
14    A.   He didn't represent me until we started
15 the redemption process.
16    Q.   Didn't he represent the -- if I've got my
17 timing correct, didn't he represent the estate when
18 there was the issue of trespass?
19    A.   No, sir, he did not.
20    Q.   And the deed that you did?
21    A.   No, he did not. I represented --
22    Q.   Why was he in court then?
23    A.   Because he represented Mr. Pete Joyce. I
24 represented myself pro se.
25    Q.   Are any of his charges in relation to





EXHIBIT
1

Ms. Tammy Sprague
1007 Ellendale
Las Cruces, NM 88005





Discovery Responses
Page 1 of 2



automatic payment (ACH) transaction - and this is typically one to three days AFTER you made the purchase. When the purchase amount is sent to Wells Fargo for payment, the transaction will be paid with funds in your account, or if your account has insufficient funds to cover the transaction we may pay the transaction into overdraft (at the bank's discretion), or return it unpaid. If the transaction is paid into overdraft or returned unpaid, you may be assessed an overdraft or returned item fee. If the item is returned, the merchant may also charge a returned item fee and they will more than likely resubmit the transaction which could cause additional fees if there is not enough money in the account. As a result, it is very important for you to keep track of these purchases to avoid overspending.

## Activity summary

| | |
|---|---|
| Beginning balance on 8/14 | $127.62 |
| Deposits/Additions | 147,066.45 |
| Withdrawals/Subtractions | - 22,269.80 |
| **Ending balance on 9/12** | **$124,924.27** |

Account number: ████████ 8044
ESTATE OF FRED D. VAN WINKLE
TAMMY L SPRAGUE PREP

New Mexico account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 107002192

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

## Transaction history

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| 8/14 | | Check Crd Purchase 08/13 Circle K 06007 Las Cruces NM 434257xxxxxx9092 5842216003366899 TMcC=5542 | | $7.19 | |
| 8/14 | | Check Crd Purchase 08/13 Circle K 06007 Las Cruces NM 434257xxxxxx9092 5842229001907765 TMcC=5541 | | 5.95 | 65.48 |
| 8/15 | | Check Crd Purchase 08/14 Sj Senor Express Las Cruces NM 434257xxxxxx9092 3842267816Mc23 TMcC=5814 | | 6.56 | 57.32 |
| 8/18 | | Recur Debit Crd Pmt 08/15 Rocket Lawyer Inc. 877-8810947 CA 434257xxxxxx9092 3042273820776838 TMcC=8999 | | 39.95 | 17.37 |
| 8/21 | 102 | Check | | 66.45 | -49.08 |
| 8/22 | | Check Reversal | 66.45 | | |
| 8/22 | | NSF Return Item Fee for a Transaction Received on 08/21 $66.45 Check # 00102 | | 35.00 | |
| 8/22 | | State Sales Tax | | 2.76 | -36.41 |
| 8/27 | | Deposit | 147,000.00 | | 146,879.59 |
| 8/29 | 103 | Cashed Check | | 1,200.00 | |
| 8/29 | 104 | Check | | 1,200.00 | 144,479.59 |
| 9/3 | 106 | Check | | 1,200.00 | 143,579.59 |
| 9/3 | | Check Crd Purchase 09/02 Sams Club #6502 El Paso TX 434257xxxxxx9092 2842417558298888 TMcC=5542 | | 72.17 | |
| 9/3 | | Check Crd Purchase 09/02 Starbucks #06630 E El Paso TX 434257xxxxxx9092 4642457773681321 TMcC=5814 | | 6.38 | |
| 9/3 | | Check Crd Purchase 09/03 Burger King #1 3884 El Paso TX 434257xxxxxx9092 3042457734306632 TMcC=5814 | | 3.24 | 143,298.82 |
| 9/5 | 105 | Check | | 400.00 | |
| 9/8 | | Check Crd Purchase 09/04 Verizon Wrls Myacc 800-9220204 CA 434257xxxxxx9092 3042479701939378 TMcC=4814 | | 414.95 | 142,898.82 |
| 9/8 | | Withdrawal Made In A Branch/Store | | 12,000.00 | |
| 9/8 | 107 | Check | | 1,000.00 | |
| 9/8 | 108 | Check | | 1,000.00 | 126,923.87 |





EXHIBIT
2

Defendent in intervention

Brian Van Winkle (Brian VW) is requesting to exercise his Intervention of right. In doing so he seeks to have his sister Tammy Sprague removed as personal representitive of the estate of Fred Van Winkle (deceased) and replaced by himself as personal representitive.
( Brian VW could not verify how Tammy Sprague was Soley appointed as estate representitive )

The intervention of right arises when the Intervenor, the person who seeks to become a party to an existing law suit, can satisfactorily show that his or her interest is not adequately represented by the present parties, that the interest relates to the subject of the action , and that the disposition of the action might in some way impair his or her ability to protect such interest.
This Court is Familiar with this 11yr long litigation concerning the Estate of Fred Van Winkle. Brian VW request that Judge Thuma review his opinions, the BAP election opinions, and the State court ruling concerning this estate and its back ground.
The state court under Judge Counts has just recently allowed a Discharged debt set forth by this Banckruptcy court to be allowed in state court , in doing so , the state court has upset the balance provided by this court between Debtor and Creditor. This has also put Redemption funds deposited with the state court at risk . This ruling allows perpetual lien reattachment if left as is. As defendent in intervention, there are common issues shared between Brian V.W. and the existing parties involved, in particular, an eight acre parcel with Brian VWs homestead and shop. This acerage is a portion of the total acerage up for redemption and tied to the outcome of the complete estate closure. The issue of the Redemption process and allowing it to go forth as ruled by this court, the State ruling concerning lien reattachment and the closing (2017) of the Estate of Fred Van Winkle before the Estate itself has been closed, are grounds for Brian VW's request to be granted and to allow him to exercise his intervention of right. (There are still unsettled issue for this estate concerning the Condo in lincoln county and Sanctions set by this court.)

Brian Van Winkle is not attempting to inject new causes of action into a pending law suit.

Brian VW contacted, met with lenders in California and secured a loan for Fred Van Winkles' Estate litigation and for Redemption funds. The entire loan amount was deposited in an Estate Account for Fred Van Winkle. NM law requires an estate account to remain open until the entire estate is closed.

Brian VW secured this loan by providing his home for collateral.
The total loan amount of $147,000.00 was deposited into the estate account of Fred Van Winkle.
The Redemption funds on deposit with the state court is in the amount of apprex $78,000.00. --
The balance of 78,000.00 - 147,000.00 = $69,000.00.
Therefore $69,000.00 was left over from Redemption deposit
requirements and available for dispersment thru the Estate account for administration of associated cost such as legal fees, Taxes , Etc. and held secure for use in a specified account concerning estate needs until the time of the estates Finale closure.
An accurate balance of the Estate account can only be realized through the reconciling of the bank statements. However, the estate account has been closed and transparent access to the account has

EXHIBIT "16"

3

of redemption under protection of this court.

The Bap ruled the way they did because the redemption issue was stayed in state court...Williams was not pursuing collections in personam. Since Judge Counts has ruled in favor of lien reattachment he is now persuing in personam and has altered the equitable balance between debtor and creditor and made this a "core issue" eligible for review by the B.C.

Sanctions are called for in light of his relentless attempts in pursuit to collect a discharged debt through under handed legal methods .

Despite the amount of time, money and attention dedicated to litigation in this case, the estate heirs continue this fight for their Redemption and homestead rights in pursuit of justice inspite of The hardships over the past 11 yrs and will continue as long as Mr. Williams continues to relentlessly pursue and attack the Estate.

this he has done by hidding behind and weaponizing an obscure law that appears to be in favor of lien perpetuality regardless of the envolvment of an original mortgagor or not. If allowed to prevail in this light as presented to the courts as justice, Tryranny evolves in our judicial system. The BAP noted that Mr. Williams' continued litigation methods resembled what is called " scorshed earth" . The Brief Mr. Williams provided requesting Judge Counts To allow the Discharged liens to re attach is self incriminating as to his real intentions to persue the estate in Personam w. in Rem. Sanctions are Called for to prevent future litigators from following the same or similar path under relative circumstances.

Thank You, Defendant in intervention,
Brian Van Winkle , Monday June The 9th, 2019

——————————— / /19

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
8/27/2018 9:57 AM
KATINA WATSON
CLERK OF COURT
Sven Michael Sears

**STATE OF NEW MEXICO**
**COUNTY OF OTERO**
**TWELFTH JUDICIAL DISTRICT COURT**

**BELLEVIEW VALLEY LAND CO., a New**
**Mexico corporation, and JOHN H. WILLIAMS**
**and ELLEN B. WILLIAMS, husband and wife,**

      Plaintiffs,

v.

                          **Cause No. CV-2010-01054**
                          **Judge James Waylon Counts**

**TAMMY SPRAGUE, Personal Representative**
**of the Estate of FRED VAN WINKLE, Deceased,**

      Defendant,

**And**

**BRIAN VAN WINKLE and JUDITH A.**
**VAN WINKLE, husband and wife,**

      Defendants-in-Intervention.

## PETITIONER'S MOTION TO SUBSTITUTE TAMMY SPRAGUE, BRIAN VAN WINKLE AND HALEY VAN WINKLE AS PETITIONERS

Petitioner, Tammy Sprague, as personal representative of the estate of Fred Van Winkle,

through her counsel of record, Law Office of Kyle H. Moberly, P. C., files this Motion to Substitute

Tammy Sprague, Brian Van Winkle and Haley Van Winkle as petitioners in this matter. In support

of the Motion, Petitioner states as follows:

1.    Petitioner assigned the estate's statutory right to redeem the property at issue in this

case to Fred Van Winkle's heirs, namely, Tammy Sprague, Brian Van Winkle, and Haley Van

Winkle, who provided the funds to redeem the property and are the real parties in interest. As proof

Petitioner's Motion to Substitute
Tammy Sprague, Brian Van Winkle,
and Haley Van Winkle as Petitioners

Belleview Valley Land Co v Sprague
CV-2010-01054

Page 1 of 3

**EXHIBIT "17"**

Case 20-01022-t   Doc 14-3   Filed 10/29/20   Entered 10/29/20 21:03:33   Page 10 of 87

of that transfer, Petitioner attaches the Assignment of Right of Redemption as **Exhibit A** to this Motion.

2.  Pursuant to Rule 1-025(C) NMRA, Tammy Sprague, Brian Van Winkle, and Haley Van Winkle are proper parties to this suit and should be substituted as petitioners in this matter in the place of Tammy Sprague in her capacity as personal representative of the estate of Fred Van Winkle.

