# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF NEW MEXICO

In re:                                                           )
                                                                 )
**Fred Dale Van Winkle,**                                        )        Case No. 13-11743-t7
                                                                 )
              Debtor,           )
                                                                 )
and                                                              )
                                                                 )
**Brian Van Winkle**, not in his personal capacity              )
but solely as co–personal representative                         )
of the estate of Fred Van Winkle, and **Tammy**                 )
**Sprague**, not in her personal capacity but solely as )        Adv. No. 20-01022
co–personal representative of the estate of Fred                 )
Van Winkle,                                                      )
                                                                 )
              Plaintiffs,       )
                                                                 )
vs.                                                              )
                                                                 )
**Belleview Valley Land Co.**, a New Mexico                      )
corporation, **John H. Williams**, and **Ellen B.**             )
**Williams**,                                                    )
                                                                 )
              Defendants.      )
                                                                 )

---

## DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF
## THE MOTION FOR SUMMARY JUDGMENT

---

COME NOW Defendants, **Belleview Valley Land Co.,** a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams**, and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and submit the following ***Memorandum Brief*** in support of the Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

The United States District Court for the District of New Mexico has recently entered a decision that extensively discusses the current standards for Summary Judgment. **Rawers v. United States, 2020 WL 5663427, at \*17–21 (D.N.M. Sept. 23, 2020)**. In a portion of the discussion, the District Court states:

> Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.' " Herrera v. Santa Fe Pub. Sch., 956 F. Supp. 2d 1191, 1221 (D.N.M. 2013)(Browning, J.) (quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(alteration in Herrera v. Santa Fe Pub. Sch.)). See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)("Celotex").
>
> Before the court can rule on a party's motion for summary judgment, the moving party must satisfy its burden of production in one of two ways: by putting evidence into the record that affirmatively disproves an element of the nonmoving party's case, or by directing the court's attention to the fact that the non-moving party lacks evidence on an element of its claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323-25 [106 S.Ct. 2548]. On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts to make a showing sufficient to establish the existence of an element          essential          to          his          case          in          order          to

1

survive summary judgment." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007)(internal quotations and brackets omitted).

Plustwik v. Voss of Nor. ASA, No. 2:11CV00757 DS, 2013 WL 1945082, at *1 (D. Utah May 9, 2013)(Sam, J.)(emphasis added). "If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial." Celotex, 477 U.S. at 331, 106 S.Ct. 2548 (Brennan, J., dissenting)(emphasis in original).[47] Once the movant meets this burden, rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. ...

## HISTORICAL BACKGROUND

*Otero County Deficiency Judgment & Redemption*:

In 2008, Fred Van Winkle (*"Van Winkle"*) (*sometimes referred to as the "Debtor"*), now deceased, filed suit against the Defendants to quiet title to real property in Otero County, New Mexico. Defendants counterclaimed. In 2010, Defendants obtained a money judgment against the Debtor for $261,656. Defendants filed Transcripts of Judgment in Otero, Roosevelt, and Lincoln Counties, New Mexico because the Debtor owned two tracts in Otero County, a condominium, in Lincoln County (*the "Condo"*), and a one-half interest in 311 acres in Roosevelt County.

The Debtor filed his Chapter 7 proceeding May 21, 2013. On August 26, 2013, the Debtor obtained his bankruptcy discharge. The Debtor died in April 2014. The Debtor's daughter, Tammy Sprague, became the personal representative of his probate estate.

On December 4, 2013, Appellants obtained stay relief to allow them to complete the 2010 action to foreclose the Judgment Lien against the real property in Otero County. In May of 2014, the Otero County District Court entered a final foreclosure judgment. The judgment provided that no *in personam* deficiency could be entered against the Debtor. A

2

Special Master conducted a sale of the Otero County real property in July of 2014. Defendants, John and Ellen Williams were the high bidders at $67,000 credited against the Judgment Lien. The Special Master recorded a deed conveying the Otero real property to John and Ellen Williams. [Belleview Valley Land Company was not a purchaser at the Special Master's Sale.] A Deficiency Judgment for then $271,905 plus interest was entered (*the "Deficiency Judgment"*). The Deficiency Judgment provided "[t]he deficiency is a lien on the debtor's ... real estate. While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided ... [by New Mexico law]. The deficiency also remains collectable by the [p]laintiffs through legal action, or actions, to enforce judgment liens as they may exist in other New Mexico counties." Defendants recorded a Transcript of the Deficiency Judgment in Otero County in August of 2014.

