# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **Fred Dale Van Winkle**, ) | Case No. 13-11743-t7 |
| ) | |
| Debtor, ) | |
| ) | |
| and ) | |
| ) | |
| **Brian Van Winkle**, not in his personal capacity ) | |
| but solely as co–personal representative ) | |
| of the estate of Fred Van Winkle, and **Tammy** ) | |
| **Sprague**, not in her personal capacity but solely as ) | Adv. No. 20-01022 |
| co–personal representative of the estate of Fred ) | |
| Van Winkle, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| **Belleview Valley Land Co.**, a New Mexico ) | |
| corporation, **John H. Williams**, and **Ellen B.** ) | |
| **Williams**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

## REFLING OF DEFENDANTS' EXHIBITS TO THE
## MOTION FOR SUMMARY JUDGMENT

# First 3 pages extracted from Petition

B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of New Mexico | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Van Winkle, Fred Dale | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>xxx-xx-9361 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>702 White Mountain, #11<br>Ruidoso, NM        ZIP Code<br>88355 | Street Address of Joint Debtor (No. and Street, City, and State):<br>       ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Lincoln | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>PO Box 1691<br>Ruidoso, NM        ZIP Code<br>88355 | Mailing Address of Joint Debtor (if different from street address):<br>       ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)

- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Chapter 11 Debtors**

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☐ $0 to $50,000 | ■ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ■ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**EXHIBIT "1"**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Van Winkle, Fred Dale |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed:  New Mexico | Case Number: 11-13861 | Date Filed: 8/29/11 |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X_____ |
| | Signature of Attorney for Debtor(s)              (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Van Winkle, Fred Dale |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Fred Dale Van Winkle
_____
Signature of Debtor  Fred Dale Van Winkle

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

May 21, 2013
_____
Date

**Signature of Attorney***

X  /s/ R. "Trey" Arvizu, III
_____
Signature of Attorney for Debtor(s)

R. "Trey" Arvizu, III 6959
_____
Printed Name of Attorney for Debtor(s)

Arvizulaw.com, Ltd.
_____
Firm Name
PO Box 1479
Las Cruces, NM 88004

_____
Address

Email: trey@arvizulaw.com
(575) 527-8600  Fax: (575) 527-1199
_____
Telephone Number

May 21, 2013
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

**B18** (Official Form 18)(12/07)

# United States Bankruptcy Court

### District of New Mexico
### Case No. 13–11743–j7
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Fred Dale Van Winkle
PO Box 1691
Ruidoso, NM 88355

Last four digits of Social Security or other
Individual Taxpayer–Identification No(s)., (if any):
xxx–xx–9361

Employer's Tax–Identification No(s)., /Other No(s) (if any):

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11 United States Code (the Bankruptcy Code).

BY THE COURT

Dated: 8/26/13

Robert H. Jacobvitz
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

EXHIBIT "2"

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**



**IT IS ORDERED**

**Date Entered on Docket: December 4, 2013**

Robert H. Jacobvitz

_____

**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

In re:
Fred Dale Van Winkle,

              Debtor.

)
)
)
)

No. 13-11743-j7

## ORDER LIFTING STAY AS TO DEBTOR'S
## OTERO COUNTY PROPERTY

**SUBMITTED BY:**
**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

EXHIBIT "3"

**THIS MATTER** came before this Court on a telephonic hearing at 11:15 a.m. on November 25, 2013, upon the *Motion to Lift Stay* filed by **Belleview Valley Land Co., Inc., John H. Williams** and **Ellen B. Williams** (*hereinafter jointly referred to as "Williams"*). Williams appeared by and through Williams' attorney of record, W. T. Martin, Jr. The Debtor, **Fred Van Winkle**, appeared by and through his attorney, R. "Trey" Arvizu, III. **Brian Van Winkle**, who had filed an objection to the Motion did not appear. This Court heard argument of counsel and has determined that the Williams Motion should be granted and **Brian Van Winkle's** objection denied.

**IT IS THEREFORE ORDERED THAT**:

1. Williams' *Motion to Lift Stay* be, and it hereby is, granted.

2. The lifting of the stay only pertains to the Otero County property to which Williams' judgment lien has attached.

3. Williams may proceed with a foreclosure action to enforce the judgment lien as to the Debtor's Otero County property.

   a. Any surplus proceeds received from the Special Master's sale following a foreclosure judgment shall be paid to the Trustee.

4. **Brian Van Winkle's** objection is overruled and denied.

