# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF NEW MEXICO

In re:      )
          )
**Fred Dale Van Winkle**,    )    Case No. 13-11743-t7
          )
      Debtor,   )
          )
and          )
          )
**Brian Van Winkle**, not in his personal capacity )
but solely as co–personal representative )
of the estate of Fred Van Winkle, and **Tammy** )
**Sprague**, not in her personal capacity but solely as )    Adv. No. 20-01022
co–personal representative of the estate of Fred )
Van Winkle,   )
          )
      Plaintiffs,   )
          )
vs.          )
          )
**Belleview Valley Land Co.**, a New Mexico )
corporation, **John H. Williams**, and **Ellen B.** )
**Williams**,   )
          )
      Defendants.   )
          )

## REFLING OF DEFENDANTS' EXHIBITS TO THE MOTION FOR SUMMARY JUDGMENT

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/19/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John H. Williams and ELLEN B. )
WILLIAMS, husband and wife, )
)
               Plaintiffs, )    No. CV-2010-01054
)
vs. )
)
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
)
               Defendant/Petitioner, )
)
and )
)
BRIAN VAN WINKLE and JUDITH A. )
VAN WINKLE, husband and wife, )
)
               Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

EXHIBIT "18"

CAME ON to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A.     There are no issues of material fact, and thus summary judgment is appropriate.

B.     NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate .
. .:

"(1)    by paying to the purchaser, at any time within nine months from the date
of sale, the amount paid at the sale, with interest from the date of sale at the rate
of ten percent a year, together with all taxes, interest and penalties thereon, and all
payments made to satisfy in whole or in part any prior lien or mortgage not
foreclosed, paid by the purchaser after the date of sale, with interest on the taxes,
interest, penalties and payments made on liens or mortgages at the rate of ten
percent a year from the date of payment; OR

"(2)    by filing a petition for redemption in the pending foreclosure case in the
district court in which the order, judgment or decree of foreclosure was entered
and by making a deposit of the amount set forth in Paragraph (1) of this
subsection in cash in the office of the clerk of that district court, at any time
within nine months from the date of sale."

C.     Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D.     Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from

the former defendant owner. Since the only attachable asset of the Fred Van Winkle

estate would be the subject property, Plaintiffs would be able to seek payment of their

judgment by again proceeding against the Property.

E.     Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F.     At a hearing on redemption, "the judge shall determine the amount of money

necessary for the redemption, which shall include the money paid at the sale and all

taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C) (2007).

G. The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.

3. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall promptly set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

4. If Defendant elects option (a) to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption. Also, in that event, Plaintiffs' judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

their judgment lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

Honorable Judge James Waylon Counts

Approved as to form:

_____
Kenneth D. Dugan, counsel for Plaintiffs

_____
Kyle Moberly, counsel for Defendant

5

FILED
12th JUDICIAL DISTRICT COURT
Otero County
8/12/2019 8:49 AM
KATINA WATSON
CLERK OF THE COURT
Serena Counts

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
)
             Plaintiffs, )   No. CV-2010-1054
)
vs. )
)
TAMMY SPRAGUE, PERSONAL )
REPRESENTATIVE OF THE )
ESTATE OF FRED VAN WINKLE, deceased, )

           Defendant.

## ORDER ON PLAINTIFFS' AMENDED MOTION TO DISTRIBUTE REDEMPTION SUMS AND ENTER FINAL JUDGMENT

EXHIBIT "19"

**CAME ON** to be heard the *Plaintiffs' Amended Motion To Distribute Redemption Sums and Enter Final Judgment* (the *"Motion"*) filed by **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (collectively *"Plaintiffs"*). The parties were represented by counsel in the hearing on August 9, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised, finds that the Motion should be and hereby is GRANTED for the reasons stated in the Motion.

The Court finds the following:

1.　On May 22, 2014, this Court entered a Final Judgment Foreclosing Plaintiff's Judgment Lien on the concerned property at issue described in Exhibit A hereto (the "Property").

2.　Defendant subsequently redeemed the Property at issue by filing a petition and depositing the stated sums. NMSA 1978, Section 39-5-18(A)(2)(2007). Accordingly, Defendant was entitled to a hearing and issuance of a certificate of redemption under such terms as this Court deems just, including payment of all remaining owing sums. NMSA 1978, Section 39-5-18(C)(2007).

3.　By Order entered on July 19, 2019, this Court ordered Defendant to elect within ten (10) days whether Defendant desired to proceed to hearing on issuance of the certificate of redemption or to withdraw the request for issuance of redemption. That order expressly provided failure by Defendant to so elect within the required time-frame would deem Defendant to have elected withdrawal of the request for issuance of a certificate of redemption.

