# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Fred Dale Van Winkle**, | ) | Case No. 13-11743-t7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Brian Van Winkle**, not in his personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, and **Tammy Sprague**, not in her personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, | ) ) ) ) ) ) | Adv. No. 20-01022 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Belleview Valley Land Co.**, a New Mexico corporation, **John H. Williams**, and **Ellen B. Williams**, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## REFLING OF DEFENDANTS' EXHIBITS TO THE MOTION FOR SUMMARY JUDGMENT

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

Plaintiffs-Appellees,

v.

TAMMY SPRAGUE, Personal Representative
of the Estate of Fred Van Winkle, Deceased,

Defendant-Appellant

and

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

Defendants-in-Intervention.

**A-1-CA-38423**

No. A-1-CA-................
Otero County
D-1215-CV-2010-01054

## DOCKETING STATEMENT

Appeal taken from the Twelfth Judicial District Court
Otero County, New Mexico
The Honorable James Waylon Counts, District Judge, Presiding

> Law Office of Kyle H.
> Moberly, P.C.
> Kyle H. Moberly
> 2460 S. Locust, Ste. E
> Las Cruces, NM 88001
> 575-541-1278
> *Counsel for
> Defendant/Appellant*

## I. NATURE OF PROCEEDING

This appeal arises from *Belleview Valley Land Co. v. Sprague*, in which Belleview Valley Land Co. ("Belleview"), John Williams, and Ellen Williams (collectively, "Plaintiffs" or "Appellees") originally sued Fred Van Winkle in December 2010 for foreclosure and sale of real property to satisfy a judgement debt that was entered in August 2010 after resolution of an earlier dispute. In 2019, the district court entered a series of orders (1) denying substitution of the parties seeking redemption, (2) granting Plaintiffs summary judgment for foreclosure for payment of a deficiency judgment, and (3) disbursing the deposited redemption funds to John and Ellen Williams. Defendant, Tammy Sprague, personal representative ("PR") of the estate of Fred Van Winkle, deceased ("Estate"), appeals.

## II. STATEMENT OF JURISDICITON

Defendant appeals the following orders:

1. *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019;

2. *Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, filed July 19, 2019; and

3. *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

Defendant filed the *Notice of Appeal* on July 29, 2019 in the district court and attached the first two orders. The *Notice* was mailed to the Clerk of the Court of Appeals. Defendant filed an *Amended Notice of Appeal* on August 12, 2019—within 30 days of the filing of all three orders—in the district court and attached all three orders. The *Amended Notice* was also mailed to the Clerk of the Court of Appeals. The docketing statement is due no later than September 11, 2019.

## III. **STATEMENT OF FACTS**

### A. *The Initial Proceedings*

This case involves a 2010 complaint for foreclosure, but begins with an earlier case in which Plaintiffs obtained a judgment against Fred Van Winkle. Originally, Mr. Van Winkle sold a parcel of real estate to Plaintiffs, but after the first lawsuit, Plaintiffs were required to deed the property back to Mr. Van Winkle and Mr. Van Winkle ordered to refund the purchase price ($150,000) and pay other damages, totaling $234,944.31. In the 2010 complaint for foreclosure, Plaintiffs sought to foreclose on the same piece of property ("Otero Property") to satisfy its judgment lien. Plaintiffs filed a motion for summary judgment on the foreclosure, which the district court orally granted.

Before the district court entered a written order, Mr. Van Winkle filed a notice of bankruptcy on September 1, 2011, which was dismissed on February 27, 2013.

Mr. Van Winkle filed notice of a second bankruptcy proceeding on May 22, 2013, and on March 4, 2014, Plaintiffs filed a notice that the second bankruptcy stay had lifted with respect to the Otero Property. Specifically, the bankruptcy court permitted the foreclosure action regarding the Otero Property to proceed and required that any surplus proceeds be paid to the bankruptcy trustee. Plaintiffs filed a motion for summary judgment in the foreclosure action on April 18, 2014. On May 22, 2014, the district court entered a final judgment foreclosing the judgement lien and ordering sale of the Otero Property at public auction. The order noted that Mr. Van Winkle had a right of redemption.

