# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

**In re:**                                            )
                                                      )
**Fred Dale Van Winkle**,                             )        Case No. 13-11743-t7
                                                      )
        Debtor,                              )
                                                      )
and                                                   )
                                                      )
**Brian Van Winkle**, not in his personal capacity   )
but solely as co–personal representative             )
of the estate of Fred Van Winkle, and **Tammy**      )
**Sprague**, not in her personal capacity but solely as )   Adv. No. 20-01022
co–personal representative of the estate of Fred      )
Van Winkle,                                           )
                                                      )
        Plaintiffs,                          )
                                                      )
vs.                                                   )
                                                      )
**Belleview Valley Land Co.**, a New Mexico          )
corporation, **John H. Williams**, and **Ellen B.**  )
**Williams**,                                         )
                                                      )
        Defendants.                          )
                                                      )

## REFLING OF DEFENDANTS' EXHIBITS TO THE
## MOTION FOR SUMMARY JUDGMENT

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
1/10/2019 11:24 AM
KATINA WATSON
CLERK OF THE COURT
Lisa Willard

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
)
                  Plaintiffs, )   No. CV-2015-00065
)
vs. )
)
THE ESTATE OF FRED VAN WINKLE, deceased. )
)
                  Defendant. )

## PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT FOR JUDGMENT FOR DEBT AND MONEY DUE ON PROMISSORY NOTE, TO FORECLOSE REAL ESTATE MORTGAGE AND TO FORECLOSE JUDGMENT LIEN

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.co

**COME NOW** Belleview Valley Land Co. ("BVL"), John Williams and Ellen B. Williams (*hereinafter sometimes jointly referred to as "Williams"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and pursuant to NMRA 1-015A moves this Court to enter an order granting their *Motion to File a Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*. As grounds for their Motion, BVL and Williams state:

1. Suit was filed on April 20, 2015.

2. A First Amended Complaint was filed May 19, 2015. There had been no Answer or other pleading filed by the Defendant.

3. On August 5, 2015, Counsel for the Defendant entered his appearance, but did not file an Answer at that time.

4. On August 5, 2015 a *Notice of Filing of Stipulated Order Staying State Court Litigation Pending Bankruptcy Court Addressing Adversary Complaint* was filed. As a result, this action was stayed until further order of the Bankruptcy Court.

5. On August 8, 2018, the Bankruptcy Court entered its *Order Terminating the Automatic Stay*. A Notice of the filing of the Order has been filed on January 9, 2019 with this Court.

6. Because of (i) the time that has passed while this action was subject to the stay and (ii) a need to modify the pleadings as a result of the Bankruptcy Court litigation, it is necessary to file a Second Amended Complaint.

7. There is still no Answer filed by the Defendant, but because NMRA 1-015A only allows one amendment to a Complaint when no Answer has been filed, it is necessary to obtain leave of this Court to file a second Amended Complaint.

1

8. This Court should allow the filing of the *Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* so the Complaint is current in light of the past several years history while the stay remained in effect.

9. A copy of the proposed *Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* is attached to this Motion as **Exhibit "A"** and is incorporated herein as if full set forth.

10. As of the date of filing this Motion, BVL and Williams have not determined whether this Motion is, or is not, opposed. Once that determination is made, BVL and Williams will inform this Court.

**Martin, Dugan & Martin**

By_____

      W.T. Martin, Jr.
      P.O. Box 2168
      Carlsbad, NM 88221-2168
      575-887-3528
      575-887-2136 (facsimile)
      e-mail: martinlaw@zianet.com
      Attorney for Plaintiffs, BVL & Williams

Martin, Dugan & Martin certifies on the 10th day of January 2019 it filed the foregoing pleading electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means.

