# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

In re:

**Fred Dale Van Winkle**,

    Debtor,

and

**Brian Van Winkle**, not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle, and **Tammy Sprague**, not in her personal capacity but solely as co-personal representative of the estate of Fred Van Winkle,

    Plaintiffs,

vs.

**Belleview Valley Land Co.**, a New Mexico corporation, **John H. Williams**, and **Ellen B. Williams**,

    Defendants.

Case No. 13-11743-t7

Adv. No. 20-01022

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DEADLINES, RESPOND TO SUMMARY JUDGMENT MOTION & ADJOURN PRE-TRIAL CONFERENCE

**COME NOW** Defendants, **Belleview Valley Land Co.,** a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams** and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and in opposition to Plaintiffs' ***Motion 1) to Extend Deadlines: A) to Complete Discovery; B) to Respond to Defendants' Discovery Requests Dated June 8, 2020; and C) to respond to Defendants' Motion for Summary Judgment Filed October 30, 2020; and 2) to Adjourn Final Pretrial Conference*** (*hereinafter referred to as the "Motion"*).

## RELEVANT FACTUAL & PROCEDURAL HISTORY

The factual and procedural history relevant to Plaintiffs' Motion is as follows:

1. On June 8, 2020, Defendants served discovery upon the Plaintiffs. The discovery consisted of:
    a. ***Requests for Admissions***; and
    b. ***Written Interrogatories***; and
    c. ***Requests for Production of Documents.***
2. Paragraph 9 of the Motion acknowledges the service of the discovery and the deadline for responding.
3. On June 15, 2020, this Court conducted a scheduling conference that resulted in a ***Scheduling Order*** entered June 17, 2020.
    a. The ***Scheduling Order*** had the following deadlines:
        i. Discovery completion by October 30, 2020.

1

  ii. Plaintiffs' portion of the Pre–Trial Order to the Defendants by November 2, 2020.

  iii. Defendants' portion of the Pre–Trial Order to the Plaintiffs by November 9, 2020.

  iv. Parties submitting a joint Pre-Trial Order to the Court by November 13, 2020.

  v. A Final Pre-Trial Conference was set for November 16, 2020 at 9:00 a.m.

4. Plaintiffs never responded in any manner to any of the discovery. There was never a request for an extension. There was no communication from the Plaintiffs.

5. Plaintiffs never sought written discovery nor deposition discovery.

6. Plaintiffs' Motion does not deny a total failure to engage in discovery or respond to Defendants' discovery. At the Pre-Trial Conference conducted by this Court, Plaintiffs' counsel acknowledged the total failure.

7. On October 29, 2020, Defendants filed their **Motion for Summary Judgment**.

8. By the end of October 30, 2020, the last day for discovery, there was no response in any manner to the discovery. As stated before, the Plaintiffs had not engaged in any discovery. There was no communication.

  a. The **Requests for Admissions** had not responded to within the 30 days required by the Rules. The **Requests for Admissions** are deemed admitted.

9. Plaintiffs did not submit their required portion of the pretrial order on November 2, 2020. Defendants' counsel waited until Wednesday, November 4, 2020, to see if any submission was received from the Plaintiffs. None was received. On that day,

Defendants' counsel sent Plaintiffs' counsel an e-mail asking for the submission and reminding him there were deadlines. (See **Exhibit "A"**) There was no response and no submission from the Plaintiffs.

10. On November 9, 2020, Defendants submitted their required portion of the Pre-Trial Order to Plaintiffs' counsel. A letter to Plaintiffs' counsel accompanied the Pre-Trial. A copy of that letter is attached as **Exhibit "B**. Again, there was no response from, or submission by, the Plaintiffs.

11. On Wednesday, November 11, 2020, Defendants' counsel called Plaintiffs' counsel on his cell phone and office phone. In both instances, there was no answer other than a recording for leaving a message. A message was left on both phones asking for a call to discuss getting the Pre-Trial Order put together. Also, the Pre-Trial Order and November 9, 2020 letter were faxed to Plaintiffs' counsel. Plaintiffs' counsel does not show a fax number in the Bar Directory nor on his website. For that reason, it was not until Wednesday, that Defendants' counsel managed to determine a fax number and faxed to Plaintiffs' counsel. See **Exhibit "C"** Always, e-mail communication to Plaintiffs' counsel was to the e-mail address provided by Plaintiffs' counsel for service. There was no return phone call from Plaintiffs' counsel. There has been no submission of Plaintiffs' required portion of the Pre-Trial Order. There was no response of any nature.

