UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,  Case No. 13-11743-t7

    Debtor.

## REPLY TO RESPONSE TO MOTION TO REOPEN CASE

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, "**Movants**"), by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Reply to the "Response to Motion to Reopen Case," (Document #99) filed by John Williams ("**Mr. Williams**"), Ellen B. Williams ("**Mrs. Williams**" and, collectively with Mr. Williams, the "**Williamses**"), and Belleview Valley Land Co., Inc. ("**Belleview**" and, collectively with the Williamses, "**Objectors**")[1] on December 5, 2019. In further support of their Motion, Movants hereby state as follows:

### SUMMARY OF ARGUMENT

1. Objectors raise several arguments in their Response, but the Response is replete with technical and procedural errors and those arguments are largely immaterial to the matter at issue in the Motion and should be deferred until a proper motion is filed by Objectors in the Movants' contemplated adversary proceeding. The only argument that is material to the issue of whether this case should be reopened, whether Movants have standing to bring the motion, is one in which the Objectors completely mischaracterize the facts. Movants filed this Motion and seek to

---

[1] Objectors define themselves as "Defendants" in their Response, but this Reply uses Objectors because there is no pending adversary in which the Objectors are defendants, and Movants believe the use of those terms is unnecessarily confusing.

commence an adversary proceeding on behalf of the estate of their late father, the Debtor, which estate is still being administered in the Twelfth Judicial District Court of New Mexico, Lincoln County. The letters of administration referenced in the proposed adversary complaint, which was attached to the Motion, are attached hereto as **Exhibit A**.

## MOVANTS HAVE STANDING TO BRING THIS MOTION

2. Objectors' argument that Movants lack standing to bring this Motion is incorrect. Objectors do not even dispute that a debtor has standing to file a motion to reopen their bankruptcy case. (*See* Document #99, page 6) *see also Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995). The public docket of this case shows that Movants are each appearing in this case as "Debtor's Designated Representative . . ., as co-responsible party for the Estate of Fred Dale Van Winkle," and not in their individual capacities. The caption of the Movants' proposed adversary complaint, and Paragraph 10 of same, clearly show that Movants propose to bring an adversary proceeding not in their individual capacities, but rather as co-personal representatives of the Estate of Fred Dale Van Winkle. (*See* Document #97). Nevertheless, Objectors spend three pages, including an 18-line footnote, arguing that Movants lack standing to bring the motion because they "are not a debtor, creditor, or trustee of the debtor."

## NO OTHER ISSUES ARE PROPERLY BEFORE THE COURT

3. Movants filed the Motion requesting the Court reopen this case to permit them to file an adversary proceeding on behalf of the estate of the Debtor, who is now deceased. Objectors filed a document titled "Response to Motion to Reopen Case" that has the caption of an adversary proceeding that has concluded rather than of the bankruptcy case, that identifies the Objectors confusingly as "Defendants," and that contains 102 pages of documents that appear to be labeled

"Plaintiff's Exhibit" 1 through 17. It is unclear what these additional documents are intended to show with respect to the motion to reopen. Instead, they appear to be addressed toward a hypothetical adversary complaint that has not yet been filed.

4. It would be inappropriate for the Court to consider such issues at this time. The Motion attached a proposed complaint for illustrative purposes, but clearly indicated that the actual complaint that is filed could differ from the one attached. Movants requested the case be reopened so they could file a complaint similar to the one attached to the Motion. While Movants appreciate being given advance notice of the Objectors' intended response to the complaint, it would not be proper for the Court to rule on a motion to dismiss, a motion to withdraw the reference, or a motion to abstain from hearing the complaint, before there is an actual complaint that has been filed.

5. Once this case has been reopened, Movants may file an adversary complaint that, while similar to the one attached to the Motion, differs in ways that meaningfully alter the analysis of Objectors' proposed hypothetical responsive pleadings. The concept of ripeness exists "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]" *Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1967). The Court should decline the invitation to engage in a game of hypotheticals, and delay ruling on any issues other than the Motion to Reopen itself until such time as those matters are ripe for determination.

## THE PROPOSED COMPLAINT IS NOT FRIVOLOUS

6. The Movants' proposed adversary complaint raises an issue that is appropriate for this Court to consider. Movants' proposed complaint seeks nothing more or less than monetary sanctions for the Objectors' alleged violations of the debtor's discharge order. The complaint does not seek to stay any proceedings currently pending in state court or to modify any
3
Reply to Response to Motion to Reopen
Case 20-01022-t    Doc 20    Filed 11/19/20    Entered 11/19/20 10:49:10 Page 3 of 4

judgments that have been issued by a state court. The Movants seek only a determination whether the Objectors' conduct has violated the debtor's discharge and, if so, an appropriate money judgment for the damages caused by that violation.

7. The Movants have already assured Objectors' counsel that, when the case is reopened, the adversary complaint that is ultimately filed will not include counsel as a defendant. Objectors acknowledge having received that assurance, but commit three pages of their response to addressing the merits of that issue nonetheless.

**WHEREFORE**, Movants respectfully request that this Court reopen this bankruptcy case.

>
> Respectfully submitted,
> GAFFNEY LAW, PC
>
> *s/ Joel Alan Gaffney*
> By: Joel Alan Gaffney, Esq
> 6565 America's Parkway # 200
> Albuquerque, NM 87110
> (505) 563-5508
> joel@gaffneylaw.com
> *Attorneys for Movants*