In re:

FRED DALE VAN WINKLE, and,    Case No. 13-11743-t7

    Debtor.

---

BRIAN VAN WINKLE, not in his personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle, and    Adv. No. 20-01022-t
TAMMY SPRAGUE, not in her personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle,
                Plaintiffs,
v.

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS,
                Defendants.

### REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DEADLINES, RESPOND TO SUMMARY JUDGMENT MOTION & ADJOURN PRE-TRIAL CONFERENCE

      COMES NOW BRIAN VAN WINKLE ("**Van Winkle**"), not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle ("**Debtor**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, the "**Movants**"), not in her personal capacity but solely as co-personal representative of the estate of the Debtor, by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Reply to Defendants' Response in Opposition to Plaintiffs' Motion to Extend Deadlines, Respond to Summary Judgment Motion & Adjourn Pre-Trial Conference (the "**Opposition**"). In further support of their Motion, Movants hereby state as follows:

1. Defendants' complaints about the passage of time and the lack of communication ring hollow in light of the Defendants' actions during the months since the scheduling conference in June.

2. The last communication the Plaintiffs received from Defendants before the motion for summary judgment was filed was on June 12, 2020, when Defendants' counsel advised Plaintiffs' counsel that he would inquire about his clients' availability for depositions and respond later. *See Exhibit A*.

3. Defendants' served their requests for discovery, including the requests for admission, on June 8, 2020. When the deadline for a response passed in July 2020, Defendants could have filed a notice similar to the one they filed on October 29, asserting that the admissions in the request for admission were deemed admitted. Defendants could have reached out to Plaintiffs' counsel to inquire about responses to the interrogatories and requests for the production of documents. Defendants could have filed a motion to compel Plaintiffs' response to their discovery requests. Defendants did none of those things.

4. Instead, Defendants waited until the eve of the scheduled close of discovery before filing a fully-briefed motion for summary judgment. Defendants have offered no evidence to suggest that they made any attempt to resolve discovery disputes during the four months discovery was open. This Court should not reward their gamesmanship with the drastic relief they have requested in their Opposition.

WHEREFORE, the Movants respectfully request that this Court overrule the Defendants' Opposition and grant the Motion to the extent the Court deems appropriate in the circumstances.

Respectfully submitted,

GAFFNEY LAW, PC

                *s/ Joel Alan Gaffney*
By:    Joel Alan Gaffney, Esq
       6565 America's Parkway # 200
       Albuquerque, NM 87110
       (505) 563-5508
       joel@gaffneylaw.com
       *Attorneys for Plaintiffs*

# EXHIBIT A - 1 PAGE



Joel Gaffney <joel@gaffneylaw.com>

## Sprague & Van Winkle v. Belleview Valley land, et al. -- Adversary Proceeding -- Settlement Offer

**Tom Martin** <martinlaw@zianet.com>	Fri, Jun 12, 2020 at 2:40 PM
To: Joel Gaffney <joel@gaffneylaw.com>
Cc: Carla Galloway <cgalloway@lawmdm.com>

Thank you for the response. I will check with the Williams. We may encounter a problem because both are in their 80's and have have some health issues, which may result in having to use Zoom or other video conferencing. I will let you know as soon as I can.

Tom Martin

-----

[Quoted text hidden]