UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,  No. 13-11743 t7

    Debtor.

BRIAN VAN WINKLE and
TAMMY VAN WINKLE,
Co-personal representatives,

    Plaintiffs,

v.  Adv. No. 20-1022 t

BELLEVIEW VALLEY LAND CO.,
JOHN H. WILLIAMS, and
ELLEN B. WILLIAMS,

    Defendants.

## ORDER ON MOTION TO EXTEND DEADLINES AND ADJOURN FINAL PRETRIAL CONFERENCE

Before the Court is plaintiffs' Motion 1) to Extend Deadlines: A) to complete Discovery; B) to Respond to Defendants' Discovery Requests Dated June 8, 2020; and C) to Respond to Defendants Motion for Summary Judgment Filed October 30, 2020; and 2) to Adjourn Final Pretrial Conference, filed November 16, 2020, doc. 17 (the "Motion"). Defendants responded to the Motion on November 18, 2020 and plaintiffs replied November 19, 2020. Being sufficiently advised, the Court orders:

    1.    The motion to extend the discovery deadline is denied. Excusable neglect under Fed. R. Bankr. P. 9006 is the only basis for the requested relief.[1] The primary reason for plaintiffs'

---

[1] As Defendants' counsel correctly notes, Plaintiffs' Motion is governed by Fed. R. Bankr. P. 7016, which incorporates Fed. R. Civ. P. 16. Thus, the appropriate standard for modifying a scheduling

failure to take discovery is neglect of counsel. That is not "excusable neglect." *See In re Franco*, 2019 WL 1207862, *4-5 (Bankr. D.N.M.) ("excusable neglect is a demanding standard" that is not satisfied by "a mere concession of palpable oversight or administrative failure"); *In re D.A. Elia Const. Corp.*, 246 B.R. 164, 171 (Bankr. W.D.N.Y 2000) ("flouting . . . an order is at an end of a spectrum of excuses that is far past 'neglect'"); *In re J.S. II., LLC*, 397 B.R. 383, 388 (Bankr. N.D. Ill. 397 B.R. 383, 388 ("inattentiveness to litigation is not excusable"). Plaintiff's counsel also argues that the Governor's "lock-down" orders entered earlier in 2020 prevented him from working. That is not correct. Lawyers were never prevented from practicing during any New Mexico lockdown. If plaintiffs' counsel was unclear on this point he should have filed a motion with the Court and obtained guidance.

2. The motion to extend the deadline to respond to defendants' written discovery requests is denied for the same reason. If plaintiffs wish to seek relief from any admission, they must file a motion under Fed. R. Civ. P. 36(b).

3. The motion to for an extension of time within which to respond to defendants' summary judgment motion is granted. The procedural status of the summary judgment motion is different than the deadlines discussed above because the response deadline (November 19, 2020) had not yet run when plaintiffs filed the Motion, and because the standard for obtaining relief is lower (i.e. "cause" rather than "excusable neglect"). *See* Fed. R. Bankr. P. 9006(b)(1) (if a request for an extension is made before the expiration of the period originally prescribed, the court may grant the extension "for cause shown"). "[C]ause shown is a liberal standard investing the

---

order is "good cause." *See* Fed. R. Civ. P. 16(b)(4) (A schedule may be modified only for good cause and wit the judge's consent."). Although "good cause" and "excusable neglect" are similar, they are "not identical." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *Id.* Plaintiffs, having failed to demonstrate excusable neglect, cannot satisfy the more stringent "good cause" standard.

bankruptcy court with considerable flexibility[.]" *In re Gutierrez*, 2012 WL 5355964, *4 n.4 (Bankr. D.N.M.). Allowing Plaintiffs additional time within which to respond to Defendants' motion for summary judgment advances the fundamental policy of allowing matters to fairly decided on the merits. *See In re Pepin*, 619 B.R. 266, 272 (Bankr. D.N.M. 2020) ("Whenever it is reasonably possible, cases should be decided upon their merits."). Plaintiffs are hereby granted an extended deadline of December 16, 2020, to respond to the summary judgment motion. Defendants shall have 14 days after the response is filed to file a reply.

4. The motion to adjourn the final pre-trial conference is denied for the reason set out in paragraph 1; provided, however, that if Defendants wish to have a pre-trial order if, as, and when the Court tries this proceeding on the merits, then the Court will accede to that wish and set a deadline for plaintiffs to submit their portion of the pre-trial order to defendants. Otherwise, the Court will proceed without a pretrial order. Counsel for defendants should notify the Court within 10 days by email, with a copy to plaintiffs' counsel, of defendants' preference on this point.

5. If after ruling on defendants' summary judgment motion claims remain to be tried, the Court will set a trial date, in consultation with the parties.

_____
Hon. David T. Thuma
United States Bankruptcy Court

Entered: November 20, 2020
Copies to: Counsel of record