UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,            Case No. 13-11743-t7

    Debtor.

---

BRIAN VAN WINKLE, not in his personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle, and           Adv. No. 20-01022-t
TAMMY SPRAGUE, not in her personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle,
            Plaintiffs,
  v.

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS,
            Defendants.

## **OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**"), not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle ("**Debtor**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, the "**Plaintiffs**"), not in her personal capacity but solely as co-personal representative of the estate of the Debtor, by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Objection to Defendants' Motion for Summary Judgment (the "**MSJ**"), filed on October 29, 2020 by Belleview Valley Land Co., a New Mexico corporation ("**Belleview**"), John H. Williams ("**Mr. Williams**"), and Ellen B. Williams ("**Mrs. Williams**," collectively with Mr. Williams, the

"**Williamses**") (the Williams and Belleview are collectively referred to herein as "**Defendants**"). In support of their Objection, Plaintiffs hereby state as follows:[1]

1. Defendants have failed to comply with Local Rule 7056-1(a), which requires, in relevant part, "A summary judgment motion and/or supporting memoranda shall contain . . . a concise statement of all material facts movant contends are not in genuine dispute. The facts shall be numbered and shall refer with particularity to the portions of the record relied on." Instead of complying with the Local Rule, the MSJ contains vague references to entire exhibits, without any particularized indication of where in those exhibits the facts asserted can be found.

2. Defendants set forth a litany of asserted undisputed material facts in the MSJ, which the Plaintiffs in fact do not dispute, but the MSJ omits certain other undisputed facts that are material. These additional material facts are as follows:

    a. The Otero Property was not redeemed after the Special Master's sale. Instead, the redemption request was withdrawn by the judgment debtor. *See Exhibit 19, paragraph 4*.

    b. The state court reduced the Defendants' deficiency judgment against the probate estate's property only by the amount that was deposited into the court registry, without accounting for the debt the Defendants had already bid to acquire title to the Otero Property. *See Exhibit 19, paragraphs 10-11*.

3. Contrary to the assertions made my Defendants in their MSJ, the undisputed facts demonstrate that the Plaintiffs are entitled to judgment against Defendants for their willful

---

[1] To save paper and the Court's time, Plaintiffs will keep repetition of portions of the legal argument made by Defendants to a minimum, and will include Plaintiffs' legal argument in this pleading, rather than preparing a separate memorandum of law.

violation of the discharge injunction by seeking to enforce a discharged debt against the debtor's after-acquired property; here, the funds used in the aborted redemption effort.

## ARGUMENT

### Issue Preclusion and Claim Preclusion Do Not Apply

4. The Bankruptcy Appellate Panel's ("**BAP**'s") decision in *Sprague v. Williams (In re Van Winkle)*, 583 B.R. 759 (10th Cir. B.A.P. 2018) (hereinafter, *Van Winkle*) does not preclude the filing of this adversary proceeding, either under the doctrine of res judicata or law of the case.

5. The doctrine of res judicata applies when four elements are satisfied: 1) a judgment on the merits; 2) identical parties, or parties in privity; 3) an identical cause of action; and 4) a full and fair opportunity to be heard. *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1257 (10th Cir. 1997). Plaintiffs concede that the BAP's decision was a judgment on the merits between parties in privity who had a fair opportunity to be heard, but the cause of action, although sharing a statutory basis, is different here. In *Van Winkle*, the BAP was considering whether attempting to foreclose a deficiency judgment against the Otero Property after it was redeemed violated the discharge injunction. Here, the Plaintiffs are asking this court to determine whether claiming an interest in the redemption funds, even though the petition for redemption was deemed withdrawn, violates the discharge injunction. This is a separate inquiry that is distinct from the issues raised in *Van Winkle*, and it is based on facts that did not exist at the time *Van Winkle* was decided.

6. Contrary to the Defendants' assertions, the "law of the case" principle does not apply here at all. This adversary proceeding is a new lawsuit that has no appellate history from which to derive any law of the case. Although it is possible that the issues decided in *Van Winkle*

could have some limiting effect on the claims that could be raised here, the vehicle for those limitations is the doctrine of res judicata, not law of the case.

### The Discharged Judgment Cannot Attach to After-Acquired Property

7. By its own terms, and by their own admission, the Defendants' deficiency judgment against the Debtor is limited to an in rem claim against the Otero Property. The undisputed facts establish that the Debtor's probate estate acquired $73,200.94 from the Debtor's heirs, which was then deposited into the state court's registry as part of the probate estate's petition for redemption. It is this sum of money, which is not real property and was acquired after the discharge, that is at issue here.

8. Defendants misapply the case law to suggest that the redemption funds, once deposited with the court registry, were forfeit. In *Brown v. Trujillo*, 135 NM 365 (2004), the New Mexico Court of Appeals affirmed a trial court's decision that refused to grant redemption to a defendant who had requested a waiver of the requirement to deposit funds with the court because the funds had already been deposited with an escrow company. In *Union Esperanza Mining Co. v. Shandon Mining Co.*, 18 N.M. 153 (1913), the New Mexico Supreme Court affirmed a trial court's decision that refused to grant redemption to a defendant who had demanded a deed and a release of all claims against the property in exchange for the redemption. In *First State Bank v. Wheatcroft*, 36 N.M. 88 (1931), the New Mexico Supreme Court affirmed a trial court's decision that granted redemption over the objection of a judgment creditor of the original mortgagor, when the right of redemption had been assigned to the mortgagor's daughter. In *Cheesecake Factory, Inc. v. Baines,* 125 N.M. 622 (1998), the New Mexico Court of Appeals overruled an appellee's argument that the appellant had waived the right to appeal by paying the judgment in full first.

