# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Fred Dale Van Winkle**, | ) | Case No. 13-11743-t7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Brian Van Winkle**, not in his personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, and **Tammy Sprague**, not in her personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, | ) | Adv. No. 20-01022 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Belleview Valley Land Co.**, a New Mexico corporation, **John H. Williams**, and **Ellen B. Williams**, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Defendants, Belleview Valley Land Co., a New Mexico corporation ("Belleview"), John H. Williams and Ellen B. Williams (jointly referred to as "Williams") (Williams and Belleview are jointly referred to as "Defendants") and Reply to Plaintiffs' Objection to Defendants' Motion for Summary Judgment.

Preliminary Matters

Plaintiffs have not disputed any of the Defendants' Undisputed Material Facts. Plaintiffs have not provided any counter-affidavits or other documentary evidence that contradicts any of the undisputed facts in this matter. Also, the ***Requests for Admissions*** are all deemed admitted. Defendants filed their ***Notice of Plaintiffs' Failure to Respond to Requests for Admissions & Deeming as Admitted*** on October 29, 2020 – Document 13 in this Adversary. The Requests for Admissions are Exhibit 27, but are also attached to this Reply with the Admissions relevant to this Reply highlighted in "yellow.")

Redemption Funds Were Not Bankruptcy Estate Assets:

The issue in this matter is the Otero County District Court's disposition of the Redemption Funds deposited with the Court and accepted by the Court. The $73,200.94 were bankruptcy estate funds and were not the probate estate funds. The undisputed facts show the funds used to initiate the redemption process and accepted by the Otero County District Court were funds individually borrowed by Fred Van Winkle heirs.

1. The undisputed facts show the redemption funds were borrowed by Fred Van Winkle heirs and were never a part of the bankruptcy estate.
    a. The heirs borrowed the redemption funds and claimed to be responsible for repayment of the borrowed funds. [Undisputed Fact 3p, s & t]
    b. The Fred Van Winkle Estate did not have sufficient funds to redeem. Fred Van Winkle only had $1,200.00 when he died. [Undisputed Fact 3p]
    c. The heirs stated they did not loan the funds to the Fred Van Winkle Estate. [Undisputed Fact 3p]

d. The heirs executed an Assignment of the Redemption because "the Heirs were the equitable owners of the Petition for Redemption and the Funds prior to the Assignment, the Assignment merely transferred Petitioner's bare legal title to the Petition for Redemption and the Funds to the Heirs." [Undisputed Fact 3p]

e. Further, the loan was for $147,000.00. It came from a holding company. $73,200.94 was tendered to the Otero County District Court as redemption funds, which the Court accepted and placed in the Court Registry. [Undisputed Fact 3qiii]

Again, the Redemption Funds were not bankruptcy estate funds and were not probate estate funds.

Timeline Relevant to the Issues:

The following timeline is relevant to the Summary Judgment Motion's issues:

1. Fred Van Winkle files his Chapter 7 Petition on May 21 of 2013. [Undisputed Fact #a]

2. Fred Van Winkle obtains his bankruptcy discharge on August 26, 2013. [Undisputed Fact #b]

3. The Bankruptcy Court enters its Order Lifting Stay as to Debtor's Otero County Property on December 4, 2013. [Undisputed Fact #c]

4. The Debtor files its Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. ¶554 On March 20, 2015. [Undisputed Fact #d][1]

    a. Paragraph 4 of the Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. ¶554 states that: "The Debtor recently amended schedule B to include a right of redemption which arose post–petition on property foreclosed in Otero County. It is arguable the right of redemption is not property of the estate; …" [Undisputed Fact #di]

---

[1] The Undisputed Material Facts are under Paragraph 3 of the Summary Judgment Motion. References are to the subparagraphs within Paragraph 3.

5. On April 15, 2015, The Bankruptcy Court entered its Order Abandoning Assets Pursuant to 11 U.S.C. §554, which included the abandoning of the right of redemption on the Otero County property on April 15, 2015. [Undisputed Fact #e]

6. On April 20, 2015, Tammy Sprague, as Personal Representative of the Estate of Fred Van Winkle files a Petition for Redemption of the Otero County property in state court in Otero County Cause Number D-1215-CV-2010-01054 on April 20, 2015. [Undisputed Fact #e]

    a. The filing of the Redemption Petition was (i) post-petition, (ii) post-discharge, (iii) post-abandonment of the Otero County Real Property and (iv) post-abandonment of the Redemption Right.

