# Attachment

# NM Statutes

> West's New Mexico Statutes Annotated
>   Chapter 39. Judgments, Costs, Appeals
>     Article 4. Recovery on Judgments

N. M. S. A. 1978, § 39-4-13

§ 39-4-13. Judgment lien on real estate; foreclosure suit; sale

Currentness

Any person holding a judgment lien on any real estate situated in this state may subject said real estate to the payment of his judgment by a foreclosure suit in any court of competent jurisdiction, such suit to be instituted and prosecuted in the same manner as ordinary suits for the foreclosure of mortgages, and the sale thereunder to be held in the same manner and subject to the same rights of redemption as in sales held under mortgage foreclosure decrees.

**Credits**
L. 1933, Ch. 7, § 1.

**Formerly** 1941 Comp., § 21-114; 1953 Comp., § 24-1-22.

Notes of Decisions (34)

NMSA 1978, § 39-4-13, NM ST § 39-4-13
Current through the end of the Second Regular Session, and First and Second Special Sessions of the 54th Legislature (2020).

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.

> West's New Mexico Statutes Annotated
>   Chapter 39. Judgments, Costs, Appeals
>     Article 5. Sales Under Execution and Foreclosure

N. M. S. A. 1978, § 39-5-18

§ 39-5-18. Redemption of real property sold under judgment or decree of foreclosure; notice and hearing; redemption amount; priority of redemption rights

Effective: April 2, 2007
Currentness

A. After sale of real estate pursuant to the order, judgment or decree of foreclosure in the district court, the real estate may be redeemed by the former defendant owner of the real estate or by any junior mortgagee or other junior lienholder whose rights were judicially determined in the foreclosure proceeding:

(1) by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; or

(2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale. Copies of the petition for redemption shall be served upon the purchaser of the real estate at the judicial foreclosure sale and upon all parties who appeared in the judicial foreclosure case; and

(3) the former defendant owner shall have the first priority to redeem the real estate. If the former defendant owner does not redeem the real estate as provided in this subsection, each junior mortgagee or junior lienholder shall have a right to redeem the real estate. The order of priority of such redemption rights shall be the same priority as the underlying mortgages or liens, as set forth in the court order, judgment or decree of foreclosure or as otherwise determined by the court. All redemptions must be made within the time periods set forth in Paragraphs (1) and (2) of this subsection.

B. The purchaser of real estate at a foreclosure sale, upon being served with the petition for redemption of the property, shall answer the petition within thirty days after service of the petition.

C. The hearing shall be governed by the rules of civil procedure and shall be set upon the earlier of the filing of a redemption by the former defendant owner or the expiration of the period for filing a redemption. At the hearing, the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances. If more than one redemption is filed, the court shall also determine which redemption has priority pursuant to Subsection A of this section and which party is therefore entitled to redeem the property. At the

conclusion of the hearing, the district court may order the clerk of the court to issue the certificate of redemption upon such terms and conditions as it deems just.

D. As used in this section, the terms "owner", "junior mortgagee", "junior lienholder" and "purchaser" include their respective personal representatives, heirs, successors and assigns.

E. For the purpose of this section, "date of sale" means the date the district court order confirming the special master's report is filed in the office of the clerk of the court.

F. The nine-month redemption period provided in this section is subject to modification pursuant to the provisions of Section 39-5-19 NMSA 1978.

G. A trustee's sale pursuant to a power of sale in a deed of trust as provided in the Deed of Trust Act is not a sale of real estate pursuant to a judgment or decree of a court. A redemption after a trustee's sale is governed by the Deed of Trust Act.

**Credits**
L. 1931, Ch. 149, § 2; L. 1957, Ch. 109, § 1; L. 1977, Ch. 85, § 1; L. 1987, Ch. 61, § 24; L. 2007, Ch. 156, § 1, eff. April 2, 2007.

**Formerly** 1941 Comp., § 21-219; 1953 Comp., § 24-2-19.

Notes of Decisions (114)

NMSA 1978, § 39-5-18, NM ST § 39-5-18
Current through the end of the Second Regular Session, and First and Second Special Sessions of the 54th Legislature (2020).

**End of Document**       © 2021 Thomson Reuters. No claim to original U.S. Government Works.