# Exhibit "22"

# Docketing Statement
# (Relevant Portions)

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New Mexico corporation, and JOHN H. WILLIAMS and ELLEN B. WILLIAMS, husband and wife,

Plaintiffs-Appellees,

v.

TAMMY SPRAGUE, Personal Representative of the Estate of Fred Van Winkle, Deceased,

Defendant-Appellant

and

BRIAN VAN WINKLE and JUDITH A. VAN WINKLE, husband and wife,

Defendants-in-Intervention.

A-1-CA-38423

No. A-1-CA-_____
Otero County
D-1215-CV-2010-01054

## DOCKETING STATEMENT

Appeal taken from the Twelfth Judicial District Court
Otero County, New Mexico
The Honorable James Waylon Counts, District Judge, Presiding

Law Office of Kyle H. Moberly, P.C.
Kyle H. Moberly
2460 S. Locust, Ste. E
Las Cruces, NM 88001
575-541-1278
*Counsel for Defendant/Appellant*

EXHIBIT "22"

Case 20-01022-t    Doc 16-7    Filed 10/30/20    Entered 10/30/20 16:21:45    Page 2 of 23
Case 20-01022-t    Doc 29-4    Filed 01/14/21    Entered 01/14/21 15:47:51    Page 2 of 6

I.   NATURE OF PROCEEDING

This appeal arises from *Belleview Valley Land Co. v. Sprague*, in which Belleview Valley Land Co. ("Belleview"), John Williams, and Ellen Williams (collectively, "Plaintiffs" or "Appellees") originally sued Fred Van Winkle in December 2010 for foreclosure and sale of real property to satisfy a judgement debt that was entered in August 2010 after resolution of an earlier dispute. In 2019, the district court entered a series of orders (1) denying substitution of the parties seeking redemption, (2) granting Plaintiffs summary judgment for foreclosure for payment of a deficiency judgment, and (3) disbursing the deposited redemption funds to John and Ellen Williams. Defendant, Tammy Sprague, personal representative ("PR") of the estate of Fred Van Winkle, deceased ("Estate"), appeals.

II.   STATEMENT OF JURISDICITON

Defendant appeals the following orders:

1. *Order Denying Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners*, filed July 12, 2019;

2. *Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, filed July 19, 2019; and

3. *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

Docketing Statement                                       Belleview Valley Land Co. v. Sprague
                                                          Cause No. D-1215-CV-2010-01054

Page 2 of 22

Case 20-01022-t   Doc 16-7   Filed 10/30/20   Entered 10/30/20 16:21:45   Page 3 of 23
Case 20-01022-t   Doc 29-4   Filed 01/14/21   Entered 01/14/21 15:47:51   Page 3 of 6

Defendant filed the *Notice of Appeal* on July 29, 2019 in the district court and attached the first two orders. The *Notice* was mailed to the Clerk of the Court of Appeals. Defendant filed an *Amended Notice of Appeal* on August 12, 2019—within 30 days of the filing of all three orders—in the district court and attached all three orders. The *Amended Notice* was also mailed to the Clerk of the Court of Appeals. The docketing statement is due no later than September 11, 2019.

### III. STATEMENT OF FACTS

#### A. *The Initial Proceedings*

This case involves a 2010 complaint for foreclosure, but begins with an earlier case in which Plaintiffs obtained a judgment against Fred Van Winkle. Originally, Mr. Van Winkle sold a parcel of real estate to Plaintiffs, but after the first lawsuit, Plaintiffs were required to deed the property back to Mr. Van Winkle and Mr. Van Winkle ordered to refund the purchase price ($150,000) and pay other damages, totaling $234,944.31. In the 2010 complaint for foreclosure, Plaintiffs sought to foreclose on the same piece of property ("Otero Property") to satisfy its judgment lien. Plaintiffs filed a motion for summary judgment on the foreclosure, which the district court orally granted.

Before the district court entered a written order, Mr. Van Winkle filed a notice of bankruptcy on September 1, 2011, which was dismissed on February 27, 2013.

Docketing Statement

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054

Page 3 of 22

Case 20-01022-t    Doc 16-7    Filed 10/30/20    Entered 10/30/20 16:21:45 Page 4 of 23
Case 20-01022-t    Doc 29-4    Filed 01/14/21    Entered 01/14/21 15:47:51 Page 4 of 6

*Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

**Issue No. 4**: The district court improperly determined that the Plaintiffs who purchased the Otero Property at the foreclosure sale, John and Ellen Williams, were entitled to receive from the court registry the funds that the PR deposited when she filed the petition to redeem the Otero Property plus the interest earned thereon, even though the court deemed the redemption petition withdrawn.

This issue arose in *Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed July 24, 2019 and was resolved by the *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed August 12, 2019.

**Issue No. 5**: Under these circumstances, equity favors the return of the money in the registry to the depositor, when the property was purchased at the foreclosure sale for less than half the value of the property by some of the foreclosure plaintiffs; a large deficiency judgment resulted; the original debtor died, leaving the Estate and heirs to resolve their interests; disputed issues about the revival of the judgment lien after redemption had been at least partially resolved legitimately through litigation both in the bankruptcy courts and the district court; and, disputed issues of material fact remained about whether the heirs were entitled to redeem the Otero Property.

Docketing Statement

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054

Page 14 of 22

Case 20-01022-t    Doc 16-7    Filed 10/30/20    Entered 10/30/20 16:21:45    Page 15 of 23
Case 20-01022-t    Doc 29-4    Filed 01/14/21    Entered 01/14/21 15:47:51    Page 5 of 6

==This issue arose in *Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, filed July 24, 2019, and the Estate argued at either or both of the July 19, 2019 hearing and the August 9, 2019 hearing that the district court should equitably refund the redemption deposit to Mr. Van Winkle's heirs because otherwise the foreclosure purchasers would get to keep the property and the heirs' money. The district court rejected the Estate's argument when it decided in the *Redemption Order* that the deposit was unconditional and automatically went to the foreclosure purchasers, despite the court's determination that the redemption petition was deemed withdrawn.==

## V. LEGAL AUTHORITY

### Substitution

Rule 1-017(A) NMRA (defining "real party in interest").

Rule 1-025(A)(1) NMRA (permitting substitution of parties after a party dies).

Rule 1-025(C) NMRA (permitting, in the case of any transfer of interest, an action to continue by or against the original party, "unless the court upon motion directs the person to whom the interest is transferred to be substituted").

*Crown Life Ins. Co. v. Candlewood Ltd.*, 1991-NMSC-090, ¶14, 112 N.M. 633 (explaining that even if the party who acquires the rights is not substituted, though substitution is permitted to "avoid confusion or facilitate the conduct of the litigation," the action can be continued by the party who acquired the interest during the pendency of the proceeding).

Docketing Statement

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054

Page 15 of 22

Case 20-01022-t  Doc 16-7  Filed 10/30/20  Entered 10/30/20 16:21:45  Page 16 of 23
Case 20-01022-t  Doc 29-4  Filed 01/14/21  Entered 01/14/21 15:47:51  Page 6 of 6