# Exhibit "27"

# Defendants' Request for Admissions

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: ) <br> ) <br> **Fred Dale Van Winkle**, ) <br> ) <br> Debtor, ) <br> ) <br> and ) <br> ) <br> **Brian Van Winkle**, not in his personal capacity ) <br> but solely as co–personal representative ) <br> of the estate of Fred Van Winkle, and **Tammy** ) <br> **Sprague**, not in her personal capacity but solely as ) <br> co–personal representative of the estate of Fred Van ) <br> Winkle, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **Belleview Valley Land Co.**, a New Mexico ) <br> corporation, **John H. Williams**, and **Ellen B.** ) <br> **Williams**. ) <br> ) <br> Defendants. ) | Case No. 13-11743-t7 <br><br><br><br><br><br><br><br><br> Adv. No. 20-01022 |

**DEFENDANTS' REQUEST FOR ADMISSIONS TO
BRIAN VAN WINKLE AND TAMMY SPRAGUE**

COME NOW Defendants, **Belleview Valley Land Co.**, a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams**, and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and pursuant to **FRBP 7036** and **FRCP 36** hereby request that Plaintiffs, Brian Van Winkle and Tammy Sprague respond to the following Request for Admissions within 30 days of service of these *Request for Admissions*.

## DEFINITIONS

1. The term "you" or "your" or "Brian Van Winkle or Tammy Sprague., including in their personal capacity or solely as Personal Representative of the Estate of Fred Van Winkle.

2. "Person" shall refer to a natural person, partnership, corporation, incorporated association, or other legal entity.

3. The term "document" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise including, without limitation, correspondence, e-mail, text messages, memoranda, notes, diaries, letters, telegrams, minutes, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer print-outs or punch cards, teletypes, telefaxes, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including without limitation, photographs, blueprints, diagrams, charts, graphs, microfilms, videotapes, recordings, motion pictures and electronic, mechanical or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs and recordings.

4. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

5. "Communications" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by documents, writing or copy thereof, or otherwise.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that on May 21, 2013 Fred Van Winkle filed a chapter 7 Petition in the Bankruptcy Court for the District of New Mexico.

    **RESPONSE:** _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 2:** Admit that on August 26, 2013, prior to his death, Fred Van Winkle obtained his bankruptcy discharge.

    **RESPONSE:** _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 3:** Admit that on December 4, 2013, the Bankruptcy Court entered its *Order Lifting Stay as to Debtor's Otero County Property*.

    **RESPONSE:** _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 4:** Admit that on March 20, 2015, the Debtor filed a *Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. ¶554*.

    **RESPONSE:** _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 4A:** Admit that Paragraph 4 of the *Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. ¶554* states that: "The Debtor recently amended schedule B to include a right of redemption which arose post–petition on property foreclosed in Otero County. It is arguable the right of redemption is not property of the estate; ..."

    **RESPONSE:** _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 4B:** Admit that by filing the *Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. ¶554* Debtor sought an Order abandoning the right of redemption to the property in Otero County.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 5:** Admit that on April 15, 2015, the Bankruptcy Court entered its *Order Abandoning Assets Pursuant to 11 U.S.C. §554*, which included the abandoning of the right of redemption on the Otero County property.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 6:** Admit that on April 20, 2015, Tammy Sprague, as Personal Representative of the Estate of Fred Van Winkle filed a Petition for Redemption of the Otero County property in state court in Otero County Cause Number D-1215-CV-2010-01054.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 7:** Admit that on April 21, 2015 the Otero County District Court entered its Order "accepting" the deposit of $73,200.94 into the Court Registry.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 7A:** Admit that upon the Otero County District Court accepting the funds, title to those funds passed to the Court.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 8:** Admit that on May 14, 2015, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Response to the Petition for Redemption* in the Otero County District Court case, Otero County Cause Number D-1215-CV-2010-01054.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 9:** Admit that on May 14, 2015, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien*, in Otero County Cause Number D-1215-CV-2010-01054.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 10:** Admit that on May 14, 2015, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, Otero County Cause Number D-1215-CV-2010-01054.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 11:** Admit on June 24, 2015, Tammy Sprague, as Personal Representative, filed an adversary proceeding in the Bankruptcy Court for the District of New Mexico, which was assigned Adversary Number 15-01047.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 12:** Admit before the date of the filing of Adversary Number 15-01047, the following was true:

  A. Tammy Sprague, as Personal Representative, had obtained the abandonment of the right of redemption.

RESPONSE: _____ Admitted _____ Denied

B. Tammy Sprague, as Personal Representative, had chosen to file the Petition in the Otero County District Court seeking redemption of the Otero County property.

RESPONSE: _____ Admitted _____ Denied

C. Tammy Sprague, as Personal Representative, had chosen to deposit redemption funds with the Otero County District Court and sought the Court's acceptance of the deposited redemption funds.

