UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,                                                      No. 13-11743 t7

      Debtor.

BRIAN VAN WINKLE and
TAMMY VAN WINKLE,
Co-personal representatives,

      Plaintiffs,

v.                                                                            Adv. No. 20-1022 t

BELLEVIEW VALLEY LAND CO.,
JOHN H. WILLIAMS, and
ELLEN B. WILLIAMS,

      Defendants.

## ORDER AND NOTICE OF HEARING

This matter comes before the Court on Defendants' Motion for Summary Judgment, filed October 29, 2020, doc. 14 (the "Motion"). The Court has reviewed the Motion, the accompanying memorandum brief, the response thereto, and the reply in support. In addition, the Court has reviewed the dockets in the main bankruptcy case, No. 13-11743, in Adv. Pro. No. 15-1047, and in the state court action styled *Belleview Valley Land Co. v. Tammy Sprague*, No. D-1215-CV-2010-01054, pending in the Twelfth Judicial District Court, State of New Mexico (the "State Court Action"). Being sufficiently advised, the Court HEREBY ORDERS:

    1.     A hearing on the Motion will be held on February 8, 2021, at 10:30 a.m., in the Brazos Courtroom, 5th Floor, Pete V. Domenici U.S. Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico. One hour has been set aside for the hearing. Each side will be allowed

thirty minutes to make their presentation. Counsel may participate by telephone if prior arrangements are made.

        2.        At the hearing, parties should be prepared to discuss the following:

        a.        Which entity attempted to redeem the subject Otero County, New Mexico property (the "Property") on or about April 20, 2015: Tammy Sprague, the probate estate of Fred Van Winkle, the bankruptcy estate, or someone else?

        b.        Is the probate estate of Fred Van Winkle a different entity than the Debtor, such that the attempted redemption, if successful, would have been done by a third party rather than the judgment debtor?

        c.        After title to the Property passed to John and Ellen Williams on or about July 28, 2014, did it ever pass to Fred Van Winkle's probate estate? In particular, what was the status of title when the Court entered on June 30, 2015, in Adv. Pro. No. 15-1047, the Stipulated Order Staying State Court Litigation Pending This Court Addressing Adversary Complaint (doc. 7)?

        d.        Did the judgment creditors' judgment lien ever attach or re-attach to the Property after the July 8, 2014, special master's sale?

        e.        Did the judgment lien ever attach to the $73,200.94 tendered to the state court by Ms. Sprague as personal representative of the estate of Fred Van Winkle (the "Redemption Funds")? If so, please explain how the judgment lien came to attach to personal property.

        f.        If not, did the judgment creditors' attempt to get the Redemption Funds out of the state court registry and apply them to their deficiency judgment against Debtor constitute "an act to collect, recover or offset any such debt as a personal liability of the debtor"? *See* 11 U.S.C. § 524(a)(2).

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: January 22, 2021

Copies to: Counsel of record

Brian Van Winkle
PO Box 2595
Ruidoso, NM 88355