FILED
12th JUDICIAL DISTRICT COURT
Otero County
6/10/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

Belleview Valley Land Co, a New Mexico corporation, )
and John Williams and Ellen B. Williams, husband and )
wife, )
                                                      )
              Plaintiffs, )      No. CV-2010-0154
                                                      )
vs. )      Judge James Waylon Counts
                                                      )

Tammy Sprague, Personal )
Representative of the Estate of )
Fred Van Winkle, Deceased, )
                                                     )
            Defendant/Petitioner, )

and )

Brian Van Winkle and )
Judith Van Winkle, )
                                                     )
            Defendants-in-Intervention.

## PLAINTIFF'S NOTICE OF PRESENTMENT OF ORDER
## ON MOTION FOR SUMMARY JUDGMENT

**Martin, Dugan & Martin**
W. T. Martin, Jr. & Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com



PLAINTIFF'S EXHIBIT 29

**COME NOW** Belleview Valley Land Co. ("BVL"), **John Williams** and **Ellen B. Williams** *(collectively referred to as "Plaintiffs")*, by and through their attorneys, W. T. Martin, Jr., and Kenneth D. Dugan, of Martin, Dugan & Martin, and for their **Notice of Presentment of Order on Plaintiff's Motion for Summary Judgment to Foreclose Judgment Lien** and state:

1. On April 26, 2019, this Court issued its Minute Order, granting Plaintiff's Motion for Summary Judgment and requesting attorney Kenneth Dugan to prepare a form of order.

2. Mr. Dugan prepared a form of order, but agreement by the parties on the form of order could not be reached. Accordingly, Plaintiffs tender their form of order attached hereto.

3. The primary dispute centers on the scope of the ruling by the court as it will or may affect the withdrawal and/or distribution of the funds deposited in the Registry of the Court. Plaintiffs interpret the Minute Order as not intending to rule upon that issue. However, if we are not careful, that issue may be effected by the proposed form of order.

4. In Plaintiffs' attached form of order, paragraph H notes that Plaintiffs orally requested the Court to order the redemption sums paid over to them, but the court was not willing to make such a ruling without a proper order. Paragraph I provides the Defendants 10 days to advise the court whether they are going to withdraw their redemption request or continue with it. Once that election is made, this Court would then be in a position to rule on the appropriate distribution of the sums paid into the court's registry.

5. After the hearing in March, Plaintiffs' counsel discovered a recent New Mexico case, *Nationstar Mortgage LLC v. Chenoweth*, 2018 WL 2213641 (N.M. App., April 2, 2018) (unpublished opinion) (emphasis added). In that case, the court held there are two methods of redemption. The Court said: "Succinctly stated, the right of redemption may be exercised by either: (1) paying to the foreclosure sale purchaser the purchase price of the real property, plus statutory interest and taxes; or (2) by filing a petition for redemption in the district court and depositing the foreclosure purchase price plus statutory interest and taxes in the court registry. Section 39–5–18(A). … The statute does not require any further action for a party to redeem." The question this Court will need to address is whether it is bound by *Nationstar*. That case says no further action beyond placing the monies into the registry of the court is needed to redeem. If that is true, then Defendant has no right to withdraw the monies, and they must be paid over to Plaintiffs.

6. Having said that, this Court does not have to decide where the monies are paid now. The Court must simply set up a procedure by which it will determine who should receive the monies. The procedure Plaintiffs propose is for Defendant to advise the court if it is going to proceed with the redemption or withdraw the request. After that election, the court can set the case for final hearing and issue final judgment. That is what paragraph I of Plaintiff's proposed order says.

7. Plaintiffs will provide further argument if and when Defendant objects to this form of order and/or at the hearing on the presentment.

WHEREFORE, Plaintiffs request this Court enter the attached order after the appropriate time has passed, or if objection is filed, set the matter for hearing and grant such relief at the hearing as may be appropriate.

Martin, Dugan & Martin

By _____
W.T. Martin, Jr.
Kenneth D. Dugan
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
*Attorney for BVL and the Williams*

Martin, Dugan & Martin certifies on the ____ day _____ it filed the foregoing Response electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means, and faxed a copy of the Response to opposing counsel of record. A copy of the pleading was also mailed U.S. First Class Mail to Brian & Judith Van Winkle, P.O. Box 141, La Luz, NM 88337.

_____
W.T. Martin, Jr.

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

Belleview Valley Land Co, a New Mexico corporation, )
and John Williams and Ellen B. Williams, husband )
and wife, )
)
           Plaintiffs, )   No. CV-2010-0154
)
vs. )   Judge James Waylon Counts
)
Tammy Sprague, Personal )
Representative of the Estate of )
Fred Van Winkle, Deceased, )
)
           Defendant/Petitioner, )
)
and )
)
Brian Van Winkle and )
Judith Van Winkle, )
)
           Defendants–in–Intervention. )
)

**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN**

Martin, Dugan & Martin
W. T. Martin, Jr. & Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com


PLAINTIFF'S EXHIBIT A

**CAME ON** to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the Motion should be and hereby is GRANTED for the reasons stated in the Motion.

