FILED
12th JUDICIAL DISTRICT COURT
Otero County
6/18/2019 10:40 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

**BELLEVIEW VALLEY LAND CO.**, a New
Mexico corporation, and **JOHN H. WILLIAMS**
and **ELLEN B. WILLIAMS**, husband and wife,

      **Plaintiffs,**

v.

                                  **Cause No. CV-2010-01054**
                                  **Judge James Waylon Counts**

**TAMMY SPRAGUE**, Personal Representative
of the Estate of Fred Van Winkle, Deceased,

      **Defendant/Petitioner,**

**and**

**BRIAN VAN WINKLE** and **JUDITH A.
VAN WINKLE**, husband and wife,

      **Defendants-in-Intervention**.

### DEFENDANT'S RESPONSE TO
### PLAINTIFFS' NOTICE OF PRESENTMENT OF
### <u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

      Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle,

through her counsel of record, Law Office of Kyle H. Moberly, P.C., responds to Plaintiffs' Notice

of Presentment of Order on Motion for Summary Judgment ("**Plaintiffs' Notice**") as follows:

      1.    Following the Court's hearing on March 11, 2019, of Plaintiffs' Motion for Summary

Judgment, the Court entered a Minute Order on April 26, 2019, granting Plaintiffs' motion. In that

order, the Court stated its findings of undisputed material facts and its conclusions of law. The

Defendant's Response to Plaintiffs'
Notice of Presentment of
Order on Motion for Summary Judgment

Belleview Valley Land Co v Sprague
CV-2010-01054

Page 1 of 4



PLAINTIFF'S
EXHIBIT
30
Bumberg No. 5113

Minute Order directed Plaintiffs' counsel, Kenneth D. Dugan, to "prepare an order that reflects the Court's ruling herein."

2. Plaintiffs' counsel sent Defendant's counsel, Kyle H. Moberly, his draft of the Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien (the "**Order**") via email on May 8, 2019. A copy of Plaintiffs' counsel's draft of the Order, along with his transmittal email, are attached hereto as **Exhibit A**.

3. Defendant's counsel objected to Plaintiffs' draft of the Order because it went way beyond reflecting "the Court's ruling" in the Minute Order. It included findings of fact and conclusions of law that were not included in the Minute Order. Defendant's counsel revised Plaintiffs' counsel's draft of the Order and sent his revised draft of the Order, along with a redlined comparison of his revised draft of the Order to Plaintiffs' counsel's draft of the Order, to Plaintiffs' counsel via email on May 13, 2019. A copy of Defendant's counsel's revised draft of the Order, along with the redlined comparison of his revised draft of the Order to Plaintiffs' counsel's draft of the Order and his transmittal email, are attached hereto as **Exhibit B**.

4. Defendant's counsel did not receive any response from Plaintiffs' counsel to his revised draft of the Order until he received Plaintiffs' Notice.

5. Plaintiffs' Notice includes a draft of the Order that was not previously presented to Defendant's counsel. Like Plaintiffs' counsel's previous draft of the Order, the draft of the Order that is a part of Plaintiffs' Notice includes findings of fact and conclusions of law that were not included in the Minute Order. Furthermore, many of the additional conclusions of law are not true

Defendant's Response to Plaintiffs'
Notice of Presentment of
Order on Motion for Summary Judgment

Belleview Valley Land Co v Sprague
CV-2010-01054

Page 2 of 4

Case 20-01022-t    Doc 40-2    Filed 03/26/21    Entered 03/26/21 12:20:33 Page 2 of 29

conclusions of law; they are orders. Therefore, Defendant objects to Plaintiffs' counsel's draft of the Order that is a part of Plaintiffs' Notice.

6.  Plaintiffs included in Plaintiffs' Notice dictum from the memorandum opinion of the New Mexico Court of Appeals in *Nationstar Mortgage LLC v. Chenoweth*, 2018 WL 2213641 (N.M. App., April 2, 2018), concerning the actions that a party must take to redeem property sold at a foreclosure sale. Plaintiffs stated in Plaintiffs' Notice that the "Court will need to address . . . whether it is bound by *Nationstar*." Plaintiffs' counsel should know that Rule 12-405 NMRA specifically provides that unpublished memorandum opinions like the one in *Nationstar* are "not precedent." Thus, the Court does not "need to address whether it is bound by *Nationstar*," especially dictum therein.

