FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
7/23/2014 8:43:16 AM
KATINA WATSON
CLERK OF COURT
Angela Harris

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New )
Mexico corporation, and JOHN H. WILLIAMS, )
and ELLEN B. WILLIAMS, husband and wife, )
)
Plaintiffs, )
)
vs. ) CV-2010-1054
) Judge Counts
TAMMY SPRAGUE, PERSONAL )
REPRESENTATIVE OF THE ESTATE OF )
FRED VAN WINKLE, Deceased, )
)
Defendant )
)
And )
)
BRIAN VAN WINKLE and JUDITH A. )
VAN WINKLE, his wife, )
)
Defendants-in-Intervention. )

**ORDER APPROVING SPECIAL MASTER'S REPORT &
GRANTING DEFICIENCY JUDGMENT**

SUBMITTED BY:
Martin, Dugan & Martin
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com


PLAINTIFF'S EXHIBIT 34

THIS MATTER came before this Court upon the Report of the Special Master on the foreclosure sale held by John R. Hakanson, the Special Master, pursuant to the Order of this Court, and the Court having considered the Special Master's Report and being fully advised, finds:

1. Following Fred Van Winkle's death, Tammy Sprague, as Personal Representative of the Estate of Fred Van Winkle, Deceased, (hereinafter referred to as the "PR,") has previously been substituted as the Defendant.
2. This Court has previously denied the PR's motion seeking a postponement of the Special Master's Sale.
3. John R. Hakanson, the Special Master, conducted the Special Master's Sale on the 8th day of July 2014 at 10:00 am at the west door of the Otero County Courthouse in Alamogordo, New Mexico.
4. The Special Master has filed his Report regarding the Special Master's Sale.
    a. This Court should approve the sale the Special Master conducted and reported herein, as well as all the Special Master's acts.
    b. The Special Master's request for authorization to execute and deliver a Special Master's Deed to the successful bidders should be granted.
5. The Special Master's Sale was not sufficient to satisfy the entire *Final Judgment Foreclosing Plaintiffs' Judgment Lien*. As of the date of the Special Master's Sale, there remains an unsatisfied deficiency for the amount of the *Final Judgment Foreclosing Plaintiffs' Judgment Lien* entered on May 22, 2014, less the amount of proceeds derived from the Special Master's Sale. Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property. Plaintiffs are also entitled to the rights of the holder of a deficiency judgment as contained in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017.

2

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

1. That the Report of the Special Master filed be, and it hereby is, ratified, confirmed and approved.

2. That the acts of the Special Master as reported are ratified, confirmed and approved.

3. That the sale of the real property described in the Notice of Sale, in favor of John H. Williams and Ellen B. Williams, the highest and best bidders at the sale, be and it is hereby ratified, confirmed and approved.

4. That the Special Master be, and he hereby is, authorized, ordered and directed to forthwith deliver to John H. Williams and Ellen B. Williams a Special Master's Deed.

5. That upon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams be and hereby are confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims.

6. Plaintiffs are granted a Deficiency Judgment in the amount of $271,1905.61, which shall continue to accrue interest at the rate of 3.75% per annum as previously authorized in the *Final Judgment Foreclosing Plaintiffs' Judgment Lien*.

    a. The deficiency is a lien on the debtor's (the Defendant's) real estate. While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in *Chanel v. Nevitt*, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017. The deficiency also remains collectable by the Plaintiffs through

3

legal action, or actions, to enforce judgment liens as they may exist

in other New Mexico counties.

_____
James Waylon Counts
District Judge


SUBMITTED & APPROVED:

MARTIN, DUGAN & MARTIN

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-3526
e-mail: martinlaw@zianet.com
Attorney for Plaintiffs

4