Motion to Remove

THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
FRED DALE VAN WINKLE,

    Debtor

CASE No# 13-11743-17
CASE No# 15-1047
Cause No D-1215-CV-2010-1054
Division II

TAMMY SPRAGUE, personal representitive
of the estate of FRED DALE VAN WINKLE,

and

BRIAN VAN WINKLE, defendant-in-intervention

V.

JOHN H. WILLIAMS, and
ELLEN B. WILLIAMS,
BELLEVIEW VALLEY LAND CO. INC,

Judge James Waylon Counts
FILED
at 3:45 o'clock P M
JUN 1 8 2019
United States Bankruptcy Court
Albuquerque, New Mexico

**MOTION REQUEST FOR RECOGNIZING BRIAN VAN WINKLE 'S RIGHT OF INTERVENTION AS ESTATE PERSONAL REPRESENTITIVE and, similtanious REQUEST FOR REMOVAL OF A STATE COURT RULING ACTION.**

The Debtors Estate of FRED VAN WINKLE, respectfully moves that the court grant an order removing Tammy Sprague personal representitive, and recognizing Defendant-In-Intervention BRIAN VAN WINKLE's as the Estate representitive of FRED VAN WINKLE and, upon doing so, the Debtors Estate of FRED VAN WINKLE, respectfully moves that the court grant an order Of Removal to The twelfth Judicial Didtrict court, county of Otero, State of New Mexico's ruling Cause No D-1215-CV-2010-1054, Division II.
Upon Appointment as Personal Representitive, Brian Van Winkle request that this court wave normal Motion and Court proceedures and allow This court to act in its full capacity to remove the state ruling as soon as possible. If a removal request motion is filed and the trustee does not have the funds in the Account, the judge can defer the fee until funds become available.
The Alter Ego Role of this Court has been usurped and it's role as Alter Ego of the Estate of Fred Van Winkle has been applied to rulings of District State Court upsetting the equitable balance between Debtor and Creditor as has been determined

<mark>Case 13-11743-t7   Doc 78   Filed 06/18/19   Entered 06/19/19 16:41:36 Page 1 of 2</mark>

<mark>Case 13-11743-t7   Doc 99-2   Filed 12/05/19   Entered 12/05/19 09:14:</mark>


PLAINTIFF'S EXHIBIT 35

<mark>Case 20-01022-t   Doc 40-8   Filed 03/26/21   Entered 03/26/21 12:20:33 Page 1 of 9</mark>

Motion to Remove

by this court.

Wherefore, Brian Van Winkle respectfully request the court allow his request to be appointed as personal representitive of the Estate of Fred Van Winkle and, to issue an order concerning State Actions of District State Court for Removal and Allow this court to act in its full capacity as Alter Ego of the Estate of Fred Van Winkle and in doing so allow this court to proceed under it's own violition to achieve Removal of the State court action.

Brian Van Winkle also request that any fees be waved until the Estate account is reopen and has funds.

6-18-2019

Brian Van Winkle, defendant-in-intervention
P.O. Box 2595
Ruidoso, N.M. 88355
e-mail Brianvw62@gmail.com
ph( 575)-430-4370

Defendent in Intervention

Brian Van Winkle (Brian VW) is requesting to exercise his Intervention of right. In doing so he seeks to have his sister Tammy Sprague removed as personal representitive of the estate of Fred Van Winkle (deceased) and replaced by himself as personal representitive.
( Brian VW could not verify how Tammy Sprague was Soley appointed as estate representitive )

The Intervention of right arises when the intervenor, the person who seeks to become a party to an existing law suit, can satisfactorily show that his or her interest is not adequately represented by the present parties, that the interest relates to the subject of the action, and that the disposition of the action might in some way impair his or her ability to protect such interest.
This Court is Familiar with this 11yr long litigation concerning the Estate of Fred Van Winkle. Brian VW request that judge Thuma review his opinions, the BAP election opinions, and the State court ruling concerning this estate and its back ground.
The state court under Judge Counts has just recently allowed a Discharged debt set forth by this Banckruptcy court to be allowed in state court, in doing so, the state court has upset the balance provided by this court between Debtor and Creditor. This has also put Redemption funds deposited with the state court at risk. This ruling allows perpetual lien reattachment if left as is. As defendent in intervention, there are common issues shared between Brian V.W. and the existing parties involved, in particular, an eight acre parcel with Brian VWs homestead and shop. This acerage is a portion of the total acerage up for redemption and tied to the outcome of the complete estate closure. The issue of the Redemption process and allowing it to go forth as ruled by this court, the State ruling concerning lien reattachment and the closing (2017) of the Estate of Fred Van Winkle before the Estate itself has been closed, are grounds for Brian VW's request to be granted and to allow him to exercise his intervention of right. (There are still unsettled issue for this estate concerning the Condo in lincoln county and Sanctions set by this court.)

Brian Van Winkle is not attempting to inject new causes of action into a pending law suit.

