FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
6/1/2015 8:37:44 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

    Plaintiffs,

v.

                              Cause No. CV-2010-01054
                              Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

    Defendant.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

    Defendants-in-Intervention.

### ESTATE OF FRED VAN WINKLE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

Defendant, Tammy Sprague, personal representative of the estate of Fred Van Winkle, deceased (the "**Estate**"), by and through her attorney of record, Law Office of Kyle H. Moberly, P.C., hereby submits, in accordance with Subparagraph (2) of Paragraph D of Rule 1-056 NMRA, the Estate's memorandum in opposition to the Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief (the "**Plaintiffs' Motion**").

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\1639\001\00\00919\*.WPD

Page 1 of 17


PLAINTIFF'S EXHIBIT

whether the proof is sufficient to prove the particular fact. Linton v. Mauer-Neuer Meat Packers, 71 N.M. 305, 378 P.2d 126 (1963). The Estate should be entitled to a reasonable opportunity for discovery prior to any consideration of the Plaintiffs' Motion.

## ARGUMENT

A.    **PLAINTIFFS ARE NOT ENTITLED TO A JUDGMENT AS A MATTER OF LAW.**

    1.    **Introduction.** The Plaintiffs have asked this Court to either -

       (a)    declare that the Plaintiffs will have a lien against the Property if it is redeemed by the Estate that they can foreclose immediately after the redemption, or

       (b)    order the Estate to pay all of the debt that was owed by Fred Van Winkle to the Plaintiffs and evidenced by the original judgment and the deficiency judgment as a condition to redeeming the Property.

    2.    **Plaintiffs Will Not Have a Lien Against the Property.**

       (a)    **Introduction.** The Plaintiffs make the following arguments as to why they will have a lien against the Property if it is redeemed by the Estate:

           (1)    First, the redemption will revive the original judgment lien;

           (2)    Second, the recording of the transcript of deficiency judgment created a new, additional lien that will attach to the Property if it is redeemed by the Estate.

       (b)    **No Revival of Original Judgment Lien.** The debt that was evidenced by the judgment the Plaintiffs obtained against Fred Van Winkle on August 13, 2010 (the "**Original Judgment**"), was discharged by the United States Bankruptcy Court for the District of New Mexico

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\06-19.001\00009197.WPD

on August 26, 2013. A copy of the Discharge of Debtor entered by the United States Bankruptcy Court for the District of New Mexico in the case of In re Fred Dale Van Winkle, Case No. 13-11743-j7, is attached hereto as **Exhibit A**. Section 524(a)(1) of the Bankruptcy Code provides that "A discharge in a case under this title . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . ." Accordingly, when Mr. Van Winkle's discharge was granted, the Original Judgment immediately became void as to the personal liability of Mr. Van Winkle. New Mexico law is very clear that a "judgment lien expires with the judgment upon which it is founded." Western States Collection Co. v. Shain, 83 N.M. 203, 205, 490 P.2d 461 (1971). Therefore, when the Original Judgment was voided under Bankruptcy Code Section 524, the judgment lien that was created when the Plaintiffs' recorded a transcript of the Original Judgment in the real property records of Otero County, New Mexico (the "**Original Judgment Lien**") expired. The Original Judgment Lien could not, and cannot, thereafter attach to any property subsequently acquired by Mr. Van Winkle or his estate. *See, e.g.*, In re Serrano, No. 7-08-12723 MA (Bankr. N.M. 2009) (the judgment lien that secured a discharged judgment "does not attach to any property the Debtors may acquire . . . in the future."); Birney v. Smith (In re Birney), 200 F.3d 225, 228 (4th Cir. 1999) (judgment "could not ripen into a lien following Birney's discharge because the discharge extinguished his liability for the underlying debt."); In re Rourke, 288 B.R. 50, 52 (Bankr. E.D.N.Y. 2003) ("As a result of the Debtor's discharge, the Real Property purchased by the Debtor thereafter was not encumbered by the Judgments, which are deemed void."); In re Norvell, 198 B.R. 697, 699

