UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,                          Case No. 13-11743-t7

    Debtor.

BRIAN VAN WINKLE, not in his personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle, and            Adv. No. 20-01022-t
TAMMY SPRAGUE, not in her personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle,
                Plaintiffs,
    v.

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS,
                Defendants.

**MOTION TO EXTEND TIME
FOR FILING PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT'S
PROPOSAL TO GRANT SUMMARY JUDGMENT FOR THE PLAINTIFFS**

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**"), not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle ("**Debtor**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, the "**Movants**"), not in her personal capacity but solely as co-personal representative of the estate of the Debtor, by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Motion to Extend Time for Filing Plaintiffs' Reply to Defendants' Response to Court's Proposal to Grant Summary Judgment for the Plaintiffs (the "**Motion**"). In support of the Motion, Movants hereby state as follows:

# JURISDICTION AND VENUE

1.  On May 21, 2013, Debtor commenced the above-captioned bankruptcy case ("**Bankruptcy Case**") by filing a voluntary petition under Chapter 7 of title 11 of the United States Code ("**Bankruptcy Code**") in the District of New Mexico.

2.  This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

3.  Venue is proper in this Court under 28 U.S.C. § 1409.

4.  This matter is a core proceeding under 28 U.S.C. § 157(b).

5.  The statutory bases for this Motion are 11 U.S.C. §§ 105(a) and Rule 9006 of the Federal Rules of Bankruptcy Procedure.

# BACKGROUND

6.  On March 5, 2021, the Court entered an Order Denying Defendants' Motion for Summary Judgment and Setting Rule 56(f) Deadlines (the "**Summary Judgment Order**"). Document # 37.

7.  The Summary Judgment Order requested the Defendants' response to its suggestion that summary judgment as to liability might be appropriate in favor of the Plaintiffs, and that the Plaintiffs would have 14 days from the response to reply.

8.  The Defendants filed their "Defendants' Response to Court's Proposal to Grant Summary Judgment for the Plaintiffs," (the "**Response**") on March 26, 2021. Document # 40. The Plaintiff's reply is due April 9, 2021. The Response had ten exhibits totaling 117 pages attached.

9.  By its terms, the Response incorporated by reference a "Defendants' Motion to Dismiss and Supporting Brief for Lack of Jurisdiction," (the "**Motion to Dismiss**") also filed on

March 27, 2021. Document # 41. Under Rule 7007-1, the deadline to respond to the Motion to Dismiss is April 16, 2021.

10. On March 31, 2021, the Defendants filed a "Defendants' Second Motion for Summary Judgment Against Plaintiffs and Supporting Brief," (the "**Second MSJ**"). Document # 42. By its terms, the Second MSJ incorporates by reference the Motion to Dismiss and the Response. Under Local Rule 7056-1(c), the Plaintiffs' response to the Second MSJ is due April 21, 2021.

11. On April 9, 2021, Plaintiffs reached out to Defendants' counsel by email requesting consent to an extension of time to reply to the Response. As of the time this pleading is being filed, no response has been received.

## BASIS FOR RELIEF

12. Rule 9006 of the Federal Rules of Bankruptcy Procedure provides, in relevant part: "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."

13. Movants respectfully submit that Response, Motion to Dismiss, and Second MSJ should all be considered together under a single deadline. In the interest of the orderly management of the court's docket and to ensure substantial justice to all parties, that deadline should be the latest one.

WHEREFORE, the Movants respectfully request that this Court enter an order, substantially like the one attached here as **Exhibit A** that:

A) Extends the deadline to reply to the Response to April 21, 2021;

B) Extends the deadline respond to the Motion to Dismiss to April 21, 2021;

C) Permits the Plaintiffs to reply to the Response, respond to the Motion to Dismiss, and respond to the Second MSJ in a single pleading; and

D) Grants such other and further relief as this court may deem appropriate under the circumstances.

Respectfully submitted,

GAFFNEY LAW, PC

By: *s/ Joel Alan Gaffney*
Joel Alan Gaffney, Esq
PO Box 3460
Albuquerque, NM 87190
(505) 226-1748
joel@gaffneylaw.com
*Attorneys for Plaintiffs*

Certificate of Service

I certify that, on the date set forth above, copies of this notice were served 1) via CM/ECF electronic notice on all creditors and parties in interest listed on the notice of electronic filing associated with this document.

*s/ Joel Alan Gaffney, Esq.*
Joel Alan Gaffney, Esq.

# EXHIBIT A - 2 PAGES

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,   Case No. 13-11743-t7

    Debtor.

---

BRIAN VAN WINKLE, not in his personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle, and   Adv. No. 20-01022-t
TAMMY SPRAGUE, not in her personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle,
               Plaintiffs,
  v.

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS,
               Defendants.

## ORDER EXTENDING DEADLINES

**THIS MATTER** came before the Court upon the Motion of Plaintiffs requesting the extension of certain deadlines so all response deadlines coincide. The Court finds that no notice of the Motion was required and that the Motion is well-taken.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' deadline to file their Reply to Document # 40, Defendants' Response to Court's Proposal to Grant Summary Judgment for the Plaintiffs, is extended to Wednesday, April 21, 2021.

**IT IS FURTHER ORDERED THAT** Plaintiffs' deadline to file their Response to Document # 41, Defendants' Motion to Dismiss and Supporting Brief for Lack of Jurisdiction, is extended to Wednesday, April 21, 2021.

1

**IT IS FURTHER ORDERED THAT** Plaintiffs may, if they choose, include the two responsive pleadings above into an omnibus response that also responds to Document # 42, Defendants' Second Motion for Summary Judgment Against Plaintiffs and Supporting Brief.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

**GAFFNEY LAW, PC**

By  /s Prepared on April 9, 2021
    Joel Alan Gaffney, Esq.
    PO Box 3460
    Albuquerque, NM 87190
    (505) 226-1748
    joel@gaffneylaw.com
    Attorney for Plaintiffs