UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,　　　　　　　　Case No. 13-11743-t7

　　　　Debtor.

BRIAN VAN WINKLE, not in his personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle, and　　　　　Adv. No. 20-01022-t
TAMMY SPRAGUE, not in her personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle,
　　　　　　　　　Plaintiffs,
　　　v.

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS,
　　　　　　　　Defendants.

**PLAINTIFF'S OMNIBUS RESPONSE TO:
1) DEFENDANT'S RESPONSE TO COURT'S PROPOSAL TO GRANT SUMMARY
JUDGMENT FOR THE PLAINTIFFS (DOCUMENT # 40); 2) DEFENDANTS' MOTION
TO DISMISS AND SUPPORTING BRIEF FOR LACK OF JURISDICTION
(DOCUMENT # 41); AND 3) DEFENDANTS' SECOND MOTION FOR SUMMARY
JUDGMENT AGAINST PLAINTIFFS AND SUPPORTING BRIEF**

　　　　COMES NOW BRIAN VAN WINKLE ("**Van Winkle**"), not in his personal capacity but

solely as co-personal representative of the estate of Fred Van Winkle ("**Debtor**") and TAMMY

SPRAGUE ("**Sprague**" and, collectively with Van Winkle, the "**Plaintiffs**"), not in her personal

capacity but solely as co-personal representative of the estate of the Debtor, by and through their

undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Omnibus

Response to 1) Defendant's Response to Court's Proposal to Grant Summary Judgment for the

Plaintiffs (the "**Response**"), filed on March 26, 2021 by Belleview Valley Land Co., a New

Mexico corporation ("**Belleview**"), John H. Williams ("**Mr. Williams**"), and Ellen B. Williams

("**Mrs. Williams**," collectively with Mr. Williams, the "**Williamses**") (the Williams and

Belleview are collectively referred to herein as "**Defendants**"); 2) Defendants' Motion to

Dismiss and Supporting Brief for Lack of Jurisdiction (the "**Motion to Dismiss**", filed by

Defendants on March 26, 2021; and 3) Defendants' Second Motion for Summary Judgment

Against Plaintiffs and Supporting Brief (the "**Second MSJ**"), filed by Defendants on March 31,

2021. In support of their Omnibus Response, Plaintiffs hereby state as follows:[1]

## ARGUMENT AS TO DOCUMENT # 40

1. The Response continues the Defendants' standard litigation tactic throughout this dispute, including within this proceeding, of bombarding the court and opposing parties with a repetitive litany of arguments that have been made and previously rejected. This Court should give it weight appropriate to that status.

2. The Response attaches ten new exhibits that were not included in the Defendants' first motion for summary judgment. No explanation is given for the Defendants' failure to include these exhibits in its original presentation. These exhibits are pleadings filed in the state court below or in this bankruptcy court and an email exchange between Defendants' counsel and Plaintiffs' counsel in the state court litigation.

3. Although the Defendants do not describe it thus, the Response is essentially a request for relief from this Court's order denying their request for summary judgment, made under Rule 60 of the Federal Rules of Civil Procedure, which is applicable in this proceeding by

---

[1] To save paper and the Court's time, Plaintiffs will keep repetition of portions of the legal argument made by Defendants to a minimum, and will include Plaintiffs' legal argument in this pleading, rather than preparing a separate memorandum of law.

Rule 9024 of the Federal Rules of Bankruptcy Procedure. Rule 60 permits relief from an order on the basis of newly discovered evidence only if it, "with reasonable diligence, could not have been discovered in time." It defies belief to suggest that these exhibits, which clearly came from the Defendants' own litigation files, could not have been discovered in time to be included in their original motion.

4.      Finally, the Response misstates the holding in *Taggart v. Lorenzen,* 139 S. Ct. 1795 (2019)[2] by omitting the Supreme Court's acknowledgement that "a party's 'record of continuing and persistent violations' and 'persistent contumacy' [may] justif[y] placing 'the burden of any uncertainty in the decree . . . on [the] shoulders' of the party who violated the court order." *Id.*, (quoting *McComb* v. *Jacksonville Paper Co.*, 69 S. Ct. 497, 500 (1949)). As described in more detail below, the Defendants' contumacy persists even to this day.

## ARGUMENT AS TO DOCUMENT #41

5.      The Motion to Dismiss is without merit and should be denied. The Motion to Dismiss asserts four bases for dismissal, each of which is baseless.

