UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re Fred Dale Van Winkle,
    Debtor,

Brian Van Winkle and
Tammy Sprague, co-personal representatives
of the estate of Fred Dale Van Winkle,
    Plaintiffs,
v.

John Williams, Ellen B. Williams, and
Belleview Valley Land Co., Inc.
    Defendants.

Bankr. No. 13-11743 t7
Adv. No 20-1022
Chapter 7

# DEFENDANTS' REPLY TO PLAINTIFFS' OMNIBUS RESPONSE

**COME NOW**, John Williams, Ellen B. Williams and Belleview Valley Land Co., Inc. *(collectively, "Defendants")*, and file this Reply to the Omnibus Response (Document No. 46) filed by Plaintiffs **Brian Van Winkle** ("Brian") and **Tammy Sprague** ("*Sprague*") (collectively, "*Plaintiffs*") on April 2, 2021, and show:

## I.  SUMMARY OF REPLY

This Court provided Plaintiffs extra time to respond to the pending Motion to Dismiss and Second Motion for Summary Judgment. Plaintiffs filed a cursory response, with virtually no citations to the law or the evidence. This is a court of law. The law controls the outcome. Certainly, the facts and law "should" control the outcome. Plaintiffs apparently believe this Court will simply ignore the law and the facts and grant them whatever judgment they ask for, irrespective of the law, the facts, or even required procedure. Surely, Plaintiffs are wrong.

Defendants raised many grounds for summary judgment, all of which are valid. However, one that Plaintiffs did not even attempt to overcome is inescapably applicable: The *Taggart* doctrine. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801, 204 L. Ed. 2d 129 (2019). This Court recognized the applicability of *Taggart* when it reopened this case. *In re Winkle*, 616 B.R. 896, 900 (Bankr. D.N.M. 2020)(quoting Taggart and stating, "bankruptcy court may 'impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order'"). To find Defendants liable for violation of the discharge injunction, there must literally be "no fair ground of doubt" that the conduct "might" be lawful. *In re Roth*, 935 F.3d 1270, 1278 (11th Cir. 2019)(quoting *Taggart*, 139 S. Ct. at 1799). It would be impossible to find that in this case for, at least, three indisputable reasons: (1) On August 8, 2018, this Court entered a STIPULATED order sending the parties back to the state court to finally resolve all issues between them in that state court proceeding (Ex. 32); (2) Nine (9) days later, on August 17, 2018, the Estate of Fred Van Winkle assigned all interests it had in the redemption and the redemption funds to third parties (Ex. 17); and (3) The Estate's actions in tendering the redemption funds and exercising the redemption were

1

"voluntary." (Exs. 27 and 28). Plaintiffs did not address those issues. Even if they had, there simply is no way for a reasonable mind (or court) to conclude there was "no fair ground of doubt" that it "might" be lawful for Defendants to proceed with the foreclosure action and request recovery of the "voluntarily" paid monies that no longer belong to the estate in a proceeding in which the Estate has assigned all of its rights and interests. No amount of linguistic gymnastics can support a conclusion that Defendants' conduct violated the *Taggart* standard. Perhaps, that is why Plaintiffs did not even bother to try in their Response.

Instead, Plaintiffs attempt in their Omnibus Response ("*Response*") to raise for the first time additional, affirmative claims for damages related to transcripts of judgment filed in Roosevelt County (*Response, p. 6*).[1] Inexplicably, Plaintiffs ask for the un-pleaded, new relief in their Omnibus Response, while candidly admitting they did not make that claim in their Complaint. The rules of procedure apply to Plaintiffs and their counsel, regardless of what they may think or hope. **"The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees."** *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465, 120 S. Ct. 1579, 1584, 146 L. Ed. 2d 530 (2000). Defendants will not respond substantively to the new claims. Before they may even be raised, Plaintiffs must file a Motion for Leave to Amend, and show this Court why good cause exists to permit the amendment. Plaintiffs would be required in that motion to show this Court why and how this court has subject matter jurisdiction over those claims. On the face of the allegations, the claims involve real estate owned by Tammy Sprague, not the debtor's property. Clearly, this Court would not

