United States Bankruptcy Court

District of New Mexico

Van Winkle,

     Plaintiff                                                     Adv. Proc. No. 20-01022-t

Belleview Valley Land Co.,

     Defendant

# CERTIFICATE OF NOTICE

District/off: 1084-1                                  User: admin                                 Page 1 of 1

Date Rcvd: Jul 02, 2021                           Form ID: pdfor1                           Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**        **Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2021:**

**Recip ID**                  **Recipient Name and Address**
           +  Paul Fish, Modrall Sperling, 500 Fourth Street NW, Suite 1000, Albuquerque N.M. 87102-2186

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2021                            Signature:           /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Ronald E Holmes | |
| | on behalf of Plaintiff Brian Van Winkle rholmes@davismiles.com |
| | efile.dockets@davismiles.com;apotter@davismiles.com;holmesrr91948@notify.bestcase.com |
| W. T. Martin Jr. | |
| | on behalf of Defendant Ellen B. Williams martinlaw@zianet.com  cgalloway@lawmdm.com |
| W. T. Martin Jr. | |
| | on behalf of Defendant John H. Williams martinlaw@zianet.com  cgalloway@lawmdm.com |
| W. T. Martin Jr. | |
| | on behalf of Defendant Belleview Valley Land Co. martinlaw@zianet.com  cgalloway@lawmdm.com |

TOTAL: 4

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,                                                    No. 13-11743 t7

      Debtor.


BRIAN VAN WINKLE and
TAMMY SPRAGUE,
Co-personal representatives,


      Plaintiffs,

v.                                                                              Adv. No. 20-1022 t

BELLEVIEW VALLEY LAND CO.,
JOHN H. WILLIAMS, and
ELLEN B. WILLIAMS,

      Defendants.


### MEDIATION ORDER

Plaintiffs Brian Van Winkle and Tammy Sprague, and Defendants Belleview Valley Land

Company, John Williams, and Ellen Williams (the "Parties," and each a "Party"), have stipulated

to the mediation of all issues in the pending adversary proceeding and any other issues they wish to

submit to mediation (the "Dispute"). The Court being sufficiently advised, and having

determined that entry of this order is appropriate, HEREBY ORDERS:

      1.      Appointment of Mediator.  Paul Fish ("Mediator") is appointed as mediator to

mediate the Dispute between the Parties. The mediation conducted pursuant to this order is referred

to below as the "Mediation."

      2.      Mediation Procedures.

          (a)      Time and Place of Mediation, and Confidential Mediation Statement. The

mediation shall take place at the offices of Modrall Sperling, 500 Fourth Street NW, Suite 1000, Albuquerque N.M. 87102, or at such other place as the Mediator shall fix. Upon consultation with counsel for the Parties, the Mediator shall fix a reasonable date and time for the Mediation.

The Mediator shall have the authority to establish the time for all mediation activities, including joint and private meetings between the Mediator and Parties during the course of the Mediation. The Parties shall submit a confidential mediation statement to the Mediator at least five (5) business days prior to the date scheduled for the Mediation. The confidential mediation statement shall include a statement of the facts and issues, the position of the Party submitting the statement, citation to the principal authorities upon which the Party relies, citation to the docket numbers of the pleadings that frame the issues, and copies of any documents deemed by the Party to be critical to resolution of the Dispute. The confidential mediation statement shall also set forth a candid discussion of the Party's bargaining strength, bargaining weaknesses, and suggestions for settlement. The confidential mediation statement may also include such other documents and information the Party wishes to include.

(b)    Attendance by Persons with Settlement Authority. In addition to counsel, a representative of each of the Parties shall attend the mediation conference in person. Such representative must have complete authority to negotiate and settle all disputed issues and amounts.

(c)    The Mediation Procedure, and Good Faith Participation. The Mediator shall have authority to control all procedural aspects of the Mediation, including when the Parties will meet jointly and/or separately with the Mediator. The Mediator may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

3.    Modification of Mediation Procedures. Different or additional requirements or

-2-

procedures for the Mediation may be agreed upon by the Parties and Mediator.

4.    Report of Result of the Mediation.    After the Mediation concludes, the Mediator will report to chambers staff whether the Mediation resulted in a settlement.

5.    Confidentiality.    Any statements made by the Mediator, any of the Parties, or others during the mediation process shall not be divulged by any of the participants in the Mediation (or their agents) or by the Mediator to the Court or to any third party. Except for an executed settlement agreement, all records, reports, or other documents received or made by a Mediator while serving such capacity shall be confidential and shall not be provided to the Court. The Mediator shall not be compelled to divulge such records, reports, or other documents or to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court.    Notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court, any aspect of the mediation effort, including but not limited to (a) views expressed or suggestions made by any of the Parties with respect to a possible settlement of the Dispute; (b) admissions made by any of the Parties in the course of the Meditation and (c) proposals made or views expressed by the Mediator. Nothing in this paragraph, however, precludes a report of (i) whether a settlement was reached or the Mediator from reporting to the Court any failure on the part of one or more of the Parties to comply with such Party's obligations under this order; or (ii) if the Mediator concurs that a Party has failed to comply with obligations under this order, the presentation of information to the Court in connection with a determination of such compliance or noncompliance. Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Party without an obligation of confidentiality that relates to the Mediation.

-3-

6.     Immunity.  The Mediator, as a court appointed mediator, shall be immune from claims arising out of acts or omissions incident to the Mediator's services rendered in connection with the Mediation.

7.     Compliance With Bankruptcy Code and Rules.  Nothing in this order shall relieve any of the Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

8.     Termination of the Mediation Process.  Any of the Parties may at any time file a motion with the Court to withdraw from the mediation for cause.

9.     Compensation of Mediator.  The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the Parties.

_____
Hon. David T. Thuma
United States Bankruptcy Judge


Entered on Docket: July 2, 2021

Copies to:

Counsel of Record

Paul Fish
Modrall Sperling
500 Fourth Street NW, Suite 1000
Albuquerque N.M. 87102

-4-