# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| **IN RE:** | |
| **FRED DALE VAN WINKLE**, | Case No. 13-11743-t7 |
| Debtor, | |
| and | |
| **BRIAN VAN WINKLE**, and **TAMMY SPRAGUE**, as co–personal representatives, | |
| Plaintiffs, | Adv. No. 20-01022-T |
| vs. | |
| **BELLEVIEW VALLEY LAND CO.**, **JOHN H. WILLIAMS**, and **ELLEN B. WILLIAMS**, | |
| Defendants. | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

**COME NOW** Defendants, **Belleview Valley Land Co.,** a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams** and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and **Brian Van Winkle**, individually and as co-personal representative of the estate of Fred Van Winkle, and **Tammy Sprague**, individually, and as co-personal representative of the estate of Fred Van Winkle by and through their attorney Davis Miles McGuire Gardner, PLLC (Ron Holmes) pursuant to Bankruptcy Rule 9019(a) and move this Court to approve the ***Settlement Agreement*** entered into by the parties. As grounds for this Motion, the parties to the ***Settlement Agreement*** state:

1. This Court had ordered a mediation to be conducted by Paul Fish. The mediation was conducted on August 24, 2021.

2. The parties reached a settlement that settled all issues and disputes that include the above styled and number Adversary, but also pending State Court litigation in the Otero County District Court and the Lincoln County District Court. The parties also settled disputes regarding judgment liens filed by both parties on property in various counties in New Mexico including on farm property in Roosevelt County, New Mexico.

3. A copy of the executed ***Settlement Agreement*** is attached to this Motion as **Exhibit "A"** and is incorporated herein as if fully set forth. The ***Settlement Agreement*** is in the best interest of all the parties to the ***Settlement Agreement***, therefore request that the Court approve the Settlement, and that the Court approve the Settlement Agreement and authorize the parties to take any and all other actions necessary to finalize and conclude

the settlement as set forth in the Settlement Agreement. The parties have reached this compromise after considering the cost, risk, and uncertainty of litigation.

4. This Court has the right and the power to approve the Settlement pursuant to Bankruptcy Rule 9019(a). Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. P. 9019(a). "To minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy." In re Martin, 91 F.3d 389,393 (3d Cir. 1996) (quoting Collier on Bankruptcy ~ 9019.03[1] (15th ed. 1993)). The court is not required, however, to conduct a "mini-trial" to decide the questions of law or fact raised by the Settlement. In re Lee Way Holding Co., 82 B.R. 847, 853 (Bankr. S.D. Ohio 1990).

5. The standards by which a court should evaluate a compromise are well-established. In addition to the proposed terms of the compromise, the Court should consider the following:

    a. The probable success of the litigation on the merits;
    b. The possible difficulty in collection of a judgment;
    c. The complexity and expense of the litigation; and (d) the interests of creditors. [*See*: In re Kopexa Realty Venture Co., 213 B.R. 1020 (10th Cir. B.A.P. 1997). *Also see*: Protective Comm. for Indep. Stockholders of TMI' Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968) and In re Kaiser Steel Corp., 105 B.R. 971, 977 (D. Colo. 1989).

6. For other reasons, the Settlement Agreement is fair, equitable, and in the best interests of the Bankruptcy Estate and its creditors.

7. The approval of the *Settlement Agreement* does not prejudice the Debtor Estate or other creditors.

**WHEREFORE**, the parties jointly request that this Court enter an Order approving the *Settlement Agreement* and for such other relief as this Court deems proper.

**Martin, Dugan & Martin**

By_____
      W. T. Martin, Jr.
      509 W. Pierce St.
      P.O. Box 2168
      Carlsbad, NM 88221-2168
      (575) 887-3528
      Fax (575) 887-2136
      e-mail: martinlaw@zianet.com
      Attorney for Defendants

**Davis Miles McGuire Gardner, PLLC**

By   Approved by e-mail Aug. 30, 2021
      Ron Holmes
      320 Gold Ave., SW, Suite 1111
      Albuquerque, NM 87102
      (505) 268-3999
      Fax (505) 243-6448
      e-mail: martinlaw@zianet.com
      Attorney for Plaintiffs

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement is made this 24th day of August, 2021, by and between John Williams, Ellen B. Williams, and Belleview Valley Land Co., Inc. (jointly and severally "Williams") and the Estate of Fred Dale Van Winkle ("Van Winkle") and Tammy Sprague and Brian Van Winkle.

