Objection to Settlement Terms and Request for Rescission

To the Honorable Judge Thuma

I write pro se to object to the settlement terms of the mediation before Judge Thuma, dated 7/02/21 (No. 13-11743 t7; Adv. No. 20-1022 t; Case 20-01022-t), to which I was party. In the alternative, I request a rescission on the grounds of mutual mistake and unconscionability.

The agreement was reached based in reliance on a misrepresentation and on false law. Specifically, it was based on misinformation concerning the applicability of bankruptcy court and district court rulings. Due to this misinformation from my attorney, Ron Holmes, the mediation proceeded on faulty ground.

My attorney incorrectly viewed my position from the district court's perspective, rather than the bankruptcy court's. He neglected a determinative opinion by Judge Thuma, and presented to me as fact outcomes that in reality and in light of that opinion, were extremely unlikely to happen. His representations should not have even been part of the mediation. As a result of them, however, I lacked the wherewithal to make a sound decision regarding the terms of a settlement that involved generational property.

Judge Thuma's opinion provided that we would be granted summary judgment unless defendants could show good cause with evidence of their right to withdraw redemption funds without giving back the property. (If this is not done, it would result in perpetual lien reattachments to the foreclosed property inherited by us heirs in bankruptcy.) In the meantime, he requested we attempt mediation and that the opposing party provide answers to several questions. We went to mediation.

It is notable that Judge Thuma has said he would award damages for actions taken by the defendant in district court that violated bankruptcy court rulings. The defendant has also been sanctioned already by Judge Thuma for $46,000 for in personam pursuit to collect a debt.

My attorney and the negotiator Mr. Fish argued over the liens that have been placed on some important inherited property in Roosevelt County, which at one time were in my father's name. In bankruptcy, we requested to pay off $12,500 and were allowed to acquire the property through Clark Cole. The property was then put into my sister's and my names. This is how it is now recorded. My sister was personal representative at the time.

Defendants placed the lien on the property before my father's death, when he was still responsible for his bankruptcy. After his death, the property was recorded in his, my sister's, and my names. The lien against my father is still on the property.

In negotiation, defendants contended that their lien was valid and that they intended on starting foreclosure proceedings the next day in district court. My own attorney confirmed this as a real possibility. Our decision was made with continuous emphasis on the notion of preventing this from happening.

Prior to negotiation, very little contact was made with me by my attorney. When he did make contact, he told my sister and me that everything that would be represented in mediation would be standard and there would be no surprises. He said there was nothing we needed to discuss about the mediation, as he was prepared.

1

However, in mediation, he stated that my only real option was to settle in some way. The point was emphasized that my elderly aunt who owns half the property in question would become involved, and that there was a great chance the Roosevelt property would be foreclosed on.

We began negotiations at 9am and finished around 5:30pm. When I first arrived, the first words Mr. Fish stated were that the Otero property was off the table. I should have left then, but thought my attorney would act in my best interest. Throughout the day as things went on, I repeatedly told my attorney I was done with negotiations. The last thing I said out loud to my attorney and Mr. Fish was that I was not happy with the deal and that I felt like I had been duped by everyone involved in this mediation.

Throughout the day, I continually brought up the fact that Judge Thuma gave the opinion on the legality of the district court's ability to award deposited redemption funds to Mr. Williams as a portion of dismissed debt by the bankruptcy court. (He said he would rule in our favor.) The funds would become subject to an in personam attempt to collect debt by the bankruptcy court. The lien on my deceased father would turn into an in personam lien by the bankruptcy court. The lien on the cleared inherited property would become an in personam pursuit to collect. The lien would therefore have been resolved, and if recorded by defendants again, would show Mr. Williams again in pursuit to collect a dismissed debt and once again in contempt for bankruptcy court and subject to sanctions.

If my attorney had understood this, he would have honored my desire to leave the negotiation early on, long before a wrongful decision was made. Strong-arming and misinformation were used by the entire cast to have me believe the state of the law was something other than what it was. I was pressured into relying on a false assessment of the law.

There is a substantial amount of money involved, nearly $500,000 including the Otero property. And sound terms could have been agreed on had my attorney accurately accounted for Judge Thuma's opinion.

I tried to convey this to my attorney while in mediation. I called him immediately after leaving the mediation and expressed my disappointment in the representation and verbally requested he immediately rescind the agreement. I sent him information the next day reiterating the importance of the neglected opinion. My sister who was in the mediation also called me just after the mediation to discuss our options to have the agreement rescinded. She expressed the same revulsion to Mr. Holmes's representation as I did.

Therefore, I wish to formally voice my objection to the terms of the mediation, and to request a rescission. I am available to visit with you anytime.

Thank you,

Brian Van Winkle

9/20/2021 Phone: 575-430-4370

Brian Van Winkle

brianvw62@gmail.com

702 White Mountain Dr. #11

Ruidoso, NM 88355

2
Case 20-01022-t    Doc 63    Filed 09/20/21    Entered 09/20/21 16:13:40 Page 2 of 2