3.  No delay in this action will occur as a result of the substitution of Tammy Sprague, Brian Van Winkle, and Haley Van Winkle as petitioners.

4.  Opposing counsel does not concur with this motion.

**WHEREFORE,** Petitioner requests that the Court substitute Tammy Sprague, in her individual capacity, Brian Van Winkle, and Haley Van Winkle as petitioners in this matter.

Respectfully submitted,

**LAW OFFICE OF KYLE H. MOBERLY, P. C.**

By:  _/s/ Kyle H. Moberly_

Kyle H. Moberly
State Bar # 245
Attorney for Petitioner
2460 S. Locust Ste. E
Las Cruces, NM 88001
(575) 541-1278

Petitioner's Motion to Substitute
Tammy Sprague, Brian Van Winkle,
and Haley Van Winkle as Petitioners

Belleview Valley Land Co v Sprague
CV-2010-01056

Page 2 of 3

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, the foregoing Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners was filed electronically through the Odyssey File & Serve/Tyler Technology system, which caused Plaintiffs' counsel of record to be served by electronic means.

/s/ Kyle H. Moberly
KYLE H. MOBERLY

Petitioner's Motion to Substitute
Tammy Sprague, Brian Van Winkle,
and Haley Van Winkle as Petitioners

Belleview Valley Land Co v Sprague
CV-2010-01058

Page 3 of 3

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33 Page 12 of 87

e-Recorded 201807162 08/21/18 02:16:05 PM Otero County

## *ASSIGNMENT OF RIGHT OF REDEMPTION*

Assignment by **TAMMY SPRAGUE** ("**Assignor**"), as personal representative of the estate of **Fred Van Winkle**, deceased, to **TAMMY SPRAGUE, BRIAN VAN WINKLE** and **HALEY VAN WINKLE**, who are Fred Van Winkle's heirs (collectively, the "**Assignees**").

WHEREAS, on April 20, 2015, Assignor filed a petition for redemption (the "**Petition**") of the following described real estate (the "**Property**") in Otero County, New Mexico, with the Twelfth Judicial District Court of the State of New Mexico (the "**Court**"), in Cause Number D-1215-CV-2010-01054, pursuant to NMSA 1978 Section 39-5-18 (2007):

> A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:
>
> Beginning at the East One—Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.
>
> And
>
> LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.
>
> And
>
> ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16
>
> including that certain well and all water rights appurtenant thereto which is located on the above-described property;

and

Assignment of Statutory Right of Redemption
from Estate of Fred Van Winkle to Tammy Sprague,
Brian Van Winkle and Haley Van Winkle

\\Workstore\Doc\CLIENT\064V001\0001 1752.WPD

# Exhibit A

e-Recorded 201807162 08/21/18 02:14:05 PM Otero County

WHEREAS, Assignor's right to redeem the Property arose from the judicial sale of the Property on July 8, 2014, pursuant to the Final Judgment Foreclosing Plaintiffs' Judgment Lien that the Court entered on May 22, 2014;

WHEREAS, on April 22, 2015, Assignor deposited the sum of $73,200.94 into the Court's registry to redeem the Property (the "**Funds**");

WHEREAS, Assignees provided the Funds to Assignor;

WHEREAS, since Assignees are the real parties in interest, they have requested that Assignor assign to them the estate's statutory right pursuant to NMSA 1978 Section 39-5-18 (2007), to redeem the Property, which Assignor is willing to do.

NOW, THEREFORE, Assignor hereby assigns the estate's statutory right pursuant to NMSA 1978 Section 39-5-18 (2007), to redeem the Property.

Assignor also hereby assigns to Assignees all of the estate's right, title and interest in and to the Funds.

Assignor also hereby assigns to Assignees all of the estate's right, title and interest in and to any claims that the estate may have against the purchaser of the Property for any waste or damage to the Property that has occurred since the purchaser purchased the Property at the judicial sale.

Assignor shall fully cooperate with Assignees in the execution and delivery of such other and further documents as may be reasonably required by Assignees to enforce the statutory right of redemption hereby assigned to them.

TAMMY SPRAGUE, as personal representative of
the **Estate of Fred Van Winkle**, deceased

Assignment of Statutory Right of Redemption
from Estate of Fred Van Winkle to Tammy Sprague,
Brian Van Winkle and Haley Van Winkle

1WinMassDoc/CLIENT/0049/001/00011751.WPD

STATE OF NEW MEXICO

COUNTY OF DOÑA ANA

This instrument was acknowledged before me on August /7, 2018, by Tammy Sprague as personal representative of the estate of Fred Van Winkle, deceased.



(Seal)

OFFICIAL SEAL
KYLE H. MOBERLY
NOTARY PUBLIC
STATE OF NEW MEXICO
My Comm Expires 7/6/22

_____
Notary Public



Assignment of Statutory Right of Redemption
from Estate of Fred Van Winkle to Tammy Sprague,
Brian Van Winkle and Haley Van Winkle

1Winkle-wDocC\J857\WePN02\0005\STG.WPD

Page 3 of 3

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/19/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John H. Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                 )
             Plaintiffs, )       No. CV-2010-01054
                 )
vs. )
                 )
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
                 )
             Defendant/Petitioner, )
                 )
and )
                 )
BRIAN VAN WINKLE and JUDITH A. )
VAN WINKLE, husband and wife, )
                 )
             Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

EXHIBIT "18"

CAME ON to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by Belleview Valley Land Co. ("*BVL*"), John Williams and Ellen B. Williams ("*Plaintiffs*"). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

1

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in-Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

2

A.    There are no issues of material fact, and thus summary judgment is appropriate.

B.    NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate .

. .

"(1)    by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

"(2)    by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale."

C.    Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D.    Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from

the former defendant owner. Since the only attachable asset of the Fred Van Winkle

estate would be the subject property, Plaintiffs would be able to seek payment of their

judgment by again proceeding against the Property.

E.    Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F.    At a hearing on redemption, "the judge shall determine the amount of money

necessary for the redemption, which shall include the money paid at the sale and all

3

taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C) (2007).

G.     The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.

3. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall promptly set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

4. If Defendant elects option (a) to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption.     Also, in that event, Plaintiffs' judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

their judgment lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

_____
Honorable Judge James Wuylon Gounts

Approved as to form:

_____     _____
Kenneth D. Dugan, counsel for Plaintiffs     Kyle Moberly, counsel for Defendant

FILED
12th JUDICIAL DISTRICT COURT
Otero County
8/12/2019 8:49 AM
KATINA WATSON
CLERK OF THE COURT
Serena Counts

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                                       )
                      Plaintiffs, )        No. CV-2010-1054
                                         )
vs. )
                                         )
TAMMY SPRAGUE, PERSONAL )
REPRESENTATIVE OF THE )
ESTATE OF FRED VAN WINKLE, deceased, )

                      Defendant.

## ORDER ON PLAINTIFFS' AMENDED MOTION TO DISTRIBUTE REDEMPTION SUMS AND ENTER FINAL JUDGMENT

EXHIBIT "19"

CAME ON to be heard the *Plaintiffs' Amended Motion To Distribute Redemption Sums and Enter Final Judgment* (the "*Motion*") filed by Belleview Valley Land Co. ("BVL"), John Williams and Ellen B. Williams (collectively "*Plaintiffs*"). The parties were represented by counsel in the hearing on August 9, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised, finds that the Motion should be and hereby is GRANTED for the reasons stated in the Motion.

The Court finds the following:

1.  On May 22, 2014, this Court entered a Final Judgment Foreclosing Plaintiff's Judgment Lien on the concerned property at issue described in Exhibit A hereto (the "Property").

2.  Defendant subsequently redeemed the Property at issue by filing a petition and depositing the stated sums. NMSA 1978, Section 39-5-18(A)(2)(2007). Accordingly, Defendant was entitled to a hearing and issuance of a certificate of redemption under such terms as this Court deems just, including payment of all remaining owing sums. NMSA 1978, Section 39-5-18(C)(2007).

3.  By Order entered on July 19, 2019, this Court ordered Defendant to elect within ten (10) days whether Defendant desired to proceed to hearing on issuance of the certificate of redemption or to withdraw the request for issuance of redemption. That order expressly provided failure by Defendant to so elect within the required time-frame would deem Defendant to have elected withdrawal of the request for issuance of a certificate of redemption.

1

4. Defendant did not timely file the required election. Accordingly, Defendant is deemed to have elected withdrawal of the request for issuance of a certificate of redemption.

5. By election, Defendant forfeited and/or waived the right to issuance of the certificate of redemption and to re-acquire legal title to the real property at issue pursuant to the redemption.

6. Defendant irrevocably deposited $73,200.94 (the "Deposited Funds") into the registry of the court pursuant to Court Order dated April 21, 2015.

7. The Estate waived any title or interest in the Deposited Funds when it procured a Court Order authorizing deposit and then tendered the Deposited Funds into the court registry without condition.

8. The Plaintiffs are entitled to receive the Deposited Funds, $73,200.94, plus the interest earned.

9. With interest, the amount of the Deposited Funds is $73,454.37, as of August 1, 2019.

10. By Order dated July 28, 2014, the Court previously reduced the amount of the *in rem* Deficiency Judgment from $338,905.61 to $271,905.61, accounting for the $67,000.00 bid by the purchasers at the foreclosure sale of the Property.

11. In fact, pursuant to this Order, Plaintiffs are now receiving $73,454.37, instead of $67,000.00. Accordingly, the deficiency judgment should be reduced to $265,451.24, to account for the excess amount in the Deposited Funds above the bid amount and interest (i.e., $6,454.37).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

2

A. Plaintiff's Motion is Granted for the reasons stated therein.

B. Judgment is hereby entered granting Plaintiffs John and Ellen Williams legal title, equitable title and possession of the Property pursuant to the Special Master Deed executed on July 8, 2014 and recorded in Otero County on July 25, 2014, free and clear of any claims of Defendant in redemption or otherwise.

C. The Clerk is hereby ordered to disburse to Plaintiffs John H. Williams and Ellen B. Williams the Deposited Sums ($73,200.94), together with any interest, if any, that was earned on the funds since deposit.

D. Plaintiffs are hereby granted a continuing *in rem* Deficiency Judgment against Defendant in the amount of $265,451.24, which shall continue to accrue interest at the rate of 8.75% per annum calculated from July 28, 2014 until paid in full, as previously authorized in the *Final Judgment Foreclosing Plaintiffs' Judgment Lien* entered on May 22, 2014. [NOTE: This judgment is *in rem* only].