In March 2015, approximately eight months after the Special Master's sale, Sprague amended the Debtor's Schedule B (Personal Property) to add as an asset of the bankruptcy estate the New Mexico statutory right of redemption in the Otero County real property. Then, on March 20, 2015, Sprague filed a ***Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. ¶554***. She was seeking abandonment of the estate's interest in that right of redemption. On April 15, 2015, this Court granted Sprague's Motion. On April 20, 2015, Sprague filed a Redemption Petition in the Otero County District to redeem the Otero County real property and deposited in the court registry the $73,200.94 required by New Mexico law. On April 21, 2015 the Otero County District Court entered its Order "accepting" the deposit of $73,200.94 into the Court Registry. In response to Sprague's Redemption Petition, Defendants file to foreclose the Deficiency Judgment. Defendants also

3

filed a Motion for Summary Judgment along with a Motion for Summary Judgment supporting Defendants' foreclosure of the Deficiency Judgment Lien.

Sprague then filed an adversary proceeding in this Court, Adversary Number 15-01047. Sprague alleged Defendants actions violated the discharge injunction. After a trial, this Court entered its ***Final Judgment and Opinion*** in which it held Defendants had violated the discharge injunction by their actions in regard to the Otero County real property and the redemption. The Appellants appealed the ***Final Judgment and Opinion*** to the BAP for the Tenth Circuit. The BAP entered a Decision in which it reversed the ***Final Judgment and Opinion*** that the Defendants had violated the discharge injunction in seeking foreclosure of the Deficiency Judgment Lien in relation to Sprague's redemption action. The BAP held:

> **...the filing of the postredemption foreclosure action was not in violation of § 524(a)(2) because, under New Mexico law, a deficiency judgment may become a postredemption lien on the real property once properly transcribed.**

The redemption action then continued in the Otero County District Court. If the Estate would have proceeded with the redemption, the Movants (as judgment lien creditors) would have been entitled to recover the redemption funds for payment for the reduction in the deficiency. The BAP has already ruled that would not violate the bankruptcy.

The Otero County District Court ruled that the Debtor Estate "irrevocably" deposited the Funds into the Court's registry and "waived any title or interest in the Deposited Funds." The Otero County District Court ruled the purchasers at the foreclosure sale have an absolute right to the redemption funds. In 2019, the Otero County District Court ordered

4

the Estate to declare whether it would proceed with the redemption or not. When the Estate failed to proceed, the District Court ordered the redemption forfeited. The Otero County District Court's August 2019 Order states: "The Clerk is hereby ordered to disburse to Plaintiffs **John H. Williams and Ellen B. Williams** the Deposited Sums ($73,200.94) ...." (Ex. *, p. 3). The Order did not award the funds to Plaintiff Belleview Valley Land. Belleview did not purchase the property at the redemption foreclosure. John and Ellen Williams were the purchasers at the redemption foreclosure.

The Estate has appealed the Otero County District Court's ruling to the New Mexico Court of Appeals. The original *Notice of Appeal* was filed July 29, 2019. An *Amended Notice of Appeal* was filed on August 12, 2019.

This second and current adversary alleges the Otero County District Court's award of the redemption funds violates the discharge injunction. The issues raised by this claim are set forth below.

<u>Ruidoso Condo</u>:

In September 2013, after receiving his discharge, the Debtor filed a motion to avoid the Judgment Lien on the Condo, seeking to avoid the lien to the extent it impaired the $60,000 homestead exemption allowed by New Mexico law. Appellants objected.