###END OF ORDER###

**SUBMITTED BY:**
**Martin, Dugan & Martin**

s/submitted electronically

By_____

W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Williams


Approved by E-mail on December 2, 2103

R. "Trey" Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004-1479
(575)-527-8600
Fax (575) 527-1199
Attorney for Debtor


Approved by E-mail on Nov. 26, 2103
Clarke Coll, Trustee


### SERVICE

Martin, Dugan & Martin certifies that the following are entitled to service of the Order:

R. Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004

Clarke Coll
P.O. Box 2288
Roswell, NM 88202

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

**FRED DALE VAN WINKLE,**

    **Debtor.**                               No. 13-11743-j7

## MOTION TO COMPEL TRUSTEE'S ABANDONMENT OF ASSETS PURSUANT TO 11 U.S.C. §554

    Debtor, a party in interest for purposes of this Motion, through undersigned counsel, files this Motion pursuant to 11 U.S.C. §554(b) and Bankruptcy Rule 6007(b) based on the following grounds:

1. Debtor filed for chapter 7 bankruptcy relief on May 21, 2013.

2. The Debtor disclosed his homestead on Schedule A of his schedules and statements.

3. The property is fully exempt and/or subject to liens. There is no equity in the property.

4. The Debtor recently amended schedule B to include a right of redemption which arose post-petition on property foreclosed in Otero County. It is arguable that the right of redemption is not property of the estate; however, Debtor requests that the trustee abandon the property that was subject to the liens including any redemption rights associated with the property. The right of redemption would require that the trustee redeem property with funds that he does not have available.

5. The Assets are burdensome and of no potential value to the estate.

# EXHIBIT "4"

6.     The Trustee has been contacted and takes no position in regard to this
       Motion.

       WHEREFORE, Debtors respectfully request that the Court enter an Order

granting this Motion which would allow the Debtor to enter an Order abandoning the

assets.

                                        Respectfully Submitted,

                                        *S/electronically Filed 3.20.15*
                                        R. "Trey" Arvizu, III
                                        Attorney for Debtor
                                        P.O. Box 1479
                                        Las Cruces, NM  88004
                                        (575)527-8600
                                        (575)527-1199 (fax)
                                        trey@arvizulaw.com

I CERTIFY that the foregoing was electronically filed with the Court via the CM/ECF
system.  All attorneys and parties identified with the Court for electronic service on the
record in this case were served by electronic service in accordance with the CM/ECF
system on this 20th day of March, 2015,

and mailed via U.S. Mail to all parties listed in the bankruptcy court's mailing matrix.

*S/electronically submitted*



**IT IS ORDERED**

**Date Entered on Docket: April 15, 2015**

Robet H.

_____

**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

**FRED DALE VAN WINKLE,**

      **Debtor.**                        **No. 13-11743-j7**

### ORDER ABANDONING ASSETS PURSUANT TO 11 U.S.C. §554

      This matter came before the Court on the Debtor's Motion to Compel Trustee's

Abandonment of Assets Pursuant to 11 U.S.C. §554 filed March 20, 2015 as docket entry

#64 (the "Motion"). An Order Granting the Debtors' Motion was submitted and entered

by the Court contemporaneously herein. The Court being fully advised hereby:

      ORDERS ADJUDGES AND DECREES that the Debtor's assets described as his

personal residence located at 702 White Mountain, #11, Ruidoso, New Mexico and his

right of redemption regarding property that was foreclosed post-petition in Otero County

described in amended schedules filed on March 18, 2015 as docket entry #62 are hereby

deemed abandoned and removed from the Debtor's bankruptcy estate.

\*\*END OF ORDER\*\*

**EXHIBIT "5"**

1

Case 13-11743-t7   Doc 68   Filed 04/15/15   Entered 04/15/15 16:57:26 Page 1 of 2
Case 20-01022-t   Doc 16   Filed 10/30/20   Entered 10/30/20 16:21:45 Page 12 of 26

Respectfully Submitted,

*Via electronically 4.14.15*
R. "Trey" Arvizu, III
Attorney for Debtor
P.O. Box 1479
Las Cruces, NM 88004
(575)527-8600
(575)527-1199 (fax)
trey@arvizulaw.com

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
4/20/2015 10:23:02 AM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

        Plaintiffs,

v.

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

        Defendant,

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

        Defendants-in-Intervention.