1

4.     Defendant did not timely file the required election. Accordingly, Defendant is deemed to have elected withdrawal of the request for issuance of a certificate of redemption.

5.     By election, Defendant forfeited and/or waived the right to issuance of the certificate of redemption and to re-acquire legal title to the real property at issue pursuant to the redemption.

6.     Defendant irrevocably deposited $73,200.94 (the "Deposited Funds") into the registry of the court pursuant to Court Order dated April 21, 2015.

7.     The Estate waived any title or interest in the Deposited Funds when it procured a Court Order authorizing deposit and then tendered the Deposited Funds into the court registry without condition.

8.     The Plaintiffs are entitled to receive the Deposited Funds, $73,200.94, plus the interest earned.

9.     With interest, the amount of the Deposited Funds is $73,454.37, as of August 1, 2019.

10.     By Order dated July 28, 2014, the Court previously reduced the amount of the *in rem* Deficiency Judgment from $338,905.61 to $271,905.61, accounting for the $67,000.00 bid by the purchasers at the foreclosure sale of the Property.

11.     In fact, pursuant to this Order, Plaintiffs are now receiving $73,454.37, instead of $67,000.00. Accordingly, the deficiency judgment should be reduced to $265,451.24, to account for the excess amount in the Deposited Funds above the bid amount and interest (i.e., $6,454.37).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

2

A.     Plaintiff's Motion is Granted for the reasons stated therein.

B.     Judgment is hereby entered granting Plaintiffs John and Ellen Williams legal title, equitable title and possession of the Property pursuant to the Special Master Deed executed on July 8, 2014 and recorded in Otero County on July 25, 2014, free and clear of any claims of Defendant in redemption or otherwise.

C.     The Clerk is hereby ordered to disburse to Plaintiffs John H. Williams and Ellen B. Williams the Deposited Sums ($73,200.94), together with any interest, if any, that was earned on the funds since deposit.

D.     Plaintiffs are hereby granted a continuing *in rem* Deficiency Judgment against Defendant in the amount of $265,451.24, which shall continue to accrue interest at the rate of 8.75% per annum calculated from July 28, 2014 until paid in full, as previously authorized in the ***Final Judgment Foreclosing Plaintiffs' Judgment Lien*** entered on May 22, 2014. [NOTE: This judgment is *in rem* only].

E.     This is a Final Judgment.

Honorable Judge James Waylon Counts

Approved as to form:

W.T. Martin, Jr., counsel for Plaintiffs      Kyle Moberly, counsel for Defendant

3

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/29/2019 5:09 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

**STATE OF NEW MEXICO**
**COUNTY OF OTERO**
**TWELFTH JUDICIAL DISTRICT COURT**

**BELLEVIEW VALLEY LAND CO.**, a New
Mexico corporation, and **JOHN H. WILLIAMS**
and **ELLEN B. WILLIAMS**, husband and wife,

      **Plaintiffs,**

v.

**TAMMY SPRAGUE**, Personal Representative
of the Estate of Fred Van Winkle, Deceased,

      **Defendant/Petitioner,**

**and**

**BRIAN VAN WINKLE** and **JUDITH A.**
**VAN WINKLE**, husband and wife,

      **Defendants-in-Intervention.**

      **Cause No. CV-2010-01054**
      **Judge James Waylon Counts**

## NOTICE OF APPEAL

Defendant/Petitioner, Tammy Sprague, as personal representative of the estate of Fred Van

Winkle (the "**Defendant**"), through her counsel of record, Law Office of Kyle H. Moberly, P.C.

(Kyle H. Moberly), hereby gives notice of her appeal to the New Mexico Court of Appeals of (1)

the District Court's Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and

Haley Van Winkle as Petitioners that was filed in the District Court Clerk's office on July 12, 2019,

a copy of which is attached hereto and marked as **Exhibit A**, and (2) the District Court's Order on

Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief that

was filed in the District Court Clerk's office on July 19, 2019, a copy of which is attached hereto

and marked as **Exhibit B**. This appeal is against Plaintiffs.

Notice of Appeal
Belleview Valley Land Co. v. Tammy Sprague
Cause No. CV-2010-01054        \\Lawofficeserver\e\Dox\CLIENT\0649\001\00019969.WPD

**EXHIBIT "20"**

Case 20-01022-t   Doc 16-5   Filed 10/30/20   Entered 10/30/20 16:21:45   Page 12 of 21

Respectfully submitted,

**LAW OFFICE OF KYLE H. MOBERLY, P. C.**

By:     */s/ Kyle H. Moberly*
        Kyle H. Moberly
        State Bar # 245
        Attorney for Defendant/Petitioner
        2460 S. Locust Ste. E
        Las Cruces, NM 88001
        (575) 541-1278

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, this Notice of Appeal was served on Plaintiffs' counsel of record electronically through the Odyssey File & Serve/Tyler Technology system and mailed to each of the following:.