The foreclosure sale was noticed on May 29, 2014. On June 11, 2014, Tammy Sprague filed a motion to modify or amend the final judgment. Ms. Sprague informed the district court that her father died on April 28, 2014, and that she had been appointed as the personal representative of her father's probate estate. Ms. Sprague requested that the district court halt the foreclosure sale so that the Estate could respond to the summary judgment motion. In their response, Plaintiffs argued in relevant part that because of the bankruptcies, the Estate had no interest in the Otero Property, and the Estate was not subject to a deficiency judgment. The foreclosure sale occurred on July 8, 2014. According to the special master's report, John and Ellen Williams purchased the Otero Property for $67,000 and the

deficiency judgment amounted to $271,905.61. On July 14, 2014, the district court denied Ms. Sprague's motion to modify or amend the final judgment and on July 28, 2014, the district court approved the special master's report.[1] The district court ruled that "While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectible as provided in *Chapel v. Nevitt*, [2009-NMCA-017, 145 N.M. 674]."

## B. *The Redemption Petition*

The PR filed a petition for redemption of the Otero Property on April 20, 2015. In the petition, the PR alleged that the amount of money necessary to redeem the property was $73,200.94 and requested the court to accept a deposit in that amount to redeem the Otero Property. Plaintiffs responded by filing a second complaint for foreclosure and a simultaneous motion for summary judgment on May 14, 2015 ("*2015 Summary Judgment Motion*"). In the motion for summary judgment, Plaintiffs requested that the district court enter an order "requiring either that Defendant [the Estate] . . . pay the Plaintiffs' [entire] Deficiency Judgment prior to redemption and/or that the property is [be] foreclosed and re-sold prior to or

---

[1] Although the district court does not appear to have ruled on Ms. Sprague's motion to substitute the Estate for Mr. Van Winkle, in the order adopting the special master's report, the caption shows Ms. Sprague, as the PR as the defendant.

simultaneous with the issuance of the Certificate of Redemption." Plaintiffs made three arguments:

1. Redemption revived the original judgment lien and the Otero Property could again be foreclosed to satisfy the deficiency;

2. The deficiency judgment was a lien on the redemption right and any certificate of redemption must be subject to payment of the deficiency lien; or,

3. Equity permits redemption only on just terms and conditions.

In response, the Estate pointed out that the summary judgment motion was premature, because the property was not yet redeemed and no answer had been filed to the foreclosure complaint or any discovery conducted. Among other arguments, the Estate maintained that the July 2014 deficiency judgment did not make the Estate—as opposed to Mr. Van Winkle—liable for the outstanding debt and that the purposes of the redemption statute were served by permitting the Estate to redeem the Otero Property for the amount described in the redemption statute. The Estate expressed its intent to withdraw the petition for redemption if the district court ordered payment of the entire deficiency judgment as a condition of redemption.

The Estate then filed a complaint in the bankruptcy court against Plaintiffs. In that complaint, the Estate claimed that Plaintiffs' actions in the state court proceeding violated the discharge injunction imposed by bankruptcy law. The parties stipulated to the entry by the bankruptcy court of a stay of the state court

proceedings until the bankruptcy action was resolved. A notice of that stay was filed with the district court on July 2, 2015. The bankruptcy court initially determined that the Plaintiffs' plan to re-foreclose on the Otero Property, post-redemption, would violate the discharge injunction and that the deficiency judgment would not re-attach to the Otero Property after redemption by the Estate. The Bankruptcy Appellate Panel, however, reversed and held that the deficiency judgment would re-attach to the Otero Property if it was redeemed by the original debtor but might not re-attach if the property were redeemed by a third party.[2] The stay of the state court proceedings was lifted by stipulation on August 24, 2018. The order lifting the stay noted that an attorney fee award issue remained pending in the Tenth Circuit Court of Appeals, but otherwise, the matter was resolved.

On August 27, 2018, the Estate filed *Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners* ("*Substitution Motion*"), to substitute Mr. Van Winkle's heirs for the Estate as the petitioners in the redemption proceeding. The Estate noted that the heirs, not the Estate, were the real parties in interest. They had provided the money for the redemption deposit.