_W. T. Martin, Jr._

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
6/7/2019 2:55 PM
KATINA WATSON
CLERK OF THE COURT
Gloria Lamay

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John Williams** and **ELLEN B.** )
**WILLIAMS**, husband and wife, )
)
    Plaintiffs, )  No. CV-2015-00065
)
vs. )
)
THE ESTATE OF FRED VAN WINKLE, deceased. )
)
    Defendant. )

## SECOND AMENDED COMPLAINT FOR JUDGMENT FOR DEBT AND MONEY DUE ON PROMISSORY NOTE, TO FORECLOSE REAL ESTATE MORTGAGE AND TO FORECLOSE JUDGMENT LIEN

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

**COME NOW Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** *(hereinafter sometimes jointly referred to as "Williams")* by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and for their *Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* state:

1. BVL is a Missouri corporation authorized to conduct business in New Mexico. Williams are residents of the State of Missouri.

2. Fred **Van Winkle** *(hereinafter referred to as "Van Winkle")* was a resident of Ruidoso, Lincoln County, New Mexico.

3. At all times relevant to this Complaint, Van Winkle was a single man dealing with his sole and separate property.

    A. Van Winkle died on April 29, 2014.

    B. His estate is being probated in Lincoln County.

    C. His daughter, Tammy Sprague, is the duly qualified and acting Personal Representative of the Estate.

    D. A portion of the events relevant to this Complaint occurred while Van Winkle was alive. Other events occurred after his death while his estate was, and is, being probated by Tammy Sprague as Personal Representative.

4. The following events are relevant to this Complaint:

Enforcement of Judgment Liens:

      A.    On August 13, 2010, BVL and the Williams obtained judgment against Van Winkle in the amount of $243,944.31 in Otero County Cause Number CV-2008-76-Div. II, plus attorneys' fees, costs and interest at the rate of 8.75% per annum until paid.

      B.    On February 4, 2011, the Court subsequently awarded BVL and Williams: (i) attorneys' fees of $16,505.00; (ii) N.M. Gross Receipts Tax of $1,206.93; and (iii) interest on the total award of attorney fees and tax ($17,711.93) at the rate of 8.75% from date of award. (Copies of the *Final Judgment* and *Order Awarding Attorney Fees* is attached as *Exhibits "A & B"*).

      C.    BVL and Williams filed their *Transcript of Judgment* in Otero County, New Mexico. A judgment lien attached to the Otero County real property Van Winkle then owned.

      D.    Because Van Winkle owned real property in Lincoln County, on August 17, 2010, BVL and Williams recorded a *Transcript of Judgment* reflecting the Otero County District Court judgment with the Lincoln County Clerk of Lincoln County, New Mexico. (*A copy of the Transcript of Judgment is attached as Exhibit "C" and is incorporated herein as if fully set forth.*)

E. Many months later, Van Winkle filed for relief under Chapter 13 of the Bankruptcy Code. The filing imposed the Automatic Stay on any enforcement of the Otero County District Court judgment.

    i. The Bankruptcy Court approved his Chapter 13 Plan.

    ii. The Chapter 13 was later dismissed by the Bankruptcy Court for non-performance of the Plan.

F. Shortly thereafter Van Winkle filed for relief under Chapter 7 of the Bankruptcy Code in Bankruptcy Cause Number 13-11743-j7. The Chapter 7 filing was on May 21, 2013. Because of the filing, the Automatic Stay was again in effect.

    i. After obtaining a Bankruptcy Court Order lifting the Automatic Stay as to foreclosing the judgment lien on the Otero County property, BVL and Williams filed suit to foreclose their judgment lien obtained in Otero County in Otero County Cause Number CV-2010-1054.

    ii. Judge Counts entered a Final Judgment foreclosing the judgment lien in Otero County on May 22, 2014. (*A copy of the* **Final Judgment** *is attached as* **Exhibit "D"** *to this Complaint and is incorporated herein as if fully set forth.*)

    iii. The Otero County property was sold at a Special Master's Sale. On July 23, 2014, the Otero County District Court approved the sale and entered a Deficiency Judgment in the amount of $271,905.61

with the amount earning interest at the rate of 8.75% per annum

The Order also stated:

> "The deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017."
>
> *(A copy of the Order approving the Special Master's Sale and awarding the deficiency judgment is attached as Exhibit "E" to this Complaint and is incorporated herein as if fully set forth.)*

G. The judgment remains unsatisfied.

H. On April 15, 2015, the Bankruptcy Court entered an Order abandoning and removing assets from the Bankruptcy Estate, including 702 White Mountain, #11, Ruidoso, New Mexico. *(A copy of the Order is attached as Exhibit "F" to this Complaint and is incorporated.)*

I. BVL and Williams are now entitled to foreclose their judgment lien on the Lincoln County property for the purpose of satisfying the deficiency judgment.