12. By time of submission of the proposed Pre-Trial Order, Plaintiffs had still not provided any portion of the Pre-Trial Order nor responded to requests for communication for working on getting a joint Pre-Trial Order to this Court. As a

3

result, Defendants submitted the proposed Pre-Trial Order with only their portion of the submission.

13. As of Monday, November 16, 2020, Plaintiffs were in complete violation of the *Scheduling Order*.

14. On November 16, 2020, shortly before the Pre-Trial conference, the Plaintiffs' filed the Motion.

    a. The Motion seeks extension of the discovery deadline to February 1, 2021. The Motion was 16 days after the discovery deadline of October 30, 2020. No motion to extend the discovery deadline in the *Scheduling Order* had been filed prior to the discovery completion date. This Court already accorded the parties approximately 4 ½ months for discovery that Plaintiffs did not use. Now, Plaintiffs seek an additional 2 ½ months for discovery in which they could have engaged during the prior 4 ½ months for discovery.

    b. The Motion seeks to extend the deadline to respond to the June 8, 2020 written discovery to November 30, 2020. Defendant's written discovery was served on the Plaintiffs on June 8, 2020. Over 5 months passed since Plaintiffs were served with discovery. Other than acknowledging receipt of the discovery, Plaintiffs' never responded to any of the discovery and never requested any extension.

        i. Plaintiffs Motion does not request withdrawal or amendment of the deemed admissions of the *Requests for Admissions* that have been deemed admitted. (To try and accomplish such relief, Plaintiffs have

4

to file a separate motion under **FRCP Rule 36(b)**. A generic motion to extend deadlines does not suffice.)

c. The Motion seeks almost a month's extension within which to respond to the Defendants' *Motion for Summary Judgment*. Until the Motion was filed, no attempt was made by Plaintiffs' counsel to discuss a response extension with Defendants' counsel. Defendants do not consent to any extension for Plaintiffs responding to the Defendants' *Motion for Summary Judgment*.

d. The Motion seeks to move the Final Pre-Trial Conference to February 2021. There is no valid basis for granting the extension. Plaintiffs have no valid reason for not contributing their portion of the Pre-Trial Order. Plaintiffs could have easily provided the information for Paragraphs 2a, 3 (discussed with Defendants) and 4(a). Plaintiffs simply did not.

*Additional Relevant Fact*:

1. On August 12, 2019, in Otero County Cause Number D-1215-CV-2010-01054, Judge Counts entered the *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*. The Order found:

    a. "Defendant [Tammy Sprague] irrevocably deposited $73,200.94 (the "Deposit Funds") into the registry of the court pursuant to Court Order dated April 21, 2015."

    b. The Estate waived any title or interest in the Deposited Funds when it procured a Court Order authorizing deposit and then tendered the Deposited Funds into the court registry without condition."

5

c. The Plaintiffs are entitled to receive the Deposited Funds, $73,200.94, plus the interest earned." [The Order required disbursement to the purchasers as the Special Master's Sale, John H. Williams and Ellen B. Williams.]

The entire Order is attached as **Exhibit "D."**

2. The Order was appealed to the New Mexico Court of Appeals.. The appeal is docketed in the New Mexico Court of Appeals as No. A-1-CA-38423.

   a. The Docket shows that matter still pending and no action on the ***Docketing Statement.***

   b. The Plaintiffs have never sought any stay of the appeal and are actively pursuing that remedy.

## RESPONSE & ARGUMENT

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' **Link v. Wabash R. Co., 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962)**

Though somewhat tempered by later cases, the United States Supreme Court's logic is clearly applicable to this case. Tammy Sprague and Brian Van Winkle chose their attorney. He was to act as their representative. Opposing counsel and the opposing parties had to rely upon the attorney's actions or lack thereof in his representing Tammy Sprague and Brian Van Winkle. Tammy Sprague and Brian Van Winkle cannot avoid the consequences of their attorney's actions. The issue regarding their counsel is between

6

them and their attorney. They cannot rely upon their attorney and then try to avoid the consequences of his actions. Their remedy is between them and their attorney. At the Pre-Trial Conference, this Court asked Plaintiffs' counsel if he had malpractice insurance, to which he said "yes." Remedy is certainly available.[1] Granting the Motion penalizes the Defendants. Defendants should not be penalized for actions by Tammy Sprague, Brian Van Winkle or their attorney. This matter has gone on long enough. It needs to end.