9. None of these cases stand for the proposition that a redemption petition cannot be withdrawn, nor do they suggest that the result of making a conditional redemption offer would simply be to ignore the conditions and award the redemption regardless. Plaintiffs have been unable to locate and written opinions, published or unpublished, that stand for the proposition Defendants advance here. It is too much of a stretch to call a voluntary decision to seek redemption of foreclosed property a voluntary payment toward a discharged debt.

10. The fact that Defendants sought to collect on their debt from after-acquired personal property rather than from real property is a problem of their own making. If they had not objected to the petition for redemption, then the state court would have granted the redemption and allowed them to foreclose again, holding a new Special Master's sale after the Williamses, as the purchasers at the first sale, pocketed the redemption funds.

**Defendants' Disclaimer is Insufficient to Avoid Violating the Discharge Injunction**

11. Although Defendants inserted a "caveat" to their Second Amended Complaint in the Lincoln County case purporting to absolve themselves of any potential violation of the discharge injunction, the totality of Defendants' behavior suggests that, rather than merely seeking to enforce their valid security interests, their actions have "the practical, concrete effect of coercing payment of a discharged debt." *Narro v. Ford Motor Credit (In re Narro)*, No. 7-10-15859 SA, Adv. No. 11-1070 S, 2012 Bankr. LEXIS 4276 *21 (Bankr. D.N.M. September 12, 2012); *Pratt v. GMAC (In re Pratt)*, 462 F.3d 14 (1st Cir. 2006); *In re Schlichtmann*, 375 B.R. 41, 95 (Bankr. D. Mass. 2007).

12. Taken by itself, Defendants' second amended complaint might not facially violate the discharge injunction. Even considering it alongside the Defendants' decision to re-foreclose on the Otero Property after a redemption following the Special Master's sale might not be

sufficient to rise to the level of coercing payment on a discharged debt. The totality of circumstances here, however, includes the Defendants' decision to collect the redemption funds while removing their credit bid against the debt, along with the rest of the actions taken in these matters. That final action, more than any others, raises Defendants' actions to the level of having the practical effect of coercing payment on the discharged debt.

### Law of the Case Prohibits Defendants from Relitigating *Rooker-Feldman*

13. Defendants foreclose the possibility of raising the *Rooker-Feldman* doctrine again at this point in the litigation in their own memorandum of law: "In its Order re-opening the bankruptcy this Court held that the *Rooker-Feldman* doctrine could not apply[.]" *See* Document 15, page 19. Despite acknowledging that the court has already ruled on this issue, Defendants proceed to argue (incorrectly) that the *Rooker-Feldman* doctrine applies because the BAP has already determined the federal issue in this case. Not only are Defendants prohibited by the law of the case from relitigating this issue, but they also misapply *Rooker-Feldman* here. The *Rooker-Feldman* doctrine provides, generally, that the only federal court that can overturn a final order from a state court is the Supreme Court of the United States. It has nothing to do with whether a decision from a bankruptcy appellate panel is binding on another federal court so as to give preclusive effect over a particular issue. As discussed above, the BAP decision in *Van Winkle* is not res judicata here because the material facts of the dispute are different.

### Defendants' Ongoing Scorched Earth Litigation Tactics Warrant Further Sanction

14. Bankruptcy courts have authority to sanction parties for violating court orders. *See, e.g., Mountain America Credit Union v. Skinner (In re Skinner)*, 917 F. 2d 444, 447 (10th Cir. 1990) (§ 105(a) gives bankruptcy courts civil contempt power); *In re Armstrong*, 304 B.R. 432, 438 (10th Cir. BAP 2004) (bankruptcy courts have statutory authority under § 105 to issue

civil contempt orders). In this case, this Court entered an order awarding Plaintiffs compensatory damages against Defendants in the amount of $34,241.46 and included "a $5,000 punitive sanction." *See* Docket # 145, page 10, Adv Pro No 15-01047.[2] The Court "hope[d] a $5,000 sanction [would] convince Defendants to comply with court orders," *Id.*, but unfortunately it did not. Not only have Defendants failed to pay (or even attempt to pay) the compensatory or punitive damages, but as described above, they have continued their scorched earth litigation tactics to coerce payment on their discharged claim.

WHEREFORE, the Plaintiffs respectfully request that this Court deny the MSJ, grant the Plaintiffs summary judgment as to liability, and schedule an inquest to determine the amount of damages appropriate under the circumstances.

Respectfully submitted,

GAFFNEY LAW, PC

By: *s/ Joel Alan Gaffney*
Joel Alan Gaffney, Esq
6565 America's Parkway # 200
Albuquerque, NM 87110
(505) 563-5508
joel@gaffneylaw.com
*Attorneys for Plaintiffs*

---

[2] Plaintiffs request the Court take judicial notice of its own order, entered on February 22, 2019, in a previous adversary proceeding associated with this main bankruptcy case.