7. On April 21, 2015 the Otero County District Court entered its Order "accepting" the deposit of $73,200.94 into the Court Registry. [Undisputed Fact #f]

    a. The depositing of, and acceptance of, the redemption funds was (i) post-petition, (ii) post-discharge, (iii) post-abandonment of the Otero County Real Property and (iv) post-abandonment of the Redemption Right.

8. On June 24, 2015, Tammy Sprague, as Personal Representative of the Fred Dale Van Winkle Estate, filed an adversary proceeding in the Bankruptcy Court, Adversary Number 15-01047. [Undisputed Fact #k] The filing of the Adversary was in response to Defendants filing their May 14, 2015 filing of a Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien and their Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief in Otero County Cause Number D-1215-CV-2010-01054. [Undisputed Facts #i & j]

9. Subsequently, the Bankruptcy Court entered a decision the Plaintiffs' actions violated the bankruptcy discharge. The decision was appealed to the BAP. The BAP reversed. [Undisputed Fact #n]

a. The adversary proceeding and the appeal to the BAP was all (i) post-petition, (ii) post-discharge, (iii) post-abandonment of the Otero County Real Property and (iv) post-abandonment of the Redemption Right, post-filing of the Redemption Petition in State Court, depositing of Redemption funds and acceptance of those funds by the Otero County District Court.

10. The timeline shows all the relevant actions involved in this matter to be (i) post-petition, (ii) post-discharge, (iii) post-abandonment of the Otero County Real Property and (iv) post-abandonment of the Redemption Right, post-filing of the Redemption Petition in State Court, depositing of Redemption funds and acceptance of those funds by the Otero County District Court.

The Action to Redeem and the Tendering of the Redemption Funds Was Voluntary:

The filing of the Petition for Redemption and tendering of the Redemption Funds was voluntary.

1. The filing of the Redemption Petition in the Otero County District Court was voluntary. [Undisputed Fact #u]

2. There was no Order compelling the filing of the Redemption Petition or depositing redemption funds. The Estate was not forced to redeem the real property. [Undisputed Fact #u]

Plaintiffs' Appeal to the New Mexico Court of Appeals:

The undisputed facts show the Plaintiffs appealed the Otero County District Court Order regarding the disposition of the Redemption Funds. The New Mexico Court of Appeals Docket Number is A-1-CA-38423. In their Docketing Statement, the Plaintiffs:

1. Did not challenge the Otero County District Court's nor the New Mexico Court of Appeals jurisdiction. Acknowledgement of Court of Appeals jurisdiction is highlighted on Page 2 of the Docketing Statement. (Exhibit 22 – The Exhibit is also attached to this Reply.) Docketing Statement Issues No.s 4 & 5 (highlighted at Page 14 of the Docketing Statement) shows the Plaintiffs have appealed the issue regarding the disposition of the Redemption Funds to the New Mexico Court of

Appeals. The Docketing Statement presents no issue alleged or claiming violation of the discharge injunction. (Plaintiffs did not challenge the rule that once a discharge is entered, a state court, if presented with the issue, can be asked to enforce a federal law. In re Eastburg, 440 B.R. 851, 863–64 (Bankr. D.N.M. 2010), aff'd on other grounds, In re Eastburg, 447 B.R. 624 (B.A.P. 10th Cir. 2011))

2. The Plaintiffs are attempting to have the same issue determined in state court and this court. The history of the state court litigation clearly shows the determination of the disposition of the Redemption Funds should be left to the state court.

New Mexico Foreclosure Law:

New Mexico foreclosure law is also relevant to the issues in this matter. The applicable statutes are attached to this Reply.

The redemption process is a part of the *in rem* foreclosure action. New Mexico law provided that once the redemption petition was filed and the redemption funds deposited, the redemption was accomplished. NMSA §39-5-18. [The statute does not require any further action for a party to redeem. National Mortgage LLC v. Chenoweth, 2018 WL 2213641 ¶17 (N.M. App. April 1, 2018)(unpublished opinion) (Also see: Chapel v. Nevitt, 2009-NMCA-017, ¶36, 145 N.M. 674)] New Mexico law holds that the redemptioner cannot condition the redemption by imposing conditions upon the tender of the money pursuant to the redemption statute. (See: Brown v. Trujillo, 2004-NMCA-040, 135 N.M. 365.; Union Esperanza Mining Co. v. Shandon Mining Co., 18 N.M. 153 135 P. 78 (NM 1913); Chapel, ¶¶ 41-43) Once the redemptioner has paid the redemption funds, he has done so at his own peril. First State Bank of Taos v. Wheatcroft, 1931-NMSC-047, ¶¶13, 18, 36 N.M. 88 "[O]ne who makes a voluntary payment to another has no right of restitution. Cheesecake Factory, Inc. v. Baines, 1998-NMCA-120, ¶6, 125 N.M. 622 Once redemption funds are tendered to, and accepted by, the Court, title and control of the funds is with the Court, not the party depositing the funds. Monies tendered into the registry of the court "pass irrevocably to