RESPONSE: _____ Admitted _____ Denied

D. Belleview Valley Land Co., John Williams and Ellen B. Williams responded to the redemption petition, filed their *Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien* as well as their *Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 13:** Admit that the BAP, in **in re Van Winkle, 583 B.R. 759 (2018)**, held that Belleview Valley Land Co., John Williams and Ellen B. Williams did not violate 11 U.S.C. §524(a)(2) "because, under New Mexico law, a deficiency judgment may become a post-redemption lien on the real property once properly transcribed."

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 14:** Admit that the issue in this adversary arose after purchasers paid for the foreclosed real property at the 2014 foreclosure sale and the subsequent redemption of the foreclosed real property, both of which were post-petition.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 15:** Admit that in her *Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners* filed on September 28, 2018, Otero County Cause Number CV-1215-CV-2010-01054, Tammy Sprague, as Personal Representative, stated that the redemption funds were provided by Tammy Sprague, Brian Van Winkle and Haley Van Winkle.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 16:** Admit that in Tammy Sprague's deposition in the adversary proceeding, Adversary Number 15-01047, she testified the source of the redemption funds were from a loan by a third party.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 17:** Admit that in Tammy Sprague's deposition in the adversary proceeding, Adversary Number 15-01047, Tammy Sprague's refused to disclose who loaned the money.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 18:** Admit in Tammy Sprague's deposition in the adversary proceeding, Adversary Number 15-01047, she testified she signed a promissory note to a single person that gave her the loan.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 18A:** Admit that the informal promissory note was actually an informal agreement and not a promissory note.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 19:** Admit that in Tammy Sprague's deposition in the adversary, Adversary Number 15-01047, she testified that the loan came from a holding company.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 20:** Admit that in Tammy Sprague's deposition in the adversary, Adversary Number 15-01047, she testified that the $73,200.94 deposited into the court registry came from the $147,000.00 loan.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 21:** Admit that in Tammy Sprague's deposition in the adversary proceeding, Adversary Number 15-01047, she testified that she received the loan check on approximately August 22, 2014 but did not attempt to exercise the redemption until April 2015.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 22:** Admit that:

A. The loan was after Fred Van Winkle filed his Chapter 7 Petition and was therefore post-petition.

RESPONSE: _____ Admitted _____ Denied

B. The loan was after Fred Van Winkle received his Chapter 7 discharge and was therefore post-discharge.

RESPONSE: _____ Admitted _____ Denied

C. The loan was after the abandonment of the Otero County property.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 23:** Admit or deny that Brian Van Winkle filed an Intervention in Bankruptcy case # 13-11743 on June 18, 2019.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 24:** Admit that Brian Van Winkle in his Intervention states that he met with lenders in California to secure a loan for the redemption and was individually the source for the funds.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 25:** Admit that Brian Van Winkle in his Intervention states he used his home for collateral for the loan.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 26:** Admit that the filing of the Redemption Petition in the Otero County District was voluntary.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 27:** Admit that the Estate's actions were voluntary and the Estate was not forced to redeem the real property.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 28:** Admit that the Estate's filed its *Notice of Appeal* from the Otero County District Court's Orders, Otero County Cause Number D-1215-CV-2010-01054, in the New Mexico Court of Appeals on July 29, 2019 and that it filed its *Docketing Statement* in the Court of Appeals on September 11, 2019.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 28A:** Admit that the Estate's appeal to New Mexico Court of Appeals includes the appeal from District Court's *Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* entered July 19, 2019 and *Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment*, entered August 12, 2019.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 29:** Admit that in Lincoln County Cause Number D-1226-CV-2015-00065, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Motion to File Second Amended Complaint*.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 29A:** Admit that counsel for the Van Winkle Estate consented to Belleview Valley Land Co., John Williams and Ellen B. Williams filing of a revised version of their *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien.*

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 29B:** Admit that on April 29, 2019, the Lincoln County District Court entered an Order that allowed Belleview Valley Land Co., John Williams and Ellen B. Williams to file a revised version of their *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien.*

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 29C:** Admit that the April 29, 2019, Order specifically found that "Defendant's counsel consented to Plaintiff's filing of the revised Second Amended Complaint."

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 29D:** Admit that the filed *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* contains the following language:

> **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation of those bankruptcy court orders, rules or any laws is not

intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

RESPONSE: _____ Admitted _____ Denied

**REQUEST FOR ADMISSION NO. 29E:** Admit that other than the Estate filing an Answer to the *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*, there has been no further action in the Lincoln County Court and the matter is pending.

RESPONSE: _____ Admitted _____ Denied

Martin, Dugan & Martin

By _____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

On June 8, 2020, opposing counsel was served by electronic filing.

Martin, Dugan & Martin

By_____

W. T. Martin, Jr.