Among other undisputed facts stated in the Motion, the Court finds the following material facts are undisputed and most relevant:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs file their Complaint to Foreclose Judgment Lien, seeking to foreclose on the judgment lien.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

1

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure to enforce their judgment lien as to Debtor's Otero County property.

8. On May 22, 2014, Plaintiffs then obtained judgment in foreclosure in this Court for $333,817.73 (plus continuing interest and possible attorneys' fees), and the subject property herein was sold at a special master's sale.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk, perfecting their judgment lien on the Defendants' property in the amount of $271,905.61, plus interest.

12. On April 20, 2015, and within nine (9) months of the judgment, Defendant Estate of Fred Van Winkle filed its Petition for Redemption herein, seeking to redeem the property by payment of $73,200.94.

13. On April 21, 2015, this Court issued the order authorizing deposit of the redemption funds into the court registry, and Defendant Estate of Fred Van Winkle subsequently deposited into the court registry the $73,200.94 sum.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

2

16. The estate of Fred Van Winkle has no assets other than various real property interests that are subject to the deficiency judgment liens referenced above.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

    A.    There are no issues of material fact, and thus summary judgment is appropriate.

    B.    NMSA Section 39-5-18 provides:

> [T]he real estate may be redeemed by the former defendant owner of the real estate ...
>
> (1) by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR
>
> (2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale.

§39-5-18 NMSA 1978. That statute provides two methods of redemption.

    C.    There are two methods of redemption. "Succinctly stated, the right of redemption may be exercised by either: (1) paying to the foreclosure sale purchaser the purchase price of the real property, plus statutory interest and taxes; or (2) by filing a petition for redemption in the district court and depositing the foreclosure purchase price plus statutory interest and taxes in the court registry. Section 39–5–18(A). ... The statute does not require any further action for a party to redeem." Nationstar Mortgage LLC v. Chenoweth, 2018 WL 2213641 (N.M. App., April 2, 2018) (unpublished opinion) (emphasis added); Chapel v. Nevitt, 2009-NMCA-017, ¶ 27, 145 N.M. 674 (holding there are two methods of redemption, and "if the debtor chooses to redeem under

3

subsection (A)(2) and not pay the purchaser directly... the debtor must (1) petition the district court and (2) deposit a sum of money in the court registry within nine months from the date of sale"). Defendants opted to redeem under subsection (A)(2): i.e., filing a petition for redemption and depositing the stated sums. That filing and payment exercised the redemption as a matter of law. Nationstar; Chapel.

D. Plaintiffs' judicial lien was not fully satisfied by the foreclosure on Fred Van Winkle's land. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from the former defendant owner. Defendant's redemption automatically reinstated Plaintiffs' prior judgment lien. Turner v. Les File Drywall, Inc. 1994-NMSC-010, ¶ 5, 117 N.M. 7 ("[O]nce a mortgagor redeems his foreclosed property, the property once again becomes part of the mortgagor's real estate subject to prior judgment liens on the mortgagor's property."); Langhurst v. Langhurst, 1945-NMSC-042, ¶ 8-10, 49 N.M. 329.

E. Plaintiffs now seek to foreclose. Plaintiffs have the ability to seek payment of their judgment lien by again proceeding to foreclose the real property redeemed herein.

F. Prior to issuing a certificate of redemption, "the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." §39-5-18 NMSA 1978. Defendants have not yet paid the full sums owing under that statute, including taxes and interest accruing since 2015, when they redeemed. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶

4

28, 119 N.M. 743 (holding interest accrues on redemption amount through date of final court order approving the redemption and setting the final amount).

G. The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. Id., ¶ 26. The court may issue the certificate of redemption upon such terms and conditions as it deems just. § 39-5-17(D). If Defendants desire to move forward with their redemption, this Court will set the matter for hearing to determine the additional sums that must be tendered for issuance of the certificate of redemption. See Id., ¶ 26-32 (permitting court to award additional interest, taxes, insurance payments and other sums to "prevent unjust enrichment"). As stated above, Plaintiffs' judgment lien automatically reinstated. In the event Defendants tender the court-ordered additional payments, Plaintiffs shall be entitled to simultaneous foreclosure of their lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

H. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing. See Chapel v. Nevitt, 2009-NMCA-017, ¶ 36, 145 N.M. 674 (holding at the hearing setting the redemption amount, the court would have issued a certificate of redemption and determined how the deposit was to be disbursed).

I. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants elect option (a), the certificate will be conditioned as stated above and the

5

court will order simultaneous foreclosure by Plaintiffs. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall thereafter set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs are granted summary judgment as requested in their Motion. In the event Defendants and/or Defendants-in-Intervention elect to continue to redeem the property and request a certificate of redemption, (a) Plaintiffs' judgment lien is reinstated; (b) Plaintiffs shall be entitled to simultaneous foreclosure of their lien; and (c) the property shall be placed for sale under the same terms and conditions previously imposed herein. As stated above, the Court will set this cause for further hearing following Defendants' election ordered above.

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____   _____
W.T. Martin, Jr., counsel for Plaintiffs   Kyle Moberly, counsel for Defendant

6