Defendant respectfully requests that the Court either enter her counsel's draft of the Order or set a presentment hearing of the matter.

Respectfully submitted,

**LAW OFFICE OF KYLE H. MOBERLY, P. C.**

By:    */s/ Kyle H. Moberly*
Kyle H. Moberly
State Bar # 245
Attorney for Defendant
2460 S. Locust Ste. E
Las Cruces, NM 88001
(575) 541-1278

Defendant's Response to Plaintiffs'
Notice of Presentment of
Order on Motion for Summary Judgment

Belleview Valley Land Co v Sprague
CV-2010-01054

Page 3 of 4

Case 20-01022-t    Doc 40-2    Filed 03/26/21    Entered 03/26/21 12:20:33 Page 3 of 29

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2019, Defendant's Response to Plaintiffs' Notice of Presentment of Order on Motion for Summary Judgment was served on Plaintiffs' counsel of record electronically through the Odyssey File & Serve/Tyler Technology system.

*/s/ Kyle H. Moberly*
**KYLE H. MOBERLY**

Defendant's Response to Plaintiffs'
Notice of Presentment of
Order on Motion for Summary Judgment

Belleview Valley Land Co v Sprague
CV-2010-01054

Page 4 of 4

**Kyle Moberly**

| | |
|---|---|
| **From:** | Ken Dugan <kdugan@lawmdm.com> |
| **Sent:** | Wednesday, May 8, 2019 11:24 AM |
| **To:** | Kyle Moberly |
| **Subject:** | Re: Williams Lincoln County Suit |
| **Attachments:** | Order.MSJ.050619.1.doc |

Mr. Moberly

Attached is the draft order requested by the Court.  Please advise if you
can agree as to form.   If I have not heard from you in five days, I will
tender it to the court under the assumption that you will file whatever objections you may have.


Kenneth D. Dugan

Martin, Dugan & Martin
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
(575) 887-2136 (fax)

This email transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you think you have received this e-mail message in error, please e-mail the sender at kdugan@lawmdm.com and destroy the original e-mail transmission. Thank you.

# Exhibit A

1

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John Williams** and ELLEN B. )
WILLIAMS, husband and wife, )
            )
                Plaintiffs, )    No. CV-2015-00065
            )
vs. )
            )
**THE ESTATE OF FRED VAN WINKLE, deceased,** )
            )
                Defendant. )

---

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

CAME ON to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the Motion should be and hereby is GRANTED for the reasons stated in the Motion.

Among other undisputed facts stated in the Motion, the Court finds the following material facts are undisputed and most relevant:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs file their Complaint to Foreclose Judgment Lien, seeking to foreclose on the judgment lien.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

1

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure to enforce their judgment lien as to Debtor's Otero County property.

8. On May 22, 2014, Plaintiffs then obtained judgment in foreclosure in this Court for $333,817.73 (plus continuing interest and possible attorneys' fees), and the subject property herein was sold at a special master's sale.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk, perfecting their judgment lien on the Defendants' property in the amount of $271,905.61, plus interest.

12. On April 20, 2015, and within nine (9) months of the judgment, Defendant Estate of Fred Van Winkle filed its Petition for Redemption herein, seeking to redeem the property by payment of $73,200.94.

13. On April 21, 2015, this Court issued the order authorizing deposit of the redemption funds into the court registry, and Defendant Estate of Fred Van Winkle subsequently deposited into the court registry the $73,200.94 sum.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

2

16. The estate of Fred Van Winkle has no assets other than various real property interests that are subject to the deficiency judgment liens referenced above.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A.     There are no issues of material fact, and thus summary judgment is appropriate.

B.     NMSA Section 39-5-18 provides:

> [T]he real estate may be redeemed by the former defendant owner of the real estate ...
>
> (1)     by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the date of sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR
>
> (2)     by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale.

§39-5-18 NMSA 1978. That statute provides two methods of redemption.