Brian VW contacted, met with lenders in California and secured a loan for Fred Van Winkles' Estate litigation and for Redemption funds. The entire loan amount was deposited in an Estate Account for Fred Van Winkle. NM law requires an estate account to remain open until the entire estate is closed.

Brian VW secured this loan by providing his home for collateral.
The total loan amount of $147,000.00 was deposited into the estate account of Fred Van Winkle.
The Redemption funds on deposit with the state court is in the amount of approx $78,000.00.
The balance of 78,000.00 - 147,000.00 = $69,000.00.
Therefore $69,000.00 was left over from Redemption deposit
requirements and available for dispersment thru the Estate account for administration of assosiated cost such as legal fees, Taxes, Etc. and held secure for use in a specified account concerning estate needs until the time of the estates Finale closure.
An accurate balance of the Estate account can only be realized through the reconciling of the bank statements. However, the estate account has been closed and transparent access to the account has

Defendent In intervention
of redemption under protection of this court.

The Bap ruled the way they did because the redemption issue was stayed in state
court...Williams was not pursuing collections in personam. Since Judge Counts has ruled in
favor of lien reattachment he is now persuing in personam and has altered the equitable
balance between debtor and creditor and made this a "core issue" eligible for review by
the B.C.
Sanctions are called for in light of his relentless attempts in pursuit to collect a discharged
debt through under handed legal methods .

Despite the amount of time, money and attention dedicated to litigation In this case,
the estate heirs continue this fight for their Redemption and homestead rights in pursuit of
justice inspite of The hardships over the past 11 yrs and will continue as long as
Mr. Williams continues to relentlessly pursue and attack the Estate.
this he has done by hidding behind and weaponizing an obscure law that appears to be in
favor of lien perpetuality regardless of the envolvment of an original morgagor or not.
If allowed to prevail in this light as presented to the courts as justice, Tryranny evolves in our
judicial system. The BAP noted that Mr. Williams' continued litigation methods resembled
what is called " scorched earth" . The Brief Mr. Williams provided requesting Judge Counts
To allow the Discharged liens to re attach is self incriminating as to his real intentions to
persue the estate in Personam vr. In Rem. Sanctions are Called for to prevent future litigators from
following the same or similar path under relative circumstances.

Thank You, Defendant In Intervention.
Brian Van Winkle , Monday June The 9th, 2019

———————————        /  / 19

FILED
12th JUDICIAL DISTRICT COURT
Otero County
4/26/2019 11 18 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO.,
A New Mexico corporation, and JOHN
H. WILLIAMS, and ELLEN B. WILLIAMS,
husband and wife,

   Plaintiffs,

v.   Cause No. D-1215-CV-2010-1054
   Division II

TAMMY SPRAUGE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

   Defendants.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

   Defendants-in-Intervention.

In Re:
(Case No. 13-11743-17
(Case No. 15-1047

## MINUTE ORDER

THIS MATTER came before the Court on March 11, 2019 on Plaintiffs' Motion for Summary Judgment. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgement against Fred Van Winkle in the amount of $243,944.31.

FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

April 3, 2018

Blaine F. Bates
Clerk

PUBLISH

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE FRED DALE VAN WINKLE, <br><br> Debtor. | BAP No. NM-17-031 <br> BAP No. NM-17-032 <br> BAP No. NM-17-033 |
| TAMMY SPRAGUE, personal representative of the estate of Fred Dale Van Winkle, <br><br> Plaintiff – Appellee, <br><br> v. <br><br> JOHN WILLIAMS, ELLEN B. WILLIAMS, and BELLEVIEW VALLEY LAND CO., INC., <br><br> Defendant – Appellants. | Bankr. No. 13-11743 <br> Chapter 7 <br><br><br> OPINION |

Appeal from the United States Bankruptcy Court
for the District of New Mexico

W.T. Martin, Jr. (Jennie D. Behles, Albuquerque, New Mexico with him on the brief) of Martin, Dugan & Martin, Carlsbad, New Mexico, Attorneys for Defendant – Appellants.

R. "Trey" Arvizu, III Las Cruces, New Mexico, Attorney for Plaintiff – Appellee.

Before KARLIN, Chief Judge, NUGENT, and MOSIER, Bankruptcy Judges.

KARLIN, Chief Judge

John Williams, Ellen Williams, and Belleview Valley Land Co., Inc. (the "Appellants") appeal three bankruptcy court rulings: (1) the *Order Denying*

property redeemed by the original debtor.

To rebut these holdings, Sprague relies on § 524(a)(2), which "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such [discharged] debt as a personal liability of the debtor."[40] Sprague argued, and the bankruptcy court concluded, that when the Debtor received his discharge, that discharge intervened to eliminate any part of the judgment that was not satisfied by the first sale of the property. The bankruptcy court noted that it would not make policy sense to allow the repeated foreclosure of property postredemption, and it ultimately held that once the Debtor redeemed the property from the sale, it became "after-acquired" property. As such, Appellants could not then seek to attach the Judgment Lien to the redeemed property since it was not property owned on the date of the bankruptcy petition. From that reasoning, the bankruptcy court held that Appellants' actions to pursue collection of its Deficiency Judgment against that "after-acquired" property violated the discharge injunction.