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\06-19-001\00009197.WPD

(Bankr. W.D. Ky. 1996) ("A judgment lien will not attach to any real estate acquired by the debtor after the filing of a Chapter 7 bankruptcy proceeding in which the debtor received a discharge."); In re Ogburn, 212 B.R. 984, 987 (Bankr. M.D. Ala. 1995) ("upon discharge of the *in personam* liability, there is no basis for the lien to attach to property acquired postpetition") under §524(a)(1), an unattached judgment was voided by the debtors' discharge and thus no lien attached to debtors' after-acquired property); In re Thomas, 102 B.R. 199, 201 (Bankr. E.D. Cal. 1989) ("no judgment lien could have been created post-discharge even though the Debtors had acquired attachable property because the underlying judgment was previously discharged and rendered void."); In re Yates, 47 B.R. 460, 462 (D. Colo. 1985) (when underlying judgment is discharged before "res" exists upon which the "lien" could attach, no subsequent basis for a lien exists).

The Plaintiffs state that Section 39-5-18 NMSA 1978 does not specify what the effect of a redemption is "on third parties, including prior lien holders, subsequent lien holders, the foreclosing party, or the purchase." They claim that it restores the parties to the position they were in prior to the foreclosure sale. They base their claim on two New Mexico cases and several cases from other jurisdictions.

Both of the New Mexico cases concerned the effect of a redemption of property sold at a tax sale, not at a foreclosure sale. Langhurst v. Langhurst, 49 N.M. 329, 164 P.2d 204 (1945), which is one of cases the Plaintiffs cite, merely addressed the issue of whether separate property repurchased by a spouse after a tax sale is still the separate property of that spouse. The court concluded that it is. The other New Mexico case that Plaintiffs cite in their motion is Chavez v.

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dw\CLIENT\06.19.001\00\0919" WPD

Page 9 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 41 of 49

Case 20-01022-t    Doc 40-10    Filed 03/26/21    Entered 03/26/21 12:20:33 Page 4 of 12

Chavez, 56. N.M. 393, 244 P.2d 781 (1952). That case addressed the issue of whether a redemption from a tax sale by one co-tenant operates as a redemption of the property for all of the co-tenants, which the court concluded it did, and that, as a result, a previous judgment lien against one of the co-tenants attached to that co-tenant's interest in the property.

The Plaintiffs cite cases from other jurisdictions to support their claim that a "redemption merely annuls the sale, and leaves the property subject to all liens which would have been barred <u>if the sale had ripened into title</u> (emphasis added)" Counsel for the Estate has not had sufficient time to review all of those cases, but he has found other cases that are probably more applicable to New Mexico where <u>title actually passes to the purchaser after the foreclosure sale</u> and the purchaser has the right to possess the property and enjoy all of the benefits of ownership unless and until the right of redemption is exercised. *See, e.g.*, 47 Am. Jur. 2d Judicial Sales §348 ("the owner's exercise of his right of redemption has been held to vest in him a title freed from all claims of lienors whose claims were subsequent to those for which the property was sold"); 55 Am. Jur. 2d Mortgages §902 ("the lien for the unpaid balance of the mortgage debt is not restored upon a redemption by the mortgagor by repaying the amount for which the property was sold at the trustee's sale, although that amount is less than the face of the mortgage"). In New Mexico, a redemption should give the party exercising the right of redemption the same rights to the property that the person who purchased the property at the foreclosure sale, subject to any floating liens against the redeemer, such as a judgment lien. Thus, upon redemption, the Estate will acquire the Property free and clear of all liens and other interests that were foreclosed as a result of the foreclosure sale.