6.      The stipulated order referenced in the Motion to Dismiss lifted the automatic stay to permit continuation of the judgment lien foreclosure action. It made no reference to the discharge, to dischargeability, or to the injunction prescribed by 11 U.S.C. § 524. It has no bearing on whether the discharge has been violated.

7.      The Motion to Dismiss seeks to relitigate the Defendants' *Rooker-Feldman* doctrine arguments, which the Court has already ruled on. There is no new evidence provided in the Motion to Dismiss, let alone new evidence that could not reasonably have been discovered previously. Neither does the Motion to Dismiss cite any authority that could not have been

---

[2] Notably, *Taggart* was decided nearly sixteen months before the Defendants' Motion for Summary Judgment, yet the Defendants made no reference to it in that motion.

provided to the Court in the Defendants' previous pleadings. The Court should decline to entertain this attempt by Defendants to have another bite at the apple.

8.     The *Younger* abstention doctrine does not apply here. This doctrine prohibits federal courts, including bankruptcy courts, from interfering with ongoing state judicial proceedings. This case does not seek to enjoin any state court from acting, to stay any state proceedings, or to overturn any state court decisions. Instead, Plaintiffs seek only a monetary judgment for their damages caused by Defendants' violations of the discharge injunction. Defendants' attempt to conflate the cases is mistaken.

9.     Discretionary abstention is not a question of subject matter jurisdiction. The concept only applies, in fact, when the federal court has subject matter jurisdiction. This action has been pending in this court for nearly thirteen months, the Defendants have actively participated in this case from its outset, filing an answer, serving discovery requests, asking this court to enforce those discovery requests, and seeking summary judgment. To the extent that discretionary abstention may have ever been appropriate here, the Defendants have long since abandoned their right to assert it.

## ARGUMENT AS TO DOCUMENT # 42

10.     The Second MSJ should be denied. It provides no basis other than the meritless claims in the Motion to Dismiss and other arguments previously raised by Defendants and rejected by this Court. In addition, the Plaintiffs provide the following responses to what the Defendants describe as a "recitation of undisputed facts:"

    a.     Paragraph 6 of the Second MSJ asserts conclusions of law rather than statements of fact, and moreover, subparagraphs b, d, f, and g do not cite to any portion of the record for support as required by Rule 56 of the Federal Rules of Civil

Procedure, which are applicable to this case through Rule 7056 of the Federal Rules of Bankruptcy Procedure;

b. Paragraph 7 of the Second MSJ misleadingly asserts, "the Estate assigned all of its interest in the redemption and/or the redemption funds to third-parties," while omitting the fact that the state court found the assignees were not bona fide good faith purchasers (Ex. 18, ¶ 15), and the BAP decision relied on the fact that the debtor was the redeeming party in the foreclosure case;

c. Paragraphs 9 through 13 of the Second MSJ asserts conclusions of law rather than statements of fact and has no citations to any portion of the record for support as required by Rule 56 of the Federal Rules of Civil Procedure, which are applicable to this case through Rule 7056 of the Federal Rules of Bankruptcy Procedure;

d. Paragraph 15 of the Second MSJ is unsupported by the record. The citation to the record cites an order from this Court declining to grant relief to Brian Van Winkle, who had filed a mislabeled pro se pleading without paying the filing fee to reopen a bankruptcy case, in which the Court was referring to the state court, not to the Defendants, and was speaking hypothetically, rather than descriptively;

e. Paragraphs 16 through 20 of the Second MSJ asserts conclusions of law rather than statements of fact.

11. Fundamentally, the Second MSJ's reliance on sophistry and clever wordplay in the various orders and judgments only highlights the Defendants' culpability. The painstaking effort taken by Defendants to craft language to avoid the appearance of attempting to collect a discharged debt demonstrates a consciousness of guilt. Defendants highlight a distinction

between Belleview and the Williamses only when it is convenient, while in fact they are mere alter egos of one another.

**Defendants Have Continued to Violate the Discharge During this Litigation**

12.     On February 5, 2021, Defendants, through their counsel, recorded a transcript of their July 28, 2014 deficiency judgment against "Tammy Sprague, Personal Representative of the Estate of Fred Dale Van Winkle, Deceased – Estate of Fred Dale Van Winkle, deceased," with the Roosevelt County Clerk in New Mexico ("**TOJ Recording**"). A true and correct copy of the recorded transcript of judgment is attached here as **Exhibit A**.