---

[1] Without waiving any argument about the procedural violations by Plaintiffs on the issue and Defendants rights as stated above, it is informative to point out that the facts stated are incomplete so as to render the representations inaccurate. (i) On March 8, 2013, Defendants filed a Transcript of Judgment in Roosevelt County. This created a judgment lien on the undivided one-half interest in real property that Fred Van Winkle owned. (See" **Exhibit "A"** to this Reply.) Fred Van Winkle was alive on March 8, 2013. (He died April 29, 2014.); (ii) Later, on May 21, 2013, Fred Van Winkle filed his Chapter 7 Petition, Case # 13-11743-t7. (See: Doc. #1 – **Exhibit "B"**); (iii) In 2015, Tammy Sprague, individually, purchased the Roosevelt County property from the Chapter 7 Trustee subject to all existing Liens (See: Doc #38, Doc. #44 & Exhibits "C, D & E"); (iv) The judgment lien was never avoided nor removed from the Roosevelt County real property. The Judgment lien has stayed in place to this date; (v) **The recorded Transcript of Judgment addressed in the Omnibus Response is not the perfection of the existing unreleased judgment lien which occurred outside bankruptcy. It simply reflects a credit or adjustment to the original and existing judgment lien. The original judgment lien remains in place subject to the adjustment in amount owed**.

2

have jurisdiction. In fact, the claims are frivolous. There is no attempt to impose a debt on the debtor – the property is owned by Sprague. However, again, Defendants will not respond to the un-pleaded claims until they are properly pleaded in a complaint. Even if this Court permitted amendment, thereafter, Defendants are entitled to file an answer and appropriate motions to dismiss and summary judgment. If the claims survive those motions, Defendants would be entitled to take discovery on the claims. It is called due process. There are required procedures that must be followed. They were not. And, this Court lacks authority to simply usurp those procedures and grant the requested relief, without due process.

Bankruptcy courts may enforce the discharge injunction in § 524(a)(2). *In re Paul*, 534 F.3d 1303, 1306–07 (10th Cir. 2008). "But that equitable power **cannot** be exercised contrary to or in excess of the terms of the substantive Code provision being enforced." *Id*. "Thus, a bankruptcy court may sanction a party for violating the discharge injunction **only if** the party took some action ... "to collect, recover or offset any [discharged] debt *as a personal liability of the debtor*." *Id*. The concept of a "fresh start" is not a license for any bankruptcy court to "go beyond the particular prohibitions specified in the statute":

> This may seem an obvious point when stated in the abstract, yet it can easily be overlooked in the course of a bankruptcy court's practical effort to support a debtor's fresh start following discharge. A host of circumstances can affect a former debtor's financial comeback. But the concept of "fresh start" is just a general gloss on the purpose of § 524(a); *it is not a license for courts to go beyond the particular prohibitions specified in the statute to shield debtors from adverse contingencies*. However well-intentioned the effort in trying to facilitate a debtor's fresh start, a bankruptcy court may not enjoin and sanction a creditor with respect to conduct that does not violate § 524(a). *Id*. at 1307.

This Court closed this case on June 18, 2019. Thereafter, this Court re-opened this case to allow Plaintiffs to plead certain, specified violations of the discharge injunction. Plaintiffs then filed a Complaint in this case. The scope of this case is limited to that Complaint. This suit is not a dumping ground for Plaintiffs to bring all of their grievances. Plaintiffs must prove a violation of the discharge injunction. Defendants' Response to Court's Proposal to Grant Summary Judgment for the Plaintiffs (Doc. #40), Defendants' Motion to Dismiss (Doc. #41) and Defendants' Second Motion For Summary Judgment (Doc. #42) prove conclusively that Plaintiffs cannot recover. Plaintiffs' Omnibus Response fails to prove otherwise.

3

Defendants carefully briefed all issues in their Response to MSJ Proposal (Doc. #40), Motion to Dismiss (Doc. #41) and Second MSJ (Doc. #42). Defendants will not repeat that briefing. This Reply will be limited only to addressing the points raised by Plaintiffs in their Omnibus Response.

## II. ARGUMENT AS TO DOCUMENT #40

Plaintiffs ignored virtually all of the facts and law cited in Document #40, the Response to MSJ Proposal. That is fatal to their claims.