WHEREAS, John Williams represents he has the power of attorney from Ellen B. Williams, his spouse, and is president of Belleview Valley Land Co., Inc., and can and hereby does bind both;

WHEREAS, Tammy Sprague and Brian Van Winkle are the co-personal representatives of Van Winkle and have the power to and hereby do bind it (subject to bankruptcy court approval);

WHEREAS, disputes have arisen between the parties hereto with regard to various issues;

WHEREAS, Van Winkle is the debtor in the pending Chapter 7 bankruptcy proceeding *In re Fred Dale Van Winkle.*, Case No. 13-11743-t7 (the "Bankruptcy");

WHEREAS, the parties are in litigation in Otero County, New Mexico, appeals are pending or have been threatened and transcripts of judgment in favor of parties have been filed in various counties in New Mexico and;

WHEREAS, the parties entered into good faith mediation discussions with Paul M. Fish as mediator in an effort to resolve their differences, and such mediation resulted in this Settlement Agreement. Williams was represented in the negotiations by W.T. Martin and Ken Dugan and Van Winkle was represented by Ron Holmes.

Now, therefore, the parties agree as follows:

1. Williams shall retain the Otero County land which was foreclosed.

2. Van Winkle will pay Williams $40,000 and the Lincoln County condo shall be released from any and all claims by Williams.

3. The Roosevelt County land shall be released from any and all claims by Williams.

4. The Martin Dugan & Martin (the "Martin Firm") trust check in the amount of $46,108.72 previously sent to Van Winkle shall be destroyed, but the satisfaction of judgment form and the release of transcript of judgment form sent to Van Winkle with the check shall be executed and delivered to counsel for Williams.

5. The Martin Firm has in its trust account $73,200 (which has been referred to as the "Redemption Funds"). $50,000 of that amount shall be paid to Van Winkle and the balance shall be paid to Williams.

6. Williams shall release all transcripts of judgment in all counties.

7. All disputed actions between the parties, including appeals, shall be dismissed with prejudice.

8. The parties will execute mutual releases of all claims of Williams on one hand and Van Winkle and Tammy Sprague and Brian Van Winkle individually on the other.

9. Counsel will work together to resolve all the pending court actions and prepare any necessary documents to effectuate the intent of this settlement.

10. In the event of any disputes regarding the terms of this Settlement Agreement, including but not limited to the terms of the various documents, motions to dismiss, forms of judgments, releases, and any other matter, the parties agree to appoint Paul M. Fish to act as arbitrator to resolve any such disputes. His decision regarding the terms shall be final. In such decision, he shall determine who pays the costs of the arbitration.

11. This agreement is subject to the approval of the Bankruptcy Court for Van Winkle. All parties represent that they will support such approval. It shall be final when the Order of the Bankruptcy Court approving it is final and non-appealable. At that time, the parties shall expeditiously fulfill the provisions hereof.

Executed this 24th day of August, 2021.

*[signature]*
John Williams

*[signature]*
Ellen B. Williams,
By John Williams, by Power of Attorney

Belleview Valley Land Co., Inc.

By: *[signature]*
John Williams, President

Estate of Fred Dale Van Winkle

By: *[signature]*
Tammy Sprague, Personal Representative

Estate of Fred Dale Van Winkle

By: *[signature]*
Brian Van Winkle, Personal Representative

*[signature]*
Tammy Sprague, Individually

*[signature]*
Brian Van Winkle, Individually

3

Approved as Representing the Agreement:

_____
W. T. Martin, Esq.

_____
Ron Holmes, Esq.

4