E. This is a Final Judgment.

Honorable Judge James Waylon Counts

Approved as to form:

_____
W.T. Martin, Jr., counsel for Plaintiffs

_____
Kyle Moberly, counsel for Defendant

3

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/29/2019 5:09 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

**STATE OF NEW MEXICO**
**COUNTY OF OTERO**
**TWELFTH JUDICIAL DISTRICT COURT**

**BELLEVIEW VALLEY LAND CO.**, a New
Mexico corporation, and **JOHN H. WILLIAMS**
and **ELLEN B. WILLIAMS**, husband and wife,

      **Plaintiffs,**

v.

**TAMMY SPRAGUE**, Personal Representative
of the Estate of Fred Van Winkle, Deceased,

      **Defendant/Petitioner,**

and

**BRIAN VAN WINKLE** and **JUDITH A.**
**VAN WINKLE**, husband and wife,

      **Defendants-in-Intervention.**

**Cause No. CV-2010-01054**
**Judge James Waylon Counts**

## NOTICE OF APPEAL

Defendant/Petitioner, Tammy Sprague, as personal representative of the estate of Fred Van

Winkle (the "**Defendant**"), through her counsel of record, Law Office of Kyle H. Moberly, P.C.

(Kyle H. Moberly), hereby gives notice of her appeal to the New Mexico Court of Appeals of (1)

the District Court's Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and

Haley Van Winkle as Petitioners that was filed in the District Court Clerk's office on July 12, 2019,

a copy of which is attached hereto and marked as **Exhibit A**, and (2) the District Court's Order on

Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief that

was filed in the District Court Clerk's office on July 19, 2019, a copy of which is attached hereto

and marked as **Exhibit B**. This appeal is against Plaintiffs.

**EXHIBIT "20"**

Respectfully submitted,

**LAW OFFICE OF KYLE H. MOBERLY, P. C.**

By:    /s/ Kyle H. Moberly
   Kyle H. Moberly
   State Bar # 245
   Attorney for Defendant/Petitioner
   2460 S. Locust Ste. E
   Las Cruces, NM 88001
   (575) 541-1278

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, this Notice of Appeal was served on Plaintiffs' counsel of record electronically through the Odyssey File & Serve/Tyler Technology system and mailed to each of the following:

Clerk of the New Mexico Court of Appeals
P.O. Box 2008
Santa Fe, NM 87504-2008

Judge James Waylon Counts
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Office of the Court Monitor
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Brian Van Winkle
P.O. Box 2595
Ruidoso, NM 88355

/s/ Kyle H. Moberly
**KYLE H. MOBERLY**

Notice of Appeal
Belleview Valley Land Co. v. Tammy Sprague
Cause No. CV-2010-01054

\Lawofficeserver\e:Doc CLIENT 0649 001 0001 9969 KFD

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/12/2019 10:22 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

    Plaintiffs,

v.

                                  Cause No. D-1215-CV-2010-01054
                                     Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

    Defendant,

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

    Defendants-in-Intervention.

### ORDER DENYING MOTION TO SUBSTITUTE TAMMY SPRAGUE, BRIAN VAN WINKLE AND HALEY VAN WINKLE AS PETITIONERS

THIS MATTER came before the Court at a hearing on March 11, 2019, of Defendant/Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners. Defendant/Petitioner was represented by her counsel of record, Law Office of Kyle H. Moberly, P.C. (Kyle H. Moberly), and Plaintiffs were represented by their counsel of record, Martin, Dugan & Martin (Kenneth D. Dugan). The Court, having reviewed the motion and being otherwise fully advised, finds that the motion should be denied.

Order Denying Motion to Substitute Tammy Sprague,
Brian Van Winkle and Haley Van Winkle as Petitioners

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054



Exhibit A

**IT IS THEREFORE ORDERED** that the motion of Defendant/Petitioner to substitute

Tammy Sprague, Brian Van Winkle, and Haley Van Winkle in place of Defendant/Petitioner as

petitioner in redemption in this matter is denied.

**JUDGE JAMES WAYLON COUNTS**

SUBMITTED BY:

Law Office of Kyle H. Moberly, P.C.

By:     /s/ Kyle H. Moberly
        Kyle H. Moberly
        Attorney for Defendant/Petitioner
        2460 S. Locust Street, Suite E
        Las Cruces, New Mexico 88001
        (575) 541-1278

APPROVED BY:

Martin, Dugan & Martin

By:     Approved by Kenneth D. Dugan by email on 5/13/2019
        Wilfred T. Martin
        Kenneth D. Dugan
        Attorneys for Plaintiffs
        P.O. Box 2168,
        Carlsbad, New Mexico 88221
        (575) 887-3528

Order Denying Motion to Substitute Tammy Sprague,                    Belleview Valley Land Co. v. Sprague
Brian Van Winkle and Haley Van Winkle as Petitioners                 Cause No. D-1215-CV-2010-00054

Page 2 of 2

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33    Page 29 of 87

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/19/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John H. Williams** and **ELLEN B.** )
**WILLIAMS**, husband and wife. )
                                  )
                    Plaintiffs, )          No. CV-2010-01054
                                  )
vs. )
                                  )
**TAMMY SPRAGUE**, personal representative of Estate )
of Fred Van Winkle, deceased, )
                                  )
                Defendant/Petitioner, )
                                  )
and )
                                  )
**BRIAN VAN WINKLE** and **JUDITH A.** )
**VAN WINKLE**, husband and wife, )
                                  )
            Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

# Exhibit B

CAME ON to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** ("*Plaintiffs*"). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

1

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A.     There are no issues of material fact, and thus summary judgment is appropriate.

B.     NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate .

. .:

"(1)     by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

"(2)     by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale."

C.     Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D.     Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property. Plaintiffs have the right to seek satisfaction of their judgment, in rem, from

the former defendant owner. Since the only attachable asset of the Fred Van Winkle

estate would be the subject property, Plaintiffs would be able to seek payment of their

judgment by again proceeding against the Property.

E.     Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F.     At a hearing on redemption, "the judge shall determine the amount of money

necessary for the redemption, which shall include the money paid at the sale and all

taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C) (2007).

G.  The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.

3. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall promptly set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

4. If Defendant elects option (a) to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption.     Also, in that event, Plaintiffs' judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

their judgment lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

_____
Honorable Judge James Waylon-Counts

Approved as to form:

_____          _____
Kenneth D. Dugan, counsel for Plaintiffs          Kyle Moberly, counsel for Defendant

FILED
12th JUDICIAL DISTRICT COURT
Otero County
8/12/2019 3:24 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

**STATE OF NEW MEXICO**
**COUNTY OF OTERO**
**TWELFTH JUDICIAL DISTRICT COURT**

**BELLEVIEW VALLEY LAND CO.**, a New
Mexico corporation, and **JOHN H. WILLIAMS**
and **ELLEN B. WILLIAMS**, husband and wife,

      Plaintiffs,

v.

                               **Cause No. CV-2010-01054**
                               **Judge James Waylon Counts**

**TAMMY SPRAGUE**, Personal Representative
of the Estate of Fred Van Winkle, Deceased,

      Defendant/Petitioner,

and

**BRIAN VAN WINKLE** and **JUDITH A.**
**VAN WINKLE**, husband and wife,

      Defendants-in-Intervention

## AMENDED NOTICE OF APPEAL

Defendant/Petitioner, Tammy Sprague, as personal representative of the estate of Fred Van

Winkle (the "**Defendant**"), through her counsel of record, Law Office of Kyle H. Moberly, P.C.

(Kyle H. Moberly), hereby gives notice of her appeal to the New Mexico Court of Appeals of (1)

the District Court's Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and

Haley Van Winkle as Petitioners that was filed in the District Court Clerk's office on July 12, 2019,

a copy of which is attached hereto and marked as **Exhibit A**, (2) the District Court's Order on

Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief that

was filed in the District Court Clerk's office on July 19, 2019, a copy of which is attached hereto

and marked as **Exhibit B**, and (3) the District Court's Order on Plaintiffs' Amended Motion to

Amended Notice of Appeal
Belleview Valley Land Co. v. Tammy Sprague
Cause No. CV-2010-01054

                                                  \Lawofficemoberly Dev CLIENT 0649\001 00020167.WPD

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33    Page 36 of 87

Distribute Redemption Sums and Enter Final Judgment that was filed in the District Court Clerk's

office on August 12, 2019, a copy of which is attached hereto and marked as **Exhibit C**. This appeal

is against Plaintiffs.

Respectfully submitted,

**LAW OFFICE OF KYLE H. MOBERLY, P. C.**

By:     /s/ Kyle H. Moberly
Kyle H. Moberly
State Bar # 245
Attorney for Defendant/Petitioner
2460 S. Locust Ste. E
Las Cruces, NM 88001
(575) 541-1278

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, this Notice of Appeal was served on Plaintiffs'
counsel of record electronically through the Odyssey File & Serve/Tyler Technology system and
mailed to each of the following:

Clerk of the New Mexico Court of Appeals
P.O. Box 2008
Santa Fe, NM 87504-2008

Judge James Waylon Counts
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Office of the Court Monitor
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Brian Van Winkle
P.O. Box 2595
Ruidoso, NM 88355

/s/ Kyle H. Moberly
**KYLE H. MOBERLY**

Amended Notice of Appeal
Belleview Valley Land Co. v. Tammy Sprague
Cause No. CV-2010-00054

LawOfficeserver Doc CLIENT 0649-001 00020167 WPD

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/12/2019 10:22 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

    Plaintiffs,

v.

                             Cause No. D-1215-CV-2010-01054
                             Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

    Defendant,

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

    Defendants-in-Intervention.

### ORDER DENYING MOTION TO SUBSTITUTE TAMMY SPRAGUE, BRIAN VAN WINKLE AND HALEY VAN WINKLE AS PETITIONERS

THIS MATTER came before the Court at a hearing on March 11, 2019, of Defendant/Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners. Defendant/Petitioner was represented by her counsel of record, Law Office of Kyle H. Moberly, P.C. (Kyle H. Moberly), and Plaintiffs were represented by their counsel of record, Martin, Dugan & Martin (Kenneth D. Dugan). The Court, having reviewed the motion and being otherwise fully advised, finds that the motion should be denied.


Exhibit A

**IT IS THEREFORE ORDERED** that the motion of Defendant/Petitioner to substitute

Tammy Sprague, Brian Van Winkle, and Haley Van Winkle in place of Defendant/Petitioner as

petitioner in redemption in this matter is denied.