Sprague and the Defendants entered into a stipulated order resolving the *Motion to Avoid Judicial Lien* (the "Stipulated Order"). Sprague contended the Defendants' Complaint in original foreclosure action violated the Stipulated Order. This Court ruled the Complaint did violate the Stipulated Order. The BAP affirmed this Court's Order. After the BAP decision, the following events occurred:

5

1. In Lincoln County Cause Number D-1226-CV-2015-00065, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Motion to File Second Amended Complaint*. [*See*: **Exhibit 23**]

2. Counsel for the Van Winkle Estate consented to Belleview Valley Land Co., John Williams and Ellen B. Williams filing of the revised version of their *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*. [*See*: **Exhibit 24**]

3. On April 29, 2019, the Lincoln County District Court entered an Order that allowed Belleview Valley Land Co., John Williams and Ellen B. Williams to file a revised version of their *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*.

4. The April 29, 2019, Order specifically found that "Defendant's counsel consented to Plaintiff's filing of the revised Second Amended Complaint." [*See*: **Exhibit 25**]

5. The filed *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* contains the following language:

> **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation

6

of those bankruptcy court orders, rules or any laws is not intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

This second and current adversary alleges the ***Second Amended Complaint*** still violates the Stipulated Order. The issues raised by this claim are set forth below.

## ISSUES

The Adversary is broken into three basic areas of complaint, (i) the Otero County District Court Redemption Issue; (ii) the foreclosure suit on real property in Lincoln County and (iii) use of sanctions to enforce a money judgment. The Otero County redemption issue relates to the disposition of the redemption funds posted with the Otero County District Court. The Lincoln County matter relates to allegations the **Second Amended Complaint** violates a Stipulated Order. This Memorandum Brief will address each separately.

## OTERO COUNTY REDEMPTION ISSUE

<u>*BAP Decision- Res Judicata & Law of the Case*</u>:

There was a prior Adversary before this Court that related to the Estate's redemption of the foreclosed Otero County property and Defendants response seeking foreclosure of the Deficiency Judgment. The redemption arose with the Estate's voluntarily filing a Redemption Petition and voluntarily posting an amount for redemption, which the Otero County District Court accepted into the Court's Registry. The Defendants responded seeking foreclosure of the Deficiency Judgment Lien on the redemption property. All this occurred prior to this Court's decision in the original adversary. The Estate filed the original adversary against the Defendants. The issue was whether the Defendants' actions violated the Discharge Injunction. This Court held there was a violation. That decision was

7

appealed to the BAP. The BAP issued its Decision in in **In re Van Winkle, 583 B.R. 759 (B.A.P. 10th Cir. 2018)** (*hereinafter referred to as "VW1"*). In VW1, the BAP applied New Mexico redemption law and held "that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act, to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor.*" under § 524(a)(2)." The redemption process was, and is, an integral part of the redemption law in New Mexico. VW1 establishes that enforcement of the redemption statutes is a not a violation of the discharge injunction. The disposition of redemption funds that has been tendered and accepted by the court is part of the redemption process controlled by New Mexico law.

The BAP's Decision established the "law of the case" and is *res judicata* on the issue regarding the redemption and disposition of the redemption funds.

The VW1 decision constitutes *res judicata* on the issue regarding the redemption and application of New Mexico law. *Res Judicata* requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. **Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255 (Sept. 8 1997)** In this case, the elements have been met because:

> (1) the Defendants and the Estate of Fred Dale Van Winkle are parties in VW1 and parties in this matter [All are parties in this bankruptcy case]; and

> (2) the prior adversary proceeding resulting in the VW1 decision ended the issue of whether Defendants using New Mexico redemption law to re-foreclose

redeemed real property violated the bankruptcy discharge. The BAP held there was no violation; and

(3) the prior adversary involved the issue of whether the Defendants invoking and utilizing New Mexico redemption law to enforce a deficiency judgment as to the redemption of real property violated the Bankruptcy Discharge injunction [VW1 held that the Appellants' efforts to re-foreclose and collect the redemption monies in the state court proceeding did not violate the discharge injunction.] This new adversary matter involves the same issue of whether Appellants' use of, and reliance upon, New Mexico's redemption law violates the discharge injunction.; and