Cause No. CV-2010-01054
Judge James Waylon Counts

## PETITION FOR REDEMPTION

Defendant, Tammy Sprague, personal representative of the estate of Fred Van Winkle,

deceased, by and through her counsel, Law Firm of Kyle H. Moberly, P.C., hereby petitions this

Court, pursuant to § 39-5-18 NMSA 1978 (as amended), to redeem the real estate sold pursuant to

the judgment entered by this Court in this action. As grounds for this petition, Defendant states:

1.     On July 8, 2014, Special Master John R. Hakanson sold the following described real

estate (the "**Property**") in Otero County, New Mexico, to Plaintiffs John H. Williams and Ellen B.

Williams (collectively, the "**Purchasers**") for $67,000, pursuant to the Final Judgment Foreclosing

Plaintiffs' Judgment Lien that this Court entered on May 22, 2014:

EXHIBIT "6"

A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:

Beginning at the East One—Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.

And

LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.

And

ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

including that certain well and all water rights appurtenant thereto which is located on the above-described property.

2.    Pursuant to paragraph (2) of subsection A of § 39-5-18 NMSA 1978 (as amended),

the Property may be redeemed by the former defendant owner of the Property by filing a petition for

redemption in this action and by depositing in the office of the clerk of this Court the sum of the

amount paid at the foreclosure sale by the Purchasers, with interest from the date of the sale at the

rate of 10% a year, together with all taxes, interest and penalties thereon, and all payments made to

satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the Purchasers after the

date of the sale, with interest on the taxes, interest, penalties and payments made on liens or

Petition for Redemption
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054                                                    E:\Dox\CLIENT\0649\001\00007573.WPD

Page 2 of 5

mortgages at the rate of 10% a year from the date of payment, at any time within nine months from the date of the sale.

3. Subsection D of § 39-5-18 NMSA 1978 (as amended) provides, in pertinent part, that the term "owner" includes the former defendant owner's "personal representatives, heirs, successors and assigns." Therefore, the Property may be redeemed by Defendant.

4. On July 23, 2014, this Court entered an Order Approving Special Master's Report and Granting Deficiency Judgment. On July 28, 2014, this Court entered an Amended Order Approving Special Master's Report and Granting Deficiency Judgment. Subsection E of § 39-5-18 NMSA 1978 (as amended) provides that "For the purpose of this section, 'date of sale' means the date the district court order confirming the special master's report is filed in the office of the clerk of the court." Therefore, the nine-month period for redeeming the Property ends no earlier than April 23, 2015, and no later than April 28, 2015.

5. Upon information and belief, the Purchasers paid $311.29 on July 25, 2014, to satisfy the property taxes assessed against the Property for 2013, and the interest and penalties accrued thereon, and paid $595.48 on December 10, 2014, to satisfy the property taxes assessed against the Property for 2014. Upon information and belief, the Purchasers have not made any other payment since the date of the sale of property taxes assessed against the Property, or interest or penalties accrued thereon.

6. There is no prior lien or mortgage against the Property that was not foreclosed by the sale.

7. Upon information and belief, the amount of money necessary to redeem the Property

as of April 20, 2015, is $73,200.94, which is calculated as follows:

| | |
|---|---|
| Purchase price | $67,000.00 |
| interest (286 days @ $18.35615/day) | 5,249.86 |
| 2013 property taxes, interest and penalties | 311.29 |
| interest (269 days @ $0.08528/day) | 22.94 |
| 2014 property taxes | 595.48 |
| interest (131 days @ $0.1631) | 21.37 |
| TOTAL | $73,200.94 |

WHEREFORE, Defendant respectfully requests that this Court grant the following described

relief:

A.      Enter an order forthwith, and by no later than April 23, 2015, that requires the clerk

of this Court to accept Defendant's deposit of $73,200.94 into the Court's registry, which, upon

information and belief, is the amount of money necessary to redeem the Property as of April 20,

2015;

B.      At a hearing, determine the amount of money necessary to redeem the Property;

C.      At the conclusion of the hearing, order the clerk of this Court to issue a certificate of

redemption to Defendant upon such terms and conditions as this Court deems just; and

D.      Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: _____
Kyle H. Moberly
Attorney for Defendant Tammy Sprague,
Personal Representative of the Estate of Fred
Van Winkle, Deceased
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278

I HEREBY CERTIFY that a true and correct
copy of the foregoing petition for certificate of
redemption was mailed to Martin, Dugan &
Martin, Attorneys for Plaintiffs, P.O. Box
2168, Carlsbad, New Mexico 88221, and
mailed to Brian Van Winkle and Judith A.
Van Winkle, P.O. Box this _20th_ day of
April, 2015.