Clerk of the New Mexico Court of Appeals
P.O. Box 2008
Santa Fe, NM 87504-2008

Office of the Court Monitor
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Judge James Waylon Counts
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Brian Van Winkle
P.O. Box 2595
Ruidoso, NM 88355

*/s/ Kyle H. Moberly*
**KYLE H. MOBERLY**

Notice of Appeal
Belleview Valley Land Co. v. Tammy Sprague
Cause No. CV-2010-01054                                   Lawofficeserver/e/Dox/CLIENT/0649/001/00019969.WPD

Page 2 of 2
Case 20-01022-t   Doc 16-5   Filed 10/30/20   Entered 10/30/20 16:21:45   Page 13 of 21

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/12/2019 10:22 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

     Plaintiffs,

v.

                              Cause No. D-1215-CV-2010-01054
                              Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

     Defendant,

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

     Defendants-in-Intervention.

### ORDER DENYING MOTION TO SUBSTITUTE TAMMY SPRAGUE, BRIAN VAN WINKLE AND HALEY VAN WINKLE AS PETITIONERS

**THIS MATTER** came before the Court at a hearing on March 11, 2019, of Defendant/Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners. Defendant/Petitioner was represented by her counsel of record, Law Office of Kyle H. Moberly, P.C. (Kyle H. Moberly), and Plaintiffs were represented by their counsel of record, Martin, Dugan & Martin (Kenneth D. Dugan). The Court, having reviewed the motion and being otherwise fully advised, finds that the motion should be denied.

Order Denying Motion to Substitute Tammy Sprague,
Brian Van Winkle and Haley Van Winkle as Petitioners

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054

Exhibit A


Case 20-01022-t   Doc 16-5   Filed 10/30/20   Entered 10/30/20 16:21:45   Page 14 of 21

**IT IS THEREFORE ORDERED** that the motion of Defendant/Petitioner to substitute Tammy Sprague, Brian Van Winkle, and Haley Van Winkle in place of Defendant/Petitioner as petitioner in redemption in this matter is denied.

**JUDGE JAMES WAYLON COUNTS**

SUBMITTED BY:

Law Office of Kyle H. Moberly, P.C.

By:  */s/ Kyle H. Moberly*
     Kyle H. Moberly
     Attorney for Defendant/Petitioner
     2460 S. Locust Street, Suite E
     Las Cruces, New Mexico 88001
     (575) 541-1278

APPROVED BY:

Martin, Dugan & Martin

By:  *Approved by Kenneth D. Dugan by email on 5/13/2019*
     Wilfred T. Martin
     Kenneth D. Dugan
     Attorneys for Plaintiffs
     P.O. Box 2168,
     Carlsbad, New Mexico 88221
     (575) 887-3528

Order Denying Motion to Substitute Tammy Sprague,        Belleview Valley Land Co. v. Sprague
Brian Van Winkle and Haley Van Winkle as Petitioners     Cause No. D-1215-CV-2010-01054

Page 2 of 2

Case 20-01022-t   Doc 16-5   Filed 10/30/20   Entered 10/30/20 16:21:45 Page 15 of 21

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/19/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John H. Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                                  )
                   Plaintiffs, )      No. CV-2010-01054
                                  )
vs. )
                                  )
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
                                  )
                 Defendant/Petitioner, )
                                  )
and )
                                  )
BRIAN VAN WINKLE and JUDITH A. )
VAN WINKLE, husband and wife, )
                                  )
                 Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

# Exhibit B

CAME ON to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. There are no issues of material fact, and thus summary judgment is appropriate.

B. NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate . . .."

"(1)     by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

"(2)     by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale."

C. Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D. Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from

the former defendant owner. Since the only attachable asset of the Fred Van Winkle

estate would be the subject property, Plaintiffs would be able to seek payment of their

judgment by again proceeding against the Property.

E. Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F. At a hearing on redemption, "the judge shall determine the amount of money

necessary for the redemption, which shall include the money paid at the sale and all

taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C) (2007).

G.   The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.

3. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall promptly set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

4. If Defendant elects option (a) to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption.     Also, in that event, Plaintiffs' judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

their judgment lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____          _____
Kenneth D. Dugan, counsel for Plaintiffs          Kyle Moberly, counsel for Defendant