---

[2] The Bankruptcy Appellate Panel did not reverse the lower court's judgment that Plaintiff violated a stipulated order by pursuing a different foreclosure action and awarded the Estate $50,000 in damages.

Plaintiffs objected and argued—without providing evidence—that the Estate's assignment as nominal redeemer to the heirs was ineffective and that it and the substitution constituted fraud and were not in good faith. Plaintiffs additionally maintained that simply by filing the redemption petition and making the deposit, the Estate already owned the Otero Property again and the Plaintiffs' judgment lien re-attached automatically. The Estate responded that the assignment was not fraudulent because when the PR filed the petition for redemption, she was merely acting on behalf of the heirs, who had the right to redeem the property and provided the redemption deposit, and, therefore, the assignment did not transfer anything to the heirs that did not already belong to them. Attached to the *Reply* was a deposition excerpt with testimony from Ms. Sprague indicating the Estate had few assets and that the three heirs were personally obligated to repay the loan they obtained to make the redemption deposit.

The Court received no new briefing or evidence related to the *2015 Summary Judgment Motion* after the case returned from the bankruptcy stay or after the *Substitution Motion* was filed. In particular, Belleview did not address the impact of the Estate's assignment as nominal redeemer to the heirs or provide any evidence that the assignment was fraudulent or in bad faith. The district court held hearings on March 11, 2019 on the *Substitution Motion* and the *2015 Summary Judgment*

*Motion.* At the hearings, the Estate argued that if the heirs were substituted, the deficiency judgment would not re-attach after redemption. On April 26, 2019, the district court entered a "minute order" granting Plaintiffs' *2015 Summary Judgment Motion* and directing Plaintiff to prepare an order reflecting the ruling. On July 12, 2019, the district court entered an order denying the Estate's *Substitution Motion*. The parties submitted competing forms of order on summary judgment, and on July 19, 2019, after a hearing, the district court entered what is essentially Plaintiffs' form of order. The *Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* ("*Summary Judgment Order*"), found the following (in relevant part):

1. After the $67,000 sale of the Otero Property, a deficiency judgment remained of $271,905.61 plus interest;

2. Ms. Sprague "as personal representative" sought to redeem the property and deposit $73,200.94; and,

3. "Defendant and Defendants-in Intervention[3] are not bona fide purchases in good faith."

---

[3] Brian Van Winkle moved to intervene in 2011 on an unrelated matter. It is not clear whether, in the *Summary Judgment Order*, the district court was referring to Brian Van Winkle as 2011 intervener or to the heirs (which includes Brian Van Winkle) who had been offered as substitute parties.

The district court determined that because the deficiency was not satisfied by the foreclosure sale, Plaintiffs could seek payment of the judgment by again obtaining foreclosure on the Otero Property. The district court concluded that

1. "Plaintiffs have the ability to seek payment of their judgment lien by again proceeding to foreclose the Property if it is redeemed herein."

2. The Estate had ten days to either elect to pursue redemption or withdraw the petition. If the Estate took no action, the district court would deem the Estate to have selected withdrawal.

3. If the Estate elected redemption, the district court would hold a hearing to determine the amount that must be tendered for redemption and Plaintiffs would be entitled to simultaneous foreclosure on the Otero Property to seek payment of their deficiency judgment.

On July 24, 2019, Plaintiffs filed a motion to distribute to John and Ellen Williams the funds in the court registry—the deposit made in anticipation of redemption. Plaintiffs' position was that if the Estate elected to withdraw its petition for redemption, Plaintiffs were still entitled to the funds in the registry because (1) the deposit of redemption funds was "irrevocable" and unconditional; (2) the purchaser at the foreclosure sale was entitled to the redemption funds; and, (3) the tender of funds carried the risk that the redemption would not result in clear title. Plaintiffs sought the money from the registry, to retain title to the Otero Property, and confirmation that the deficiency judgment amounted to $271,905.61.