J. The Lincoln County real estate that is subject to foreclosure (the *"Property"*) is more particularly described as follows:

> Apartment 11, Building D, **PALISADES CONDOMINIUM PROJECT, PHASE II**, Ruidoso, Lincoln County, New Mexico, as shown by the plat plan thereof filed in the office of the County Clerk and Ex-officio Recorder of Lincoln County, New Mexico, August 16, 1973 in Tube No. 490 and as further set forth, established and identified by the those certain Declarations, recorded in Miscellaneous Book 40, pages 967 to 993, both inclusive; TOGETHER WITH said apartment's undivided interest in the common area and

facilities attributable thereto; SUBJECT TO easements, reservation, and restrictions of record. (Common address is 704 White Mountain Palisades # 11, Ruidoso, New Mexico 88345.)

K. Plaintiffs have prior, enforceable liens and/or mortgages on the Property.

L. As further set forth in this Complaint, BVL and Williams are entitled to judgment foreclosing their judgment lien and mortgage.

    i. In accordance with a prior Bankruptcy Court Order, the judgment lien is subject to a prior First Mortgage and the Estate's homestead exemption allowed under New Mexico law. (*See subsequent paragraphs in this Complaint regarding the First Mortgage and Estate's homestead exemption.*)

First Mortgage:

5. While Van Winkle was still alive and a single man, he borrowed money from the First National Bank of Ruidoso.

A. Van Winkle, as maker, executed a promissory note in favor of the First National Bank in the original principal amount of $31,049.00. (*hereinafter referred to as the "Note"*). (*A copy of the Note is attached as Exhibit "G" to this Complaint and is incorporated herein as if fully set forth.*)

    i. The Note was executed May 24, 2010.

    ii. The principal amount earned interest at the rate of 4.7% per annum.

B. For the purpose of securing the payment of the Note, Van Winkle also executed a Mortgage on the Lincoln County property in favor of the First National Bank of Ruidoso as Mortgagee (*hereinafter referred to as the*

"Mortgage"). (*A copy of the Mortgage is attached as **Exhibit "H"** and is incorporated herein as of fully set forth.*)

    i. The Mortgage is a first and prior lien on Van Winkle's Lincoln County real property.

C. Following Van Winkle's filing of his Chapter 7 bankruptcy, the Note and Mortgage's enforcement was subject to the Automatic Stay.

D. On or about August 6, 2013, Plaintiff, John Williams purchased the Note and Mortgage from the First National Bank of Ruidoso.

    i. John Williams paid $15,034.77 to the First National Bank of Ruidoso.

        i. The amount paid ($15,034.77) was the total indebtedness Van Winkle owed the First National Bank of Ruidoso as of August 6, 2017.

    ii. The First National Bank of Ruidoso's *Assignment of Mortgage* was recorded on October 10, 2013 in Book 2013 at Page 7035 in the Records of the Lincoln County Clerk. (*A copy of the Assignment of Mortgage is attached as **Exhibit "I"** and is incorporated herein as if fully set forth.*)

E. With the purchase of the Note and the assignment of the Mortgage, John Williams stands in the shoes of the First National Bank.

F. John Williams has all legal and equitable rights the First National Bank of Ruidoso held to enforce the Note and Mortgage.

        i. Pursuant to the terms of the Note and Mortgage, the Estate is the Successor in Interest and is the Borrower on the Note and the Mortgage.

        ii. The Estate is subject to all the terms, conditions and obligations in the Note and the Mortgage.