FRBP Rule 9006 & 11 U.S.C. §105(a):

Adversary proceedings are controlled by **FRBP Rule 7001 et. seq.** Pursuant to **FRBP Rule 7016**, **Rule 16 F.R.Civ.** apples. This is the rule relating to Pre-trial conferences and scheduling. The standards for modification of a scheduling order are controlled by **FRBP Rule 7016** and **Rule 16 F.R.Civ.**, not **FRBP Rule 9006**. The Plaintiffs improperly rely upon **FRBP Rule 9006** when they are bound to follow by **FRBP Rule 7016** and **Rule 16 F.R.Civ.**

COVID:

Plaintiffs' counsel argues that New Mexico's response to the COVID crisis resulted in his law office operation being a nonessential business and that adversely affected his ability to carry on law practice. In fact, under the Governor's Order, law offices are not classified as nonessential. The essential classification for law offices provides "Professional services, such as legal or accounting services, but only where necessary to assist in compliance with legal mandated activities." **See Exhibit "E"** Meeting deadlines in litigation, whether by rule or court order, is a legally mandated activity. Even if Plaintiffs' counsel had to curtail some

---

[1] The other remedy that Tammy Sprague and Brian Van Winkle still have is their appeal from the Judge Counts decision in the Otero County District Court that dealt with the disposition of the redemption funds. They are actively pursuing that remedy.

7

of his practice, he was not limited in communicating by e-mail, phone or fax. He was not stopped from completing pleadings and other legal documents. Even accepting his incorrect argument about classification, the limitation relates to contact with other persons, not communication by e-mail, phone or fax nor completing pleadings and other legal documents. The Motion gives no valid reason for a complete failure to communicate, to not respond to pleadings, to no completion of pleadings nor compliance with this Court's **Scheduling Order**. Use COVID is not an excuse for no communication and no action. It is an attempted excuse to simply cover up total inattention and knowing failure to comply with discovery requirements and this Court's **Scheduling Order**.

Plaintiffs Are Not Entitled to Any Modification of the Scheduling Order including Extension of Discovery:

It is undisputed that Plaintiffs' totally failed to comply with discovery requirements. It is also undisputed that Plaintiffs' have totally filed to comply with the **Scheduling Order**. The Plaintiffs' Motion is seeking modification of the **Scheduling Order**. It is important that all the deadlines in the **Scheduling Order** passed prior to Plaintiffs' Motion. A scheduling order and the timetable it establishes is binding and cannot be extended by party stipulation without the court's approval. Once the deadline for amendment in a scheduling order has passed, leave to amend may be denied "where the moving party has failed to establish good cause." **Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir.2000)**. "[A] finding of 'good cause' depends on the diligence of the moving party." **Presbyterian Church Of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009)**

In **Advanced Optics Elecs., Inc. v. Robins**, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010) District Judge Browning addressed the requirements for allowing discovery extension past the deadline in an order.

> Robins did not conduct any discovery and has not disclosed any expert witnesses. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). A. Robins has not shown good cause why the schedule should be modified. Advisory Committee Notes to Rule 16 explain: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. Pro. 16(b) advisory committee notes to the 1983 Amendment. This Court has previously stated that its rule 16(b) good-cause inquiry focuses on the diligence of the party seeking amend the scheduling. *See Walker v. THI of New Mexico at Hobbs Ctr.*, 262 F.R.D. 599, 602–03 (D.N.M.2009) (Browning, J.); *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, No. CIV 08–1101 JB/RLP, 2009 WL 3672505, at *2–3 (D.N.M. Sept. 29, 2009) (Browning, J.); *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.*, Nos. CIV 02–1146 JB/LFG, CIV 03–1185 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007) (Browning, J.).
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.
>
> *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.) (citations omitted), *aff'd on other grounds*, 129 F.3d 116 (4th Cir.1997). *See Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993) (affirming an order denying the plaintiff's motion to amend after the deadline the scheduling order established had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence"). *Cf. SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir.1990)

Then in 2018, in **Kennicott v. Sandia Corp., 2018 WL 6069635, at \*7-8 (D.N.M. Nov. 20, 2018)**, Judge Browning further addressed the issue of "good cause" in relation to the modifying of a scheduling order.