5

his adversary." Weinchel v. Adamic, 125 Colo. 235, 242 P.2d 219 (1952) "[N]ot only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action, which, in effect, retransfers the title." Mann v. Sprout, 185 N.Y. 109. 77 N.E. 1018, 1019 (N.Y. C. App. 1906) (Also see: Request for Admission No. 7A – Admitted;) Within the limitations imposed by the foregoing rules, the disposition of the funds is within the court discretion as to what the court deems proper.

Summary of Preliminary Matters Relevant to this Reply:

All the actions relating to the Redemption and the Redemption funds took place (i) post-petition, (ii) post-discharge, (iii) post-abandonment of the Otero County Real Property and (iv) post-abandonment of the Redemption Right. The funds deposited into the Court Registry in Otero County for the redemption were not bankruptcy Estate Funds. [This Court is also referred to the Report of the Chapter 7 Trustee, Clarke Coll, who reported no estate assets. See: Bankruptcy Docket Entry Number 112] The action of filing the Redemption Petition and tendering the Redemption Funds was voluntary, not compelled. The redemption process is part of the foreclosure action. The Otero County District Court had ownership of the Redemption Funds and discretion as to disposition of the funds.

Reply to Plaintiff's Objections

Plaintiffs' Claim Regarding Certain Undisputed Material Facts:

Plaintiffs do not dispute Defendants' Undisputed Facts. Plaintiffs argue attention should be paid to certain additional undisputed facts. The first point on Page 2 of the Objection is:

> a. The Otero Property was not redeemed after the Special Master's sale. Instead, the redemption request was withdrawn by the judgment debtor.

The assertion is not accurate. As stated above, New Mexico law provides that once the redemption petition is filed and the redemption funds are deposited, the redemption is accomplished. NMSA §39-5-18. [The statute does not require any further action for a party to redeem. National Mortgage LLC v. Chenoweth, 2018 WL 2213641 ¶17 (N.M. App. April 1,

2018)(unpublished opinion). The redemption was accomplished. The Court held title to, and control of, the Redemption Funds, not the party depositing the funds. The disposition of the funds are within the court discretion as to what the court deems just. Further, this issue is not relevant to a question of whether the bankruptcy discharge injunction has been violated. For all the reasons shown under the foregoing Preliminary Matters, there cannot be any violation of the bankruptcy discharge injunction by the Otero County District Court's determination regarding the Redemption Funds.

    The second point on Page 2 of the Objection is:

b.  The state court reduced the Defendants' deficiency judgment against the probate estate' property only by the amount that was deposited into the court registry without accounting for the debt the Defendants had already bid to acquire title to the Otero Property.

This is not an issue of whether the bankruptcy discharge injunction was violated. It is an allegation the Court's calculation of the remaining deficiency judgment was correct. The deficiency judgment is purely an *in rem* judgment. It only affects the *in re*m judgment lien as against real property that is either not a part of the bankrupt estate or owned by third parties. Subject matter jurisdiction regarding foreclosure, redemption of foreclosed real property and disposition of the redemption funds lies with the Otero County District Court, the Bankruptcy Court. Again, for all the reasons shown under the foregoing Preliminary Matters, there cannot be any violation of the bankruptcy discharge injunction by the Otero County District Court's determination regarding the Redemption Funds.

<u>Reply to Plaintiffs' Issue & Claim Preclusion Argument</u>:

    The redemption and the deposit of the Redemption Funds occurred prior to the determination of issues in the first adversary proceeding and the BAP's Decision in <u>Sprague v. Williams (In re Van Winkle)</u>, 583 B.R. 759 (10th Cir. BAP 2018). At that point, under New Mexico law, the redemption was complete.

Determination of the issuance of a Certificate of Redemption and disposition of the Redemption Funds was within the discretion of the Otero County District Court. The BAP held the Plaintiffs' pursuit of foreclosure of the deficiency judgment as against the real property did not violate the discharge injunction. The causes of action are identical, i.e., pursuit of foreclosure of a judgment lien against redeemed real property violated the discharge injunction. By statute, redemption is a part of the foreclosure process. Depositing of Redemption Funds with the Court and the Court's disposition of the Redemption Funds is a part of the foreclosure process. The BAP's decision applies to the entire foreclosure process, including disposition of the redemption funds as that is a part of the foreclosure. Res Judicata does apply. There was a judgment on the merits as to the foreclosure process on a deficiency judgment as against the redeemed property. The parties are identical or in privity. The cause of action was identical. The parties had full and fair opportunity to be heard.