C.     There are two methods of redemption. "Succinctly stated, the right of redemption may be exercised by either: (1) paying to the foreclosure sale purchaser the purchase price of the real property, plus statutory interest and taxes; **or** (2) by filing a petition for redemption in the district court and depositing the foreclosure purchase price plus statutory interest and taxes in the court registry. Section 39–5–18(A). ... <u>The statute does not require any further action for a party to redeem</u>." <u>Nationstar Mortgage LLC v. Chenoweth</u>, 2018 WL 2213641 (N.M. App., April 2, 2018) (unpublished opinion) (emphasis added); <u>Chapel v. Nevitt</u>, 2009-NMCA-017, ¶ 27, 145 N.M. 674 (holding there are two methods of redemption, and "if the debtor chooses to redeem under

3

subsection (A)(2) and not pay the purchaser directly... the debtor must (1) petition the district court and (2) deposit a sum of money in the court registry within nine months from the date of sale"). Defendants opted to redeem under subsection (A)(2): i.e., filing a petition for redemption and depositing the stated sums. That filing and payment exercised the redemption as a matter of law. Nationstar; Chapel.

D.   Plaintiffs' judicial lien was not fully satisfied by the foreclosure on Fred Van Winkle's land. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from the former defendant owner. Defendant's redemption automatically reinstated Plaintiffs' prior judgment lien. Turner v. Les File Drywall, Inc. 1994-NMSC-010, ¶ 5, 117 N.M. 7 ("[O]nce a mortgagor redeems his foreclosed property, the property once again becomes part of the mortgagor's real estate subject to prior judgment liens on the mortgagor's property."); Langhurst v. Langhurst, 1945-NMSC-042, ¶ 8-10, 49 N.M. 329.

E.   Plaintiffs now seek to foreclose. Plaintiffs have the ability to seek payment of their judgment lien by again proceeding to foreclose the real property redeemed herein.

F.   Prior to issuing a certificate of redemption, "the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." §39-5-18 NMSA 1978. Defendants have not yet paid the full sums owing under that statute, including taxes and interest accruing since 2015, when they redeemed. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶

4

28, 119 N.M. 743 (holding interest accrues on redemption amount through date of final court order approving the redemption and setting the final amount).

G.    The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption.   Id., ¶ 26.  The court may issue the certificate of redemption upon such terms and conditions as it deems just.   § 39-5-17(D).   If Defendants desire to move forward with their redemption, this Court will set the matter for hearing to determine the additional sums that must be tendered for issuance of the certificate of redemption.    See Id., ¶ 26-32 (permitting court to award additional interest, taxes, insurance payments and other sums to "prevent unjust enrichment"). As stated above, Plaintiffs' judgment lien automatically reinstated.  In the event Defendants tender the court-ordered additional payments, Plaintiffs shall be entitled to simultaneous foreclosure of their lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

H.    Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them.  The Court will not rule on that request without proper motion, briefing and hearing.  See Chapel v. Nevitt, 2009-NMCA-017, ¶ 36, 145 N.M. 674 (holding at the hearing setting the redemption amount, the court would have issued a certificate of redemption and determined how the deposit was to be disbursed).

I.    Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption.  If Defendants elect option (a), the certificate will be conditioned as stated above and the

5

court will order simultaneous foreclosure by Plaintiffs. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall thereafter set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs are granted summary judgment as requested in their Motion. In the event Defendants and/or Defendants-in-Intervention elect to continue to redeem the property and request a certificate of redemption, (a) Plaintiffs' judgment lien is reinstated; (b) Plaintiffs shall be entitled to simultaneous foreclosure of their lien; and (c) the property shall be placed for sale under the same terms and conditions previously imposed herein. As stated above, the Court will set this cause for further hearing following Defendants' election ordered above.

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____           _____
W.T. Martin, Jr., counsel for Plaintiffs           Kyle Moberly, counsel for Defendant

6

**Kyle Moberly**

| | |
|---|---|
| **From:** | Kyle Moberly |
| **Sent:** | Monday, May 13, 2019 2:48 PM |
| **To:** | Ken Dugan |
| **Subject:** | RE: Williams Otero County Suit |
| **Attachments:** | Order Granting Motion for Summary Judgment - Williams v. Van Winkle (00018856xC177B).doc; Redlined comparison of KHM draft with KD draft.pdf |
| | |
| **Sensitivity:** | Confidential |

Ken,

I have attached to this email my revised draft of the order.  For your convenience, I have also attached to this email a redlined comparison of my revised draft of the order with your draft of the order.  Please let me know whether my revised draft of the order is acceptable to you.