These conclusions misapply the New Mexico Supreme Court's holdings in *Construction Engineering* and *Les File Drywall* that redeemed real property "*once again* becomes part of the mortgagor's real estate subject to prior judgment liens."[41] In New Mexico, judgment liens attach to real property acquired by a judgment debtor after the date a transcript of judgment is filed, including property lost at foreclosure but reacquired through redemption.[42] However, nothing in the New Mexico Supreme Court's interpretation of the law indicates property redeemed is newly acquired property—rather, the property "again becomes part of

---

[40] 11 U.S.C. § 524(a)(2).

[41] *Turner*, 868 P.2d at 653 (citing *Constr. Eng'g*, 572 P.2d at 1248) (emphasis added).

[42] *Opinion* at 10, *in* Appellants' App. at 943. *See also Const. Eng'g*, 572 P.2d at 1248.

-13-

[a debtor's] real estate."[43] While this statutory scheme, which allows repeated foreclosures, appears to conflict with New Mexico's stated public policy behind redemptions,[44] it is nonetheless the law of New Mexico.

The *Special Master's Deed* indicates title to the Otero Land passed to Appellants on July 8, 2014.[45] Sprague timely filed a petition to redeem on April 20, 2015.[46] Appellants objected to Sprague's redemption in the state court and simultaneously filed another action to foreclose the Deficiency Judgment. While Appellants were admittedly procedurally premature in seeking to re-foreclose their Deficiency Judgment, as they still held title to the Otero Land because the state court redemption proceeding was stayed pending resolution of the bankruptcy issues, their complaint did not seek collection of the discharged debt *in personam*.[47] As a result, the filing of the postredemption foreclosure action was not in violation of § 524(a)(2) because, under New Mexico law, a deficiency judgment may become a postredemption lien on the real property once properly transcribed. So long as Appellants were not seeking to hold the Debtor personally liable for the deficiency judgment, and were instead merely pursuing any remaining value in the non-exempt real estate, their actions did not constitute a

---

[43] *Const. Eng'g*, 572 P.2d at 1248.

[44] See *Chase Manhattan Bank v. Candelaria*, 90 P.3d 985, 987 (N.M. 2004) ("One of the purposes of the redemption statute is to give the property owner . . . a reasonable opportunity to redeem the property.") (citing *W. Bank. of Las Cruces v. Malooly*, 895 P.2d 265, 271 (N.M. Ct. App. 1995); see also *Mortg. Elec. Registration Sys., Inc. v. Montoya*, 186 P.3d 256, 258 (N.M. Ct. App. 2008) (quoting *HSBC Bank USA v. Fenton*, 125 P.3d 644, 646 (N.M. Ct. App. 2005) *superseded by statute*, N.M. Stat. Ann. § 39-5-18 (2007)) ("[T]he commonly stated purposes of statutory redemption are to encourage full value bidding at foreclosure sales and to protect mortgagors.").

[45] Appellants' App. at 450.

[46] *Opinion* at 5, *in* Appellants' App. at 938.

[47] *Id.* at 6, *in* Appellants' App. at 939.

-14-

discharge violation.[48]

Nothing in the record suggests Appellants sought *in personam* relief, and in fact, the Deficiency Judgment expressly indicated it was a lien on the Debtor's real estate and "no deficiency judgment [was] granted on an in personam basis against the Estate of Fred Van Winkle."[49] We thus find that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act. to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor.*" under § 524(a)(2). We therefore REVERSE the bankruptcy court's holding of a discharge violation. / But now it would not be reversed.

4. **Violation of the Stipulated Order**

Although we hold that Appellants did not violate the discharge injunction, we now review whether their actions taken in the Condo foreclosure violated the terms of the Stipulated Order. This question is quickly answered by a careful review of two documents: the Stipulated Order and the complaint Appellants filed in state court to foreclose Williams' first mortgage and Appellants' Judgment Lien on the Condo.[50]

The parties agreed by the terms of the Stipulated Order that the Judgment Lien was "partially avoided and attache[d] only to the extent of any value over and above the stipulated value of the [Condo] ($100,000) less the payoff of the First Mortgage less the Debtor's allowed Homestead Exemption ($60,000)."[51] In

---

[48]   *Turner*, 868 P.2d at 653; *Const. Eng'g*, 572 P.2d at 1248; *see also Dewsnup v. Timm*, 502 U.S. 410, 417-18 (1992) (explaining lien rights pass through bankruptcy unaffected).

[49]   *See Opinion* at 5, *in* Appellants' App. at 938 (quoting the *Amended Order Approving Special Master's Report & Granting Deficiency Judgment* at 3, *in* Appellants' App. at 448).

[50]   *First Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose on Real Estate Mortgage and to Foreclose Judgment Lien*, *in* Appellants' App. at 1521.

[51]   Stipulated Order at 2, *in* Appellants' App. at 121. The Order also provided
(continued...)

-15-