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E \Dur\CLIENT\06-19\001\00009197.WPD

Page 10 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 42 of 49

Case 20-01022-t    Doc 40-10    Filed 03/26/21    Entered 03/26/21 12:20:33    Page 5 of 12

including the Original Judgment Lien. The Plaintiffs' claim that their judgment lien would reattach to the Property upon redemption would probably be true if Fred Van Winkle's personal liability for the debt had not been discharged in bankruptcy. But, it was. As a result, if the Estate redeems the Property it will not be subject to the Original Judgment Lien or any other lien or other interest that was foreclosed by the foreclosure sale.

(c) **Deficiency Judgment Lien Will Not Attach to the Property Upon Redemption.** The deficiency judgment that this Court entered on July 23, 2014, and amended on July 28, 2014 (that judgment, as amended, is hereinafter referred to as the "**Deficiency Judgment**"), did not make Mr. Van Winkle's estate personally liable for the debt. It specifically states that "no deficiency judgment is granted on an *in personam* basis against the Estate . . . ."[2] If it did, it would have violated the discharge injunction of Section 524(a)(2) of the Bankruptcy Code. That statute provides that "A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." Therefore, the Deficiency Judgment only confirmed that the Plaintiffs' still had an *in rem* claim that was secured by the existing lien against the real estate that was owned by Mr. Van Winkle when he filed bankruptcy

---

[2] The statement in the Deficiency Judgment, which was prepared by Plaintiffs' counsel, that "the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017" is so vague that the Estate's counsel was not sure what was meant by it until he read the Plaintiffs' Motion. Chapel addressed the court's equitable power to allow an extension to the redemption period. To expect Ms. Sprague, who was pro se at the time, to understand it is unrealistic. Furthermore, the Estate did not approve the form of the Deficiency Judgment and may not have been given the opportunity to do so before it was entered.

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\06-19.001\00009197.WPD

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 43 of 49

Case 20-01022-t    Doc 40-10    Filed 03/26/21    Entered 03/26/21 12:20:33 Page 6 of 12

and that was still owned by his estate. In other words, the Deficiency Judgment merely confirmed that the Plaintiffs had a lien against the Estate's real estate in Ruidoso, New Mexico, that secured the balance of the Original Judgment against Mr. Van Winkle, which as the Deficiency Judgment states "remains collectable by the Plaintiffs through legal actions, or actions to enforce judgment liens as they may exist in other New Mexico counties."

To the extent that the Deficiency Judgment can be interpreted as making Mr. Van Winkle's estate personally liable for the debt and, therefore, supporting the Plaintiffs' claim of an additional lien that will attach to the Property if it is redeemed by the Estate, Section 524(a)(1) of the Bankruptcy Code (as quoted above) makes it void. As stated in Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich), 229 B.R. 777, 782 (B.A.P. 9th Cir. 1999), "all judgments purporting to establish personal liability of a debtor on a discharged debt, including judgments obtained after bankruptcy, are void to that extent. They are not voidable, they are void ab initio as a matter of federal statute." A judgment lien can only secure a valid judgment. Western States Collection Co., at 83 N.M. 204 ("The existence of a valid judgment is a prerequisite to the existence of the lien."). Thus, the transcript of the Deficiency Judgment that the Plaintiffs recorded in the real property records of Otero County, New Mexico on August 14, 2014, cannot attach to any property that the Estate acquires.

The Plaintiffs claim that the Estate is barred by "the doctrines of res judicata, law of the case, waiver, estoppel, failure to timely appeal, and other applicable doctrines" from asserting now that the Deficiency Judgment is void. That is not true. As the United States Supreme Court

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Doc\CLIENT-06-19-001\00000197.WPD

Page 12 of 17

Case 13-11743-t7  Doc 99-2  Filed 12/05/19  Entered 12/05/19 09:14:56  Page 44 of 49

Case 20-01022-t  Doc 40-10  Filed 03/26/21  Entered 03/26/21 12:20:33  Page 7 of 12

has explained, "Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle res judicata and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally." Kalb v. Feuerstein, 308 U.S. 433, 438-39, 60 S.Ct. 343, 84 L.Ed. 370 (1940). As stated before, Section 524(a)(1) voids the Deficiency Judgment and "void judgments cannot be the basis for res judicata" or any other preclusion doctrine. In re Cruz, 254 B.R. 801, 811 (Bankr. S.D.N.Y. 2000) (court set aside a default judgment entered against debtor and the settlement agreement that he subsequently entered into with the holder of the default judgment).