13.     The estate of Fred Dale Van Winkle owns no real property in Roosevelt County, New Mexico. On information and belief, Defendants are aware that their judgment debtor owns no real property in Roosevelt County, New Mexico.

14.     At the time he commenced his Chapter 7 case, Fred Dale Van Winkle owned a one-half interest in a tract of land in Roosevelt County, New Mexico ("**Roosevelt Tract**"). (Main Bk Case Document #1, p8). Defendants did not file proof of any claim, let alone a claim secured by this property, in the bankruptcy case.

15.     On October 15, 2014, the Court approved the trustee's sale of the Roosevelt Tract to Tammy Sprague, individually. The trustee had given notice of the proposed sale to all creditors (including Defendants) on September 19, 2014. (Main Bk Case Document ##38, 39, 44). Defendants did not object to the sale, nor did they assert a secured claim in the Roosevelt Tract at that time.

16.     As of the current date, despite numerous repeated requests, the Defendants continue to refuse to provide current payoff amounts for the first mortgage on the estate's property in Ruidoso, NM, which they acquired from the original creditor in order to more

effectively enforce their judgment lien on that property. A true and correct copy of a chain of emails between Plaintiffs' state court counsel and Defendants' counsel is attached here as **Exhibit B**. Plaintiffs believe the Defendants are refusing to provide this information to prevent Plaintiffs from satisfying that mortgage so they can exert pressure to have their discharged debt satisfied concurrently with the first mortgage.

### Laches Prevent Defendants from Claiming the TOJ Recording is Mere Ministerial Act to Renew Prepetition Lien

17.     The doctrine of Laches has four elements: 1) conduct by one party giving rise to a claim by a second party; 2) delay on the part of the second party, who had notice of the conduct giving rise to a claim; 3) lack of knowledge on the part of the first party that the second party intended to assert the claim; and 4) injury or prejudice to the first party if the second party is permitted to assert the claim now. *See Collado v. City of Albuquerque*, 132 N.M. 133, 140 (N.M. Ct. App. 2002).

18.     Here, each of the elements is met, as follows:

a.     Sprague's purchase of the Roosevelt Tract from the trustee gave rise to Defendant's potential claim that any judgment lien attached to the Roosevelt Tract was enforceable against the Sprague or the tract notwithstanding the transfer.

b.     Defendants, who received notice of the sale in September 2014, never instituted an action to foreclose on a judgment lien against the Roosevelt Tract and delayed taking any action related to it until more than six years after the sale was approved. They did not even seek payment from the Trustee for any amount, let alone their secured claim against the Roosevelt Tract.

c.  Because of how aggressively Defendants have enforced their judgment liens in other counties, the fact that they never enforced any claims in Roosevelt County led Sprague to believe they intended not to enforce any claim in Roosevelt County.

d.  If Defendants are permitted to assert a judgment lien against the Roosevelt Tract under these circumstances, Plaintiffs (including Sprague) will incur significant legal fees litigating the enforceability and extent of Defendants' lien.

WHEREFORE, the Plaintiffs respectfully request that this Court grant the Plaintiffs summary judgment as to liability on all matters previously briefed, schedule an inquest to determine the amount of damages appropriate under the circumstances, and either permit the Plaintiffs to file an Amended Complaint to assert claims regarding the Roosevelt Tract or include damages related to the Roosevelt Tract in the inquest.

Respectfully submitted,

GAFFNEY LAW, PC

*s/ Joel Alan Gaffney*

By:  Joel Alan Gaffney, Esq
PO Box 3460
Albuquerque, NM 87190
(505) 266-1748
joel@gaffneylaw.com
*Attorneys for Plaintiffs*

# EXHIBIT A - 2 PAGES

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
8/8/2014 2:32:20 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

## TWELFTH JUDICIAL DISTRICT COURT
## COUNTY OF OTERO
## STATE OF NEW MEXICO

### TRANSCRIPT OF JUDGMENT

CASE NUMBER: CV-2010-1054

NATURE OF ACTION: Counterclaim for Violation of Subdivision Act

JUDGMENT CREDITORS: Belleview Valley Land Co., John Williams and Ellen Bl. Williams

JUDGMENT DEBTOR: Tammy Sprague, Personal Representative Of Estate Of Fred Dale Van Winkle, Deceased—Estate of Fred Dale Van Winkle, deceased