Plaintiffs objected to Defendants raising new arguments and/or evidence in their Response that allegedly were not raised in Defendants' prior First Motion for Summary Judgment. (*Plaintiffs' Response, p. 2*). That objection makes no sense and is erroneous. Plaintiffs did not file a motion for summary judgment. In support of their own first motion for summary judgment, Defendants were entitled to submit as little or as much evidence and argument as they chose. That does not somehow limit the evidence or arguments for the rest of the case. This Court was required to give Defendants notice and an opportunity to defend their positions before it granted summary judgment *sua sponte* against Defendants. Fed. R. Civ. P. 56(f)("After giving notice and a reasonable time to respond...."). It's called due process. There is no requirement that Defendants limit their argument or evidence herein to some other, previously filed motion.

Plaintiffs frivolously cite Fed. R. Civ. P. 60. That rule concerns relief from final judgments and final orders. It would be error for this court to apply Rule 60 to this interlocutory proceeding. *Pia v. Supernova Media*, Inc., No. 2:09-CV-00840-DN-EJF, 2014 WL 7261014, at *1 (D. Utah Dec. 18, 2014). This Court said as much in *In re Akbari-Shahmirzadi*, No. 7-11-15351 TL, 2013 WL 1099794, at *3 (Bankr. D.N.M. Mar. 15, 2013)(noting court is free to reconsider any interlocutory order). A simple search by Plaintiffs' counsel would have revealed this Court's ruling on that matter in *Akbari-Shahmirzadi*. One wonders how many frivolous arguments this Court will allow Plaintiffs' counsel to make(?). This court did not issue a final judgment or final order. It gave notice that it was considering issuing a summary judgment, and as it was required to do, providing Defendants an opportunity to present their case. Again, it is called due process.

4

Having said all of that, Plaintiffs did not refute the evidence and authority, and summary judgment for Defendants is clearly proper.

## A. Plaintiffs' Claims Are Barred by *Taggart*.

Plaintiffs must prove -- not Defendants disprove – a violation of the discharge injunction. In the Response to MSJ Proposal (Doc. #40, p. 6), Defendants argued our Supreme Court changed the standards to prove a violation of the discharge injunction in *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801, 204 L. Ed. 2d 129 (2019). The *Taggart* standard is a "rigorous" one. *In re Roth*, 935 F.3d 1270, 1278 (11th Cir. 2019). There must literally be "no fair ground of doubt" that the conduct "might" be lawful. *Id.* (quoting *Taggart*, 139 S. Ct. at 1799); *In re Ahn*, 794 F. App'x 661 (9th Cir. 2020) (creditors had an objectively reasonable basis for concluding their actions to amend judgment to include additional amounts were lawful in an *in rem* action). Plaintiffs are required to prove Defendants had "explicit notice" their conduct was forbidden. *Johnson*, at 1802. Plaintiffs cannot and did not meet that standard.

Plaintiffs' Omnibus Response addresses *Taggart* in one sentence. (*Response, p. 3*). Plaintiffs quote one sentence in *Taggart*, without trying to explain how that sentence applies, nor how Plaintiffs have satisfied the rigorous *Taggart* standards. That is fatal to Plaintiffs' case. *Taggart* recognized that civil contempt "should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct" and that principles of "basic fairness requir[e] that those enjoined receive explicit notice" of "what conduct is outlawed" before being held in civil contempt. 139 S. Ct. at 1801-1802 (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618, 5 S.Ct. 618, 28 L.Ed. 1106 (1885) and *Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974)). Plaintiffs do not even try to explain to this Court how or why Defendants should have known that their alleged conduct violated the bankruptcy discharge. How could they? Plaintiffs agreed to go back to the state court and have that court resolve all remaining issues. Plaintiffs agreed to lift the stay for the state court to proceed and then they tried to win in the state court. Only

5

after losing before Judge Counts, did Plaintiffs scream, "Foul." It is hypocritical and simply wrong. When "Mom" says "No," you don't get to go to "Dad."

Moreover, Plaintiffs' quotation from *Taggart* is, at best, misleading. Plaintiffs quote a prior decision by the U.S. Supreme Court in *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949). That quote is taken out of context. In that paragraph, the *Taggart* court quoted *McComb* to explain that "subjective intent is [not] always irrelevant." In quoting *McComb*, the Court noted, "Our cases suggest, for example, that civil contempt sanctions may be warranted when a party acts in bad faith." The Supreme Court merely quoted *McComb* to recognize that in other contexts (civil contempt proceedings), subjective intent may still be relevant. This is a discharge injunction case. *McComb* was not a discharge injunction case. *Taggart* was. Plaintiffs fail to explain how that quote (out of context) affects this case, or somehow overcomes their obligation to prove the *Taggart* standard. It does not.