_____

**JUDGE JAMES WAYLON COUNTS**

SUBMITTED BY:

Law Office of Kyle H. Moberly, P.C.

By:    /s/ Kyle H. Moberly
       Kyle H. Moberly
       Attorney for Defendant/Petitioner
       2460 S. Locust Street, Suite E
       Las Cruces, New Mexico 88001
       (575) 541-1278

APPROVED BY:

Martin, Dugan & Martin

By:    Approved by Kenneth D. Dugan by email on 5/13/2019
       Wilfred T. Martin
       Kenneth D. Dugan
       Attorneys for Plaintiffs
       P.O. Box 2168,
       Carlsbad, New Mexico 88221
       (575) 887-3528

Order Denying Motion to Substitute Tammy Sprague,          Belleview Valley Land Co. v. Sprague
Brian Van Winkle and Haley Van Winkle as Petitioners       Cause No. D-1215-CV-2010-01054

Page 2 of 2

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33 Page 39 of 87

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/19/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John H. Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                       )
                Plaintiffs, )      No. CV-2010-01054
                       )
vs. )
                       )
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
                       )
            Defendant/Petitioner, )
                       )
and )
                       )
BRIAN VAN WINKLE and JUDITH A. )
VAN WINKLE, husband and wife, )
                       )
       Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

# Exhibit B

CAME ON to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** ("*Plaintiffs*"). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

1

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

2

A.   There are no issues of material fact, and thus summary judgment is appropriate.

B.   NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate .

. ."

"(1)   by paying to the purchaser, at any time within nine months from the date
of sale, the amount paid at the sale, with interest from the date of sale at the rate
of ten percent a year, together with all taxes, interest and penalties thereon, and all
payments made to satisfy in whole or in part any prior lien or mortgage not
foreclosed, paid by the purchaser after the date of sale, with interest on the taxes,
interest, penalties and payments made on liens or mortgages at the rate of ten
percent a year from the date of payment; OR

"(2)   by filing a petition for redemption in the pending foreclosure case in the
district court in which the order, judgment or decree of foreclosure was entered
and by making a deposit of the amount set forth in Paragraph (1) of this
subsection in cash in the office of the clerk of that district court, at any time
within nine months from the date of sale."

C.   Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D.   Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from

the former defendant owner. Since the only attachable asset of the Fred Van Winkle

estate would be the subject property, Plaintiffs would be able to seek payment of their

judgment by again proceeding against the Property.

E.   Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F.   At a hearing on redemption, "the judge shall determine the amount of money

necessary for the redemption, which shall include the money paid at the sale and all

3

taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances.'" NMSA 1978, Section 39-5-18(C) (2007).

    G.    The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.

3. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall promptly set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

4. If Defendant elects option (a) to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption. Also, in that event, Plaintiffs' judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

4

their judgment lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

_____
Honorable Judge James Wayton-Counts

Approved as to form:

_____      _____
Kenneth D. Dugan, counsel for Plaintiffs      Kyle Moberly, counsel for Defendant

5

FILED
12th JUDICIAL DISTRICT COURT
Otero County
8/12/2019 8:49 AM
KATINA WATSON
CLERK OF THE COURT
Serena Counts

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                    )
              Plaintiffs, )      No. CV-2010-1054
                    )
vs. )
                    )
TAMMY SPRAGUE, PERSONAL )
REPRESENTATIVE OF THE )
ESTATE OF FRED VAN WINKLE, deceased, )

              Defendant.

## ORDER ON PLAINTIFFS' AMENDED MOTION TO DISTRIBUTE REDEMPTION SUMS AND ENTER FINAL JUDGMENT

# Exhibit C

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33 Page 46 of 87

CAME ON to be heard the *Plaintiffs' Amended Motion To Distribute Redemption Sums and Enter Final Judgment* (the "*Motion*") filed by **Belleview Valley Land Co.** ("BVL"), **John Williams and Ellen B. Williams** (collectively "*Plaintiffs*"). The parties were represented by counsel in the hearing on August 9, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised, finds that the Motion should be and hereby is GRANTED for the reasons stated in the Motion.

The Court finds the following:

1. On May 22, 2014, this Court entered a Final Judgment Foreclosing Plaintiff's Judgment Lien on the concerned property at issue described in Exhibit A hereto (the "Property").

2. Defendant subsequently redeemed the Property at issue by filing a petition and depositing the stated sums. NMSA 1978, Section 39-5-18(A)(2)(2007). Accordingly, Defendant was entitled to a hearing and issuance of a certificate of redemption under such terms as this Court deems just, including payment of all remaining owing sums. NMSA 1978, Section 39-5-18(C)(2007).

3. By Order entered on July 19, 2019, this Court ordered Defendant to elect within ten (10) days whether Defendant desired to proceed to hearing on issuance of the certificate of redemption or to withdraw the request for issuance of redemption. That order expressly provided failure by Defendant to so elect within the required time-frame would deem Defendant to have elected withdrawal of the request for issuance of a certificate of redemption.

1

4.     Defendant did not timely file the required election. Accordingly, Defendant is deemed to have elected withdrawal of the request for issuance of a certificate of redemption.

5.     By election, Defendant forfeited and/or waived the right to issuance of the certificate of redemption and to re-acquire legal title to the real property at issue pursuant to the redemption.

6.     Defendant irrevocably deposited $73,200.94 (the "Deposited Funds") into the registry of the court pursuant to Court Order dated April 21, 2015.

7.     The Estate waived any title or interest in the Deposited Funds when it procured a Court Order authorizing deposit and then tendered the Deposited Funds into the court registry without condition.

8.     The Plaintiffs are entitled to receive the Deposited Funds, $73,200.94, plus the interest earned.

9.     With interest, the amount of the Deposited Funds is $73,454.37, as of August 1, 2019.

10.     By Order dated July 28, 2014, the Court previously reduced the amount of the *in rem* Deficiency Judgment from $338,905.61 to $271,905.61, accounting for the $67,000.00 bid by the purchasers at the foreclosure sale of the Property.

11.     In fact, pursuant to this Order, Plaintiffs are now receiving $73,454.37, instead of $67,000.00. Accordingly, the deficiency judgment should be reduced to $265,451.24, to account for the excess amount in the Deposited Funds above the bid amount and interest (i.e., $6,454.37).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

2

A.    Plaintiff's Motion is Granted for the reasons stated therein.

B.    Judgment is hereby entered granting Plaintiffs John and Ellen Williams legal title, equitable title and possession of the Property pursuant to the Special Master Deed executed on July 8, 2014 and recorded in Otero County on July 25, 2014, free and clear of any claims of Defendant in redemption or otherwise.

C.    The Clerk is hereby ordered to disburse to Plaintiffs John H. Williams and Ellen B. Williams the Deposited Sums ($73,200.94), together with any interest, if any, that was earned on the funds since deposit.

D.    Plaintiffs are hereby granted a continuing *in rem* Deficiency Judgment against Defendant in the amount of $265,451.24, which shall continue to accrue interest at the rate of 8.75% per annum calculated from July 28, 2014 until paid in full, as previously authorized in the *Final Judgment Foreclosing Plaintiffs' Judgment Lien* entered on May 22, 2014. [NOTE: This judgment is *in rem* only].

E.    This is a Final Judgment.

Honorable Judge James Waylon Counts

Approved as to form:

W.T. Martin, Jr., counsel for Plaintiffs        Kyle Moberly, counsel for Defendant

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

          Plaintiffs-Appellees,

v.

TAMMY SPRAGUE, Personal Representative
of the Estate of Fred Van Winkle, Deceased,

          Defendant-Appellant

and

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

          Defendants-in-Intervention.

**A-1-CA-38423**

No. A-1-CA-_____
Otero County
D-1215-CV-2010-01054

## DOCKETING STATEMENT

Appeal taken from the Twelfth Judicial District Court
Otero County, New Mexico
The Honorable James Waylon Counts, District Judge, Presiding

Law Office of Kyle H.
Moberly, P.C.
Kyle H. Moberly
2460 S. Locust, Ste. E
Las Cruces, NM 88001
575-541-1278
*Counsel for*
*Defendant/Appellant*

EXHIBIT "22"

## I.    NATURE OF PROCEEDING

This appeal arises from *Belleview Valley Land Co. v. Sprague*, in which Belleview Valley Land Co. ("Belleview"), John Williams, and Ellen Williams (collectively, "Plaintiffs" or "Appellees") originally sued Fred Van Winkle in December 2010 for foreclosure and sale of real property to satisfy a judgement debt that was entered in August 2010 after resolution of an earlier dispute. In 2019, the district court entered a series of orders (1) denying substitution of the parties seeking redemption, (2) granting Plaintiffs summary judgment for foreclosure for payment of a deficiency judgment, and (3) disbursing the deposited redemption funds to John and Ellen Williams. Defendant, Tammy Sprague, personal representative ("PR") of the estate of Fred Van Winkle, deceased ("Estate"), appeals.

## II.    STATEMENT OF JURISDICITON

Defendant appeals the following orders:

1. *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019;

2. *Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, filed July 19, 2019; and

3. *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33 Page 51 of 87

Defendant filed the *Notice of Appeal* on July 29, 2019 in the district court and attached the first two orders. The *Notice* was mailed to the Clerk of the Court of Appeals. Defendant filed an *Amended Notice of Appeal* on August 12, 2019—within 30 days of the filing of all three orders—in the district court and attached all three orders. The *Amended Notice* was also mailed to the Clerk of the Court of Appeals. The docketing statement is due no later than September 11, 2019.

## III. STATEMENT OF FACTS

### A. *The Initial Proceedings*

This case involves a 2010 complaint for foreclosure, but begins with an earlier case in which Plaintiffs obtained a judgment against Fred Van Winkle. Originally, Mr. Van Winkle sold a parcel of real estate to Plaintiffs, but after the first lawsuit, Plaintiffs were required to deed the property back to Mr. Van Winkle and Mr. Van Winkle ordered to refund the purchase price ($150,000) and pay other damages, totaling $234,944.31. In the 2010 complaint for foreclosure, Plaintiffs sought to foreclose on the same piece of property ("Otero Property") to satisfy its judgment lien. Plaintiffs filed a motion for summary judgment on the foreclosure, which the district court orally granted.

Before the district court entered a written order, Mr. Van Winkle filed a notice of bankruptcy on September 1, 2011, which was dismissed on February 27, 2013.