(4) In the first adversary that led to VW1, the Estate had every opportunity to litigate its rights in relation to the effect of a redemption on the deposited funds and possible disposition of those funds violating the bankruptcy discharge. It had the opportunity to raise issues about the funds not being a part of the *in rem* redemption process. VW1 broadly ruled "that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act, to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor.*" under § 524(a)(2)." It is important to note that the Estate obtained abandonment of the redemption right from the Trustee and voluntarily invoked use of New Mexico's redemption law. In response to the Estate's actions, Appellants took action under New Mexico's redemption law. The disposition of redemption funds falls within New Mexico redemption law.

**In re Parker, 264 B.R. 685, 696–97** stated that where property interests are involved, those interests are created and defined through state law. In accord, the VW1 Court looked to applicable New Mexico law that creates and defines the property interests. The VW1 Court recognized that New Mexico's redemption law allows judgment lienholders to re-foreclose on real property redeemed by the former real property owner for any balance due (deficiency). New Mexico statute and case law was reviewed and relied upon for the court's decision. [*See:* **NMSA §39-5-18, Constr. Eng'g & Mfg. Co. v. Don Adams Mining Co., Inc., 1977-NMSC-102, 91 N.M. 238, 572 P.2d 1246; Turner v. Les File Drywall, Inc., 1994-NMSC-010, 117 N.M. 7, 868 P.2d 652**] The VW1 Court found that under New Mexico law:

> ... redeemed real property *"once again* becomes part of the mortgagor's real estate subject to prior judgment liens."* In New Mexico, judgment liens attach to real property acquired by a judgment debtor after the date a transcript of judgment is filed, including property lost at foreclosure but reacquired through redemption.[42] However, nothing in the New Mexico Supreme Court's interpretation of the law indicates property redeemed is newly acquired property—rather, the property "again becomes part of [a debtor's] real estate." ... this statutory scheme, which allows repeated foreclosures, ... **In re Van Winkle, 583 B.R. 759, 769–70**

The VW1 Court clearly found New Mexico law controlling the redemption of foreclosed real property and the deficiency judgment holder's right to re-foreclose the former owner's redeemed real property. It is also important to note that the VW1 court never stated the funds used to redeem the property could not be taken by the party that purchased at the sale. Nor did the VW1 court hold the taking of the redemption funds violated the bankruptcy discharge. In fact, when property is redeemed, the purchaser at the foreclosure sale obtains the redemption funds, which is credited against the indebtedness and can still re-foreclose for the balance due.

*Law of the Case*:

Also, VW1 established the "law of the case," which is applicable to the Bankruptcy

Court's Order.

> "[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir.1991) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." **\*1035** *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir.1995).

> The enunciated rationales for the law of the case doctrine are compelling: The doctrine is "based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided," *Gage v. General Motors Corp.*, 796 F.2d 345, 349 (10th Cir.1986)

> \*\*\*

> Under the law of the case doctrine, there are several circumstances under which an issue may be implicitly resolved by a prior appeal: "(1) resolution of the issue was a necessary step in resolving the earlier appeal; (2) resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal; and (3) the issue is so closely related to the earlier appeal its resolution involves no additional consideration and so might have been resolved but unstated." **McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1034–36 (10th Cir. 2000)**

The **McIlravy** Court explained the application the doctrine as a governing principle in later

cases. "The doctrine of law of the case is similar to the issue preclusion prong of res

judicata in that it limits relitigation of an issue once it has been decided. However, law of

the case is concerned with the extent to which law applied in a decision at one stage of

litigation becomes the governing principle in later stages of the same litigation." **McIlravy**

**v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000)** In **Entek GRB, LLC v.**

**Stull Ranches, LLC,** 840 F.3d 1239, 1240–41 (10th Cir. 2016), the Tenth Circuit provides a public policy rational for the "law of the case" doctrine.

> Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation. It's a pretty important thing too. Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again. A system like that would reduce the incentive for parties to put their best effort into their initial submissions on an issue, waste judicial resources, and introduce even more delay into the resolution of lawsuits that today often already take long enough to resolve. All of which would "gradual[ly] undermin[e] ... public confidence in the judiciary." *McIlravy v. Kerr–McGee Coal Corp.,* 204 F.3d 1031, 1035 (10th Cir. 2000); Charles Alan Wright et al., 18B Fed. Prac. & Proc. Civ. § 4478 (2d ed. 2002) (the doctrine embodies "[t]he basically simple principle of disciplined self-consistency").

Application of the doctrines of *res judicata* and "law of the case" entitle Defendants to having the adversary dismissed with prejudice.

*Redemption Was Post Discharge*:

The Estate's Petition for Redemption and its payment of redemption funds in the state court registry all occurred after the ***Order Discharging Debtor(s)*** entered August 26, 2013. After the discharge, the Estate obtained the abandonment of the redemption right then held by the Trustee. The Petition for Redemption and the depositing of the redemption funds were both post discharge and post abandonment of the redemption right to the Estate. Any issue about disposition of the redemption funds arose after the discharge. A discharge injunction does not preclude collection for a debtor's post-petition use of the property. **Hedges v. Resolution Trust Corp.,** 32 F.3d 1360 (9th Cir. 1994) The discharge does not act as an injunction against a plaintiff asserting a claim for a debt incurred after the date of the discharge. **Hazelquist v. Guchi Moochie Tackle Co., Inc.,**

**437 F.3d 1178, 1180 (Fed. Cir. 2006)** The entire redemption issue and disposition of the redemption funds arose post petition and cannot be a violation of the discharge injunction.

*A Debtor May Voluntarily Pay*:

The undisputed facts show the redemption funds were a loan to Tammy Sprague, Brian Van Winkle and Haley Van Winkle, individually. The Bankruptcy estate did not have funds for the redemption. No bankruptcy estate funds were involved in the redemption. However, even if bankruptcy estate funds were involved in the redemption, the redemption was voluntary.

A debtor may voluntarily repay any debt. **11 U.S.C. §524(f)** In this case, the Probate Estate acquired the redemption right from the Trustee, who abandoned it. The Probate Estate then voluntarily exercised the right of redemption, including voluntarily paying the funds into the Court's registry. Even if a bankruptcy debt and/or asset was involved (which it was not), there simply cannot be a violation of the discharge injunction for accepting the voluntary payments. [*See*: **DuBois v. Ford Motor Credit Co.,** **No. 96-314116(GFK), 2001 WL 290353, at \*3 (D. Minn. Jan. 19, 2001),** *aff'd,* **276 F.3d 1019 (8th Cir. 2002)**]

After entry of the Discharge Order, the abandonment of the real property and the Defendants' foreclosure of their judgment lien followed by the Special Master's sale at which John Williams and Ellen B. Williams were the purchasers, the Probate Estate successfully had the redemption right abandoned by the Trustee to the Probate Estate. Tammy Sprague, as Personal Representative of the Estate, then voluntarily filed her Petition for Redemption of the foreclosed real property on April 20, 2015. On April 21, 2015, the Otero County District Court issued the Order authorizing deposit of the

redemption funds into the court registry, $73,200.94, which were loan proceeds provided by Fred Van Winkle's heirs and subsequently deposited into the Otero County District Court Registry for the redemption of the foreclosed real property. <u>It is important to note that all the Probate Estate's actions were voluntary on the part of the Fred Van Winkle Estate. The Estate was not forced to redeem the real property</u>. In response to the Estate's action, the Appellants filed for foreclosure of the redeemed property. At that point, the Estate raised the issue of whether the Defendants' actions violated the discharge injunction. The issue was tried to the Bankruptcy Court, which ruled in favor of the Estate. The Bankruptcy Court's decision was reversed in VW1.