_____
KYLE H. MOBERLY

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
4/21/2015 1:24:15 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

     Plaintiffs,

v.

                                   Cause No. CV-2010-01054
                                   Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

     Defendant.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

     Defendants-in-Intervention.

## ORDER AUTHORIZING DEPOSIT OF FUNDS IN
## CONNECTION WITH REDEMPTION OF REAL ESTATE

     THIS MATTER comes before the Court on the petition of the Defendant, Tammy Sprague,

personal representative of the estate of Fred Van Winkle, deceased, pursuant to Section 39-5-18

NMSA 1978 (as amended), to redeem the real estate sold pursuant to the judgment entered by this

Court in this action. Defendant seeks to deposit into the Court's registry the sum of $73,200.94,

which, according to the petition, is the amount of money necessary to redeem that real estate as of

April 20, 2015.

Order Authorizing Deposit of Funds in
Connection with Redemption of Real Estate
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054                                E:\Dox\CLIENT\0649\001\00009022.WPD

EXHIBIT "7"

The Court being sufficiently advised in the premises, hereby orders the clerk of this Court to accept Defendant's deposit of $73,200.94 into the Court's registry, said sum to be held in an interest-bearing account until the rights of all parties can be determined by further order of the Court.

JUDGE JAMES WAYLON COUNTS

Submitted by:

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By:

Kyle H. Moberly
Attorney for Defendant Tammy Sprague
Personal Representative of the Estate of
Fred Van Winkle, Deceased
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278

Order Authorizing Deposit of Funds in
Connection with Redemption of Real Estate
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054

EADox\CLIENT\0649\001\00009922.WPD

Page 2 of 2

Case 20-01022-t   Doc 16   Filed 10/30/20   Entered 10/30/20 16:21:45 Page 20 of 26

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/14/2015 2:07:58 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

**Belleview Valley Land Co**, a New Mexico )
corporation, and **John Williams** and **Ellen B.** )
**Williams**, husband and wife, )
                                               )
                Plaintiffs, )     No. CV-2010-01054
                                               )
vs. )     Judge James Waylon
                                             )     Counts
**Tammy Sprague**, Personal )
Representative of the Estate of )
Fred Van Winkle, Deceased, )
                                               )
               Defendants/Petitioner, )
and )
                                               )
**Brian Van Winkle** and )
**Judith Van Winkle,** )
                                             )
               Defendants-in-Intervention. )

## PLAINTIFFS' RESPONSE TO PETITION FOR REDEMPTION

**Martin, Dugan & Martin**
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

EXHIBIT "8"

**COME NOW Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*collectively referred to as "Plaintiffs"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their Response to Petition for Redemption filed by **Tammy Sprague**, Personal Representative of the Estate of **Fred Van Winkle**, Deceased (collectively referred to herein as "*Petitioner*" or "*Defendant*") would show:

1. Simultaneous with the filing of this Response, Plaintiffs are filing the following pleadings herein:

   a. Plaintiffs' Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien ("*Plaintiff's Complaint*"); and

   b. Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief ("*Plaintiffs' MSJ*").

2. Those pleadings -- Plaintiff's Complaint and Plaintiffs' MSJ and their attached exhibits -- set forth the factual and legal bases to support Plaintiffs' response and/or objections to the Petition for Redemption.

3. Accordingly, in lieu of repeating those matters herein, Plaintiffs incorporate by reference their Complaint and MSJ, and attached exhibits, as if set forth herein *verbatim*.

4. Based on the facts and legal arguments presented in Plaintiffs' MSJ, Plaintiffs request that the Court find and order (as requested and proven in Plaintiffs' MSJ):

   **A. The Redemption Revives the Original Judgment Lien, Which Should Then Be Foreclosed as a Matter of Law Simultaneously With the Redemption. (MSJ, p. 8)**

1

1. The New Mexico Redemption Statute, NMSA § 39-5-18, Only Permits a Certificate of Redemption Upon "Such Terms and Conditions As the Court Deems Just." (MSJ, p. 8)

2. Redemption Restores the Parties to Their Pre-Sale Positions and Revives the Prior Judgment Lien. (MSJ, p. 9)

3. This Court Has Foreclosure Authority. (MSJ, p. 11)

4. This Court Should Order Re-Foreclosure and Re-Sale Simultaneously With the Redemption. (MSJ, p. 12)

B. Alternatively, This Court Should Rule Issuance of Petitioner's Certificate of Redemption Is Subject to Prior, Complete Payment By Petitioner of the Deficiency Judgment Lien. (MSJ, p. 12)

1. This Court Previously Recognized the Deficiency Judgment Is an Existing Lien on the Property. (MSJ, p. 12)

2. Petitioner Waived Objection to the Deficiency Judgment Lien By Failing to Object to and/or Appeal the Prior Order Granting Deficiency Judgment. (MSJ, p. 13)

3. Petitioner Also Waived Objection to and/or Estopped Themselves from Contesting the Prior Order Granting the Williams Complete Title to the Property. (MSJ, p. 14)

4. This Court Should Order Petitioner to Pay the Deficiency Judgment as a "Condition" to Issuance of the Certificate of Redemption.