On July 29, 2019, before the ten-day period set forth in the July 19, 2019 *Summary Judgment Order* expired, the Estate file a notice of appeal to this Court. The district court nevertheless held a hearing on August 9, 2019 and granted Plaintiffs' motion to distribute funds, over the Estate's oral objections and argument that July 29, 2019 notice of appeal tolled the time to elect whether to withdraw or pursue redemption and lodged jurisdiction in the Court of Appeals. The Estate maintained that it could pursue redemption if the district court's rulings on the *Substitution Motion* and the *2015 Summary Judgment Order* were reversed and the heirs could redeem the Otero Property without re-attachment of Plaintiffs' judgment lien. At the hearing, the Estate further argued that equity would favor returning the parties to the *status quo* before the attempted redemption—the money returned to the Estate and the redemption proceeding removed as an encumbrance or cloud on the foreclosure purchasers' title to the Otero Property. The August 12, 2019 *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment* ("*Distribution Order*") found that the Estate did not timely file an election and was deemed to have withdrawn its petition to redeem the Otero Property, the Estate "irrevocably deposited" the redemption funds, and the Plaintiffs who purchased the Otero Property at the foreclosure sale, John and Ellen Williams, were entitled to receive the $73,454.37 from the court registry. The Court reduced the

deficiency judgment to account for the difference between the original purchase price ($67,000) and the sum of the amount deposited by the Estate ($73,200.94) plus interest earned thereon ($253.43) and reduced the deficiency judgment to $265,451.24.

The Estate filed an amended notice of appeal on August 12, 2019 and attached the order denying the *Substitution Motion*, the *Summary Judgment Order*, and the *Distribution Order*.

## IV. STATEMENT OF ISSUES AND PRESERVATION

**Issue No. 1**: The district court abused its discretion by refusing to permit the heirs to substitute for the Estate as the real parties in interest for the petition for redemption.

This issue arose in the Estate's *Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed August 27, 2017 and was resolved by the *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019.

**Issue No. 2**: The district court improperly granted summary judgment on Plaintiffs' premature complaint for foreclosure, because the Otero Property had not been redeemed, nor had it been determined whether the Otero Property would be redeemed or who would be entitled to redeem the Otero Property or whether

Plaintiffs' judgment lien would re-attach to the Otero Property if it was redeemed by Mr. Van Winkle's heirs.

This issue arose in *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, filed May 14, 2015. The Estate argued in the *Substitution Motion*, the corresponding *Reply*, and at the March 11, 2019 hearing that the heirs were the real parties in interest because they had the right to redeem the Otero Property and they had provided the redemption deposit, and that if the heirs, rather than the Estate, redeemed the Otero Property, the Plaintiffs' judgment lien would not re-attach to it.

The district court rejected the argument in the *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019, and in the *Summary Judgment Order*, filed July 19, 2019.

**Issue No. 3**: The district court improperly ruled that despite the July 29, 2019 notice of appeal, the Estate did not timely file an election to proceed with or withdraw the redemption petition within ten days of the entry of the July 19, 2019 Order and rejected the Estate's contention that the July 29, 2019 notice of appeal tolled the time to act.

This issue arose by way of the *Summary Judgment Order*, filed July 19, 2019; the July 29, 2019 *Notice of Appeal*; argument at the August 9, 2019 hearing; and the

*Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

**Issue No. 4**: The district court improperly determined that the Plaintiffs who purchased the Otero Property at the foreclosure sale, John and Ellen Williams, were entitled to receive from the court registry the funds that the PR deposited when she filed the petition to redeem the Otero Property plus the interest earned thereon, even though the court deemed the redemption petition withdrawn.

This issue arose in *Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed July 24, 2019 and was resolved by the *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

**Issue No. 5**: Under these circumstances, equity favors the return of the money in the registry to the depositor, when the property was purchased at the foreclosure sale for less than half the value of the property by some of the foreclosure plaintiffs; a large deficiency judgment resulted; the original debtor died, leaving the Estate and heirs to resolve their interests; disputed issues about the revival of the judgment lien after redemption had been at least partially resolved legitimately through litigation both in the bankruptcy courts and the district court; and, disputed issues of material fact remained about whether the heirs were entitled to redeem the Otero Property.

This issue arose in *Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed July 24, 2019, and the Estate argued at either or both of the July 19, 2019 hearing and the August 9, 2019 hearing that the district court should equitably refund the redemption deposit to Mr. Van Winkle's heirs because otherwise the foreclosure purchasers would get to keep the property and the heirs' money. The district court rejected the Estate's argument when it decided in the *Redemption Order* that the deposit was unconditional and automatically went to the foreclosure purchasers, despite the court's determination that the redemption petition was deemed withdrawn.