      G. John Williams's ability to enforce the terms of the Note and the Mortgage were still subject to the Automatic Stay.

6. The Bankruptcy Court Order of April 15, 2015, has resulted in John Williams now being able to enforce the terms of the Note and Mortgage. (*See Exhibit "F"* *attached to this Complaint.*)

7. The Note and Mortgage are in default.

    A. The amounts owed are as follows:

        i. $15,034.77 due and owing under the Note as of August 5, 2013; plus

        ii. Interest at the rate of 20% per annum[1] from August 6, 2013, resulting in $16,328.11 through January 9, 2019[2] (Interest continues to accrue at the rate of $8.2382 per day)[3]; plus

        iii. Late Charges $145.45[4]; plus

        iv. Amounts that Williams has advanced in an amount to be determined by this Court; plus

---

[1] The Promissory Note imposes an interest rate of 20% per annum after default.

[2] There are 1,982 days from August 6, 2013 through January 9, 2019.

[2] There are 1,982 days from August 6, 2013 through January 9, 2019.

[3] Daily accrual of interest is at the rate of $8.24 per day.

[4] The Promissory Note imposes a late charge of 5% of the regularly scheduled payment

       v.    Attorney fees in an amount to be determined by this Court; plus;

      vi.  Costs of this suit and foreclosure.

8. John Williams is entitled to an "*in rem*" judgment against the Estate[5] and/or the Property in the amounts as shown above and to have the Mortgage declared a first and prior lien on the above-described Lincoln County real property.

    A. John Williams is entitled to have the Mortgage foreclosed and the real property sold according to New Mexico law at Special Master's Sale to satisfy the Note.

9. Under the terms of the Mortgage, Williams is entitled to have a receiver appointed by this Court. Francis Bubser, a licensed real estate broker in Ruidoso, Lincoln County, New Mexico, has agreed to act as receiver. The receiver has the authority to:

    A. Take possession of the property;

    B. Protect and preserve the property;

    C. Operate the property pending foreclosure sale;

    D. Collect rents derived from the property;

    E. Serve without the necessity of posting bond.

Homestead Exemption:

10. When Van Winkle filed his Chapter 7 bankruptcy, he claimed his $60,000.00 homestead exemption under New Mexico law.

---

[5] Because of Van Winkle's bankruptcy, the judgment is an *in rem* judgment enforceable only against the real estate that is subject to the Mortgage.

11. After Van Winkle died, the Bankruptcy Court ruled that under the Bankruptcy Code, the Estate was entitled to the homestead exemption and could enforce the homestead exemption against the judicial lien.

12. The Bankruptcy Court ruled the homestead exemption had priority over the BVL and Williams's judgment lien. Plaintiffs' understanding of the effect of the Bankruptcy Order is to require the satisfaction of the $60,000.00 homestead exemption before any portion of the sale proceeds are paid to satisfy any portion of the judgment lien.

13. The Parties subsequently entered into a Stipulated Order Resolving Motion to Avoid Judicial Lien of Belleview Valley Land Co., John Williams and Ellen B. Williams (the *"Stipulated Order). (A copy of the Stipulated Order is attached as Exhibit "J" and is incorporated.)*

   A. The **Stipulated Order** partially avoided the judicial lien.

   B. The Stipulated Order further provided:

> When the amount of the payoff of the First Mortgage is known, the Court will enter a further order establishing the exact amount of the Creditors' judicial lien that can be applied against the Property.

14. Accordingly, the amount of the judicial lien cannot be determined until after this Court establishes the payoff amount on the Mortgage.

15. Ultimately, the extent of, calculation, distribution and payment of sales proceeds are subject to the Stipulated Order entered by the Bankruptcy Court.

16. Therefore, Plaintiffs request that this Court calculate the total amounts owing under the Mortgage and the judicial lien (but not a judgment yet).

17. Subsequently, either this Court (if authorized by the parties) or the Bankruptcy Court will need to establish the exact amount of Plaintiffs' judicial lien, taking into account the amounts owed under the Mortgage and the homestead exemption, and any other applicable deductions or accountings.