> "The District Court has wide discretion in its regulation of pretrial matters." Si-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990). Scheduling orders, however, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accord Street v. Curry Bd. of Cty. Comm'rs, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at \*6 (D.N.M. Jan. 30, 2008)(Browning, J.). The advisory committee notes to rule 16 observe:
>
>> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.
>
> Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment.
>
> The Tenth Circuit has held that the concepts of good cause, excusable neglect, and diligence are related. "The Tenth Circuit ... has recognized the interrelation between 'excusable neglect' and 'good cause.'" Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. 295, 301 (D. Kan. 1996)(Rushfelt, J.)(citing Broitman v. Kirkland (In re Kirkland), 86 F.3d 172, 175 (10th Cir. 1996)("In re Kirkland") ). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Street v. Curry Bd. of Cty. Comm'rs, 2008 WL 2397671, at \*6 (quoting Fed. R. Civ. P. 16(b)
> ). See Advanced Optics Elecs., Inc. v. Robins, 769 F.Supp.2d 1285, 1313 (D.N.M. 2010)(Browning, J.)(noting that the "rule 16(b) good-cause inquiry focuses on the diligence of the party seeking [to] amend the scheduling order."). In In re Kirkland, the Tenth Circuit dealt with the definition of "good cause" in the context of a predecessor to modern rule 4(m) of the Federal Rules of Civil Procedure,[9] and noted:
>
>> [W]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require <u>at least as much</u> as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some

reasonable basis for noncompliance within the time specified" is normally required.

... The Tenth Circuit explained that <u>Putnam v. Morris</u> "thus recognized that the two standards, although interrelated, are not identical and that 'good cause' requires a greater showing than 'excusable neglect.' " <u>In re Kirkland</u>, 86 F.3d at 175.

Where a party is diligent in its discovery efforts and nevertheless cannot comply with the scheduling order, the Court has found good cause to modify the scheduling order if the requesting party timely brings forward its request. In <u>Advanced Optics Electronics, Inc. v. Robins</u>, the Court concluded that, where the defendant did not conduct discovery or make any good-faith discovery requests, and where the defendant did not make efforts "diligent or otherwise" to conduct discovery, the defendant did not, therefore, show good cause to modify the scheduling order. 769 F.Supp.2d at 1313 n.8. ... In <u>Montoya v. Sheldon</u>, 286 F.R.D. 602 (D.N.M. 2012)(Browning, J.), the Court did not find good cause to modify the scheduling order and reopen discovery, and refused to grant the plaintiffs' request to do so, ...

Plaintiffs did not conduct discovery. They did not respond to Defendants' discovery requests. They made no request for any extension for responding to discovery. It is obvious Plaintiffs did not make efforts, diligent or otherwise, to conduct discovery. Further, Plaintiffs did not comply with the **Scheduling Order** requiring Plaintiffs to contribute to a joint Pre-Trial Order. Again, the Plaintiffs showed no good faith effort nor diligence in relation to the preparation of a joint Pre-Trial Order as required by this Court.

Plaintiffs are not entitled to any amendment or modification of any deadline in the **Scheduling Order**.

<u>Requests for Admissions Deemed Admitted</u>:

Defendants submitted **Requests for Admissions** to the Plaintiffs on June 8, 2020. To the date of this Response, they have not been answered. More than 30 days have passed. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the

11
Case 20-01022-t    Doc 19    Filed 11/18/20    Entered 11/18/20 14:40:35 Page 12 of 17

matter and signed by the party or its attorney. **Rule 36 Fed. R. Civ. P.** Failure to respond to requests for admission results in automatic admission of the matters requested. No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing. **Smith v. Pac. Bell Tel. Co., Inc., 662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009)**

The Plaintiffs have not filed a motion seeking withdrawal or amendment of the deemed admissions. The Plaintiffs' Motion does not seek any withdrawal of the deemed admissions. Rather, it simply seeks an extension of time to respond to discovery. A simple granting of time to extend the time to respond to written discovery does not change the fact that **Rule 36 Fed. R. Civ. P.** is self-executing and *Requests for Admissions* are deemed admitted. A motion to the court seeking withdrawal or modification is required. With no motion to this Court for withdrawal or modification of the deemed admissions, the *Requests for Admissions* as deemed admitted. Further, at this late date, allowing withdrawal or modification would be highly prejudicial to the Defendants.