Reply to Plaintiffs' Law of the Case Argument:

This adversary arises from the re-opening of the Fred Dale Van Winkle bankruptcy, Case No. 13-11743-t7. The prior adversary and BAP decision arises from the bankruptcy and the discharge in that Bankruptcy. Law of the case does apply as does res judicata.

Reply to Plaintiffs' After Acquired Property Argument:

Plaintiffs argue the Debtor's probate estate acquired $73,200.94 from Debtor's heirs, which was acquired after the discharge and was not real property. The funds were funds borrowed by Fred Van Winkle's heirs. They were never a part of the bankrupt estate. Further, once the funds were tendered to, and accepted by, the Otero County District Court in the redemption process, they became part of the in rem foreclosure proceeding. Without restating them, all the foregoing points in the Preliminary Matters apply to this issue.

In an attempt to argue the deposited Redemption Funds were not "forfeited," Plaintiffs cite several New Mexico cases.

Plaintiffs cite Brown v. Trujillo, 2004-NMCA-040, 135 N.M. 365, 88 P.3d 881, 885 as support. Brown v. Trujillo holds that conditional tenders are not effective. In Plaintiffs' case, they made no conditional tender at the time of the filing of the Redemption Petition and the tendering of the Redemption Funds that was accepted by the Court. The case does not change the law that once the redemption petition is filed and the redemption funds are deposited, the redemption is accomplished. NMSA §39-5-18. [The statute does not require any further action for a party to redeem. National Mortgage LLC v. Chenoweth, 2018 WL 2213641 ¶17 (N.M. App. April 1, 2018)(unpublished opinion).

Plaintiffs cite Union Experanza Mining Co. v. Shandon Mining Co., 1913-NMSC-0059, 17 N.M. 153, 135 P. 78 stands for the rule that a redemption cannot be conditional. Just like Brown v. Trujillo, The case does not change the law that once the redemption petition is filed and the redemption funds are deposited, the redemption is accomplished.

Plaintiffs cite First State Bank v. Wheatcroft, 1931-NMSC-047, 36 N.M. 99, 8 P.2d 1061. It is not in point. It does not address the issue in this case involving the court's disposition of redemption funds that have been tendered to and accepted by the court.

Plaintiffs cite Cheesecake Factory, Inc. v. Baines, 1998-NMCA-120, 125 N.M. 622, 964 P.2d 183. This case has nothing to do with the issue in this case. Cheesecake Factory dealt with whether voluntary payment of a judgment by a judgment debtor waived the right to appeal. That is not the issue in this case. It is certainly not the issue addressing the law that once the redemption petition is filed and the redemption funds are deposited, the redemption is accomplished. Nor does it change the law that disposition of the redemption funds are owned and controlled by the court.

In summary, the case law Defendants cite above is the controlling law and the four cases Plaintiffs cite are not applicable and do not change the existing law regarding the court's jurisdiction to determine the terms and conditions as it deems just. NMSA 1978 § 39-5-18C.

It is important to remember the redemption is complete with the filing of the redemption petition and

9

the tendering of the redemption funds on an unconditional basis. There still has to be a Certificate of Redemption issued and that is subject to the terms and conditions set by the Court, which of necessity concerns disposition of deposited redemption funds. That is exactly what Judge Counts did.

Further, this is not an issue over which this court has jurisdiction. This is a state court proceeding that deals with foreclosure of real property and the redemption process. This is not a discharge injunction violation issue.

Reply to Plaintiffs' Argument the Second Amended Complaint in Lincoln County Violated the Discharge Injunction:

Plaintiffs argue the language in the Second Amended Complaint in the Lincoln County foreclosure action violates the discharge injunction. The argument is, at best, hard to understand. Plaintiffs have the right to foreclosure the First Mortgage they own. The issue relates to application of the Defendants' judgment lien, which is controlled by the Stipulated Order. The interpretation of the Stipulated Order was previously at issue in the prior adversary and determined in the BAP decision. The history of the Lincoln County foreclosure is set out in the Memorandum Brief supporting the Summary Judgment Motion. There is no intent to violate the Stipulated Order. In fact the language in the Second Amended Complaint makes that clear. Counsel for the Estate consented to the Defendants' filing of the Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien.