Sincerely,

Kyle H. Moberly
Law Office of Kyle H. Moberly, P.C.
2460 S. Locust Street, Suite E
Las Cruces, New Mexico 88001
(575) 541-1278

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling (575) 541-1278, so that our address record can be corrected. Thank you.

-----Original Message-----
From: Ken Dugan <kdugan@lawmdm.com>
Sent: Wednesday, May 8, 2019 11:24 AM
To: Kyle Moberly <kyle@mobelaw.com>
Subject: Re: Williams Lincoln County Suit

Mr. Moberly

Attached is the draft order requested by the Court.  Please advise if you
can agree as to form.   If I have not heard from you in five days, I will
tender it to the court under the assumption that you will file whatever objections you may have.

Kenneth D. Dugan

# Exhibit B

Martin, Dugan & Martin

1

509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
(575) 887-2136 (fax)

This email transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you think you have received this e-mail message in error, please e-mail the sender at kdugan@lawmdm.com and destroy the original e-mail transmission. Thank you.

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John H. Williams** and **ELLEN B.** )
**WILLIAMS,** husband and wife, )
)
                    Plaintiffs, )    No.  CV-2010-01054
)
vs. )
)
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
)
                Defendant/Petitioner, )
)
and )
)
BRIAN VAN WINKLE and JUDITH A. )
VAN WINKLE, husband and wife, )
)
           Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

**CAME ON** to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

1

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

2

A.    There are no issues of material fact, and thus summary judgment is appropriate.

B.    NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate .

. .:

> "(1)    by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

> "(2)    by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale."

C.    Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D.    Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property.  Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from

the former defendant owner.  If Defendant redeems the Property, then Plaintiffs'

judgment lien will re-attach to the Property.

E.    Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F.    "At the hearing" of Defendant's petition to redeem the Property, "the judge shall

determine the amount of money necessary for the redemption, which shall include the

money paid at the sale and all taxes, interest, penalties and payments made in

3

satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C)
(2007).

G.      The hearing setting the final redemption amount is mandatory prior to issuance of
the certificate of redemption.  W. Bank of Las Cruces v. Malooly, 1995-NMCA-044,
¶ 26, 119 N.M. 743.  The court may issue the certificate of redemption upon such
terms and conditions as it deems just.  NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. If Defendant desires to complete her redemption of the Property, then this Court will set
the matter for hearing to determine the additional sums that must be tendered by her for
issuance of the certificate of redemption.

3. Defendant shall have 10 days from the date this Order is entered to either (a) request a
hearing of her petition for redemption of the Property or (b) withdraw her petition for
redemption of the Property.  If Defendant fails to do either within the specified period,
then she shall be deemed to have elected to withdraw her petition for redemption of the
Property.  If Defendant elects or is deemed, pursuant to the preceding sentence, to have
elected to withdraw her petition for redemption of the Property, then the clerk of this
Court is hereby ordered to disburse to Defendant the funds that she deposited with the
clerk in connection with her petition for redemption of the Property and all interest
earned thereon.

4. If Defendant redeems the Property, then Plaintiffs' judgment lien shall automatically re-
attach to the Property and Plaintiffs shall thereafter be entitled to foreclose their judgment
lien and sell the Property under the same terms and conditions previously imposed herein.

4

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____          _____
W.T. Martin, Jr., counsel for Plaintiffs          Kyle Moberly, counsel for Defendant

5

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF ~~LINCOLN~~ OTERO
# STATE OF NEW MEXICO

**BELLEVIEW VALLEY LAND CO**, a New Mexico
corporation, and **John H. Williams** and **Ellen B.
Williams**, husband and wife,

              Plaintiffs,

vs.

~~The~~ **Tammy Sprague**, personal representative of
Estate of Fred Van Winkle, deceased,

              Defendant~~/~~Petitioner,

and

**Brian Van Winkle** and **Judith A.
Van Winkle**, husband and wife,

              Defendants-in-Intervention.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-~~2015-00065~~ 2010-01054

---

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

**CAME ON** to be heard the ***Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*** (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** ~~("~~("*Plaintiffs*"). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the ~~Motion should be and hereby is GRANTED for the reasons stated in the Motion.~~following material facts are undisputed:

~~Among other undisputed facts stated in the Motion, the Court finds the following material facts are undisputed and most relevant:~~

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs ~~file~~filed their Complaint to Foreclose Judgment Lien, seeking to foreclose ~~on the~~their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

1

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure ~~to enforce~~ their judgment lien ~~as to Debtor's Otero County property~~against the Property.