3. **The Estate Should Not be Ordered to Pay More to Redeem the Property than Section 39-5-18 NMSA 1978 Specifically Requires.** If this Court determines that the Plaintiffs do not have a judgment lien that will attach, or reattach, to the Property if it is redeemed by the Estate, then the Plaintiffs have asked this Court to order the Estate to pay the remainder of the debt that was owed by Fred Van Winkle to the Plaintiffs as a condition to redeeming the Property.

As the Court of Appeals stated in Brown v. Trujillo, 135 N.M. 365, 88 P.3d 881, 887 (Ct. App. 2004), one of the ways a redemption statute protects debtors is to discourage lenders from purchasing "a property at a foreclosure sale for considerably less than the amount of the debt, thereby receiving the property for a minimal price while retaining the right to recover the full amount of the debt." That is exactly what the Plaintiffs tried to do in this case, but they should fail and this Court should not bail them out. If the Williams had purchased the Property for the amount of Mr. Van Winkle's debt to the Plaintiffs, the Estate would not redeem the Property. But, instead,

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\06-19-001-04\0091 9⁻.WPD

Page 13 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 45 of 49

Case 20-01022-t    Doc 40-10    Filed 03/26/21    Entered 03/26/21 12:20:33    Page 8 of 12

counsel should have warned the Williams that the Estate might exercise its right of redemption. If they failed to do so, that is a matter to be resolved between them and the Williams. In any event, the Williams are not entitled to be reimbursed for any improvements they have made to the Property. Chase Manhattan Bank v. Candelaria (denying purchaser's request to be reimbursed for improvements he made to the property).

### B. GENUINE ISSUES AS TO MATERIAL FACTS.

The Plaintiffs' Motion states that "no material issues of fact remain." As stated above, whether Williams made any improvements to the Property after the transcript of the Deficiency Judgment was recorded and, if so, how much they spent on those improvements are genuine issues of material fact that remain to be determined by the Court.

### CONCLUSION

The Plaintiffs' Motion should be denied because there are genuine issues as to the material facts and the Plaintiffs are not entitled to a judgment as a matter of law.

Respectfully submitted,

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: _/s/ Kyle H. Moberly_
Kyle H. Moberly
Attorney for Tammy Sprague as personal representative of the estate of Fred Van Winkle, deceased
2460 S. Locust Street, Suite E
Las Cruces, New Mexico 88001
(575) 541-1278

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dar\CLIENT\0649-501-00-09-9.WPD

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum in opposition to the Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief was mailed to Martin, Dugan & Martin, Attorneys for Plaintiffs, P.O. Box 2168, Carlsbad, New Mexico 88221, this 1st day of June, 2015.

*/s/ Kyle H. Moberly*
KYLE H. MOBERLY

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\0649-001\aam09197.WPD

Page 17 of 17

Case 13-11743-t7   Doc 99-2   Filed 12/05/19   Entered 12/05/19 09:14:56   Page 47 of 49

Case 20-01022-t   Doc 40-10   Filed 03/26/21   Entered 03/26/21 12:20:33   Page 10 of 12

B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

District of New Mexico
Case No. 13-11743-j7
Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Fred Dale Van Winkle
PO Box 1691
Ruidoso, NM 88355

Last four digits of Social Security or other
Individual Taxpayer-Identification No(s)., (if any):
xxx-xx-9361

Employer's Tax-Identification No(s)., /Other No(s) (if any):

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11 United States Code (the Bankruptcy Code).

BY THE COURT

Dated: 8/26/13

Robert H. Jacobvitz
United States Bankruptcy Judge

SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.



FORM B18 continued (12/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**