### AMOUNT OF JUDGMENT

| DAMAGES | COSTS | TOTAL | RATE OF INTEREST |
|---|---|---|---|
| $271,905.61 (Deficiency Judgment entered July 28, 2014) | | $271,905.61 | 8.75% per annum calculated from July 28, 2014. |

DATE OF DEFICIENCY JUDGMENT:

HOW SATISFIED & REMARKS

| | |
|---|---|
| July 28, 2014 <br> ATTORNEY FOR JUDGMENT CREDITOR: <br> **W. T. Martin, Jr.** <br> Martin, Dugan & Martin <br> 509 W. Pierce St. <br> P.O. Box 2168 <br> Carlsbad, NM 88221-2168 <br> (575) 887-3528 <br> Fax (575) 887-2136 | |

20210318  02/05/2021 10:54:43 AM
Page: 1 of 2     Fee: 25.00    TJ
Mandi M. Park, Roosevelt Co. Clk., Roosevelt, NM

I, **Jan Perry,** Clerk of the District Court of the Twelfth Judicial District of the

State of New Mexico, within and for the County of Otero, do hereby certify the foregoing

to be a true transcript of the judgment of said Court, now of record in my office.

**IN WITNESS WHEREOF,** I have hereunto set my hand and Seal of said Court

this 8th day of August, 2014.

KATINA WATSON

**CLERK OF THE DISTRICT COURT**

By:_____

Deputy

(SEAL)

20210318   02/05/2021 10:54:43 AM
Page: 2 of 2     Fee: 25.00     TJ
Mandi M. Park, Roosevelt Co. Clk., Roosevelt, NM

ATTEST: CERTIFIED AS A TRUE AND CORRECT COPY
OF THE ORIGINAL FILED IN THE OFFICE OF

August 8th, 2014 (date)

DISTRICT COURT CLERK

Dated 2/1/21   By:_____ Deputy

Case 20-01022-t    Doc 46    Filed 04/21/21    Entered 04/21/21 22:44:37 Page 11 of 16

# EXHIBIT B - 4 PAGES

**From:** W. T. Martin <martinlaw@zianet.com>
**Sent:** Tuesday, April 6, 2021 8:49 AM
**To:** Kyle Moberly <kyle@mobelaw.com>
**Cc:** Carla Galloway <cgalloway@lawmdm.com>
**Subject:** Re: Calculations on 1st Mortgage on Condo in Ruidoso -- Van Winkle

I did tell you that I was going to get calculations to you. I have had a number of matters arise that unexpectedly have dominated my entire time. They are still ongoing for a few days. You will have to give a little more time to get that to you. I apologize for the delay.

Tom Martin

--


W. T. Martin, Jr.

Martin, Dugan & Martin

509 W. Pierce St.

P.O. Box 2168

Carlsbad, NM 88221-2168

(575) 887-3528

Fax (575) 887-2136

e-mail: martinlaw@zianet.com

---

**From:** Kyle Moberly <kyle@mobelaw.com>
**Date:** Monday, April 5, 2021 at 5:56 PM
**To:** "W. T. Martin" <martinlaw@zianet.com>
**Cc:** Carla Galloway <cgalloway@lawmdm.com>
**Subject:** RE: Calculations on 1st Mortgage on Condo in Ruidoso -- Van Winkle


Tom,


I didn't hear from you last week or today.  When may I expect to get the calculation of the mortgage payoff from you?


Sincerely,


Kyle H. Moberly

Law Office of Kyle H. Moberly, P.C.

3948 E. Lohman Avenue, Suite 3

Las Cruces, New Mexico 88011

(575) 541-1278

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling (575) 541-1278, so that our address record can be corrected. Thank you.

**From:** W. T. Martin <martinlaw@zianet.com>
**Sent:** Wednesday, March 24, 2021 10:31 AM
**To:** Kyle Moberly <kyle@mobelaw.com>
**Cc:** Carla Galloway <cgalloway@lawmdm.com>
**Subject:** Calculations on 1st Mortgage on Condo in Ruidoso -- Van Winkle

I told you that I would get you the calculation yesterday. I have found myself in a matte that has to be completed with a looming deadline. It will not be until next week that I get back to you. But, I will get back to you.

Tom Martin

--

W. T. Martin, Jr.

Martin, Dugan & Martin

509 W. Pierce St.

P.O. Box 2168

Carlsbad, NM 88221-2168

(575) 887-3528

Fax (575) 887-2136

e-mail: martinlaw@zianet.com