In the very next paragraph in *Taggart*, the Supreme Court set the standard for all bankruptcy discharge cases (i.e., this case):

> These traditional civil contempt principles apply straightforwardly to the bankruptcy discharge context. The typical discharge order entered by a bankruptcy court is not detailed. See supra, at 1799 – 1800. Congress, however, has carefully delineated which debts are exempt from discharge. See §§ 523(a)(1)–(19). **Under the fair ground of doubt standard, civil contempt therefore may be appropriate when the creditor violates a discharge order based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope.**

Id. at 1802. The "fair ground of doubt" standard applies – and must be applied – in this case.

Defendants filed a motion for summary judgment asking that this Court find as a matter of law that there is no evidence Defendants violated the discharge order "based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope." *Id.* Instead of arguing how or why that standard was, in fact, met, Plaintiffs merely misquoted *Taggert*. That is fatal to Plaintiffs' claim. This Court was not appointed as a judge to do Plaintiffs' bidding. The Court cannot "assume the role of advocate" for the litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "No matter how often they are made to

6

feel the part, our brothers and sisters on the district court bench should not be cast in the role of stage director of the litigation drama—forced to prod the actors through rehearsals until the proper performance is achieved." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000). **"Doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process."** *Mulford v. Altria Grp., Inc.*, No. CV 05-659 MV/RHS, 2009 WL 10701953, at *1 (D.N.M. Mar. 30, 2009)(unpublished opinion, paraphrasing quote from *Mitchell*, 218 F.3d at 1199). We have an adversary system, where each party is to present their side of the case. The Tenth Circuit simply "will not sanction" a district court taking over the role of advocate. *Mitchell*, 218 F.3d at 1199. That would violate constitutional due process.

Plaintiffs provided no substantive response to the over 38 exhibits and evidence that prove conclusively that there was "fair ground of doubt" that the actions "might not" violate the discharge injunction. That should end this case. *McAllister v. Watkins*, No. CIV-15-371-C, 2016 WL 6127529, at *2 (W.D. Okla. Oct. 20, 2016)(unpublished opinion granting summary judgment and noting under *Mitchell* the district court should not serve as an advocate for the litigant).

**B.    Ruling for Plaintiffs Violates This Court's Stipulated Order.**

Defendants argued this Court is bound by the parties' stipulations. *(Response to MSJ Proposal, p. 8)*. Plaintiffs ignored that briefing. That should end this case.

**C.    Plaintiffs' Claims Are Barred By the State Court Decision And *Res Judicata*.**

Defendants argued Plaintiffs' claims are barred by issue preclusion and the state court judgment. *(Response to MSJ Proposal, p. 8)*. Plaintiffs ignored that briefing. That should end this case.

**D.    Plaintiffs' Claims Are Barred by the BAP Opinion Under the Doctrines of Law of the Case and *Res Judicata*.**

Defendants argued the BAP Opinion bars this case. *(Response to MSJ Proposal, p. 8)*. Plaintiffs ignored that briefing. That should end this case.

7

E.  **Defendants Did Not Violate the Discharge Injunction.**

Defendants argued the undisputed evidence proves Defendants did not violate the discharge injunction in at least four (4) independent respects. *(Response to MSJ Proposal, p. 14-24)*. Plaintiffs ignored all of that briefing. Each ground independently supports summary judgment for Defendants. However, Defendants would emphasize the first ground, "Plaintiffs' Actions Were Voluntary." *(Response to MSJ Proposal, p. 14)*. Plaintiffs admitted the concerned actions were voluntary in deemed admissions. (Exs. 27-28). Plaintiffs did not even respond to that argument or briefing. 11 U.S.C. § 524(f) provides that nothing prevents a debtor from "voluntarily repaying any debt." That should end this case.

### III. ARGUMENT AS TO DOCUMENT # 41

Defendants filed a separate Motion to Dismiss (Doc. #41). Plaintiffs addressed that 24-page Motion to Dismiss in five (5) paragraphs. *(Resp., p. 3)*. Each of Defendants' arguments are erroneous.