Mr. Van Winkle filed notice of a second bankruptcy proceeding on May 22, 2013, and on March 4, 2014, Plaintiffs filed a notice that the second bankruptcy stay had lifted with respect to the Otero Property. Specifically, the bankruptcy court permitted the foreclosure action regarding the Otero Property to proceed and required that any surplus proceeds be paid to the bankruptcy trustee. Plaintiffs filed a motion for summary judgment in the foreclosure action on April 18, 2014. On May 22, 2014, the district court entered a final judgment foreclosing the judgement lien and ordering sale of the Otero Property at public auction. The order noted that Mr. Van Winkle had a right of redemption.

The foreclosure sale was noticed on May 29, 2014. On June 11, 2014, Tammy Sprague filed a motion to modify or amend the final judgment. Ms. Sprague informed the district court that her father died on April 28, 2014, and that she had been appointed as the personal representative of her father's probate estate. Ms. Sprague requested that the district court halt the foreclosure sale so that the Estate could respond to the summary judgment motion. In their response, Plaintiffs argued in relevant part that because of the bankruptcies, the Estate had no interest in the Otero Property, and the Estate was not subject to a deficiency judgment. The foreclosure sale occurred on July 8, 2014. According to the special master's report, John and Ellen Williams purchased the Otero Property for $67,000 and the

deficiency judgment amounted to $271,905.61. On July 14, 2014, the district court denied Ms. Sprague's motion to modify or amend the final judgment and on July 28, 2014, the district court approved the special master's report.[1] The district court ruled that "While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectible as provided in *Chapel v. Nevitt*, [2009-NMCA-017, 145 N.M. 674]."

## B. *The Redemption Petition*

The PR filed a petition for redemption of the Otero Property on April 20, 2015. In the petition, the PR alleged that the amount of money necessary to redeem the property was $73,200.94 and requested the court to accept a deposit in that amount to redeem the Otero Property. Plaintiffs responded by filing a second complaint for foreclosure and a simultaneous motion for summary judgment on May 14, 2015 ("*2015 Summary Judgment Motion*"). In the motion for summary judgment, Plaintiffs requested that the district court enter an order "requiring either that Defendant [the Estate] . . . pay the Plaintiffs' [entire] Deficiency Judgment prior to redemption and/or that the property is [be] foreclosed and re-sold prior to or

---

[1] Although the district court does not appear to have ruled on Ms. Sprague's motion to substitute the Estate for Mr. Van Winkle, in the order adopting the special master's report, the caption shows Ms. Sprague, as the PR as the defendant.

simultaneous with the issuance of the Certificate of Redemption." Plaintiffs made three arguments:

1. Redemption revived the original judgment lien and the Otero Property could again be foreclosed to satisfy the deficiency;

2. The deficiency judgment was a lien on the redemption right and any certificate of redemption must be subject to payment of the deficiency lien; or,

3. Equity permits redemption only on just terms and conditions.

In response, the Estate pointed out that the summary judgment motion was premature, because the property was not yet redeemed and no answer had been filed to the foreclosure complaint or any discovery conducted. Among other arguments, the Estate maintained that the July 2014 deficiency judgment did not make the Estate—as opposed to Mr. Van Winkle—liable for the outstanding debt and that the purposes of the redemption statute were served by permitting the Estate to redeem the Otero Property for the amount described in the redemption statute. The Estate expressed its intent to withdraw the petition for redemption if the district court ordered payment of the entire deficiency judgment as a condition of redemption.

The Estate then filed a complaint in the bankruptcy court against Plaintiffs. In that complaint, the Estate claimed that Plaintiffs' actions in the state court proceeding violated the discharge injunction imposed by bankruptcy law. The parties stipulated to the entry by the bankruptcy court of a stay of the state court

proceedings until the bankruptcy action was resolved. A notice of that stay was filed with the district court on July 2, 2015. The bankruptcy court initially determined that the Plaintiffs' plan to re-foreclose on the Otero Property, post-redemption, would violate the discharge injunction and that the deficiency judgment would not re-attach to the Otero Property after redemption by the Estate. The Bankruptcy Appellate Panel, however, reversed and held that the deficiency judgment would re-attach to the Otero Property if it was redeemed by the original debtor but might not re-attach if the property were redeemed by a third party.[2] The stay of the state court proceedings was lifted by stipulation on August 24, 2018. The order lifting the stay noted that an attorney fee award issue remained pending in the Tenth Circuit Court of Appeals, but otherwise, the matter was resolved.

On August 27, 2018, the Estate filed *Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners* ("*Substitution Motion*"), to substitute Mr. Van Winkle's heirs for the Estate as the petitioners in the redemption proceeding. The Estate noted that the heirs, not the Estate, were the real parties in interest. They had provided the money for the redemption deposit.

---

[2] The Bankruptcy Appellate Panel did not reverse the lower court's judgment that Plaintiff violated a stipulated order by pursuing a different foreclosure action and awarded the Estate $50,000 in damages.

Plaintiffs objected and argued—without providing evidence—that the Estate's assignment as nominal redeemer to the heirs was ineffective and that it and the substitution constituted fraud and were not in good faith. Plaintiffs additionally maintained that simply by filing the redemption petition and making the deposit, the Estate already owned the Otero Property again and the Plaintiffs' judgment lien re-attached automatically. The Estate responded that the assignment was not fraudulent because when the PR filed the petition for redemption, she was merely acting on behalf of the heirs, who had the right to redeem the property and provided the redemption deposit, and, therefore, the assignment did not transfer anything to the heirs that did not already belong to them. Attached to the *Reply* was a deposition excerpt with testimony from Ms. Sprague indicating the Estate had few assets and that the three heirs were personally obligated to repay the loan they obtained to make the redemption deposit.

The Court received no new briefing or evidence related to the *2015 Summary Judgment Motion* after the case returned from the bankruptcy stay or after the *Substitution Motion* was filed. In particular, Belleview did not address the impact of the Estate's assignment as nominal redeemer to the heirs or provide any evidence that the assignment was fraudulent or in bad faith. The district court held hearings on March 11, 2019 on the *Substitution Motion* and the *2015 Summary Judgment*

*Motion*. At the hearings, the Estate argued that if the heirs were substituted, the deficiency judgment would not re-attach after redemption. On April 26, 2019, the district court entered a "minute order" granting Plaintiffs' *2015 Summary Judgment Motion* and directing Plaintiff to prepare an order reflecting the ruling. On July 12, 2019, the district court entered an order denying the Estate's *Substitution Motion*. The parties submitted competing forms of order on summary judgment, and on July 19, 2019, after a hearing, the district court entered what is essentially Plaintiffs' form of order. The *Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* ("*Summary Judgment Order*"), found the following (in relevant part):

1. After the $67,000 sale of the Otero Property, a deficiency judgment remained of $271,905.61 plus interest;

2. Ms. Sprague "as personal representative" sought to redeem the property and deposit $73,200.94; and,

3. "Defendant and Defendants-in Intervention[3] are not bona fide purchases in good faith."

---

[3] Brian Van Winkle moved to intervene in 2011 on an unrelated matter. It is not clear whether, in the *Summary Judgment Order*, the district court was referring to Brian Van Winkle as 2011 intervener or to the heirs (which includes Brian Van Winkle) who had been offered as substitute parties.

The district court determined that because the deficiency was not satisfied by the foreclosure sale, Plaintiffs could seek payment of the judgment by again obtaining foreclosure on the Otero Property. The district court concluded that

1. "Plaintiffs have the ability to seek payment of their judgment lien by again proceeding to foreclose the Property if it is redeemed herein."

2. The Estate had ten days to either elect to pursue redemption or withdraw the petition. If the Estate took no action, the district court would deem the Estate to have selected withdrawal.

3. If the Estate elected redemption, the district court would hold a hearing to determine the amount that must be tendered for redemption and Plaintiffs would be entitled to simultaneous foreclosure on the Otero Property to seek payment of their deficiency judgment.

On July 24, 2019, Plaintiffs filed a motion to distribute to John and Ellen Williams the funds in the court registry—the deposit made in anticipation of redemption. Plaintiffs' position was that if the Estate elected to withdraw its petition for redemption, Plaintiffs were still entitled to the funds in the registry because (1) the deposit of redemption funds was "irrevocable" and unconditional; (2) the purchaser at the foreclosure sale was entitled to the redemption funds; and, (3) the tender of funds carried the risk that the redemption would not result in clear title. Plaintiffs sought the money from the registry, to retain title to the Otero Property, and confirmation that the deficiency judgment amounted to $271,905.61.

On July 29, 2019, before the ten-day period set forth in the July 19, 2019 *Summary Judgment Order* expired, the Estate file a notice of appeal to this Court. The district court nevertheless held a hearing on August 9, 2019 and granted Plaintiffs' motion to distribute funds, over the Estate's oral objections and argument that July 29, 2019 notice of appeal tolled the time to elect whether to withdraw or pursue redemption and lodged jurisdiction in the Court of Appeals. The Estate maintained that it could pursue redemption if the district court's rulings on the *Substitution Motion* and the *2015 Summary Judgment Order* were reversed and the heirs could redeem the Otero Property without re-attachment of Plaintiffs' judgment lien. At the hearing, the Estate further argued that equity would favor returning the parties to the *status quo* before the attempted redemption—the money returned to the Estate and the redemption proceeding removed as an encumbrance or cloud on the foreclosure purchasers' title to the Otero Property. The August 12, 2019 *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment* ("*Distribution Order*") found that the Estate did not timely file an election and was deemed to have withdrawn its petition to redeem the Otero Property, the Estate "irrevocably deposited" the redemption funds, and the Plaintiffs who purchased the Otero Property at the foreclosure sale, John and Ellen Williams, were entitled to receive the $73,454.37 from the court registry. The Court reduced the

deficiency judgment to account for the difference between the original purchase price ($67,000) and the sum of the amount deposited by the Estate ($73,200.94) plus interest earned thereon ($253.43) and reduced the deficiency judgment to $265,451.24.

The Estate filed an amended notice of appeal on August 12, 2019 and attached the order denying the *Substitution Motion*, the *Summary Judgment Order*, and the *Distribution Order*.

## IV.    STATEMENT OF ISSUES AND PRESERVATION

**Issue No. 1**: The district court abused its discretion by refusing to permit the heirs to substitute for the Estate as the real parties in interest for the petition for redemption.

This issue arose in the Estate's *Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed August 27, 2017 and was resolved by the *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019.

**Issue No. 2**: The district court improperly granted summary judgment on Plaintiffs' premature complaint for foreclosure, because the Otero Property had not been redeemed, nor had it been determined whether the Otero Property would be redeemed or who would be entitled to redeem the Otero Property or whether

Plaintiffs' judgment lien would re-attach to the Otero Property if it was redeemed by Mr. Van Winkle's heirs.