The re-foreclosure matter had remained stayed pending appeal of the Bankruptcy Court's ruling and the BAP's VW1 Decision reversing the Bankruptcy Court. After the VW1 Decision, the state court re-foreclosure on the redeemed property continued. On July 23, 2015 Defendants filed their ***Motion to Distribute Redemption Sums and Enter Final Judgment*** in the Otero County District Court. In that Motion, just as had the VW1 Court, Defendants relied on redemption law in New Mexico. New Mexico law provided that once the redemption petition was filed and the redemption funds deposited, the redemption was accomplished. **NMSA §39-5-18**. [<u>The statute does not require any further action for a party to redeem</u>. **National Mortgage LLC v. Chenoweth, 2018 WL 2213641 (N.M. App. April 1, 2018)(unpublished opinion)** [emphasis added] (*Also see*: **Chapel v. Nevitt, 2009-NMCA-017, ¶36, 145 N.M. 674**)] Upon substantial compliance, by the filing of the petition for redemption and depositing the funds, redemptioner is entitled to a hearing at which time the judge determines the amount of money necessary for the redemption, which must include the money paid at the sale, all taxes, interest penalties and payments made in

satisfaction of liens, mortgages an encumbrances. **NMSA §39-5-19(C)** "The right to redeem foreclosed property merely protects the debtor's right to … regain possession of the property." **Chapel, ¶41** There were no conditions placed on the redemption petition or the tender of the redemption funds. New Mexico law holds that the redemptioner cannot condition the redemption by imposing conditions upon the tender of the money pursuant to the redemption statute. (*See*: **Brown v. Trujillo, 2004-NMCA-040, 135 N.M. 365.**; **Union Esperanza Mining Co. v. Shandon Mining Co., 18 N.M. 153 135 P. 78 (NM 1913)**; **Chapel, ¶¶ 41-43**) Once the redemptioner has paid the redemption funds, he has done so at his own peril. **First State Bank of Taos v. Wheatcroft, 1931-NMSC-047, ¶18, 36 N.M. 88** "[O]ne who makes a voluntary payment to another has no right of restitution. **Cheesecake Factory, Inc. v. Baines, 1998-NMCA-120, ¶6, 125 N.M. 622** [*See*: **DuBois v. Ford Motor Credit Co., supra.** a voluntary payment of a debt by a debtor to a creditor does not violate the discharge by the creditor]

It is clear that bankruptcy estate funds were not utilized in the voluntary filing of the redemption petition and the voluntary depositing redemption funds. But, even if bankruptcy estate funds were deposited with the Otero County District the bankruptcy estate voluntarily took action that also resulted in the giving up of control of the redemption funds as the title to the funds passed to the Otero County District Court. The bankruptcy estate is not entitled to relief claimed in this adversary. The adversary should be dismissed with prejudice.

*Plaintiffs are not entitled to Discharge Injunction Protection*:

No bankruptcy assets or estate property is involved in this matter. The source of the redemption funds were borrowed funds. While Tammy Sprague's version of the loan and

Brian Van Winkle's version of the loan is somewhat different, it is obvious the loan was to them and that they used the funds for redemption. (The Estate did not have funds with which to redeem the Otero County Real Property. Tammy Sprague, Brian Van Winkle and Haley Van Winkle were obligated to pay the debt. The redemption funds were not bankruptcy estate funds. Plaintiffs have pled and stated that they provided the redemption funds [*See*: **Exhibits 14 & 15**]. There simply is no way redemption funds could have been bankruptcy estate assets. The Otero County District Court Orders that were entered in 2019 did not pertain to bankruptcy estate funds.