C. Alternatively, This Court Should Exercise Its Equitable Powers Pursuant to Statute to Compel Payment of the Deficiency Amount and/or Re-Foreclosure. (MSJ, p. 15)

1. NMSA § 39-5-18(C) Mandates the Certificate of Redemption Include "Just" Terms and Conditions. (MSJ, p. 15).

2

2. **Redemption Does Not Guarantee Clear Title.** (MSJ, p. 16)

3. **Petitioner Should Be Required to Satisfy the Deficiency Judgment.** (MSJ, p. 16)

4. **Alternatively, the Original Judgment Lien Should Be "Re-Foreclosed" As a Matter of Law and The Property "Re-Sold".** (MSJ, p. 16)

**WHEREFORE**, Plaintiffs request that the Court rule:

1.  The Petitioner's right to redemption herein is subject to the prior judgment(s), lien(s) and/or rights of Plaintiffs arising under the law, including but not limited to:

    a.  The rights granted pursuant to the Court orders and judgments noted above;

    b.  The rights granted by statute, including but not limited to N.M.S.A. § 39-5-18(C);

    c.  The rights granted by judicial law. See, e.g., Chapel v. Nevitt, 2009-NMCA-017; Construction Engineering & Mfg. Co. v. Don Adams Mining Co., Inc., 91 N.M. 238, 572 P.2d 1246 (N.M. 1977); and

    d.  Application of the doctrines of *res judicata*, law of the case, waiver, estoppel, failure to timely appeal, and other applicable legal doctrines.

2.  Petitioner may only redeem the Property if, prior to redemption,

    a.  The Williams receive the purchase price and other amounts owing under the statute as provided for in NMSA § 39-5-18(A), as purchasers of the Property, including the amounts in the registry of the Court ($73,200.94 as of April 23, 2015);

    b.  Petitioner pays Plaintiffs the Deficiency Judgment, including accrued attorneys' fees, interest and costs;

3.  Alternatively, if Petitioner is permitted to redeem herein prior to payment of the Deficiency Judgment, the Court order that it will only issue the

3

Certificate of Redemption "upon such terms and conditions as it deems just," including but not limited to:

   i.     Ordering Petitioner to pay the Williams the (1) purchase amount and interest ($73,200.94 as of April 23, 2015); and

   ii.    Ordering either:

          a.    Petitioner pay Plaintiffs the deficiency amount and interest ($271,905.61 as of July 28, 2014); or, alternatively,

          b.    Ordering the Original Judgment and/or Deficiency Judgment are first, priority liens on the Property and the Certificate of Redemption, ordering the Property is foreclosed (again), and requiring the Property to be resold and the proceeds distributed to the Plaintiffs and issuance of a new deficiency judgment in favor of the Plaintiffs; and

   iii.   Ordering Petitioner to pay the Plaintiffs' additional attorneys' fees, interest and costs.

4.    Petitioner may not redeem until and unless Plaintiffs' deficiency judgment and liens are satisfied in full, and Plaintiffs are repaid for all costs incurred in repairing the Property from the vandalism which occurred prior to transfer of the property through the foreclosure sale and/or for improvements on the property.

Plaintiffs request judgment as requested above and such other orders as assure

that the Property is utilized to the fullest extent possible to reduce such debts.

4

**Martin, Dugan & Martin**

By_____
W.T. Martin, Jr.
Kenneth D. Dugan
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
*Attorney for BVL and the Williams*

Martin, Dugan & Martin certifies on the 14th
day of May 2015, it filed the foregoing
Response electronically through the State of
New Mexico's Odyssey File & Serve system,
requesting that opposing counsel of record be
served by electronic means, and faxed a copy
of the Response to opposing counsel of record.
A copy of the Response was also mailed U.S.
First Class Mail to Brian & Judith Van Winkle,
P.O. Box 141, La Luz, NM 88337.

_____
W.T. Martin, Jr.

5