## V.  LEGAL AUTHORITY

### Substitution

Rule 1-017(A) NMRA (defining "real party in interest").

Rule 1-025(A)(1) NMRA (permitting substitution of parties after a party dies).

Rule 1-025(C) NMRA (permitting, in the case of any transfer of interest, an action to continue by or against the original party, "unless the court upon motion directs the person to whom the interest is transferred to be substituted").

*Crown Life Ins. Co. v. Candlewood Ltd.*, 1991-NMSC-090, ¶14, 112 N.M. 633 (explaining that even if the party who acquires the rights is not substituted, though substitution is permitted to "avoid confusion or facilitate the conduct of the litigation," the action can be continued by the party who acquired the interest during the pendency of the proceeding).

*HSBC Bank USA v. Fenton*, 2005-NMCA-138, ¶ 3 n. 1, 138 N.M. 665 (noted that the district court that presided over the case allowed a party "to be designated as a petitioner by substitution for" a party who originally filed a petition for redemption).

## Summary Judgment

Rule 1-056 NMRA (requiring a party moving for summary judgment to show no genuine issue as to any material fact).

*Romero v. Phillip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713 (explaining that summary judgment is proper if the moving party meets its initial burden to establish "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted" (internal quotation marks and citation omitted)).

NMSA 1978, § 39-5-18(D) (2007) (defining "owner" to include "personal representatives, heirs, successors and assigns").

*Marquez v. Gomez*, 1991-NMCA-066, ¶ 12, 116 N.M. 626 ("An award of summary judgment is inappropriate when the facts before the court are insufficiently developed or where further factual resolution is necessary to determine the legal issues involved.")

*Turner v. Les File Drywall, Inc.*, 1994-NMSC-010, ¶¶ 12-13, 117 N.M. 7 (holding that a redemption assignee takes the redeemed property free of all junior judgments so long as the assignment was bona fide, for substantial consideration, and not contrary to the Uniform Fraudulent Transfer Act).

*Brown v. Trujillo*, 2004-NMCA-040, ¶¶ 20, 27, 135 N.M. 365 (explaining that (1) though the standard for review for equitable decisions was generally abuse of discretion, where the issue arose on summary judgment, the Court viewed the evidence in the light most favorable to the non-moving party to determine if the trial court had "discretion to exercise under the facts so viewed;" and, (2) a purpose of redemption is to protect a debtor from a foreclosure purchase for a small amount that strips the property and reduces the debt minimally).

*Ellen Equipment Corp. v. C.V. Consultants & Assocs.*, 2008-NMCA-057, ¶¶ 1, 9, 144 N.M. 55 (reviewing for substantial evidence the trial court's fact-findings

regarding fraudulent transfer; interpreting the New Mexico Uniform Fraudulent Transfer Act; and identifying fraudulent transfer elements as proof by clear and convincing evidence the transfer was made "(1) with actual intent to hinder, delay, or defraud any creditor of the debtor or (2) without receiving a reasonably equivalent value in exchange for the transfer under the circumstances set out in the statute").

*Western Bank v. Malooly*, 1995-NMCA-044, ¶ 9, 119 N.M. 743 (noting that other states generally permit "transfer of the right of redemption . . . by assignment") (alteration in original) (quoting 3 Richard R. Powell, *Powell on Real Property* P 470, 37-365 (Patrick J. Rohan rev. ed. 1994))).

## Tolling and "Deemed" Withdrawn

*Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-013, ¶ 14, __ P.3d __ (considering statutory tolling and defining "tolling" as an "interruption in the time a limitations period runs" that "persists as long as the cause of the tolling persists, and when that cause ends, the calculation of time under the statute commences again" (quoting 1 *The Wolters Kluwer, Bouvier Law Dictionary* 1645 (Desk. Ex. 2012)).

*Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin.*, 1990-NMSC-013, 109 N.M. 492 (observing that New Mexico had adopted a "nonstatutory tolling" principle and noting that dismissal for negligent prosecution would not toll limitations periods).

*Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶¶ 3-4, 115 N.M. 397 (acknowledging that Rule 1-054 NMRA does not apply if the remaining questions involve proceedings to give effect to the judgment ("such as the disposition and distribution of assets in accordance with an adjudication" or judicial sale after a decree of foreclosure); recognizing the difficulty in creating a finality formula that covers all cases "coming within the twilight zone of finality;" determining that the "zone of appeal" should be a "practical choice" and not a "procedural danger zone;" and permitting appeals when the "policies of facilitating meaningful appellate review and of achieving judicial efficiency outweigh the policy against piecemeal appeals").

*Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶¶ 11-20, 139 N.M. 625 (noting that the filing of a notice of appeal of a final and appealable order is a jurisdictional event

that divests the district court of jurisdiction apart from actions "that are taken to 'carry out and enforce the judgment,'" observing that appeals should not be taken solely to divest the district court of jurisdiction, and considering the "other options" available to the appellant to avoid the practical implication of the district court's ruling) (quoting *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 33, 113 N.M. 231).

*Atherton v. Gopin*, 2015-NMCA-003, ¶¶ 22-27, (interpreting the summary judgment rules and reversing the district court's ruling that a party who did not respond to a summary judgment motion could not contest the moving party's undisputed facts because "if a failure to respond [to a motion for summary judgment] does not result in consent to grant the motion, neither should it result in a waiver of the ability to respond")

## Deposit Forfeiture

NMSA 1978, § 39-5-18(A)(2) (2007) (allowing that "real estate may be redeemed" by a former defendant owner by filing a petition and making a deposit with the district court clerk within nine months from the date of sale).

NMSA 1978, § 39-5-18(B) (2007) (allowing the purchaser time to respond to the petition for redemption, suggesting that the redemption does not occur until the purchaser has an opportunity to respond).

NMSA 1978, § 39-5-18(C) (2007) (permitting, but not requiring, the district court to, after a petition, tender of funds, response, and a hearing, determine the amount necessary for redemption, decide priority if there are multiple redeemers, and order the clerk of the court to issue a certificate of redemption "upon such terms and conditions as it deems just").

*Crown Life Ins. Co. v. Candlewood Ltd.*, 1991-NMSC-090, ¶¶ 10-11, 112 N.M. 633 (considering whether the redemption statute required a new case to be filed to initiate redemption and determining that the word "petition" in Section 39-5-18 refers to "essentially an application made to a court requesting judicial action of some kind," indicating that redemption is not complete upon filing of the petition but instead requires judicial action of some kind).

*Union Esperanza Mining Co. v. Shandon Mining Co.*, 1913-NMSC-059, ¶¶ 12-20, 18 N.M. 153 (holding that a redeemer could not condition the tender of funds on receiving a deed and release of demands against the property but not addressing whether any funds tendered were forfeited to the purchaser at the time the funds were offered).

*Dalton v. Franken Constr. Cos.*, 1996-NMCA-041, ¶¶ 4, 8-14, 121 N.M. 539 (determining that the debtor's tender of a check from the bank funding the redemption did not substantially comply with redemption statute requirements, because the check was made out to three payees (including the bank), but not addressing whether the bank would have received return of the funds if the "redemption bids were unsuccessful").

*Chapel v. Nevitt*, 2009-NMCA-017, ¶¶ 25, 33-35, 41, 145 N.M. 674 ((1) interpreting the redemption statute *de novo* and construing the statute narrowly, based on its plain meaning; (2) requiring the redeeming debtor to pay only the amount paid at the foreclosure sale, taxes, interest, and penalties; (3) observing that, though the matter was not before the Court, the proper method to collect a deficiency judgment after redemption is to foreclose again after redemption; (4) noting that the redemption statute does not guarantee clear title; and (5) holding that the redeemer's attempts to condition redemption on clear title demonstrated lack of compliance with the redemption statute but not addressing the forfeiture of deposited funds).

*Brown v. Trujillo*, 2004-NMCA-040, ¶ 16, 135 N.M. 365 (noting that "[t]he difference between making money available to Purchaser upon his execution of a quitclaim deed at a closing at an escrow company and giving Purchaser cash in hand is apparent" but not determining that any "cash in hand" was forfeited at the time it was tendered in anticipation of redemption).