18. Then, in compliance with all prior rulings, this Court may enter a final judgment.

19. **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation of those bankruptcy court orders, rules or any laws is not intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

**WHEREFORE**, BVL and Williams pray that:

1. While the foreclosure is pending, Francis Bubser of Ruidoso, New Mexico, be appointed receiver with the authority set forth in Paragraph 9 above; and

2. An *in* rem judgment be entered in John Williams' favor for the amount owed on the Note and the Mortgage as requested above, but expressly and only within any limitations that may apply under applicable bankruptcy orders, rules and/or laws;

3. This Court award attorney fees, costs and expenses for enforcement of the Note and the Mortgage (it too being an *in rem* award), again expressly and only within the limitations that may apply under applicable bankruptcy orders, rules and/or laws; and

4. The Mortgage securing the payment of the Note be foreclosed; and

5. The foreclosed real property be sold according to New Mexico law at public auction by a Special Master; and

   a. The proceeds from the sale be paid to Plaintiffs for their claims pleaded herein and to the Estate in the proper sequence and according to the applicable limitations in accordance with New Mexico state law, the attached exhibits, and applicable bankruptcy orders, rules and/or laws.

6. That at all times the judgment and its enforcement be only *in rem*.

7. The Court grant such other and further relief as it deems proper.

Martin, Dugan & Martin

By_____

W.T. Martin, Jr.
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
*Attorney for Plaintiffs*

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
4/29/2019 4:52 PM
KATINA WATSON
CLERK OF THE COURT
Lisa Willard

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                         )
               Plaintiffs, )      No. CV-2015-00065
                         )
vs. )
                         )
THE ESTATE OF FRED VAN WINKLE, deceased, )
                         )
               Defendant. )

## ORDER ON PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

EXHIBIT "25"

**CAME ON** to be heard the *Plaintiffs' Motion to File a Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* (the "*Motion*") filed by **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The Defendant, Estate of Fred Van Winkle, was represented by counsel. After considering all appropriate matters, the Court finds the Motion should be and is hereby GRANTED. Subsequent to the hearing of the Motion, Plaintiffs withdrew their proposed Second Amended Complaint, and Plaintiff's counsel submitted to Defendant's counsel, Kyle H. Moberly, an alternative Second Amended Complaint for his review to assure compliance with the bankruptcy court orders. Defendant's counsel consented to Plaintiff's filing of the revised Second Amended Complaint.

ACCORDINGLY, IT IS ORDERED,

Plaintiffs may file the form of Second Amended Complaint attached to Ken Dugan's e-mail to Kyle Moberly dated March 12, 2019.

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____
W.T. Martin, Jr., counsel for Plaintiffs

___/s/ 3/28/19 E-mail attached____
Kyle H. Moberly, counsel for Defendant

1

**Subject: RE: Williams Lincoln County Suit**
**Date:** Wednesday, March 27, 2019 4:34 PM
**From:** Kyle Moberly <kyle@mobelaw.com>
**To:** Ken Dugan <kdugan@lawmdm.com>
**Priority:** Highest

Ken,

I apologize for not responding sooner. I had a concern about the wording of the part of the complaint concerning the Stipulated Order that I asked Trey Arvizu to advise me about as soon as I received your revised draft of the complaint on March 12th. Unfortunately, it took me until today to get a response from Trey. He resolved my concern. Therefore, on behalf of my client, I consent to you filing the amended complaint.

I assume that it goes without saying, but I will say it anyway, that my client's consent to the filing of the amended complaint does not mean that she does not dispute some of the allegations made in it, which will address in her answer.

Sincerely,

Kyle H. Moberly
Law Office of Kyle H. Moberly, P.C.
2460 S. Locust Street, Suite E
Las Cruces, New Mexico 88001
(575) 541-1278

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling (575) 541-1278, so that our address record can be corrected. Thank you.

-----Original Message-----
From: Ken Dugan <kdugan@lawmdm.com>
Sent: Wednesday, March 27, 2019 4:13 PM
To: Kyle Moberly <kyle@mobelaw.com>
Subject: Re: Williams Lincoln County Suit



Page 1 of 7

Would you please show me the professional courtesy of responding to my e-mail request below. I also called today and left a message.