Sanctions:

The Plaintiffs are in total noncompliance with the *Scheduling Order*. Neither the Motion nor Plaintiffs' counsel's explanation at the Pre-Trial conference show good cause for not complying with nor modifying the *Scheduling Order*. Besides denying the Motion, it is proper for this Court to impose sanctions for the total noncompliance with the *Scheduling Order*.

As buttressed by Rule 16(f), the judge has the power to enforce compliance with a scheduling order. That subdivision, which sets out the sanctioning authority for the court under Rule 16 and specifically includes the ability to apply the full range of sanctions to counsel or parties who fail to comply with scheduling orders under Rule 16(b). §

**1522.1Scheduling Conferences and Orders, 6A Fed. Prac. & Proc. Civ. § 1522.1 (3d ed.)** Rule 16(f)(1) explicitly incorporates the discovery sanctions found in Rule 37(b)(2)(A)(ii) to (vii) and also provides in subdivision (f)(2) that the court may assess reasonable expenses, including attorney fees incurred because of any noncompliance with the rule, against the opposing attorney or the party, or both. The references to specific sanctions in Rule 16(f) is not exhaustive. The court is to design the sanction to fit the violation,[6] including fines payable to the court. **§ 1531Sanctions, 6A Fed. Prac. & Proc. Civ. § 1531 (3d ed.)** In <u>Smith v. Rowe</u>, **761 F.2d 360, 366 (7th Cir. 1985)**, the Seventh Circuit opined that:

> The Federal Rules of Civil Procedure sets forth the sanctions if a party fails to obey the pretrial order or "if a party or party's attorney is substantially unprepared to participate in the conference." The judge may make "such *orders* with regard thereto as are just and among others any of the orders provided in Rules 37(b)(2)(B), (C), (D)." Fed.R.Civ.P. 16(f) (emphasis added). Rule 37(b)(2)(B) empowers the court to prohibit the offending party from "introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(B).

**Rule 16 Fed. R. Civ. P.(f)** authorizes the Court to impose sanctions.

**(f) Sanctions.**

**(1)** *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

**(A) fails to appear at a scheduling or other pretrial conference;**

**(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or**

**(C) fails to obey a scheduling or other pretrial order.**

Rule 16 indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious

behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial. Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions. The intent is to impose the sanction where the fault lies. **Matter of Baker, 744 F.2d 1438, 1440-41 (10th Cir. 1984)**

A complete failure to file a required pretrial memorandum has been viewed as being equivalent to a nonappearance and a dismissal entered. **§ 1531Sanctions, 6A Fed. Prac. & Proc. Civ. § 1531 (3d ed.)** Other sanctions are within this Court's discretion.

The Defendants have incurred substantial attorney fees in having to defend this Adversary and deal with responding to the Motion. Defendants should be awarded attorney fees.

## CONCLUSION

Based on the facts in this case, the Motion should be entirely denied.

1. This Court should enter an Order that provides:
    a. The Plaintiffs' Motion is denied; and
    b. The Plaintiffs' Complaint is dismissed with prejudice. [This is based upon the Plaintiffs not responding to discovery, total violation of the *Scheduling Order* and not having provided their required portion of the proposed Pre-Trial Order.]
2. Alternatively, this Court should enter an Order that:
    a. Denies the Plaintiffs' Motion, and

14

b.  That bars Plaintiffs from having witnesses to testify at trial [This is based upon the Plaintiffs' total violation of the **Scheduling Order** and not having provided their required portion of the proposed Pre-Trial Order.]; and

c.  That bars Plaintiffs from introducing documentary evidence, exhibits, at trial. [This is based upon the Plaintiffs' total violation of the **Scheduling Order** and not having provided their required portion of the proposed Pre-Trial Order.]

3. In addition, Defendants should be awarded their attorney fees and costs as determined proper by this Court.

To do any less than one of the above alternatives, sanctions knowing and willful violations of the Court's Order and the proper progress of litigation. Defendants are entitled to have one of the alternatives. Defendants should not be penalized by the opposing party's counsel's conduct. John Williams and Ellen Williams are in their 80's. They need this long running case brought to a finish.

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on November 18, 2020, I filed the forgoing Response in Opposition to Plaintiffs' Motion to Extend Deadlines, Respond to Summary Judgment Motion & Adjourn Pre-Trial Conference electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing. I further certify that the foregoing Response was served on opposing counsel via email and fax to the following:

Joel Gaffney
joel@gaffneylaw.com
(505) 213-0629

        **Martin, Dugan & Martin**

        By_____
         W. T. Martin, Jr.