In the Order granting Defendants permission to file the Second Amended Complaint, the Court stated Counsel for the Estate had consented to the filing of the Second Amended Complaint. Other than the request for a scheduling conference, the filing of the Second Amended Complaint is all that had taken place in the Lincoln County case. There has been no further action in the case. (See the attached Lincoln County Docket.) As stated in the Memorandum Brief, it is difficult to see how Plaintiffs could consent to the filing of the Second Amended Complaint with the caveat set forth above and now cry foul.

Reply to Plaintiffs' Rooker-Feldman Argument:

The argument for application of Rooker-Feldman is generally sufficiently set forth in the Memorandum Brief. Defendants acknowledge the argument is novel. But the issue is novel. The federal issue about violation of the discharge injunction has been resolved. With that federal issue resolved, the issue left is purely a state law issue that is proceeding in state court regarding property rights under New Mexico's foreclosure and redemption law. The BAP decision is a final decision on the state court

11

proceeding regarding whether Defendants' actions under New Mexico's foreclosure and redemption law violated the discharge injunction. In reality, it has the effect of being a final decision in relation to the state court matter.

Reply to Plaintiffs' Scorched Earth Litigation Argument:

Plaintiff's acknowledge the Court awarded "compensatory damages" to Plaintiff(s). Plaintiffs do not question that award is a money judgment. As set forth in the Memorandum Brief supporting the Summary Judgment Motion, this Court and the BAP considered the award a money judgment. Plaintiffs have to because they have recorded Transcripts of Judgment in Otero, Lincoln and Roosevelt Counties of New Mexico. (Exhibit 26 is the various Transcript of Judgment that have been filed.) Enforcement of a money judgment cannot be by means of a contempt proceeding, but rather enforcement must comply with the substantive and procedural safeguards found in state law where the federal court is located.[See: In Abbasid, Inc. v. First Nat'l Bank of Santa Fe, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at *3 (D.N.M. Sept. 9, 2010), Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc., No. 5:12-CV-1189-DAE, 2014 WL 1652600, at *4 (W.D. Tex. Apr. 24, 2014); Lewis v. United Joint Venture, 691 F.3d 835, 839–40 (6th Cir.2012)]

Defendants have enforced their legal rights. The Defendants are entitled to enforce rights to which they are legally entitled. This includes enforcing their deficiency judgment lien rights in Otero County District Court. Plaintiffs appear to be arguing for new sanctions based upon allegation of violation of court order and scorched earth tactics. There is no violation of a court order. Defendants enforcing their rights in state court in a redemption voluntarily started by the Plaintiffs and in seeking to enforce their First Mortgage in Lincoln County with a caveat they will comply with applicable bankruptcy orders and laws cannot be scorched earth and certainly does not justify any sanction.

12

Reply to Plaintiffs' Claim Defendants Did Not Comply with Summary Judgment Rule:

Finally, Plaintiffs claim that Defendants failed, in general, to specify specific portions of an exhibit as required by Local Rule 7056-1(a). As to many of the exhibits, Defendants deemed it necessary to attach the entire document for review. In other instances there were only portions of a document or the relevant portions were highlighted. In review of the exhibits, it appears highlighting of Tammy Sprague's deposition testimony in Exhibit 15 did not have highlighting of the testimony. The highlighted portion of Tammy Sprague's deposition is in Exhibit 14 subpart "A" highlighted in gray as referred to in Undisputed Fact No. 3p. But the emphasis as to those portions of the Tammy Sprague deposition, that is a part of Exhibit 15 are present. The exact pages are referred to in Undisputed Fact No. 3p. The Tammy Sprague deposition is attached with those portions highlighted in "yellow."

Then, Plaintiffs state that they do not dispute the asserted undisputed material facts in the Summary Judgment Motion. Plaintiffs' complaint is two additional facts were left out. Those two additional facts are addressed in this Reply. Whatever complaint Plaintiffs have is moot with their statement they do not dispute the asserted undisputed material facts in the Summary Judgment Motion. Defendants further submit that there is specific reference to the Requests for Admissions, are all deemed admitted.

Also, virtually all the material controlling facts in this matter have been deemed admitted by the Plaintiffs' failure to timely respond to, or answer, the Requests for Admissions. That, too, renders the Plaintiffs' vague objection moot.

## Conclusion

Based upon the undisputed material facts and applicable law, Defendants are entitled to Summary Judgment.

Martin, Dugan & Martin

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Defendants

### CERTIFICATE OF SERVICE

I, W.T. Martin, Jr., certify that on January 14, 2021, I served the foregoing Reply on opposing counsel was served by CM/ECF and e-mail:

Joel Alan Gaffney, 6565 Americas Pkwy, Suite 200, Albuquerque, NM 87110-
e-mail is joel@gaffneylaw.com

Martin, Dugan & Martin

By_____
W. T. Martin, Jr.