8. On May 22, 2014, Plaintiffs ~~then~~ obtained a judgment ~~in foreclosure in this Court for $333,817.73 (plus continuing interest~~to foreclose their judgment lien against the Property, and ~~possible attorneys' fees), and the subject property herein~~the Property was sold at a special ~~master's~~master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special ~~master's~~master's sale. That was the high (and only) bid, and Plaintiffs took title to the ~~property~~Property by Special ~~Master's~~Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk~~, perfecting their judgment lien on the Defendants' property in the amount of $271,905.61, plus interest~~.

12. On April 20, 2015, and within nine (9) months of the ~~judgment~~Court's confirmation of the special master's sale of the Property, Defendant~~Estate~~, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed ~~its~~her Petition for Redemption herein, seeking to redeem the ~~property by payment~~Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

2

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit ~~of the redemption funds~~sum of $73,200.94 into the court registry, and Defendant ~~Estate of Fred Van Winkle~~ subsequently deposited that sum into the court registry ~~the $73,200.94 sum.~~.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the ~~property~~Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than ~~various~~a piece of real ~~property interests~~estate in Lincoln County, New Mexico, that ~~are~~is the subject ~~to the deficiency~~of a judgment ~~liens referenced above~~lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. There are no issues of material fact, and thus summary judgment is appropriate.

~~B.~~ NMSA 1978, Section 39-5-18(A) (2007), provides~~:~~

~~C.~~B. ~~[~~ two methods of redemption. "[T]he real estate may be redeemed by the former defendant owner of the real estate ~~. . .~~ . . . :

> "(1) by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

> "(2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale~~.~~."

~~§39-5-18 NMSA 1978. That statute provides two methods of redemption.~~

3

D.    ~~There are two methods of redemption. "Succinctly stated, the right of redemption~~
~~may be exercised by either: (1) paying to the foreclosure sale purchaser the purchase~~
~~price of the real property, plus statutory interest and taxes; or (2) by filing a petition~~
~~for redemption in the district court and depositing the foreclosure purchase price plus~~
~~statutory interest and taxes in the court registry. Section 39-5-18(A). .... The statute~~
~~does not require any further action for a party to redeem." Nationstar Mortgage LLC~~
~~v. Chenoweth, 2018 WL 2213641 (N.M. App., April 2, 2018) (unpublished opinion)~~
~~(emphasis added); Chapel v. Nevitt, 2009-NMCA-017, ¶ 27, 145 N.M. 674 (holding~~
~~there are two methods of redemption, and "if the debtor chooses to redeem under~~
~~subsection (A)(2) and not pay the purchaser directly... the debtor must (1) petition~~
~~the district court and (2) deposit a sum of money in the court registry within nine~~
~~months from the date of sale"). Defendants opted to redeem under subsection~~
~~(A)(2): i.e., filing a petition for redemption and depositing the stated sums. That~~
~~filing and payment exercised the redemption as a matter of law. Nationstar; Chapel.~~
~~Plaintiffs'~~

C.    Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing
a petition for redemption and depositing the stated sums.

~~E.~~D.    Plaintiffs' judicial lien was not fully satisfied by the foreclosure ~~on Fred Van~~
~~Winkle's land~~sale of the Property.  Plaintiffs have the right to seek satisfaction of their
judgment, *in rem*, from the former defendant owner.    ~~Defendant's redemption~~
~~automatically reinstated Plaintiffs' prior judgment lien. Turner v. Les File Drywall,~~
~~Inc. 1994-NMSC-010, ¶ 5, 117 N.M. 7 ("[O]nce a mortgagor redeems his foreclosed~~
~~property, the property once again becomes part of the mortgagor's real estate subject~~
~~to prior judgment liens on the mortgagor's property."); Langhurst v. Langhurst, 1945-~~

4

~~NMSC-042, ¶ 8-10, 49 N.M. 329~~<u>If Defendant redeems the Property, then Plaintiffs' judgment lien will re-attach to the Property</u>.

~~F.~~<u>E.</u>    Plaintiffs now seek to foreclose<u> their judgment lien against the Property</u>. Plaintiffs have the ability to seek payment of their judgment lien by again proceeding to foreclose the ~~real property~~<u>Property if it is</u> redeemed herein.