A.  **Ruling for Plaintiffs Violates This Court's Stipulated Order.**

Defendants argued this the parties' stipulated, Order Terminating Automatic Stay (Exhibit 32) precludes a finding of a violation of the discharge injunction. *(Motion to Dismiss, p. 3, ¶ 6)*. That stipulation and order are binding on Plaintiffs (and this Court). Plaintiffs argue that the Order made no reference to the discharge or discharge injunction. *(Response, p. 3)*. So what? Defendants explained in detail how that stipulation gave the state district court exclusive prior jurisdiction to resolve all issues before it, and it cannot violate the discharge injunction for the trial court to simply do what the parties stipulated it should do. This Court deserved some legal or factual argument from Plaintiffs. It got none. That should end this case.

B.  **This Court Lacks Jurisdiction Under the *Rooker-Feldman Doctrine*.**

Defendants argued this court lacks jurisdiction to challenge the involved state court rulings under the *Rooker-Feldman* doctrine. *(Motion to Dismiss, p. 8)*. Plaintiffs did not dispute the caselaw or authority that Defendants cited. Instead, Plaintiffs merely claim it is too late to raise the applicable authority. *(Response, p.*

8

3, ¶ 7). That is not the rule. Defendants filed a proper motion to dismiss, which must be addressed on its merits. On the other hand, Plaintiffs provide no substantive response. That should end this case.

### C. Jurisdiction Is Improper Based on the *Younger* Abstention Doctrine.

Defendants argued the *Younger* abstention doctrine applies. (*Motion to Dismiss, p. 17*). On this point, at least, Plaintiffs tried to provide some argument. *(Response, p. 4, ¶ 8)*. Plaintiffs claim the *Younger* doctrine does not apply because they only seek money damages. (*Id*). However, Plaintiffs fail to cite any authority for that distinction. We may assume there is none. In fact, in the Motion to Dismiss, Plaintiffs addressed that very issue, citing several cases. The Motion to Dismiss stated:

> *Younger* applies to bankruptcy proceedings. *See Superior Court v. Heincy (In re Heincy)*, 858 F.2d 548, 549 (9th Cir.1988); *In re Franceschi*, 43 F. App'x 87, 89–91 (9th Cir. 2002) (affirming bankruptcy court's dismissal on basis of Younger abstention); *In re Miller*, 463 B.R. 143, n. 48 (10th Cir. BAP (Colo.) 2011), rev'd on other grounds, 666 F.3d 1255 (10th Cir. 2012). Plaintiffs are seeking equitable relief from this Court, namely equitable relief under 11 U.S.C. § 105(a) to remedy a violation of the discharge injunction in § 524(a)(2). *In re Paul*, 534 F.3d 1303, 1306–07 (10th Cir. 2008). The doctrine applies not only to requests for equitable relief but also extends to claims for monetary relief "when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Graff v. Aberdeen Enterprizes, II, Inc.*, No. 17-CV-606-TCK-JFJ, 2021 WL 951017, at *10 (N.D. Okla. Mar. 12, 2021). Clearly, a judgment by this court ruling payment of the Redemption Funds to the Williams violated the discharge injunction will have a preclusive effect on the pending state-court proceeding. Such a ruling could force the Williams to forfeit their appeal. Presumably, Plaintiffs will take the position that Defendants are violating the discharge injunction by claiming the right to the funds in the state court appeal. It is difficult to imagine any more preclusive effect. It is also difficult to imagine any greater interference with the jurisdiction of the state court.

One would think Plaintiffs would at least try to address that briefing and cite a case (or two) that hold *Younger* does not apply to this bankruptcy case. They did not. That should end this case.

### D. Jurisdiction Is Improper Based on Comity and/or Discretionary Abstention.

Finally, Defendants argued this Court should decline jurisdiction based on comity to state courts and/or the discretionary abstention doctrine. (*Motion to Dismiss, p. 20*). Plaintiffs contend Defendants waived that argument by failing to assert it earlier. (*Response, p. 20*). Plaintiffs conspicuously fail to cite any authority. Practically, issues of comity and abstention pertain to comity to the state court, not to the parties. This Court should decline to step on the state courts' toes, after it personally put the shoes on the state court

9

by issuing an order to the state court to proceed. This case smells of unfairness to the state court (and Defendants).