This issue arose in *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, filed May 14, 2015. The Estate argued in the *Substitution Motion*, the corresponding *Reply*, and at the March 11, 2019 hearing that the heirs were the real parties in interest because they had the right to redeem the Otero Property and they had provided the redemption deposit, and that if the heirs, rather than the Estate, redeemed the Otero Property, the Plaintiffs' judgment lien would not re-attach to it.

The district court rejected the argument in the *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019, and in the *Summary Judgment Order*, filed July 19, 2019.

**Issue No. 3**: The district court improperly ruled that despite the July 29, 2019 notice of appeal, the Estate did not timely file an election to proceed with or withdraw the redemption petition within ten days of the entry of the July 19, 2019 Order and rejected the Estate's contention that the July 29, 2019 notice of appeal tolled the time to act.

This issue arose by way of the *Summary Judgment Order*, filed July 19, 2019; the July 29, 2019 *Notice of Appeal*; argument at the August 9, 2019 hearing; and the

*Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

**Issue No. 4**: The district court improperly determined that the Plaintiffs who purchased the Otero Property at the foreclosure sale, John and Ellen Williams, were entitled to receive from the court registry the funds that the PR deposited when she filed the petition to redeem the Otero Property plus the interest earned thereon, even though the court deemed the redemption petition withdrawn.

This issue arose in *Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed July 24, 2019 and was resolved by the *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

**Issue No. 5**: Under these circumstances, equity favors the return of the money in the registry to the depositor, when the property was purchased at the foreclosure sale for less than half the value of the property by some of the foreclosure plaintiffs; a large deficiency judgment resulted; the original debtor died, leaving the Estate and heirs to resolve their interests; disputed issues about the revival of the judgment lien after redemption had been at least partially resolved legitimately through litigation both in the bankruptcy courts and the district court; and, disputed issues of material fact remained about whether the heirs were entitled to redeem the Otero Property.

Declaring Statement

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054

This issue arose in *Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed July 24, 2019, and the Estate argued at either or both of the July 19, 2019 hearing and the August 9, 2019 hearing that the district court should equitably refund the redemption deposit to Mr. Van Winkle's heirs because otherwise the foreclosure purchasers would get to keep the property and the heirs' money. The district court rejected the Estate's argument when it decided in the *Redemption Order* that the deposit was unconditional and automatically went to the foreclosure purchasers, despite the court's determination that the redemption petition was deemed withdrawn.

## V.    LEGAL AUTHORITY

### Substitution

Rule 1-017(A) NMRA (defining "real party in interest").

Rule 1-025(A)(1) NMRA (permitting substitution of parties after a party dies).

Rule 1-025(C) NMRA (permitting, in the case of any transfer of interest, an action to continue by or against the original party, "unless the court upon motion directs the person to whom the interest is transferred to be substituted").

*Crown Life Ins. Co. v. Candlewood Ltd.*, 1991-NMSC-090, ¶14, 112 N.M. 633 (explaining that even if the party who acquires the rights is not substituted, though substitution is permitted to "avoid confusion or facilitate the conduct of the litigation," the action can be continued by the party who acquired the interest during the pendency of the proceeding).

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33 Page 64 of 87

*HSBC Bank USA v. Fenton*, 2005-NMCA-138, ¶ 3 n. 1, 138 N.M. 665 (noted that
the district court that presided over the case allowed a party "to be designated as a
petitioner by substitution for" a party who originally filed a petition for redemption).

## Summary Judgment

Rule 1-056 NMRA (requiring a party moving for summary judgment to show no
genuine issue as to any material fact).

*Romero v. Phillip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713 (explaining that
summary judgment is proper if the moving party meets its initial burden to establish
"such evidence as is sufficient in law to raise a presumption of fact or establish the
fact in question unless rebutted" (internal quotation marks and citation omitted)).

NMSA 1978, § 39-5-18(D) (2007) (defining "owner" to include "personal
representatives, heirs, successors and assigns").

*Marquez v. Gomez*, 1991-NMCA-066, ¶ 12, 116 N.M. 626 ("An award of summary
judgment is inappropriate when the facts before the court are insufficiently
developed or where further factual resolution is necessary to determine the legal
issues involved.")

*Turner v. Les File Drywall, Inc.*, 1994-NMSC-010, ¶¶ 12-13, 117 N.M. 7 (holding
that a redemption assignee takes the redeemed property free of all junior judgments
so long as the assignment was bona fide, for substantial consideration, and not
contrary to the Uniform Fraudulent Transfer Act).

*Brown v. Trujillo*, 2004-NMCA-040, ¶¶ 20, 27, 135 N.M. 365 (explaining that
(1) though the standard for review for equitable decisions was generally abuse of
discretion, where the issue arose on summary judgment, the Court viewed the
evidence in the light most favorable to the non-moving party to determine if the trial
court had "discretion to exercise under the facts so viewed;" and, (2) a purpose of
redemption is to protect a debtor from a foreclosure purchase for a small amount that
strips the property and reduces the debt minimally).

*Ellen Equipment Corp. v. C.V. Consultants & Assocs.*, 2008-NMCA-057, ¶¶ 1, 9,
144 N.M. 55 (reviewing for substantial evidence the trial court's fact-findings

regarding fraudulent transfer; interpreting the New Mexico Uniform Fraudulent Transfer Act; and identifying fraudulent transfer elements as proof by clear and convincing evidence the transfer was made "(1) with actual intent to hinder, delay, or defraud any creditor of the debtor or (2) without receiving a reasonably equivalent value in exchange for the transfer under the circumstances set out in the statute").

*Western Bank v. Malooly*, 1995-NMCA-044, ¶ 9, 119 N.M. 743 (noting that other states generally permit "transfer of the right of redemption . . . by assignment") (alteration in original) (quoting 3 Richard R. Powell, *Powell on Real Property* P 470, 37-365 (Patrick J. Rohan rev. ed. 1994))).

## Tolling and "Deemed" Withdrawn

*Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-013, ¶ 14, __ P.3d __ (considering statutory tolling and defining "tolling" as an "interruption in the time a limitations period runs" that "persists as long as the cause of the tolling persists, and when that cause ends, the calculation of time under the statute commences again" (quoting 1 *The Wolters Kluwer, Bouvier Law Dictionary* 1645 (Desk. Ex. 2012)).

*Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin.*, 1990-NMSC-013, 109 N.M. 492 (observing that New Mexico had adopted a "non-statutory tolling" principle and noting that dismissal for negligent prosecution would not toll limitations periods).

*Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶¶ 3-4, 115 N.M. 397 (acknowledging that Rule 1-054 NMRA does not apply if the remaining questions involve proceedings to give effect to the judgment ("such as the disposition and distribution of assets in accordance with an adjudication" or judicial sale after a decree of foreclosure); recognizing the difficulty in creating a finality formula that covers all cases "coming within the twilight zone of finality;" determining that the "zone of appeal" should be a "practical choice" and not a "procedural danger zone;" and permitting appeals when the "policies of facilitating meaningful appellate review and of achieving judicial efficiency outweigh the policy against piecemeal appeals").

*Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶¶ 11-20, 139 N.M. 625 (noting that the filing of a notice of appeal of a final and appealable order is a jurisdictional event

that divests the district court of jurisdiction apart from actions "that are taken to 'carry out and enforce the judgment,'" observing that appeals should not be taken solely to divest the district court of jurisdiction, and considering the "other options" available to the appellant to avoid the practical implication of the district court's ruling) (quoting *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 33, 113 N.M. 231)).

*Atherton v. Gopin*, 2015-NMCA-003, ¶¶ 22-27, (interpreting the summary judgment rules and reversing the district court's ruling that a party who did not respond to a summary judgment motion could not contest the moving party's undisputed facts because "if a failure to respond [to a motion for summary judgment] does not result in consent to grant the motion, neither should it result in a waiver of the ability to respond")

## Deposit Forfeiture

NMSA 1978, § 39-5-18(A)(2) (2007) (allowing that "real estate may be redeemed" by a former defendant owner by filing a petition and making a deposit with the district court clerk within nine months from the date of sale).

NMSA 1978, § 39-5-18(B) (2007) (allowing the purchaser time to respond to the petition for redemption, suggesting that the redemption does not occur until the purchaser has an opportunity to respond).

NMSA 1978, § 39-5-18(C) (2007) (permitting, but not requiring, the district court to, after a petition, tender of funds, response, and a hearing, determine the amount necessary for redemption, decide priority if there are multiple redeemers, and order the clerk of the court to issue a certificate of redemption "upon such terms and conditions as it deems just").

*Crown Life Ins. Co. v. Candlewood Ltd.*, 1991-NMSC-090, ¶¶ 10-11, 112 N.M. 633 (considering whether the redemption statute required a new case to be filed to initiate redemption and determining that the word "petition" in Section 39-5-18 refers to "essentially an application made to a court requesting judicial action of some kind," indicating that redemption is not complete upon filing of the petition but instead requires judicial action of some kind).

*Union Esperanza Mining Co. v. Shandon Mining Co.*, 1913-NMSC-059, ¶¶ 12-20, 18 N.M. 153 (holding that a redeemer could not condition the tender of funds on receiving a deed and release of demands against the property but not addressing whether any funds tendered were forfeited to the purchaser at the time the funds were offered).

*Dalton v. Franken Constr. Cos.*, 1996-NMCA-041, ¶¶ 4, 8-14, 121 N.M. 539 (determining that the debtor's tender of a check from the bank funding the redemption did not substantially comply with redemption statute requirements, because the check was made out to three payees (including the bank), but not addressing whether the bank would have received return of the funds if the "redemption bids were unsuccessful").

*Chapel v. Nevitt*, 2009-NMCA-017, ¶¶ 25, 33-35, 41, 145 N.M. 674 ((1) interpreting the redemption statute *de novo* and construing the statute narrowly, based on its plain meaning; (2) requiring the redeeming debtor to pay only the amount paid at the foreclosure sale, taxes, interest, and penalties; (3) observing that, though the matter was not before the Court, the proper method to collect a deficiency judgment after redemption is to foreclose again after redemption; (4) noting that the redemption statute does not guarantee clear title; and (5) holding that the redeemer's attempts to condition redemption on clear title demonstrated lack of compliance with the redemption statute but not addressing the forfeiture of deposited funds).

*Brown v. Trujillo*, 2004-NMCA-040, ¶ 16, 135 N.M. 365 (noting that "[t]he difference between making money available to Purchaser upon his execution of a quitclaim deed at a closing at an escrow company and giving Purchaser cash in hand is apparent" but not determining that any "cash in hand" was forfeited at the time it was tendered in anticipation of redemption).