Plaintiffs seek sanctions for violating the Section 524 discharge injunction. Section 524 expressly provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Based on that language, courts have repeatedly held the discharge injunction does not apply to non-debtors and a creditor may not be enjoined from taking actions to collect funds of or assets of non-debtors. *In re Christian,* 180 B.R. 548 (Bkrtcy.E.D.Mo.1995); **In re Czuba, 146 B.R. 225 (Bkrtcy.D.Minn.1992); Pettibone Corp. v. Hawxhurst, 163 B.R. 989, 995 (N.D.111.1994), affirmed 40 F.3d 175 (7th Cir. 1994)**. Specifically, the discharge injunction does not preclude a determination of the debtor's liability in order to allow the claimant to access indemnification or payment from a third party; the discharge serves only as an injunction against actions commenced to recover debt as "personal liability" of the debtor. **Pettibone, 163 B.R. 989 (N.D.111.1994); In re Walker, 927 F.2d 1138 (10th Cir. 1991)**(holding plaintiffs may proceed against discharged debtor to establish their right to recover under Utah's Real Recovery Fund"); **Shade v. Fasse (In re**

**Fasse), 40 B.R. 198, 200 (Bankr.D.Colo.1984)** (suit against debtor permitted to establish right to recovery from Colorado Real Estate Recovery Fund).

Based upon Plaintiffs' own claims, the redemption funds were not a bankruptcy estate asset. The redemption funds were a loan to the heirs of Fred Van Winkle. As previously stated, the bankruptcy estate had not funds to redeem the Otero County property. This fact is acknowledged in pleadings and deposition. The Assignment further shows that the Debtor cannot claim any legal interest in the redemption or the redemption funds. The Debtor did not file the motion. Movants did. The discharge injunction does not apply to them. Accordingly, Plaintiffs' claims are frivolous and should be dismissed.

*Concurrent Jurisdiction, Comity*:

The redemption issue arose after the Estate's discharge and after the redemption right had been abandoned by the Trustee to the Estate. The Estate started the redemption by voluntarily filing a redemption petition and then voluntarily depositing redemption funds into the state court registry. The Defendants responded to the Estate's voluntary actions by trying to enforce the Deficiency Judgment. This led to the issue decided by the BAP in VW's1. VW1 held "that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act, to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor*." under § 524(a)(2)."

The Estate and the Defendants are proceeding under state law in state court. After the debtor is granted a discharge, neither the automatic stay nor the discharge injunction nor the bankruptcy court's exclusive jurisdiction over dischargeability actions precludes a plaintiff from prosecuting a cause of action against a debtor in state court in furtherance of the collection, recovery or offset of any debt. **In re Eastburg, 440 B.R. 851, 863–64**

(Bankr. D.N.M. 2010), __aff'd on other grounds,__ In re Eastburg, 447 B.R. 624 (B.A.P. 10th Cir. 2011) In the state court proceeding the defense of the bankruptcy discharge was raised. Where the Estate had the opportunity to, and did, raise the defense state court, then the state court proceeding should control and be allowed to continue. [The is set forth in __Juidice v. Vail,__ 430 U.S. 327, 337, 97 S. Ct. 1211, 1218, 51 L. Ed. 2d 376 (1977)]

With the VW1 decision and factors set forth above, under the concepts of comity and abstention, the state court should be allowed to proceed unimpeded. This Adversary as to the redemption issue on the Otero County real property should be dismissed with prejudice.

*Rooker–Feldman Doctrine*:

In its Order re-opening the bankruptcy this Court held that the *Rooker–Feldman* doctrine could not apply because since the state court order awarding the redemption funds to the purchasers at the foreclosure has been appealed and the appeal is pending. This Court relied upon __Guttman v. Khalsa,__ **446 F.3d 1027, 1032 (10th Cir. 2006)**. Contrary to this Court's determination, the *Rooker–Feldman* doctrine does apply.

This case presents an unusual situation. In fact, there is a final decision that controls the issue of whether the bankruptcy discharge injunction is violated by the state court order. VW1 decided the issue of whether Appellant's pursuit of re-foreclosure violated the Bankruptcy discharge injunction. VW1 construed and applied New Mexico's law on foreclosure and redemption. VW1 had the effect of being a final judgment that controls the issue in relation to the state court proceeding. The disposition of the redemption funds is a part of the Defendants' right to proceed pursuant to New Mexico redemption law as recognized by VW1. The federal issue has been resolved. With the federal issue resolved,

the issue left is a state law issue that is proceeding in state court regarding property rights under New Mexico's foreclosure and redemption law. Therefore, in this case, because of VW1 is a final decision on the state court proceeding regarding whether Defendants' actions under New Mexico's foreclosure and redemption law violated the discharge injunction, it has the effect of being a final decision in relation to the state court matter. While an unusual situation, *Rooker-Feldman* is applicable in the context of this adversary.