*HSBC Bank USA v. Fenton*, 2005-NMCA-138, ¶¶ 1-3, 6, 10, 138 N.M. 665, holding regarding priority superseded by amendment to the statute as stated in *Mortg. Elec. Registration Sys. v. Montoya*, 2008-NMCA-081, ¶ 13, 144 N.M. 264 (refusing to read language into the redemption statute that was not present "particularly if [the statute] makes sense as written" and considering the prioritization of redemption attempts by more than one party and assigning priority to the original owner but not addressing whether any funds tendered by the junior redeemer were forfeited simply because they were tendered, even though the junior redemption would not proceed).

## Equity

*Chapel v. Nevitt*, 2009-NMCA-017, ¶ 38, 145 N.M. 674 (reviewing the district court's equitable determination for abuse of discretion).

*Plaza Nat'l Bank v. Valdez*, 1987-NMSC-105, ¶¶ 13, 16 106 N.M. 464 ("In order to entertain a request for equitable relief there must first be some showing of wrongful conduct on the part of the person against whom relief is sought" and "[t]hat the facts of a case are without reported precedent should be no deterrent to the granting of equitable relief").

*Brown v. Trujillo*, 2004-NMCA-040, ¶¶ 27-28, 34, 135 N.M. 365 (explaining that one purpose for permitting redemption is to help prevent the plaintiff from bidding too low and "receiving the property for a minimal price while retaining the right to recover the full amount of the debt;" noting that "[w]hen a purchaser's misconduct allows him or her to evade or undermine these protections, courts can use their equitable discretion in favor of the debtor" to prevent an unjust windfall to the purchaser; and, considering the amount of the debt and the foreclosure sale price to consider whether protection for the debtor was appropriate).

*HSBC Bank USA v. Fenton*, 2005-NMCA-138, ¶ 10, 138 N.M. 665, holding regarding priority superseded by amendment to the statute as stated in *Mortg. Elec. Registration Sys. v. Montoya*, 2008-NMCA-081, ¶ 13, 144 N.M. 264, (adopting the "fairest approach" when the statute was silent and "absent any equitable considerations").

*Mortg. Elec. Registration Sys. v. Montoya*, 2008-NMCA-081, ¶ 8, 144 N.M. 264 (permitting the court to consider "'overriding equitable considerations'" when evaluating the "clash of interests" between property owners and foreclosure purchasers (quoting *HSBC Bank*, 2005-NMCA-138, ¶ 10)).

## VI.  RECORDING OF PROCEEDINGS BELOW

All of the proceedings before the district court were audio recorded.

Case 20-01022-t   Doc 16-7   Filed 10/30/20   Entered 10/30/20 16:21:45 Page 21 of 23

## VII. **PRIOR/RELATED APPEALS**

On November 3, 2014, Peter V. Joyce filed a notice of appeal with this Court of the district court's *Order Voiding Deed and Granting Permanent Injunction*, which voided an easement granted by the PR and permanently enjoined Mr. Joyce from entering the Otero Property.

Respectfully Submitted,
Law Office of Kyle H. Moberly, P.C.

By: _____
     Kyle H. Moberly
Attorney for Appellant/Defendant
2460 S. Locust Ste. E
Las Cruces, NM 88001
(575) 541-1278

Case 20-01022-t   Doc 16-7   Filed 10/30/20   Entered 10/30/20 16:21:45 Page 22 of 23

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, this Docketing Statement was served on Plaintiffs' counsel of record electronically through the Odyssey File & Serve/Tyler Technology system and mailed to each of the following:

Clerk of the New Mexico Court of Appeals
P.O. Box 2008
Santa Fe, NM 87504-2008

Judge James Waylon Counts
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Office of the Court Monitor
Otero County Courthouse
1000 New York Avenue
Alamogordo, NM 88310

Brian Van Winkle
P.O. Box 2595
Ruidoso, NM 88355

KYLE H. MOBERLY

Case 20-01022-t    Doc 16-7    Filed 10/30/20    Entered 10/30/20 16:21:45 Page 23 of 23