Ken


On 3/26/19 2:02 PM, "Ken Dugan" <kdugan@lawmdm.com <mailto:kdugan@lawmdm.com> > wrote:

> Would you please respond....
>
>
> On 3/21/19 9:56 AM, "Ken Dugan" <kdugan@lawmdm.com <mailto:kdugan@lawmdm.com>
> wrote:
>
>> Would you please advise per the below. I sent you the red-line
>> version last week.
>>
>> Ken
>>
>>
>> On 3/12/19 12:03 PM, "Ken Dugan" <kdugan@lawmdm.com
<mailto:kdugan@lawmdm.com> > wrote:
>>
>>> See attached.
>>>
>>> Ken
>>>
>>>
>>> On 3/12/19 10:43 AM, "Kyle Moberly" <kyle@mobelaw.com <mailto:kyle@mobelaw.com>
> wrote:
>>>
>>>> Ken,
>>>>
>>>> Please send me a redlined comparison of the revised draft with the
>>>> draft that was attached to the motion.
>>>>
>>>> Sincerely,
>>>>

>>>> Kyle H. Moberly
>>>> Law Office of Kyle H. Moberly, P.C.
>>>> 2460 S. Locust Street, Suite E
>>>> Las Cruces, New Mexico 88001
>>>> (575) 541-1278
>>>>
>>>> THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
>>>> ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS
>>>> PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER
>>>> APPLICABLE LAW. If the reader of this message is not the intended
>>>> recipient or agent responsible for delivering the message to the
>>>> intended recipient, you are hereby notified that any dissemination
>>>> or copying of this communication is strictly prohibited. If you
>>>> have received this electronic transmission in error, please delete
>>>> it from your system without copying it, and notify the sender by
>>>> reply e-mail or by calling
>>>> (575)
>>>> 541-1278, so that our address record can be corrected. Thank you.
>>>>
>>>> -----Original Message-----
>>>> From: Ken Dugan <kdugan@lawmdm.com <mailto:kdugan@lawmdm.com> >
>>>> Sent: Tuesday, March 12, 2019 12:40 PM
>>>> To: Kyle Moberly <kyle@mobelaw.com <mailto:kyle@mobelaw.com> >
>>>> Subject: Re: Williams Lincoln County Suit
>>>>
>>>> Attached is a proposed draft Second Amended Complaint.  I want to be very
>>>> careful to not violate the bankruptcy orders and rules. I have
>>>> tried my best to do that, with an overarching CAVEAT that governs
>>>> everything. I also deleted the claim for rent.
>>>>
>>>> As we discussed before the judge yesterday, you indicated that we
>>>> could probably stipulate to Plaintiffs filing a redacted form of the Second
>>>> Amended Complaint.  Accordingly, please review this attached pleading, and
>>>> advise if I have your authority to file it.
>>>>
>>>> Thank you.
>>>>
>>>> Ken
>>>>

>>>>
>>>> On 3/12/19 10:00 AM, "Ken Dugan" <kdugan@lawmdm.com
<mailto:kdugan@lawmdm.com> > wrote:
>>>>
>>>>> As stated during the hearing yesterday, I will be reviewing the
>>>>> second amended complaint and revising and expressly conditioning
>>>>> it so as not to violate the Stipulated Order. I should have a
>>>>> proposed Draft to you today or tomorrow.
>>>>>
>>>>>
>>>>> Kenneth D. Dugan
>>>>>
>>>>> Martin, Dugan & Martin
>>>>> 509 W. Pierce St.
>>>>> P.O. Box 2168
>>>>> Carlsbad, NM 88221-2168
>>>>> (575) 887-3528
>>>>> (575) 887-2136 (fax)
>>>>>
>>>>>
>>>>> This email transmission is covered by the Electronic
>>>>> Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is
>>>>> legally privileged, confidential and protected from disclosure. If
>>>>> you are not the intended recipient, any dissemination,
>>>>> distribution, or copying is strictly prohibited. If you think you
>>>>> have received this e-mail message in error, please e-mail the
>>>>> sender at kdugan@lawmdm.com <mailto:kdugan@lawmdm.com> and destroy the
original e-mail transmission. Thank you.
>>>>>
>>>>
>>>> Kenneth D. Dugan
>>>>
>>>> Martin, Dugan & Martin
>>>> 509 W. Pierce St.
>>>> P.O. Box 2168
>>>> Carlsbad, NM 88221-2168
>>>> (575) 887-3528
>>>> (575) 887-2136 (fax)
>>>>