~~G.~~<u>F.</u>    ~~Prior to issuing a certificate of redemption, "~~"<u>"At the hearing" of Defendant's petition to redeem the Property, "</u>the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances~~." §39-5-18 NMSA 1978.  Defendants have not yet paid the full sums owing under that statute, including taxes and interest accruing since 2015, when they redeemed.  ~~<u>.</u>" NMSA 1978, Section 39-5-18(C) (2007).~~W. Bank of Las Cruces v. Malooly, 1995 NMCA-044, ¶ 28, 119 N.M. 743 (holding interest accrues on redemption amount through date of final court order approving the redemption and setting the final amount).~~

~~H.~~<u>G.</u>    The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption.  <u>W. Bank of Las Cruces v. </u>~~Id., ¶ 26.  The court may issue the certificate of redemption upon such terms and conditions as it deems just.  § 39-5-17(D).  If Defendants desire to move forward with their redemption, this Court will set the matter for hearing to determine the additional sums that must be tendered for issuance of the certificate of redemption.  See Id., ¶ 26-32 (permitting court to award additional interest, taxes, insurance payments and other sums to "prevent unjust enrichment").  As stated above, Plaintiffs' judgment lien automatically~~

5

reinstated. ~~In the event Defendants tender the court-ordered additional payments,~~ ~~Plaintiffs shall be entitled to simultaneous foreclosure of their lien and the property~~ ~~shall be placed for sale under the same terms and conditions previously imposed~~ ~~herein.~~Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

I. ~~Plaintiffs requested orally at the hearing that the sums previously deposited by~~ ~~Defendants for the redemption be paid over to them. The Court will not rule on that~~ ~~request without proper motion, briefing and hearing. See Chapel v. Nevitt, 2009-~~ ~~NMCA-017, ¶ 36, 145 N.M. 674 (holding at the hearing setting the redemption~~ ~~amount, the court would have issued a certificate of redemption and determined how~~ ~~the deposit was to be disbursed).~~

J. ~~Defendants shall have 10 days from the date of this Order to file an election either~~ ~~(a) requesting issuance of a certificate of redemption and hearing to set the final~~ ~~amount or (b) withdrawing their request for issuance of a certificate of redemption. If~~ ~~Defendants elect option (a), the certificate will be conditioned as stated above and the~~ ~~court will order simultaneous foreclosure by Plaintiffs. If Defendants fail to timely~~ ~~file the required election, Defendants are deemed to have elected option (b),~~ ~~withdrawal. In either case, the Court shall thereafter set the matter for hearing and~~ ~~decide the remaining issues, including who is entitled to receive the initial deposited~~ ~~redemption amount.~~

~~WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs are~~ ~~granted summary judgment as requested in their Motion. In the event Defendants and/or~~

6

Defendants-in-Intervention-elect-to-continue-to-redeem-the-property-and-request-a-certificate of-redemption,-(a)-Plaintiffs'-judgment-lien-is-reinstated;-(b)-Plaintiffs-shall-be-entitled-to simultaneous-foreclosure-of-their-lien;-and-(c)-the-property-shall-be-placed-for-sale-under-the same-terms-and-conditions-previously-imposed-herein.---As-stated-above,-the-Court-will-set this---cause---for---further---hearing---following---Defendants'---election---ordered---above.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. If Defendant desires to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption.

3. Defendant shall have 10 days from the date this Order is entered to either (a) request a hearing of her petition for redemption of the Property or (b) withdraw her petition for redemption of the Property. If Defendant fails to do either within the specified period, then she shall be deemed to have elected to withdraw her petition for redemption of the Property. If Defendant elects or is deemed, pursuant to the preceding sentence, to have elected to withdraw her petition for redemption of the Property, then the clerk of this Court is hereby ordered to disburse to Defendant the funds that she deposited with the clerk in connection with her petition for redemption of the Property and all interest earned thereon.

1.4.If Defendant redeems the Property, then Plaintiffs' judgment lien shall automatically re-attach to the Property and Plaintiffs shall thereafter be entitled to foreclose their judgment lien and sell the Property under the same terms and conditions previously imposed herein.

7

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____
W.T. Martin, Jr., counsel for Plaintiffs

_____
Kyle Moberly, counsel for Defendant

8