Moreover, to prove waiver of abstention, the Court must find Defendants voluntarily proceeded to an adjudication of the merits of the case. *Morrow v. Winslow*, 94 F.3d 1386, 1390 (10th Cir. 1996)(quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626, 106 S.Ct. 2718, 2722, 91 L.Ed.2d 512 (1986). That did not happen. From the very inception of this adversary action, Defendants argued abstention applies. On December 5, 2019, Defendants objected to this Court re-opening the case on abstention grounds. (See Response to Motion to Reopen Case, Document #99, filed in Adversary No. 15-01047 and Bankr. No. 13-11743, p. 33). Defendants did not agree to this Court proceeding on the merits. One thing is crystal clear: Defendants have fought the effort of this Court to rule on these matters all along the way. The Court may disagree with Defendants' positions. It certainly cannot dispute Defendants have contended from the start that this Court lacks jurisdiction to hear these matters.

## IV. ARGUMENT AS TO DOCUMENT #42

Plaintiffs provide six paragraphs of argument in response to the Second MSJ (Doc. No. 42). Those arguments are woefully inadequate and each erroneous.

Plaintiffs challenge certain recitations of undisputed facts. (*Response, p. 4-5*). However, Plaintiffs provide this Court with no counter-evidence. NONE. On the other hand, Defendants' exhibits and evidence prove every point made by Defendants in the Second MSJ. Plaintiffs are apparently hoping the Court simply will not care what the real facts are. Surely, that is not true. Defendants provided this Court 36 exhibits and excruciating details on all of the relevant facts. (*Second MSJ, p. 3-9*). Those facts remain undisputed.

Plaintiffs claim the failure by Defendants to provide a pin-point citation in a few paragraphs in their Second MSJ somehow results in the striking of those paragraphs. In fact, Fed. R. Civ. P. 56(c)(1) applies to both Plaintiffs and Defendants. The parties are required to provide evidence supporting and refuting the

others' claims. Plaintiffs submitted nothing. Moreover, Rule 56(c)(1) has two subsections. Subsection (b) allows a party to point out the "adverse party cannot produce admissible evidence to support the fact." That is the point of Defendants' Second MSJ. Based on the undisputed facts, Plaintiffs simply cannot satisfy their burden of proving a violation of the discharge injunction.

Plaintiffs cited no authority or evidence -- none. Instead, Plaintiffs attacked Defendants and their counsel for alleged "craft[y] language" and "sophistry and clever wordplay," whatever that means. *(Response, p. 5, ¶ 11).* The Second MSJ and its list of undisputed facts stand unrefuted. Most importantly, Plaintiffs still failed to address their deemed admissions. After Plaintiffs' counsel failed to even respond to the admissions, at the least, he could have tried to explain to the Court why those deemed admissions do not end this case. In fact, they do end this case, as argued above. Plaintiffs' failure to respond substantively to most of the arguments and evidence in the Second MSJ should also end this case. Defendants will address each of Plaintiffs' paragraphs separately:

10a. Plaintiffs claim paragraph 6 merely asserts conclusions of law. Plaintiffs do not argue why they think that is the case. The Court can read paragraph 6 for itself and see it states facts, not law. Plaintiffs object subparagraph 6(b) does not contain a citation. The subparagraph before it (a) cites Ex. 7. Exhibit 7 states on the face of page 2 that the Order was "submitted by" Plaintiffs' counsel, Mr. Moberly. Paragraph 6(b) is undisputed. Similarly, paragraphs (d), (f) and (g) are logical conclusions that flow from the Exhibit 32 cited in the paragraphs right before them. Exhibit 32 is this Court's order lifting the stay and ordering the parties to "complete the state court litigation and have a final determination of the rights of the parties...." That language is not ambiguous. The conclusions in paragraphs (d), (f) and (g) logically flow from that Exhibit 32. If Plaintiffs believe those conclusions are improper, they should have tendered contrary evidence. It is not enough to merely argue in conclusory fashion a fact is disputed. *Pasternak v. Lear Petroleum Exploration*, Inc., 790 F.2d 828, 834 (10th Cir. 1986) ("Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment.").