*HSBC Bank USA v. Fenton*, 2005-NMCA-138, ¶¶ 1-3, 6, 10, 138 N.M. 665, holding regarding priority superseded by amendment to the statute as stated in *Mortg. Elec. Registration Sys. v. Montoya*, 2008-NMCA-081, ¶ 13, 144 N.M. 264 (refusing to read language into the redemption statute that was not present "particularly if [the statute] makes sense as written" and considering the prioritization of redemption attempts by more than one party and assigning priority to the original owner but not addressing whether any funds tendered by the junior redeemer were forfeited simply because they were tendered, even though the junior redemption would not proceed).

Case 20-01022-t   Doc 14-3   Filed 10/29/20   Entered 10/29/20 21:03:33 Page 68 of 87

## Equity

*Chapel v. Nevitt*, 2009-NMCA-017, ¶ 38, 145 N.M. 674 (reviewing the district court's equitable determination for abuse of discretion).

*Plaza Nat'l Bank v. Valdez*, 1987-NMSC-105, ¶¶ 13, 16 106 N.M. 464 ("In order to entertain a request for equitable relief there must first be some showing of wrongful conduct on the part of the person against whom relief is sought" and "[t]hat the facts of a case are without reported precedent should be no deterrent to the granting of equitable relief").

*Brown v. Trujillo*, 2004-NMCA-040, ¶¶ 27-28, 34, 135 N.M. 365 (explaining that one purpose for permitting redemption is to help prevent the plaintiff from bidding too low and "receiving the property for a minimal price while retaining the right to recover the full amount of the debt;" noting that "[w]hen a purchaser's misconduct allows him or her to evade or undermine these protections, courts can use their equitable discretion in favor of the debtor" to prevent an unjust windfall to the purchaser; and, considering the amount of the debt and the foreclosure sale price to consider whether protection for the debtor was appropriate).

*HSBC Bank USA v. Fenton*, 2005-NMCA-138, ¶ 10, 138 N.M. 665, holding regarding priority superseded by amendment to the statute as stated in *Mortg. Elec. Registration Sys. v. Montoya*, 2008-NMCA-081, ¶ 13, 144 N.M. 264, (adopting the "fairest approach" when the statute was silent and "absent any equitable considerations").

*Mortg. Elec. Registration Sys. v. Montoya*, 2008-NMCA-081, ¶ 8, 144 N.M. 264 (permitting the court to consider "'overriding equitable considerations'" when evaluating the "clash of interests" between property owners and foreclosure purchasers (quoting *HSBC Bank*, 2005-NMCA-138, ¶ 10)).

## VI.   RECORDING OF PROCEEDINGS BELOW

All of the proceedings before the district court were audio recorded.

## VII. PRIOR/RELATED APPEALS

On November 3, 2014, Peter V. Joyce filed a notice of appeal with this Court of the district court's *Order Voiding Deed and Granting Permanent Injunction*, which voided an easement granted by the PR and permanently enjoined Mr. Joyce from entering the Otero Property.

Respectfully Submitted,
Law Office of Kyle H. Moberly, P.C.

By: _____
　　Kyle H. Moberly
　　Attorney for Appellant/Defendant
　　2460 S. Locust Ste. E
　　Las Cruces, NM 88001
　　(575) 541-1278

Case 20-01022-t    Doc 14-3    Filed 10/29/20    Entered 10/29/20 21:03:33 Page 70 of 87

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, this Docketing Statement was served on Plaintiffs' counsel of record electronically through the Odyssey File & Serve/Tyler Technology system and mailed to each of the following:

Clerk of the New Mexico Court of Appeals
P.O. Box 2008
Santa Fe, NM 87504-2008

Judge James Waylon Counts
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Office of the Court Monitor
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Brian Van Winkle
P.O. Box 2595
Ruidoso, NM 88355

KYLE H. MOBERLY

Case 20-01022-t   Doc 14-3   Filed 10/29/20   Entered 10/29/20 21:03:33 Page 71 of 87

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
1/10/2019 11:24 AM
KATINA WATSON
CLERK OF THE COURT
Lisa Willard

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico ）
corporation, and John Williams and ELLEN B. ）
WILLIAMS, husband and wife, ）
                               ）
                Plaintiffs, ）    No. CV-2015-00065
                               ）
vs. ）
                               ）
THE ESTATE OF FRED VAN WINKLE, deceased. ）
                               ）
                Defendant. ）

## PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT FOR JUDGMENT FOR DEBT AND MONEY DUE ON PROMISSORY NOTE, TO FORECLOSE REAL ESTATE MORTGAGE AND TO FORECLOSE JUDGMENT LIEN

Martin, Dugan & Martin
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.co

EXHIBIT "23"

COME NOW Belleview Valley Land Co. ("BVL"), John Williams and Ellen B. Williams (*hereinafter sometimes jointly referred to as "Williams"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and pursuant to NMRA 1-015A moves this Court to enter an order granting their *Motion to File a Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*. As grounds for their Motion, BVL and Williams state:

1. Suit was filed on April 20, 2015.

2. A First Amended Complaint was filed May 19, 2015. There had been no Answer or other pleading filed by the Defendant.

3. On August 5, 2015, Counsel for the Defendant entered his appearance, but did not file an Answer at that time.

4. On August 5, 2015 a *Notice of Filing of Stipulated Order Staying State Court Litigation Pending Bankruptcy Court Addressing Adversary Complaint* was filed. As a result, this action was stayed until further order of the Bankruptcy Court.

5. On August 8, 2018, the Bankruptcy Court entered its *Order Terminating the Automatic Stay*. A Notice of the filing of the Order has been filed on January 9, 2019 with this Court.

6. Because of (i) the time that has passed while this action was subject to the stay and (ii) a need to modify the pleadings as a result of the Bankruptcy Court litigation, it is necessary to file a Second Amended Complaint.

7. There is still no Answer filed by the Defendant, but because NMRA 1-015A only allows one amendment to a Complaint when no Answer has been filed, it is necessary to obtain leave of this Court to file a second Amended Complaint.

1

8. This Court should allow the filing of the *Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* so the Complaint is current in light of the past several years history while the stay remained in effect.

9. A copy of the proposed *Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* is attached to this Motion as **Exhibit "A"** and is incorporated herein as if full set forth.

10. As of the date of filing this Motion, BVL and Williams have not determined whether this Motion is, or is not, opposed. Once that determination is made, BVL and Williams will inform this Court.

**Martin, Dugan & Martin**

By_____

W.T. Martin, Jr.
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
Attorney for Plaintiffs, BVL & Williams

2

Martin, Dugan & Martin certifies on the 10th day of
January 2019 it filed the foregoing pleading
electronically through the State of New Mexico's
Odyssey File & Serve system, requesting that opposing
counsel of record be served by electronic means.

_____

W. T. Martin, Jr.

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
6/7/2019 2:55 PM
KATINA WATSON
CLERK OF THE COURT
Gloria Lamay

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
            )
       Plaintiffs,      )   No. CV-2015-00065
            )
vs.             )
            )
THE ESTATE OF FRED VAN WINKLE, deceased. )
            )
       Defendant.     )

## SECOND AMENDED COMPLAINT FOR JUDGMENT FOR DEBT AND MONEY DUE ON PROMISSORY NOTE, TO FORECLOSE REAL ESTATE MORTGAGE AND TO FORECLOSE JUDGMENT LIEN

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

EXHIBIT "24"

COME NOW Belleview Valley Land Co. ("BVL"), John Williams and Ellen

B. Williams (*hereinafter sometimes jointly referred to as "Williams"*) by and through

their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and for their *Second*

*Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to*

*Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* state:

1.  BVL is a Missouri corporation authorized to conduct business in New Mexico.
    Williams are residents of the State of Missouri.

2.  Fred **Van Winkle** (*hereinafter referred to as "Van Winkle"*) was a resident of
    Ruidoso, Lincoln County, New Mexico.

3.  At all times relevant to this Complaint, Van Winkle was a single man dealing
    with his sole and separate property.

    A.  Van Winkle died on April 29, 2014.

    B.  His estate is being probated in Lincoln County.

    C.  His daughter, Tammy Sprague, is the duly qualified and acting Personal
        Representative of the Estate.

    D.  A portion of the events relevant to this Complaint occurred while Van
        Winkle was alive. Other events occurred after his death while his estate
        was, and is, being probated by Tammy Sprague as Personal
        Representative.

4.    The following events are relevant to this Complaint:

Enforcement of Judgment Liens:

A.    On August 13, 2010, BVL and the Williams obtained judgment against
      Van Winkle in the amount of $243,944.31 in Otero County Cause Number
      CV-2008-76-Div. II, plus attorneys' fees, costs and interest at the rate of
      8.75% per annum until paid.

B.    On February 4, 2011, the Court subsequently awarded BVL and Williams:
      (i) attorneys' fees of $16,505.00; (ii) N.M. Gross Receipts Tax of
      $1,206.93; and (iii) interest on the total award of attorney fees and tax
      ($17,711.93) at the rate of 8.75% from date of award. (Copies of the *Final
      Judgment* and *Order Awarding Attorney Fees* is attached as *Exhibits "A
      & B"*).

C.    BVL and Williams filed their *Transcript of Judgment* in Otero County,
      New Mexico. A judgment lien attached to the Otero County real property
      Van Winkle then owned.

D.    Because Van Winkle owned real property in Lincoln County, on August
      17, 2010, BVL and Williams recorded a *Transcript of Judgment*
      reflecting the Otero County District Court judgment with the Lincoln
      County Clerk of Lincoln County, New Mexico. (A copy of the *Transcript
      of Judgment* is attached as *Exhibit "C"* and is incorporated herein as if
      fully set forth.)

E. Many months later, Van Winkle filed for relief under Chapter 13 of the Bankruptcy Code. The filing imposed the Automatic Stay on any enforcement of the Otero County District Court judgment.

   i. The Bankruptcy Court approved his Chapter 13 Plan.

   ii. The Chapter 13 was later dismissed by the Bankruptcy Court for non-performance of the Plan.