## RUIDOSO CONDO – LINCOLN COUNTY FORECLOSURE

The adversary Complaint alleges Defendants' Amended Complaint violated the Stipulated Order to which the parties had agreed. The history of the Lincoln County foreclosure is set forth above in the History section of this Brief. Counsel for the Estate consented to the Defendants' filing of the ***Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien***. The ***Second Amended Complaint*** had the following specific language:

  a. **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation of those bankruptcy court orders, rules or any laws is not intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

There has been no further action in the case. Plaintiffs cannot consent to an action and then cry foul. There is no violation of the Stipulated Order. The adversary complaint of violation of the Stipulated Order should be dismissed with prejudice.

## SANCTIONS FOR MONEY JUDGMENT

The Adversary Complaint seeks sanctions for Defendants having not paid a money judgment. The Bankruptcy Court lacks authority to enforce it's money judgment through a contempt proceeding. The BAP in VW1 expressly ruled this court had authority under **11 U.S.C. § 105** to enter a monetary judgment for civil contempt to "compensate ... for losses" for violation of the Stipulated Order.   *In re Van Winkle*, **583 B.R. 759, 772**. This Court's Order #148 indicates expressly that it is a "money judgment" and even provides for interest at the federal judgment rate. In **Abbasid, Inc. v. First Nat'l Bank of Santa Fe**, No. **CV-09-00354 JP/LFG, 2010 WL 11493333, at \*3 (D.N.M. Sept. 9, 2010)**, Judge Parker analyzed Tenth Circuit decisions and found that the general rule was a money judgment can only be collected by a writ of execution. Use of contempt power is improper. Enforcement of a federal judgment must comply with the substantive and procedural safeguards found in state law where the federal court is located. [*See*: **Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.**, No. **5:12-CV-1189-DAE, 2014 WL 1652600, at \*4 (W.D. Tex. Apr. 24, 2014)**; **Lewis v. United Joint Venture**, **691 F.3d 835, 839–40 (6th Cir.2012)**]

A money judgment exists and the Estate has to use New Mexico law for enforcement. The Bankruptcy Court has applied the incorrect legal standard, or in the alternative misapplied the correct legal standard regarding collection of a money judgment and cannot reopen a case to impose sanctions to enforce collection of a money judgment. Sanctions is

not a proper method for collection of a money judgment. The use of Writ of Execution under New Mexico law is the proper method. The Plaintiffs have already treated the judgment as a money judgment and started utilizing filing of Transcripts of Judgment in Otero, Lincoln and Roosevelt Counties to create judgment liens that are foreclosable under New Mexico law.

## CONCLUSION

The redemption issue and distribution of the redemption funds are controlled by New Mexico law. The redemption and depositing of the redemption funds occurred post–petition and post–discharge and after Tammy Sprague, as Personal Representative of the Estate, voluntarily sought and obtained the Trustee's abandonment of the right of redemption. The actions by Tammy Sprague, as Personal Representative of the Estate were all voluntary. The Estate is not entitled to claim violation of the discharge injunction.

For all the foregoing reasons set forth in this Brief, Defendants are entitled to Summary Judgment on all issues and the Adversary Complaint should be dismissed with prejudice.

**Martin, Dugan & Martin**

By_____
              W. T. Martin, Jr.
              509 W. Pierce St.
              P.O. Box 2168
              Carlsbad, NM 88221-2168
              (575) 887-3528
              Fax (575) 887-2136
              e-mail: martinlaw@zianet.com
              **Attorney for Defendants**

21

## CERTIFICATE OF SERVICE

I certify that on **October 29, 2020**, I filed the forgoing Memorandum Brief electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing. I further certify that the foregoing Memorandum Brief was served via email to the following:


Joel Gaffney
joel@gaffneylaw.com


**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.