10b.  Plaintiffs argue that the state court found the assignees were not "**bona fide good faith** purchasers." (*Response, p. 5*).  How does that help Plaintiffs?  Paragraph 7 in the Second MSJ concerned whether the Estate assigned its interests in the redemption and redemption funds to anyone.  It is irrelevant. In this case whether the purchaser was in "good faith" or "bad faith" or otherwise.  If the Estate does not own the redemption right or right to return of the redemption funds, it cannot claim a violation of the discharge injunction.  It is not the Estate's fight.  Moreover, under Plaintiffs' theory the ruling of the state court is not *res judicata* or collateral estoppel herein.  If that is true, why did Plaintiffs even bring up the ruling?  Plaintiffs cannot have it both ways.  Practically, Exhibit 17 speaks for itself.  It is the assignment.  And, this Court is not at liberty to ignore the actual transfer document that assigned the Estate's interest – as a matter of law.

10c.  Plaintiffs argue paragraph 9 does not cite any evidence.  That is not true.  The first sentence cites the "State Court Final Judgment."  That Judgment is Exhibit 19, and is cited in the prior paragraph 8. Paragraph 8 and Exhibit 19 provide the facts, which then lead to the conclusions in paragraph 9.  Notably, Plaintiffs were required to provide evidence and/or argument as to why the four elements of *res judicata* were not met.  Defendants provided that detailed analysis on pages 8-11 of Defendants' Response to MSJ, which Defendants incorporated into their Second MSJ, ¶C.  Plaintiffs owed this Court some explanation why the state court judgment is not *res judicata* in this case.  They provided none.  That should end this case.

Plaintiffs object paragraph 10 does not cite any evidence and is a legal conclusion.  Both contentions are wrong.  Paragraph 10 cites the BAP Opinion in this case, providing the Document #62.  That is the most important evidence.  The facts 10(a) through (e) are undisputed and flow from the BAP Opinion and the undisputed facts pertaining to the parties and claims in this very litigation.  To the extent further argument was required, Defendants referred the Court to pages 11-14 of Defendants' Response to MSJ. (*Second MSJ, ¶ D*). This Court presided over the prior case appealed to the BAP.  Plaintiffs cannot reasonably contest the facts set forth in paragraph 10.  If they could, Plaintiffs would have.  The truth is that the BAP Opinion is *res judicata* herein, and that should end this case.

12

Plaintiffs object paragraphs 11-13 are legal conclusions and do not cite evidence. That is not true. Paragraphs 11-13 are factual conclusions of what remains after a foreclosure sale, based upon the prior ruling of our U.S. Supreme Court in *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150 (1991). Plaintiffs cannot dispute the Court's ruling in *Johnson*. The fact remains that, after the foreclosure sale and purchase, the Defendant creditors still retained the rights set forth in *Johnson*. Those are facts that may not be disputed, as set forth by our U.S. Supreme Court in *Johnson*. If, however, they are only conclusions are law, they still support summary judgment herein as a matter of law. Either way, Plaintiffs lose.

10d. Plaintiffs purport to dispute paragraph 15. However, they don't really explain why. Paragraph 15 states that the Williamses were merely seeking to implement the ruling of the BAP. That is a true statement. That statement cannot be refuted. Defendants quoted this Court's own language in its Order, 8-8-19. However, the conclusion is inescapable, even if this Court had not previously said it. What else did this Court expect Defendants to do when they returned to the State Court? This Court's order sent Defendants back to State Court to "complete the state court litigation and have a final determination of the rights of the parties vis-à-vis each other therein." (Ex. 32). One cannot reasonably dispute Defendants merely did what they were ordered (and allowed) to do.

10e. Plaintiffs claim paragraphs 16 through 20 are conclusions of law. (*Response, p. 5*). Those paragraphs sprawl two full pages and provide several evidentiary citations. It is "conclusory," to say the least, to merely claim in a single sentence that two pages of facts are really legal conclusions. In fact, paragraphs 16 through 18 are the "ultimate facts" upon which summary judgment should be granted as a matter of law.

Paragraph 16 establishes through numerous subparagraphs the ultimate fact that Defendants did not seek recovery from the debtor estate "as a personal liability of the debtor." Failure of Plaintiffs to contest that ultimate fact should end this case. Notably, Defendants provided extensive briefing on this issue on pages 17-19 of their Response to MSJ, which was incorporated in the Second MSJ, ¶ E(b). Failure of Plaintiffs to respond to that evidence and briefing should end this case.

13

Paragraph 17 cites evidence and establishes the ultimate fact that "Defendants were merely taking actions to collect funds and/or assets of third-parties, not the debtor Estate." That is not a legal conclusion. It is the ultimate fact upon which this Court should grant judgment against Plaintiffs as a matter of law. The failure to contest that ultimate fact should end this case. Notably, Defendants provided extensive briefing on this issue on pages 20-21 of their Response to MSJ, which was incorporated in the Second MSJ, ¶ E(c). Failure of Plaintiffs to respond to that evidence and briefing should end this case.