F. Shortly thereafter Van Winkle filed for relief under Chapter 7 of the Bankruptcy Code in Bankruptcy Cause Number 13-11743-j7. The Chapter 7 filing was on May 21, 2013. Because of the filing, the Automatic Stay was again in effect.

   i. After obtaining a Bankruptcy Court Order lifting the Automatic Stay as to foreclosing the judgment lien on the Otero County property, BVL and Williams filed suit to foreclose their judgment lien obtained in Otero County in Otero County Cause Number CV-2010-1054.

   ii. Judge Counts entered a Final Judgment foreclosing the judgment lien in Otero County on May 22, 2014. (*A copy of the Final Judgment is attached as Exhibit "D" to this Complaint and is incorporated herein as if fully set forth.*)

   iii. The Otero County property was sold at a Special Master's Sale. On July 23, 2014, the Otero County District Court approved the sale and entered a Deficiency Judgment in the amount of $271,905.61

with the amount earning interest at the rate of 8.75% per annum

The Order also stated:

> "The deficiency is a lien on the debtor's [the
> Defendant's] real estate. While no deficiency
> judgment is granted on an *in personam* basis against
> the Estate of Fred Van Winkle, deceased, the lien
> created by the deficiency is collectable as provided
> in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889,
> 900, 2009-NMCA-017."

> (A copy of the Order approving the Special Master's Sale
> and awarding the deficiency judgment is attached as
> Exhibit "E" to this Complaint and is incorporated herein
> as if fully set forth.)

G. The judgment remains unsatisfied.

H. On April 15, 2015, the Bankruptcy Court entered an Order abandoning

and removing assets from the Bankruptcy Estate, including 702 White

Mountain, #11, Ruidoso, New Mexico. (A copy of the Order is attached as

Exhibit "F" to this Complaint and is incorporated.)

I. BVL and Williams are now entitled to foreclose their judgment lien on the

Lincoln County property for the purpose of satisfying the deficiency

judgment.

J. The Lincoln County real estate that is subject to foreclosure (the

"Property") is more particularly described as follows:

> Apartment 11, Building D, PALISADES
> CONDOMINIUM PROJECT, PHASE II, Ruidoso,
> Lincoln County, New Mexico, as shown by the plat plan
> thereof filed in the office of the County Clerk and Ex-
> officio Recorder of Lincoln County, New Mexico,
> August 16, 1973 in Tube No. 490 and as further set
> forth, established and identified by the those certain
> Declarations, recorded in Miscellaneous Book 40, pages
> 967 to 993, both inclusive; TOGETHER WITH said
> apartment's undivided interest in the common area and

facilities attributable thereto; SUBJECT TO easements, reservation, and restrictions of record. (Common address is 704 White Mountain Palisades # 11, Ruidoso, New Mexico 88345.)

K. Plaintiffs have prior, enforceable liens and/or mortgages on the Property.

L. As further set forth in this Complaint, BVL and Williams are entitled to judgment foreclosing their judgment lien and mortgage.

 i. In accordance with a prior Bankruptcy Court Order, the judgment lien is subject to a prior First Mortgage and the Estate's homestead exemption allowed under New Mexico law. (*See subsequent paragraphs in this Complaint regarding the First Mortgage and Estate's homestead exemption.*)

First Mortgage:

5. While Van Winkle was still alive and a single man, he borrowed money from the First National Bank of Ruidoso.

A. Van Winkle, as maker, executed a promissory note in favor of the First National Bank in the original principal amount of $31,049.00. (*hereinafter referred to as the "Note"*). (*A copy of the Note is attached as* **Exhibit** *"G" to this Complaint and is incorporated herein as of fully set forth.*)

 i. The Note was executed May 24, 2010.

 ii. The principal amount earned interest at the rate of 4.7% per annum.

B. For the purpose of securing the payment of the Note, Van Winkle also executed a Mortgage on the Lincoln County property in favor of the First National Bank of Ruidoso as Mortgagee (*hereinafter referred to as the*

"Mortgage"). (A copy of the Mortgage is attached as **Exhibit "H"** and is incorporated herein as of fully set forth.)

    i. The Mortgage is a first and prior lien on Van Winkle's Lincoln County real property.

C. Following Van Winkle's filing of his Chapter 7 bankruptcy, the Note and Mortgage's enforcement was subject to the Automatic Stay.

D. On or about August 6, 2013, Plaintiff, John Williams purchased the Note and Mortgage from the First National Bank of Ruidoso.

    i. John Williams paid $15,034.77 to the First National Bank of Ruidoso.

        i. The amount paid ($15,034.77) was the total indebtedness Van Winkle owed the First National Bank of Ruidoso as of August 6, 2017.

    ii. The First National Bank of Ruidoso's *Assignment of Mortgage* was recorded on October 10, 2013 in Book 2013 at Page 7035 in the Records of the Lincoln County Clerk. (A copy of the *Assignment of Mortgage* is attached as **Exhibit "I"** and is incorporated herein as if fully set forth.)

E. With the purchase of the Note and the assignment of the Mortgage, John Williams stands in the shoes of the First National Bank.

F. John Williams has all legal and equitable rights the First National Bank of Ruidoso held to enforce the Note and Mortgage.

i.  Pursuant to the terms of the Note and Mortgage, the Estate is the
        Successor in Interest and is the Borrower on the Note and the
        Mortgage.

    ii. The Estate is subject to all the terms, conditions and obligations in
        the Note and the Mortgage.

  G. John Williams's ability to enforce the terms of the Note and the Mortgage
     were still subject to the Automatic Stay.

6. The Bankruptcy Court Order of April 15, 2015, has resulted in John Williams
   now being able to enforce the terms of the Note and Mortgage. (*See Exhibit "F"*
   *attached to this Complaint.*)

7. The Note and Mortgage are in default.

   A. The amounts owed are as follows:

        i.   $15,034.77 due and owing under the Note as of August 5, 2013;
             plus

        ii.  Interest at the rate of 20% per annum[1] from August 6, 2013,
             resulting in $16,328.11 through January 9, 2019[2] (Interest
             continues to accrue at the rate of $8.2382 per day)[3]; plus

        iii. Late Charges $145.45[4]; plus

        iv.  Amounts that Williams has advanced in an amount to be
             determined by this Court; plus

---

[1] The Promissory Note imposes an interest rate of 20% per annum after default.

[2] There are 1,982 days from August 6, 2013 through January 9, 2019.

[2] There are 1,982 days from August 6, 2013 through January 9, 2019.

[3] Daily accrual of interest is at the rate of $8.24 per day.

[4] The Promissory Note imposes a late charge of 5% of the regularly scheduled
payment

v.  Attorney fees in an amount to be determined by this Court; plus;

vi.  Costs of this suit and foreclosure.

8.  John Williams is entitled to an "in rem" judgment against the Estate[5] and/or the
Property in the amounts as shown above and to have the Mortgage declared a first
and prior lien on the above-described Lincoln County real property.

    A.  John Williams is entitled to have the Mortgage foreclosed and the real
    property sold according to New Mexico law at Special Master's Sale to
    satisfy the Note.

9.  Under the terms of the Mortgage, Williams is entitled to have a receiver appointed
by this Court. Francis Bubser, a licensed real estate broker in Ruidoso, Lincoln
County, New Mexico, has agreed to act as receiver. The receiver has the authority
to:

    A.  Take possession of the property;

    B.  Protect and preserve the property;

    C.  Operate the property pending foreclosure sale;

    D.  Collect rents derived from the property;

    E.  Serve without the necessity of posting bond.

Homestead Exemption:

10.  When Van Winkle filed his Chapter 7 bankruptcy, he claimed his $60,000.00
homestead exemption under New Mexico law.

---

[5] Because of Van Winkle's bankruptcy, the judgment is an *in rem* judgment enforceable
only against the real estate that is subject to the Mortgage.

11. After Van Winkle died, the Bankruptcy Court ruled that under the Bankruptcy Code, the Estate was entitled to the homestead exemption and could enforce the homestead exemption against the judicial lien.

12. The Bankruptcy Court ruled the homestead exemption had priority over the BVL and Williams's judgment lien. Plaintiffs' understanding of the effect of the Bankruptcy Order is to require the satisfaction of the $60,000.00 homestead exemption before any portion of the sale proceeds are paid to satisfy any portion of the judgment lien.

13. The Parties subsequently entered into a Stipulated Order Resolving Motion to Avoid Judicial Lien of Belleview Valley Land Co., John Williams and Ellen B. Williams (the *"Stipulated Order*). (A copy of the Stipulated Order is attached as *Exhibit "J"* and is incorporated.)

    A. The **Stipulated Order** partially avoided the judicial lien.

    B. The Stipulated Order further provided:

> When the amount of the payoff of the First Mortgage is known, the Court will enter a further order establishing the exact amount of the Creditors' judicial lien that can be applied against the Property.

14. Accordingly, the amount of the judicial lien cannot be determined until after this Court establishes the payoff amount on the Mortgage.

15. Ultimately, the extent of, calculation, distribution and payment of sales proceeds are subject to the Stipulated Order entered by the Bankruptcy Court.

16. Therefore, Plaintiffs request that this Court calculate the total amounts owing under the Mortgage and the judicial lien (but not a judgment yet).

17. Subsequently, either this Court (if authorized by the parties) or the Bankruptcy Court will need to establish the exact amount of Plaintiffs' judicial lien, taking into account the amounts owed under the Mortgage and the homestead exemption, and any other applicable deductions or accountings.

18. Then, in compliance with all prior rulings, this Court may enter a final judgment.

19. **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation of those bankruptcy court orders, rules or any laws is not intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

**WHEREFORE**, BVL and Williams pray that:

1. While the foreclosure is pending, Francis Bubser of Ruidoso, New Mexico, be appointed receiver with the authority set forth in Paragraph 9 above; and

2. An *in rem* judgment be entered in John Williams' favor for the amount owed on the Note and the Mortgage as requested above, but expressly and only within any limitations that may apply under applicable bankruptcy orders, rules and/or laws;

3. This Court award attorney fees, costs and expenses for enforcement of the Note and the Mortgage (it too being an *in rem* award), again expressly and only within the limitations that may apply under applicable bankruptcy orders, rules and/or laws; and

4. The Mortgage securing the payment of the Note be foreclosed; and

5. The foreclosed real property be sold according to New Mexico law at public auction by a Special Master; and

    a. The proceeds from the sale be paid to Plaintiffs for their claims pleaded herein and to the Estate in the proper sequence and according to the applicable limitations in accordance with New Mexico state law, the attached exhibits, and applicable bankruptcy orders, rules and/or laws.

6. That at all times the judgment and its enforcement be only *in rem*.

7. The Court grant such other and further relief as it deems proper.

Martin, Dugan & Martin

By_____

    W.T. Martin, Jr.
    P.O. Box 2168
    Carlsbad, NM 88221-2168
    575-887-3528
    575-887-2136 (facsimile)
    e-mail: martinlaw@zianet.com
    *Attorney for Plaintiffs*