Paragraph 18 states the ultimate fact that no pre-petition debt is involved in this case. That fact is simply undisputed. Notably, Defendants provided extensive briefing on this issue on pages 21-24 of their Response to MSJ, which was incorporated in the Second MSJ, ¶ E(d). Failure of Plaintiffs to respond to that evidence and briefing should end this case.

In summary, Defendants presented overwhelming and undisputed evidence that they are entitled to summary judgment herein. This Court should not do Plaintiffs' bidding for it. *Trustees of Glaziers, Architectural Metal & Glass Workers Loc. Union 558, AFL-CIO v. Sunflower Glass & Paint Co.*, No. 84-1706-C, 1992 WL 190709, at *1 (D. Kan. July 6, 1992)(unpublished opinion, stating, "The court cannot render advisory opinions, nor may the court assume the role of advocate for either party. See U.S. Const. art. III"); *Willeman v. Shalala*, No. 92-4260-SAC, 1994 WL 66578, at *1 (D. Kan. Jan. 12, 1994)(unpublished opinion, stating, "it is not appropriate for this court to assume the role of advocate to advance the plaintiff's claim..."). Plaintiffs tendered no evidence in response. Summary judgment is proper. *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) (The Court is not obligated to comb the record in order to make any party's arguments).

## V. ALLEGED CONTINUED VIOLATIONS

Plaintiffs did, however, tender evidence on alleged other causes of action they seek to assert. On pages 6-8 of their Response, Plaintiffs try to assert a new, un-pleaded claim. Plaintiffs now complain that Defendants allegedly are guilty of laches in failing to enforce their prior transcript of judgment lien in Roosevelt County, and apparently are asking this court to rule, as a matter of law, that Defendants' property rights (their

lien on that property) are void or somehow unenforceable. Defendants will not address those claims until and unless they are properly raised in a Complaint and Defendants are provided proper and complete due process. *See* Fed. R. Civ. P. 15(a)(2)(requiring a motion to amend the complaint); *Barrett v. Univ. of New Mexico Bd. of Regents*, No. 12 CV 574 JAP/RHS, 2013 WL 12085687, at *4 (D.N.M. July 1, 2013), aff'd, 562 F. App'x 692 (10th Cir. 2014)("Plaintiff must move for leave to amend her Complaint, and under this Court's local rules Plaintiff must attach a proposed amended complaint to the motion to amend.").

Notably, an amendment could only be permitted if the claim is not futile. *Id.*; *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1260 (D. Colo. 2011). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.* In fact, any new claim by Plaintiffs is futile and would be subject to dismissal for all of the reasons set forth herein, including particularly the *Taggart* doctrine. In the Response, Plaintiffs admit Sprague purchased the Roosevelt Tract from the trustee. (*Response, p. 7*). On its face, Plaintiffs request relief for a third party (not the Estate) on property owned by a third party. That claim is frivolous. Also, a request that this Court find Defendants guilty of common law laches, based on no evidence or motion on the subject – much less no complaint – and as a matter of law without opportunity for discovery or even a hearing, cannot possibly satisfy due process. However, if this Court desires to take that matter up (which it should not), it should insist upon Plaintiffs following the rules.

Notably, if Defendants made such frivolous arguments, this Court would likely sanction them. It is unclear why Plaintiffs think they have immunity to assert erroneous and frivolous positions. Defendants' various motions that are the subject of this Reply cite a plethora of authority that the discharge injunction does not apply for numerous, independent reasons. To not address that authority, and instead merely assert other similar, un-pleaded, frivolous claims clearly violates the duties owed to this Court and the State Bar. That brings up another great concern.

**WHEREFORE**, the proposed summary judgment for the Plaintiffs should **not** be granted. Instead, this Court should grant summary judgment for Defendants.

Martin, Dugan & Martin

By _____
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorneys for BVL & Williams

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2021, I served copies of the foregoing pleading on opposing counsel by electronic filing through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing. I further certify that the foregoing pleadings was served via email to the following:

Joel Gaffney
joel@gaffneylaw.com

Martin, Dugan & Martin

By _____
W. T. Martin, Jr.